**Signed and Filed: December 30, 2008**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

1  Keith J. Shapiro (Pro Hac Vice Pending)
   Andrew Cardonick (Pro Hac Vice Pending)
2  David W. Baddley (Pro Hac Vice Pending)
   GREENBERG TRAURIG, LLP
3  77 West Wacker Drive, Suite 3100
   Chicago, IL 60601
4  Telephone: 312/456-8400
   Facsimile:  312/456-8465
5
   John D. Fiero (CA Bar No. 136557)
6  Kenneth H. Brown (CA Bar No. 100396)
   PACHULSKI STANG ZIEHL & JONES LLP
7  150 California Street, 15th Floor
   San Francisco, California 94111-4500
8  Telephone: 415/263-7000
   Facsimile:  415/263-7010
9
   E-mail:jfiero@pszjlaw.com
10         kbrown@pszjlaw.com

11 [Proposed] Attorneys for Debtor and Debtor in Possession
   Heller Ehrman LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: | Case No.: 08-32514 |
|---|---|
| Heller Ehrman LLP, | Chapter 11 |
| Debtor | **ORDER (1) AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO (A) PAY AND HONOR PRE-PETITION EMPLOYEE WAGES AND OTHER EMPLOYEE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS, AND (B) CONTINUE HONORING EMPLOYEE OBLIGATIONS, INCLUDING WAGES, BENEFITS ON A POST-PETITION BASIS; AND (2) PROVIDING RELATED RELIEF** |
| | Date: December 29, 2008
Time: 2:30 p.m.
Place: U. S. Bankruptcy Court
235 Pine Street, 22nd Floor
San Francisco, CA
Judge: Honorable Dennis Montali |

Upon the motion (the "Motion")[1] of the above captioned debtor and debtor-in-possession (the "Debtor") for an order pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), 503(b)(1), 503(c)(3) and 507(a)(2), (a)(4) and (a)(5), as applicable, for entry of an order (1) authorizing the Debtor to (a) pay and honor pre-petition employee wages and other employee obligations in the ordinary course of business, and (b) continue honoring employee obligations, including wages, benefits and retention bonuses, on a post-petition basis; and (2) providing related relief, all as more fully set forth in the Motion; and upon consideration of the Benvenutti Declaration; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtor and its estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is hereby

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED in part and deferred in part.

2. The Debtor is authorized, but not required, to pay and honor any and all pre-petition wages and vacation pay to employees, up to the amount of the priority wage cap of $10,950, as and when such obligations become due, including, without limitation, the amounts reflected on Exhibits 2 and 3 to the Motion.

3. The Debtor is authorized, but not required, to pay and honor any and all post-petition obligations to employees, as set forth in the Motion, as and when such obligations become due.

4. The Debtor's request to pay additional retention bonuses to non-insider employees as described in the Motion, including, by entering into new and/or extended employment agreements with the applicable employees and to pay employees amounts owed for prepetition services in excess of the priority wage cap shall be considered on January 16, 2008 at 11:30 a.m. .

5. Any bank at which the Debtor maintains an employee-related account is authorized and directed to receive, process, honor and pay all payroll and employee benefit related checks,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

drafts, wires or automated clearinghouse transfers, provided there are sufficient funds available to honor all such payments, without regard to when the applicable payment was issued.

6. Authorizations given to the Debtor in this Order empower but do not direct it to effectuate the payments herein, with the Debtor retaining the business judgment to make or not make payments, and in all instances subject to the condition that funds are available to effect any payment and in no event is any person or persons personally liable or shall become personally liable for any amounts authorized for payment herein.

7. No provision contained herein is intended to or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

8. Notwithstanding the possible applicability of Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**END OF ORDER**