Keith J. Shapiro (Pro Hac Vice Pending)
Andrew Cardonick (Pro Hac Vice Pending)
David W. Baddley (Pro Hac Vice Pending)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312/456-8400
Facsimile: 312/456-8465

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com

[Proposed] Attorneys for Debtor and Debtor in Possession
Heller Ehrman LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>            Debtor | Case No.: 08-32514<br><br>Chapter 11<br><br>**FIRST OMNIBUS MOTION FOR (1) AUTHORITY TO REJECT NONRESIDENTIAL REAL PROPERTY LEASES AND SUBLEASES PURSUANT TO 11 U.S.C. § 365(A) NUNC PRO TUNC TO MOTION FILING DATE; (2) AUTHORITY TO ABANDON CERTAIN PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554(A); AND (3) CONFIRMATION OF BAR DATE FOR AFFECTED POTENTIAL REJECTION DAMAGE CLAIMANTS**<br><br>Date:     January 21, 2009 [Requested]<br>Time:    1:30 p.m. [Requested]<br>Place:   U. S. Bankruptcy Court<br>            235 Pine Street, 22nd Floor<br>            San Francisco, CA<br>Judge:  Honorable Dennis Montali |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE PARTIES TO THE LEASES AND SUBLEASES SUBJECT TO THIS MOTION, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE DEBTOR'S SECURED LENDERS AND OTHER PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002:**

**THIS IS AN OMNIBUS MOTION TO REJECT MULTIPLE UNEXPIRED LEASES AND SUBLEASES NOT BETWEEN THE SAME PARTIES. PURSUANT TO BANKRUPTCY RULE 6007, THE LEASES AND SUBLEASES ARE LISTED ON <u>EXHIBITS 3 AND 4</u> TO THIS MOTION ALPHABETICALLY BY NON-DEBTOR PARTY. PARTIES RECEIVING THIS MOTION SHOULD REFER TO <u>EXHIBITS 3 AND 4</u> FOR THE LEASES AND SUBLEASES TO BE REJECTED.**

Heller Ehrman, LLP, formerly known as Heller Ehrman White & McAuliffe LLP, a California limited liability partnership, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves this Court (the "Motion") for entry of an order, in substantially the same form and substance as the proposed form of order attached hereto as **Exhibit 1** (the "Order"), authorizing the Debtor to reject certain nonresidential real property leases and subleases pursuant to 11 U.S.C. § 365(a) effective as of January 6, 2009 (the date upon which this Motion is being filed), confirm that the claims bar date for affected contract counterparties will be the one already in place (April 27, 2009); and abandon personal property at some (but not all) of the leased locations pursuant to 11 U.S.C. § 554(a). This Motion is supported by the *Declaration of Peter J. Benvenutti in Support of First Omnibus Motion to Reject Real Property Leases and Abandon Personal Property* (the "Benvenutti Declaration") which is attached hereto as **Exhibit 2**.

The Debtor, a 118 year-old international law firm, is currently winding down its business and affairs following the adoption of a Plan of Dissolution by the shareholders of the Debtor's limited partners in September, 2008. Although the Debtor is no longer engaged in the practice of law, there remain a substantial number of unperformed, yet necessary, tasks relating to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to former clients. All of these remaining operations are taking place in a reduced space at the Debtor's San Francisco office, and the Debtor no longer occupies any of its other leased office spaces. (The Debtor in currently engaged in negotiations with the lessor of the San Francisco premises, to attempt to reduce the amount of post-petition rent payable, in recognition of the reduced space that the Debtor is now occupying.)

Prior to filing this case, the Debtor negotiated settlements with a number of its landlords relating to surrendering possession of the leased premises. The Debtor believes that these settlements resulted in the termination of the underlying lease agreements. However, in an abundance of caution and to eliminate all doubt, the Debtor seeks to reject two such leases -- for the Debtor's Seattle, Washington and Washington D.C. (Rhode Island Avenue) offices -- to the extent these leases may not have been terminated pre-bankruptcy. The applicable leases are listed on **Exhibit 3** attached hereto (the "Terminated Leases"). The Debtor seeks to reject the Terminated Leases, effective *nunc pro tunc* to the date of this Motion, to the extent the Terminated Leases still may be "unexpired," for purposes of Section 365 of the Bankruptcy Code, in order to minimize potential claims for administrative rent against the Debtor's estate. The Debtor has not occupied the spaces subject to the Terminated Leases since the Petition Date, and the Terminated Leases, to the extent still in existence, have no value to the estate. The landlords at these locations have asserted possessory lien rights against the Debtor's personal property and refused to allow the Debtor to remove its property from the space.[1]

Next, as of the Petition Date, the Debtor was a party to certain leases and subleases relating to the Debtor's offices in San Diego, California and in Singapore, and its former office in Washington, D.C. (K Street). The applicable leases and subleases are listed on **Exhibit 4** attached hereto (the "Non-Terminated Leases," and together with the "Terminated Leases," the "Leases"). The Debtor seeks to reject the Non-Terminated Leases, effective *nunc pro tunc* to the date of this Motion. The Debtor has not occupied the San Diego or Singapore space since the Petition Date, and the Debtor subleases the office space on K Street at an approximate monthly deficit of $74,395. The Debtor also seeks to abandon any personal property remaining at the premises subject to the Non-Terminated Leases back to the affected landlord. As set forth in the Benvenutti Declaration, the value of any property remaining at these offices does not exceed the cost of removal and sale and/or storage, and thus, the property is of inconsequential value and may be abandoned pursuant to Section 554(a) of the Bankruptcy Code.

---

[1] In light of the lessors' assertions of possessory lien rights, the Debtor reserves all rights with respect thereto.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Debtor reserves the right to remove any of the leases and subleases listed on **Exhibit 3** or **Exhibit 4** attached hereto, and/or to continue the hearing on the rejection of any such leases and subleases, as may be appropriate.

The current bar date for filings proofs of claim in this Chapter 11 case is April 27, 2009. The Debtor requests that any Order approving this Motion require that all claims for damages arising from the rejection of the leases and subleases listed on **Exhibit 3** and **Exhibit 4** be governed by such bar date.

**WHEREFORE**, the Debtor respectfully requests that the Court grant this Motion in its entirety and enter the Order:

1. In substantially the same form and substance as the proposed form of order attached hereto as **Exhibit 1**;

2. Authorizing the Debtor to reject the leases and subleases listed on **Exhibit 3** and **Exhibit 4**, effective *nunc pro tunc* to the date of this Motion;

3. Authorizing the Debtor to abandon to the affected landlord any and all personal property located at the premises subject to the Non-Terminated Leases listed on **Exhibit 4**;

4. Requiring any damage claims arising from the rejection of the leases and subleases listed on **Exhibit 3** and **Exhibit 4** hereto to be filed by April 27, 2009, in accordance with the requirements governing the filing of proofs of claim in this case;

5. Providing that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of the Order; and

6. For such other and further relief as the Court may deem just and proper.

Dated: January 7, 2008          PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ John D. Fiero*
      John D. Fiero
      Kenneth H. Brown
      [Proposed] Attorneys for Debtor and
      Debtor in Possession
      Heller Ehrman LLP

35685-001\DOCS_SF:63234.1                              FIRST OMNIBUS LEASE REJECTION MOTION