SCHIFF HARDIN LLP
Jeffrey V. Commisso. CSB #191267
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701
jcommisso@schiffhardin.com

Jason M. Torf (Pro Hac Vice Admission Pending)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
Telephone: (312) 258-5500
Facsimile: (312) 258-5700
jtorf@schiffhardin.com
Attorneys for Schiff Hardin LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

HELLER EHRMAN LLP,

Debtor,

Case No. 08-32514
Chapter Number: 11

**OBJECTION OF SCHIFF HARDIN LLP TO DEBTOR'S FIRST OMNIBUS MOTION FOR (1) AUTHORITY TO REJECT NONRESIDENTIAL REAL PROPERTY LEASES AND SUBLEASES PURSUANT TO 11 U.S.C. § 365(a) NUNC PRO TUNC TO MOTION FILING DATE; AND (2) AUTHORITY TO ABANDON CERTAIN PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554(a); AND (3) CONFIRMATION OF BAR DATE FOR AFFECTED POTENTIAL REJECTION DAMAGE CLAIMANTS**

Date: January 21, 2009
Time: 1:30 p.m.
Place: U.S. Bankruptcy Court
235 Pine Street, 22nd Floor
San Francisco, CA
Judge: Honorable Dennis Montali

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OBJECTION OF SCHIFF HARDIN LLP TO
DEBTOR'S FIRST OMNIBUS MOTION

Case: 08-32514   Doc# 87   Filed: 01/16/09   Entered: 01/16/09 19:39:56   Page 1 of 6

Schiff Hardin LLP ("Schiff"), by its undersigned counsel, hereby objects to the Debtor's First Omnibus Motion for (1) Authority to Reject Nonresidential Real Property Leases and Subleases Pursuant to 11 U.S.C. § 365(a) Nunc Pro Tunc to Motion Filing Date; and (2) Authority to Abandon Certain Personal Property Pursuant to 11 U.S.C. § 554(a); and (3) Confirmation of Bar Date for Affected Potential Rejection Damage Claimants [Docket No. 39] (the "Motion"), and in support hereof, states as follows:

1. Schiff is a subtenant of the Debtor's Washington, DC office location located at 1666 K Street, Suite 300, Washington, DC (the "Subleased Space") pursuant to the Schiff Hardin Sublease. The Debtor leases the Subleased Space from 1620 K Street Associates Limited Partnership ("1620 K Street Assoc") pursuant to the DC K Street Lease.[1]

2. By its Motion, the Debtor seeks to reject certain real property leases, including the DC K Street Lease and the Schiff Hardin Sublease.[2] Section 365(h) of the Bankruptcy Code gives Schiff the right to remain in possession of the subject premises and to continue to use and occupy such premises for the remaining term of the Schiff Hardin Sublease in exchange for the continued payment of rent under the terms of the Schiff Hardin Sublease. Section 365(h) of the Bankruptcy Code provides, in pertinent part, as follows:

> (h)(1)(A) If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and— (ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

---

[1] All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion and/or the Memorandum of Points and Authorities in support thereof [Docket No. 40].

[2] True and correct copies of the DC K Street Lease and the Schiff Hardin Sublease are attached hereto at **Exhibits A** and **B**, respectively.

11 U.S.C. § 365(h)(1)(A)(ii); *In re Samaritan Alliance, LLC*, 2007 WL 4162918 (Bankr. E.D. Ky. 2007) (holding that the sub-lessee had section 365(h) rights and, thus, was permitted to remain in possession of the leased premises through the end of the lease term notwithstanding the termination of the master lease); *see also In re Haskell L.P.*, 321 B.R. 1 (Bankr. D. Mass. 2005).

3. The holding in *Samaritan* is instructive and is directly relevant to the issues raised herein. In *Samaritan*, in contemplation of a § 363 sale of the debtors' assets, the debtors (as lessee and sublessor) entered into a master agreement with the landlord and the putative purchaser of the debtors' assets. At about the same time, the landlord terminated the master lease and entered into a new master lease with the putative purchaser of the debtors' assets. Under the terms of the master agreement, the debtors were required to give notice to subtenants that their leases had terminated by virtue of the termination of the debtors' master lease with the landlord, but Cardinal Hill, a sublessee, did not receive notice. Cardinal Hill, as sublessee, objected to the debtors' motion to reject its sublease and asserted its § 365(h) rights. The *Samaritan* court analyzed whether the termination of the master lease was voluntary or "was part of a more comprehensive plan, including the Debtors' bankruptcy filing, that was formulated and agreed to by [the landlord], the Debtors and [the putative purchaser of the debtors' assets]." *Id.* at *3. The court found the latter and held that Cardinal Hill, as sublessee, had § 365(h) rights and would be entitled to remain in possession of the subleased premises under the terms of its sublease for the remaining term of the sublease. *Id.* at *4. Schiff's position is even stronger than Cardinal Hill's position in the *Samaritan* case because, unlike *Samaritan*, there is not even an issue as to whether the DC K Street Lease has been terminated – it has not.

4. The authority set forth in § 365(h) of the Bankruptcy Code and *Samaritan* give Schiff the right to remain in possession of the Subleased Space for the remaining term of the Schiff Hardin Sublease.

5.  Schiff's right to continued possession on the agreed-upon terms in the Schiff Hardin Sublease are confirmed by the "Landlord's Consent to Sublease" (which is the last page of the Schiff Hardin Sublease, Exhibit B hereto). In that consent, the Debtor's landlord, 1620 K Street Assoc, consented to the Schiff Hardin Sublease and agreed with Schiff as follows:

> 5.  <u>Termination of Lease</u>. If at any time prior to the expiration or termination of the Sublease, the Lease shall expire or terminate for any reason, the Sublease shall simultaneously expire or terminate. However, Subtenant [Schiff] agrees, at the election and upon the written demand of Landlord [1620 K Street Assoc], and not otherwise, to attorn to Landlord for the remainder of the term of the Sublease, such attornment to be upon all of the terms and conditions of the Lease except that the rental shall be as set forth in the Sublease.

See Exhibit B, "Landlord's Consent to Sublease" (the "Consent") at ¶ 5.

6.  The DC K Street Lease did not expire or terminate prepetition. Further, the Debtor's rejection of the DC K Street Lease is not a termination of that lease. 11 U.S.C. § 365(g); *In re Continental Airlines*, 981 F.2d 1450 (5th Cir. 1993); *In re SRJ Enterprises, Inc.*, 150 B.R. 933, 937 (Bankr. N.D. Ill. 1993) ("Rejection under § 365 constitutes 'breach', not termination, of a contract."). Accordingly, the provisions in the Consent that would trigger an automatic termination of the Schiff Hardin Sublease do not apply. Under the authority granted by Section 365(h) of the Bankruptcy Code and *Samaritan*, Schiff is entitled to remain in possession of the Subleased Space for the remaining term of the Schiff Hardin Sublease.

7.  Further, on October 6, 2008, 1620 K Street Assoc sent a notice to Schiff in which 1620 K Street Assoc elected, pursuant to Section 4.1 of the DC K Street Lease, "to require that the rent and other sums due from [Schiff] under the [Schiff Hardin Sublease] be paid directly to [1620 K Street Assoc]."[3] A true and

---

[3] Section 4.1 of the DC K Street Lease provides, in pertinent part, as follows: "In the event that Tenant [the Debtor] defaults under this Lease in the payment of Base Annual Rent or Additional Rent, Tenant hereby assigns to Landlord [1620 K Street Assoc] the rent and other sums due from any subtenant, assignee or other occupant and hereby

correct copy of the October 6, 2008 notice from 1620 K. Street Assoc to Schiff is attached hereto as **Exhibit C**. In response to that demand from 1620 K Street Assoc, Schiff did, in fact, begin paying rent directly to 1620 K Street Assoc and has been doing so since the date of the notice. Schiff believes that its compliance with 1620 K Street Assoc's demand that Schiff pay rent directly to it constitutes an attornment which itself gives Schiff the right to remain in possession of the Subleased Space in accordance with the terms of the Schiff Hardin Sublease.

8. Any order entered by this Court which authorizes the Debtor to reject the DC K Street Lease and the Schiff Hardin Sublease must expressly preserve Schiff's right to continue in possession of the Subleased Space pursuant to Section 365(h) of the Bankruptcy Code, the Schiff Hardin Sublease and the Consent. Specifically, any such order should include the following protections:

- Section 365(h) of the Bankruptcy Code preserves Schiff's possessory interest in the Subleased Space and the rights appurtenant thereto, as embodied in the Schiff Hardin Sublease and Consent, notwithstanding the rejection of the DC K Street Lease and the Schiff Hardin Sublease;

- So long as Schiff pays rent to 1620 K Street Assoc in accordance with the Schiff Hardin Sublease and otherwise complies with the terms of the DC K Street Lease, Schiff is entitled to remain in possession of the Subleased Space through the full term of the Schiff Hardin Sublease; and

- 1620 K Street Assoc shall not have the right, by virtue of the rejection of the DC K Street Lease, to terminate Schiff's possession of he Subleased Space.

///
///
///
///

---

authorizes each such subtenant, assignee and other occupant to pay said rent and other sums directly to Landlord upon demand."

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

OBJECTION OF SCHIFF HARDIN LLP TO DEBTOR'S FIRST OMNIBUS MOTION

Case: 08-32514   Doc# 87   Filed: 01/16/09   Entered: 01/16/09 19:39:56   Page 5 of 6

WHEREFORE, Schiff respectfully requests that this Court:

(a) include the foregoing provisions in any order granting the Debtor's Motion; and

(b) grant such other and further relief as this Court deems fair and equitable.

Dated: January 16, 2009         SCHIFF HARDIN LLP

By: /s/ Jeffrey V. Commisso
Jeffrey V. Commisso
Jason M. Torf (Pro Hac Vice Admission Pending)

Attorneys for Schiff Hardin LLP

SF\9291784.1