John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com

Attorneys for Debtor and Debtor in Possession
Heller Ehrman LLP

Signed and Filed: January 28, 2009

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>            Debtor. | Case No. 08-32514<br><br>Chapter 11<br><br>**ORDER: (1) APPROVING COMPROMISE OF CONTROVERSY WITH LANDLORD; AND (2) AUTHORIZING SALE OF ASSOCIATED FURNITURE, FIXTURES AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**<br><br>Date: January 21, 2009<br>Time: 1:30 p.m.<br>Judge: The Honorable Dennis Montali<br>Ctrm: 235 Pine Street, 22nd Floor<br>       San Francisco, CA 94104 |

      This matter came before the Court at the above-referenced time and place upon consideration of the *Motion to (1) Reject Lease of Los Angeles Office Space; (2) Reject Sublease Related to Los Angeles Office Space; (3) Approve Compromise of Controversy with Los Angeles Landlord; and (4) Sell Furniture, Fixtures and Equipment Free and Clear of Liens, Claims, Encumbrances and Other Interests* (the "Motion")[1] filed by Heller Ehrman LLP, the debtor and debtor in possession herein (the "Debtor"). Appearances were made as reflected in the record. Based upon the Court's review

---
[1] Capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

of the Motion, the points and authorities and Declaration of Peter Benvenutti filed in support thereof, the arguments of counsel at the hearing, and good cause appearing therefor,

THE COURT HEREBY FINDS:

A. Notice of the Motion, specifically including notice to Bank of America, NT&SA, for itself or as agent for CitiBank, N.A, Williams Lea Inc., 333 Bush Associates, NF L.P, Farmer & Ridley LLP, and Silicon Valley Bank, each of which may claim a lien, encumbrance or other interest in the FF&E, was good, proper, timely, adequate, and sufficient under the circumstances.

B. The Asset Sale and Settlement Agreement dated January 7, 2009 (the "Agreement"), by and between 333 South Hope Co. LLC ("Landlord") and the Debtor, attached as an exhibit to the Declaration of Peter J. Benvenutti filed in support of the Motion was the product of arms length negotiations. The Debtor has demonstrated that the terms and conditions of the Agreement, including the sale of the FF&E and Landlord's entitlement to the proceeds of the Letter of Credit, are fair and reasonable.

C. The consideration to be exchanged between the Debtor and the Landlord under the terms of the Agreement is fair and adequate.

D. Landlord is not an insider of the Debtor (as that term is defined in section 101(31) of the Bankruptcy Code).

E. Approval of the Agreement and consummation of the transactions contemplated thereby, including the sale of the FF&E free and clear of liens, claims, encumbrances, and other interests, and any monetary amounts which are secured by liens, claims, encumbrances, and/or other interests (collectively, the "Liens") in accordance with the terms of the Agreement, is in the best interests of the Debtor, its estate, and other parties in interest.

Based upon the foregoing findings,

THE COURT HEREBY ORDERS:

1. The notice of the Motion and the hearing is approved as proper and adequate under the circumstances.

2. The Motion is granted. Any and all objections to the Motion are hereby overruled.

3.	The Agreement and all of the terms and conditions thereof, including the compromise between the Debtor and the Landlord embodied in the Agreement, is hereby approved pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. This Order clarifies that the Debtor is entering into the Agreement both as debtor and in its capacity as debtor in possession and representative for the bankruptcy estate such that the Agreement (including the respective releases in favor of the respective parties) shall be binding by and between the Debtor, the Debtor in its capacity as debtor in possession, and the Debtor's bankruptcy estate, on the one hand, and the Landlord, on the other hand. The Debtor is authorized and directed to perform its obligations under the Agreement, comply with the terms and conditions thereof, and consummate the sale of the FF&E in accordance with and subject to the terms and conditions of the Agreement. The consideration exchanged by Landlord and the Debtor under the terms of the Agreement is deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance and Transfer Acts, and under the laws of the State of California.

4.	The Debtor is authorized and directed to execute and deliver in favor of Landlord the Bill of Sale attached to the Agreement as Exhibit A and, to the extent applicable, any supplemental Bill of Sale which may be required by the terms of the Agreement.

5.	Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor's delivery of the Bill of Sale to Landlord will vest in Landlord all right, title, and interest of the Debtor and the bankruptcy estate to the FF&E, free and clear of the Liens, if any, of Bank of America, NT&SA, for itself or as agent for CitiBank, N.A, Williams Lea Inc., 333 Bush Associates NF L.P, Farmer & Ridley LLP, and/or Silicon Valley Bank (collectively, the "Affected Interests").

6.	This Order is and shall be effective as a determination that, upon and subject to the delivery of the Bill of Sale by the Debtor, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the FF&E.

7.	Landlord has not agreed to assume any liabilities of the Debtor.

8.	The Debtor is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including holders of any Liens

identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the transactions contemplated by the Agreement.

9. The Debtor and its officers, employees, agents, and/or responsible persons be and they hereby are authorized to execute the Agreement, or other related documents that are reasonably necessary or appropriate to complete the transactions contemplated by the Agreement, and to undertake such other actions as may be reasonably necessary or appropriate to complete such transactions.

10. In the event that Landlord's draw upon the Letter of Credit fails to provide to Landlord the cash payment consideration bargained for in the Agreement, the Debtor is authorized to fund such cash payment consideration from its cash balance maintained at Bank of America without further order of the Court.

11. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the FF&E to Landlord, (b) resolve any disputes arising under or related to the Agreement; and (c) resolve any disputes regarding Liens asserted against the FF&E.

13. The Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

14. The terms of the Agreement and this Order shall be binding in all respects upon the Debtor and its estate notwithstanding any subsequent appointment of a trustee or other fiduciary under any section or chapter of the Bankruptcy Code.

**END OF ORDER**

3

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | Alfred D. Moore |
|   | 6340 Chelton Drive |
| 3 | Oakland, CA 94611 |
| 4 | Bennett Williams, Esq. |
| 5 | **Counsel for MEPT St. Matthews LLC** |
|   | 1215 4th Avenue, Suite 2400 |
| 6 | Seattle, WA 98161 |
| 7 | David I. Katzen, Esq. |
|   | David A. Schuricht, Esq. |
| 8 | KATZEN & SCHURICHT |
|   | **Counsel for AFCO Acceptance Corporation** |
| 9 | 1981 N. Broadway, Suite 340 |
| 10 | Walnut Creek, CA 94596-8218 |
| 11 | David Minnick, Esq. |
|   | Leo Crowley, Esq. |
| 12 | Pillsbury Winthrop Shaw Pittman LLP |
|   | **Counsel to BofA** |
| 13 | 50 Fremont Street |
|   | San Francisco, CA 94105-2228 |
| 14 | |
| 15 | Dean P. Sperling, Esq. |
|   | Law Offices of Dean P. Sperling |
| 16 | **Counsel to 4350 La Jolla Village LLC** |
|   | 201 East Sandpointe, Suite 220 |
| 17 | Santa Ana, CA  92707-57425 |
| 18 | Deena Williamson, Esq. |
| 19 | **Counsel for Williams Lea, Inc.** |
|   | 1400 K Street NW, Suite 800 |
| 20 | Washington, DC 20005 |
| 21 | Edward J. Tredinnick, Esq. |
|   | Greene Radovsky Maloney Share & Hennigh LLP |
| 22 | **Counsel to 1620 K Street Associates Limited Partnership,** |
| 23 | **A District of Columiba limited partnership** |
|   | Fourt Embarcadero Center, Suite 4000 |
| 24 | San Francisco, CA  94111-4106 |
| 25 | Jason M. Torf, Esq. |
|   | Schiff Hardin LLP |
| 26 | **Counsel for Schiff Hardin LLP** |
|   | 6600 Sears Tower |
| 27 | Chicago, IL  60606-6473 |
| 28 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| 1 | Jeffrey V. Commisso, Esq. |
| | Schiff Hardin LLP |
| 2 | **Counsel for Schiff Hardin LLP** |
| 3 | One Market, Spear Street Tower |
| | 32nd Floor |
| 4 | San Francisco, CA 94105 |
| 5 | Larry Peitzman, Esq. |
| | Peitzman, Weg & Kempinsky LLP |
| 6 | **Counsel to Citibank** |
| 7 | 10100 Santa Monica Blvd., Suite 1450 |
| | Los Angeles, CA 90067 |
| 8 | |
| | Marc S. Pfeuffer, Esq. |
| 9 | Office of the Chief Counsel |
| | Pension Benefit Guaranty Corporation |
| 10 | **Counsel to Pension Benefit Guaranty Corporation** |
| | 1200 K Street, N.W. |
| 11 | Washington, DC 20005-4026 |
| 12 | |
| | Michael P. Brody, Esq. |
| 13 | Darlene Haun, Esq. |
| | Ellman Burke Hoffman & Johnson |
| 14 | **Counsel for 333 Bush Associates** |
| | 601 California Street, 19th Floor |
| 15 | San Francisco, CA 94108 |
| 16 | |
| | Michael S. Kogan, Esq. |
| 17 | Ervin, Cohen & Jessup LLP |
| | **Counsel for A2D, LP** |
| 18 | 9401 Wilshire Boulevard, 9th Floor |
| | Beverly Hills, CA 90212 |
| 19 | |
| | Michael St. James, Esq. |
| 20 | St. James Law |
| 21 | **Counsel for the Vested Reirees** |
| | 155 Montgomvery Street, Suite 1004 |
| 22 | San Francisco, CA 94104 |
| 23 | Paul E. Paradis, Esq. |
| | **Counsel for 333 Bush Associates** |
| 24 | 101 California Street, Suite 1000 |
| | San Francisco, CA 94111 |
| 25 | |
| 26 | Scott Friedberg, Esq. |
| | **Counsel for The Seaport Group LLC** |
| 27 | The Seaport Group, LLC |
| | 360 Madison Avenue, 22nd Floor |
| 28 | New York, NY 10017 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Steven H. Felderstein, Esq.
Thomas A. Willoughby, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

United States Trustee
Donna S. Tamanaha, Assistant U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Vincent M. Coscino, Esq.
Michael S. Greger, Esq
Allen Matkins Leck Gamble Mallory & Natsis LLP
**Counsel for Columbia Center Property LLC and 333 South Hope Co., LLC**
1990 Main Street, Fifth Floor
Irvine, CA 92614-7321

William R. Pope, Esq.
**Consel for Guckenheimer Enterprises, Inc.**
Three Lagoon Drive, Suite 325
Redwood Shores, CA 94065

Zachary Mosner, Esq.
Assistant Attorney General
Bankruptcy & Collections Unit
**Counsel to State of Washington, Dept. of Revenue**
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188