

Signed and Filed: March 04, 2009

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

_____

1 John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
2 Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
3 PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
4 San Francisco, California 94111-4500
Telephone: 415/263-7000
5 Facsimile: 415/263-7010

6 E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
7 mkhatiblou@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,[1]<br><br>   Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**ORDER AUTHORIZING SALE OF FURNITURE, FIXTURES AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**<br><br>Date:  February 27, 2009<br>Time:  2:30 p.m.<br>Judge: The Honorable Dennis Montali<br>Ctrm: 235 Pine Street, 22nd Floor<br>San Francisco, CA 94104 |

This matter came before the Court at the above-referenced time and place upon consideration of two motions filed by Heller Ehrman LLP, the debtor and debtor in possession herein (the "Debtor"):

1. **MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH SEATTLE LANDLORD**

2. **MOTION TO SELL FURNITURE, FIXTURES AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS** (collectively, the "Motions")[2]

---

[1] The Debtor's address is 333 Bush Street, San Francisco, CA 94104, Federal Tax I.D. No. 94-1217308.
[2] Capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

Appearances were made as reflected in the record. Based upon the Court's review of the Motions, the points and authorities and Declarations of Peter J. Benvenutti filed in support thereof, the arguments of counsel at the hearing, and good cause appearing therefor,

THE COURT HEREBY FINDS:

A. Notice of the Motions, specifically including notice to Bank of America, NT&SA, for itself or as agent for CitiBank, N.A, Williams Lea Inc., 333 Bush Associates, NF L.P., Silicon Valley Bank, and parties who have filed Requests for Special Notice in the bankruptcy case, each of which may claim a lien, encumbrance or other interest in the FF&E, was good, proper, timely, adequate, and sufficient under the circumstances.

B. The Asset Sale and Lien and Administrative Claim Waiver Agreement (the "Settlement Agreement"), by and between Columbia Center Property LLC (the "Landlord") and the Debtor, attached as an exhibit to the Declaration of Peter J. Benvenutti filed in support of the Motions, was the product of arms length negotiations and the terms have been fully, completely, and adequately disclosed. The Debtor has demonstrated that the terms and conditions of the Settlement Agreement, including the sale of the FF&E, are fair and reasonable.

C. The consideration to be exchanged between the Debtor and the Landlord under the terms of the Settlement Agreement is fair and adequate.

D. Landlord is not an insider of the Debtor (as that term is defined in section 101(31) of the Bankruptcy Code).

E. The Landlord is acquiring the FF&E in good faith and will specifically be entitled to the protections afforded by section 363(m) of the Bankruptcy Code (without limiting in any way the availability of general "mootness" arguments).

F. Approval of the Settlement Agreement and consummation of the transactions contemplated thereby, including the sale of the FF&E free and clear of liens, claims, encumbrances, and other interests, and any monetary amounts which are secured by liens, claims, encumbrances, and/or other interests (collectively, the "Liens") in accordance with the terms of the Settlement Agreement, is in the best interests of the Debtor, its estate, and other parties in interest.

///

Based upon the foregoing findings,

THE COURT HEREBY ORDERS:

1. Notice of the Motions and the hearing is approved as proper and adequate under the circumstances.

2. The Motions are granted. Any and all objections to the Motions are hereby overruled.

3. The Settlement Agreement and all of the terms and conditions thereof, including the compromise between the Debtor and the Landlord embodied in the Settlement Agreement), is hereby approved pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. The Debtor is authorized and directed to perform its obligations under the Settlement Agreement, comply with the terms and conditions thereof, and consummate the sale of the FF&E in accordance with and subject to the terms and conditions of the Settlement Agreement. The consideration exchanged by Landlord and the Debtor under the terms of the Settlement Agreement is deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance and Transfer Acts, and under the laws of the State of California.

4. The Debtor is authorized and directed to execute and deliver in favor of Landlord the Bill of Sale attached to the Settlement Agreement as Exhibit B and, to the extent applicable, any supplemental Bill of Sale which may be required by the terms of the Settlement Agreement.

5. Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor's delivery of the Bill of Sale to Landlord will vest in Landlord all right, title, and interest of the Debtor and the bankruptcy estate to the FF&E, free and clear of the Liens, if any, of Bank of America, NT&SA, for itself or as agent for CitiBank, N.A, Williams Lea Inc., 333 Bush Associates NF L.P., Silicon Valley Bank, and/or parties who have filed Requests for Special Notice in the bankruptcy case (collectively, the "Affected Interests").

6. This Order is and shall be effective as a determination that, upon and subject to the delivery of the Bill of Sale by the Debtor, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the FF&E. The provisions of this Order authorizing the transfer of title of the FF&E to the Landlord free and clear of Liens shall be

self-effectuating and neither the Debtor nor the Landlord shall be required to execute or file any documents or instruments in order to effectuate the transfer of the FF&E free and clear of Liens.

7. The Landlord has not agreed to assume any liabilities of the Debtor.

8. The Debtor is authorized and directed to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including holders of any Liens identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the transactions contemplated by the Agreement.

9. The Debtor and its officers, employees, agents, and/or responsible persons be and they hereby are authorized and directed to execute the Settlement Agreement, or other related documents that are reasonably necessary or appropriate to complete the transactions contemplated by the Settlement Agreement, and to undertake such other actions as may be reasonably necessary or appropriate to complete such transactions.

10. The Landlord is approved as the acquirer of the FF&E in good faith in accordance with section 363(m) of the Bankruptcy Code, and the Landlord shall be entitled to all protections of section 363(m) of the Bankruptcy Code.

11. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Settlement Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the FF&E to Landlord, (b) resolve any disputes arising under or related to the Settlement Agreement; and (c) resolve any disputes regarding Liens asserted against the FF&E.

13. The Settlement Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

ORDER AUTHORIZING SALE OF FURNITURE, FIXTURES AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

55685-002\DOCS_SF:64297.1   4

Case: 08-32514   Doc# 202   Filed: 03/04/09   Entered: 03/04/09 10:13:36   Page 4 of 7

14. The terms of the Settlement Agreement and this Order shall be binding in all respects upon the Debtor and its estate notwithstanding any subsequent appointment of a trustee or other fiduciary under any section or chapter of the Bankruptcy Code.

**END OF ORDER**

## COURT SERVICE LIST

Alfred D. Moore
6340 Chelton Drive
Oakland, CA 94611

Bennett Williams
1215 4th Avenue, Suite 2400
Seattle, WA 98161

David Minnick
Leo Crowley
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228

Deena Williamson
1400 K Street NW, Suite 800
Washington, DC 20005

Diligenz, Inc.
c/o Silicon Valley Bank
Attn: Bank Manager
3003 Tasman Drive
Santa Clara, CA 95054

Donna S. Tamanaha, Assistant U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Larry Peitzman, Esq.
Peitzman, Weg & Kempinsky LLP
10100 Santa Monica Blvd., Suite 1450
Los Angeles, CA 90067

Michael P. Brody, Esq.
Darlene Haun, Esq.
Ellman Burke Hoffman & Johnson
601 California Street, 19th Floor
San Francisco, CA 94108

Paul E. Paradis
101 California Street, Suite 1000
San Francisco, CA 94111

Steven H. Felderstein, Esq.
Thomas A. Willoughby, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi, LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

Vincent M. Coscino, Esq.
Michael S. Greger, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
1990 Main Street, Fifth Floor
Irvine, CA 92614-7321

William R. Pope
Three Lagoon Drive, Suite 325
Redwood Shores, CA 94065

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

55685-001\DOCS_SF:64297.1  2

ORDER AUTHORIZING SALE OF FURNITURE,
FIXTURES AND EQUIPMENT FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES AND OTHER
INTERESTS

Case: 08-32514   Doc# 202   Filed: 03/04/09   Entered: 03/04/09 10:13:36   Page 7 of 7