John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
 kbrown@pszjlaw.com
 mkhatiblou@pszjlaw.com
 tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>                Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 29, 2008 THROUGH APRIL 30, 2009**<br><br>Date: To be announced<br>Time: To be announced<br>Place: United States Bankruptcy Court<br>       235 Pine Street,<br>       San Francisco, CA<br>Judge: Honorable Dennis Montali |

35685-001\DOCS_SF:65725.3

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 2
   A. Background ................................................................................................................ 2
   B. Employment of PSZ&J ............................................................................................. 2
II. PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED ............ 2
   A. Asset Analysis/Recovery ........................................................................................... 3
   B. Asset Disposition ....................................................................................................... 3
   C. Bankruptcy Litigation ................................................................................................ 4
   D. Case Administration .................................................................................................. 6
   E. Committee Formation ................................................................................................ 6
   F. Claims Admin/Objections .......................................................................................... 6
   G. Compensation of Professionals .................................................................................. 7
   H. Compensation of Professionals (Other) ..................................................................... 7
   I. Employee Benefits ..................................................................................................... 7
   J. Executory Contracts ................................................................................................... 8
   K. Financial Filings ........................................................................................................ 8
   L. Financing ................................................................................................................... 8
   M. General Creditors' Committee .................................................................................. 8
   N. Hearing ...................................................................................................................... 8
   O. Non-Working Travel .................................................................................................. 9
   P. Operations .................................................................................................................. 9
   Q. Plan & Disclosure Statement ..................................................................................... 9
   R. Retention of Professionals ......................................................................................... 9
   S. Settlement ................................................................................................................ 10
   T. Stay Litigation ......................................................................................................... 10
   U. List of Expenses by Category .................................................................................. 10
   V. Hourly Rates ........................................................................................................... 11
   W. Professionals and Paraprofessionals ........................................................................ 11
   X. Client Review of Billing Statements ....................................................................... 11
   Y. Notice of Application and Hearing .......................................................................... 12
III. THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW .......................................................................................................... 12
   A. Evaluation of Requests for Compensation ............................................................... 12
   B. Section 330(a)(3) Factors ......................................................................................... 13
   C. Available Funds ....................................................................................................... 14
IV. CONCLUSION .................................................................................................................. 14

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

# **TABLE OF AUTHORITIES**

**Cases**

*American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*),
   544 F.2d 1291 (5th Cir. 1977) ............................................................................................... 13
*Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*),
   853 F.2d 687 (9th Cir. 1988) ................................................................................................. 12
*Johnson v. Georgia Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ........................................................................................... 12, 13
*Kerr v. Screen Extras Guild, Inc.*,
   526 F.2d 67 (9th Cir. 1975),
   *cert. denied*, 425 U.S. 951 (1976) ......................................................................................... 13

**Statutes**

11 U.S.C. § 330 ................................................................................................................. 1, 12, 13
11 U.S.C. § 331 ......................................................................................................................... 1, 12
29 U.S.C. § 2010 ............................................................................................................................ 5
42 U.S.C. § 2000 .......................................................................................................................... 12
California Labor Code § 1400 ....................................................................................................... 5

**Other Authorities**

*Guidelines for Compensation and Expense Reimbursement of Professionals
   and Trustees* .............................................................................................................. 1, 2, 10, 11
*United States Trustee Guidelines for Reviewing Applications for Compensation
   and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ............................................. 1

**Rules**

Fed. R. Bankr. P. 2016 ................................................................................................................... 1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") hereby submits its *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of December 29, 2008 through April 30, 2009* (the "Application"), in connection with its representation of Heller Ehrman LLP the above-captioned debtor and debtor in possession (the "Debtor"). The Firm seeks interim approval of compensation totaling $743,849.36 which sum represents compensation for services rendered in the amount of $677,544.25[1] and reimbursement for expenses incurred in the amount of $66,305.11[2] for the period commencing on December 29, 2008 and ending on April 30, 2009 (the "Application Period").

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and para-professionals during the Application Period and (ii) the amounts requested by the Firm for reimbursement of expenses incurred (by category) during the Application Period are annexed hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of John D. Fiero, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

---

[1] This amount is net of a write down of $1,856.25 for non-working travel time which was inadvertently charged at full rate in the Firm's monthly billing statements.

[2] This amount is net of write-offs of $386.62 for expenses that were inadvertently charged to the Firm's monthly billing statements.

## I.

## INTRODUCTION

**A.  Background**

Heller Ehrman LLP (the "Debtor") filed a voluntary chapter 11 petition in this Court on December 28, 2008. The case was assigned Case No. 08-32514.

On January 5, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code in this case.

**B.  Employment of PSZ&J**

PSZ&J is a law firm with offices in San Francisco and Los Angeles, California, Wilmington, Delaware, and New York, New York. The Firm currently employs approximately 65 attorneys and specializes in business reorganizations, bankruptcy, commercial law, and litigation. The order approving PSZ&J's employment as general counsel to the Debtors was entered on January 22, 2009, and a true and correct copy is attached hereto as **Exhibit B**.

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J has classified all services performed for which compensation is sought into categories. PSZ&J attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case implicate multiple categories, services pertaining to one category may occasionally be included in another. As a firm, PSZ&J has established the following billing categories:

- Asset Analysis/Recovery
- Asset Disposition
- Bankruptcy Litigation
- Case Administration
- Claims Admin/Objections
- Committee Formation
- Compensation of Professionals
- Compensation of Professionals (Other)
- Employee Benefits
- Executory Contracts
- Financial Filings

- Financing
- General Creditors' Committee
- Hearings
- Non-Working Travel
- Operations
- Plan & Disclosure Statement
- Retention of Professionals
- Retention of Professionals (Other)
- Settlement
- Stay Litigation

**Exhibit C** hereto provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

### A. <u>Asset Analysis/Recovery</u>

Time billed to this category primarily relates to the review and analysis of the estate's claims against third parties and the collection of accounts receivable.

**Total Hours 15.20/Total Fees $7,988.00**

### B. <u>Asset Disposition</u>

Time billed to this category relates to the legal work necessary to effect a disposition of the Debtor's assets, including review, analysis, negotiation, and preparation of various motions to sell or abandon property.

Among other things, the Firm has assisted the Debtor with disposal of furniture, fixtures and equipment ("FF&E") in its office locations. On January 9, 2009, the Firm prepared a motion to sell FF&E in the Debtor's former Los Angeles office, and on April 24, 2009, the Firm filed a motion to sell FF&E in the Debtor's former San Francisco office to Quality Office Liquidations, Inc.

The Firm has also assisted the Debtor in selling and abandoning *de minimis* assets pursuant to the *Motion for an Order Authorizing and Approving Expedited Procedures for the Sale or Abandonment of De Minimis Assets* that was filed on February 10, 2009. A hearing on the motion was held on February 13, 2009, and an order granting the motion was entered on February 17, 2009. Pursuant to court-approved procedures, the Firm thereafter prepared notices for the sale or abandonment of the following items: (i) sale of phone inventory, filed on February 23, 2009; (ii) abandonment of miscellaneous office supplies, filed on February 23, 2009; (iii) sale of interest in

San Francisco Giants charter seat rights, filed on March 2, 2009; (iv) abandonment of property regarding miscellaneous stationery products, filed on April 6, 2009; and (v) sale of the VLG marks and domain names, filed on May 8, 2009.

The Firm also prepared other motions regarding asset disposition. On March 12, 2009, the Firm filed a motion to sell certain stocks owned by the Debtor free and clear of liens. The Court entered an order granting the motion on April, 2, 2009. On April 3, 2009, PSZ&J filed a motion for approval of file disposition procedures to assist the Debtor with disposing of thousands of boxes of records consisting of former client files that the Debtor accumulated during its long history. The Firm participated in a hearing on the motion on April 24, 2009, during which it addressed opposition from Bank of America and CitiBank. The Court entered an order granting the motion on May 7, 2009.

**Total Hours 153.30/Total Fees $74,593.00**

**C.**  **Bankruptcy Litigation**

This category relates to services provided in connection with: (i) the review and analysis relating to Bank of America's potential security interest in the Debtor's assets; (ii) the review and analysis of WARN Act issues; and (iii) research and analysis regarding the prosecution of claims.

**Bank of America**

Bank of America is the Debtor's primary prepetition secured creditor. Prior to the Petition Date, the Debtor had a revolving line of credit up to $50 million and letter of credit commitments of $20 million with Bank of America pursuant to various prepetition loan documents. Obligations under the prepetition loan documents were purportedly secured by a perfected security interest in and lien upon all or substantially all of the Debtor's personal property. Bank of America, however, terminated its perfected security interest pursuant to a UCC Financing Statement Amendment filed on August 3, 2007 that was purportedly "filed in error and as a result of a clerical error." The termination of Bank of America's security interest and its subsequent filing of a corrected UCC statement and a new UCC financing statement within the 90-day preference period has generated a great deal of legal research and writing, negotiations with creditors and other interested parties, conference calls, and strategy sessions conducted by the Firm.

**WARN Act Claims**

The Debtor faces multiple claims based on it's alleged failure to provide adequate notice of employment terminations under the federal and state Worker Adjustment and Retraining Notification Acts, 29 U.S.C. § 2010 et seq. and California Labor Code § 1400 et seq., respectively (collectively, the "WARN Act"). In October 2008, former employees filed a class action lawsuit seeking damages under the WARN Act in the United States District Court for the Northern District of California, captioned *Laura Werth, et al. v. Heller, Ehrman, White & McAuliffe, LLP, et al.*, Case No. 08-CV-04799-CW. In April 2009, three former employees who purport to sue on behalf of all similarly situated former employees filed an adversary proceeding in this Court, captioned *Debora K. Biggers, et al. v. Heller Ehrman, LLP, et al.,* Case No. 09-03058 (the "*Biggers AVP*"), against the Debtor, 13 shareholders of the Debtor's partners (each in their individual capacity and in their representative capacity on behalf of a purported defendant class consisting of all shareholders as of August 11, 2008) and a number of the professional corporations that are the Debtor's partners. During March and April 2009, counsel representing the plaintiffs in the *Biggers AVP* filed a "class claimant" proof of claim seeking unpaid wages and WARN Act damages, as well as at least 84 individual proofs of claim against the Debtor, of which approximately 80% seek WARN Act damages.

The Firm has worked diligently with the Debtor's special employment litigation counsel, the Dissolution Committee and certain co-defendants in an effort to assess these WARN Act claims. Members of PSZ&J have reviewed numerous proofs of claims, conducted legal research, drafted motions, and participated in meetings and conference calls with the Debtor and other interested parties to analyze and respond to these claims. In addition, the Firm has reviewed the handling and outcome of similar WARN Act issues in other law firm bankruptcies and prepared memoranda to the client regarding the status of WARN Act claims in those other cases.

**Other Claims**

Former clients of the Debtor have asserted claims against the estate. For instance, LifeLock, Inc. filed a complaint against the Debtor on or about February 18, 2009 in the United States District Court for the Central District of California. Similarly, Aperto Networks, Inc. initiated an arbitration

35685-001\DOCS_SF:65725.3      5

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

action against the Debtor before the San Francisco Bar Association. Both of these actions and other claims and correspondence from former clients of the Debtor have sought to recover damages from the estate. In response to these actions, the Firm has prepared letters notifying parties of the automatic stay, conferred with the Debtor about the claims, and drafted and filed motions to dismiss and otherwise opposed actions against the Debtor's estate.

**Total Hours 122.40/Total Fees $66,288.50**

**D. Case Administration**

Time billed to this category relates primarily to administrative matters, including, without limitation: reviewing the docket; maintaining a critical dates calendar for the case; communicating with the Court, the United States Trustee, the Debtor, other professionals and other case constituents and interested parties regarding issues relating to the administration of the case; and performing other miscellaneous services related thereto.

The Dissolution Committee has met at least once a week for at approximately two hours at a time since the Case began. Each week Mr. Fiero and Mr. Kapur of PSZ&J confer about the status of the Case, prepare meeting agendas, and participate in those meetings. Other members of the Firm participate when they are called upon to address issues within their area of expertise.

**Total Hours 351.80/Total Fees $193,143.00**

**E. Committee Formation**

The Firm billed minimal time to this category reviewing information from the United States Trustee regarding the Committee.

**Total Hours .60/Total Fees $379.00**

**F. Claims Admin/Objections**

Time billed to this category relates to: (i) research regarding the process of noticing a claims bar date by publication; (ii) preparation of a motion for approval of a publication scheme; (iii) research and analysis regarding malpractice claims; and (ii) responding to creditor inquiries regarding the claims bar date.

On February 20, 2009, the Firm filed a Motion for an Order Authorizing Form and Manner of Publication Notice of Bar Date. The Firm participated in the hearing held on February 27, 2009,

35685-001\DOCS_SF:65725.3                    6

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

and the court entered an order granting the motion on March 4, 2009. In connection with this motion, the Firm prepared bar date notices and coordinated the mailing of notice to more than 12,000 parties, which included all former clients of the Debtor for whom any legal services were rendered at any time since January 1, 2001. In addition, the Firm researched the costs to publish the notice in newspapers worldwide, prepared the publication notice, and coordinated its publication in the National Edition and the Asia Edition of the Wall Street Journal, the National Edition of the New York Times, the San Francisco Chronicle, Los Angeles Times, Washington Post, Seattle Times, the San Diego Union-Tribune, and the South China Morning Post.

PSZ&J has responded to numerous calls and emails regarding the bar date notice from potential creditors. Moreover, the Firm has catalogued and begun preliminary analysis of over 1,000 proofs of claim that exceed $350 million in the aggregate.

**Total Hours 124.60/Total Fees $56,142.00**

**G.  Compensation of Professionals**

Time billed to this category relates to the preparation of a motion to establish interim fee procedures and attention to the professional's fee budget sought by the Committee.

**Total Hours 17.10/Total Fees $7,827.50**

**H.  Compensation of Professionals (Other)**

Time billed to this category relates to discussion with other professionals in the case regarding interim fee procedures.

**Total Hours .70/Total Fees $297.50**

**I.  Employee Benefits**

Time billed to this category primarily relates to the preparation of a motion to approve an employee retention plan, as modified post-petition.

**Total Hours 18.70/Total Fees $7,689.50**

**J.  Executory Contracts**

Time billed to this category relates to the review, analysis and discussions with landlords and their counsel regarding lease rejections, modifications and compromises.

35685-001\DOCS_SF:65725.3                7

FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 29, 2008 THROUGH APRIL 30, 2009

The Firm helped the Debtor reject leases for the Debtor's former offices in Seattle (which the Debtor did out of an abundance of caution only), Washington D.C. (Rhode Island Avenue and K Street), San Diego, and Singapore pursuant to the motion for authority to reject non-residential real property leases and subleases filed on January 8, 2009. Similarly, PSZ&J helped the Debtor reject office leases in Los Angles and San Francisco pursuant to motions filed January 9, 2009, April 4, 2009 and May 4, 2009, respectively. In certain instances, the Firm also assisted the Debtor in extending the time to assume or reject nonresidential real property leases.

**Total Hours 123.10/Total Fees $66,326.50**

**K.    Financial Filings**

Time billed to this category primarily relates to the preparation of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, as well as amendments thereto.

**Total Hours 174.80/Total Fees $47,290.00**

**L.    Financing**

Time billed to this category primarily relates to the preparation, discussion and negotiation of a final cash collateral order.

**Total Hours 4.40/Total Fees $16,119.00**

**M.    General Creditors' Committee**

Time billed to this category relates to the review and analysis of a committee member's status as a creditor of the Debtor.

**Total Hours 5.60/Total Fees $3,640.00**

**N.    Hearing**

Time billed to this category relates to the attendance and participation at the hearing on first day motions.

**Total Hours 3.50/Total Fees $2,082.50**

**O.    Non-Working Travel**

Time billed to this category relates to the non-working travel time spent getting to and from Court hearings in this matter. The Firm has agreed to charge one-half it's hourly billing rate for all non-working travel time.

**Total Hours 16.50/Total Fees $1,856.25**

**P.     Operations**

Time billed to this category relates to operational winddown issues including tax insurance matters, bank collections and malpractice tail insurance.

**Total Hours 6.10/Total Fees $3,954.00**

**Q.     Plan & Disclosure Statement**

Time billed to this category relates to the research, analysis and preparation of a motion to extend the exclusivity period for an additional 120 days. The motion was granted.

**Total Hours 30.90/Total Fees $4,612.50**

**R.     Retention of Professionals**

Time billed to this category relates to discussions with the Dissolution Committee of the retention of numerous professionals necessary for the administration of the Debtor's estate, and the preparation of applications to employ and retain such professionals including: (i) PSZ&J as general counsel to the Debtor; (ii) Greenberg Traurig as co-counsel; (iii) BMC Group, Inc. as claims, noticing, balloting and administrative agent; (iv) Manatt, Phelps & Philips, LLP as special employment litigation counsel; (v) Adler Law Firm as collections counsel; (vi) Folger Levin & Kahn LLP as special malpractice counsel; (vii) Clars Auction Gallery as the Debtor's art appraiser; (viii) Schiff Hardin as special real estate counsel; (ix) Olswang Solicitors as special counsel; and (x) Howard Rice Nemerovski Canady Falk & Rabkin as special counsel. The employment of Greenberg Traurig, in particular, was the subject of substantial attorney time in the wake of concerns expressed by the Committee.

**Total Hours 129.20/Total Fees $60,014.00**

**S.     Settlement**

Time billed to this category relates to the preparation of the notice of compromise regarding the Unum matter.

**Total Hours .80/Total Fees $340.00**

35685-001\DOCS_SF:65725.3            9

FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 29, 2008 THROUGH APRIL 30, 2009

### T. Stay Litigation

Time billed to this category primarily relates to the review, analysis, discussion, and preparation for and participation at the hearing regarding Lifelock's motion for relief from stay. This work began with the preparation of a motion for contempt sanctions that ultimately was never filed; thereafter, a significant amount of time was devoted to opposing Lifelock's motion for relief from stay (which was, itself, the subject of a hearing that lasted almost an hour).

**Total Hours 121.20/Total Fees $56,916.50**

### U. List of Expenses by Category

PSZ&J advanced costs, including certain in-house charges, on behalf of the Debtor in connection with the performance of the services described in this Application. During the Application Period, PSZ&J incurred a total of $66,305.11[3] in expenses. PSZ&J made every effort to keep the costs in this case to a minimum.

PSZ&J customarily charges $0.20 per page for photocopying expenses. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis. Whenever feasible, PSZ&J sends large copying projects to an outside copy service that charges a reduced rate for photocopying. In this case, the Firm actually charged less (on a stuffed, per envelope basis) for the cost of mailing the bar date notice to the Debtor's former clients than did the outside service from whom PSZ&J sought a bid for that same project.

Ordinarily, PSZ&J charges $1.00 per page for out-going facsimile transmissions. Pursuant to the Northern District Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles. Fax receipts are charged at $0.20 per page, the same cost PSZ&J imposes on photocopies.

Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge the Firm for computerized legal research. PSZ&J bills its clients the actual amount charged by such services, with no premium. Any volume discount

---

[3] This amount is net of write-offs of $386.62 for expenses that were inadvertently charged to the Firm's monthly billing statements.

35685-001\DOCS_SF:65725.3    10

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
WILMINGTON, DELAWARE

received by PSZ&J is passed on to the client. PSZ&J does not charge for local or long distance calls placed by attorneys from their offices. PSZ&J only bills its clients for the actual costs charged to PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated through PSZ&J. PSZ&J believes that its expense charges are consistent with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**V.  Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in this case are clearly disclosed on the Billing Summary Chart on **Exhibit A** hereto. Because the Firm adjusted its rates on January 1, 2009, two rates are shown for professionals whose work included time in both 2008 and 2009.

**W.  Professionals and Paraprofessionals**

The biographies of the attorneys who have worked on this matter and a description of the professional education and biographies of the paralegals, professional assistants, and law clerks employed by the Firm who rendered services in this case during the Application Period are attached hereto as **Exhibit D**. PSZ&J has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among members of the Firm.

**X.  Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Debtor concurrently with the filing of this Application. The letter invites the Debtor to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions the Debtor may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit E**.

35685-001\DOCS_SF:65725.3     11

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

## Y. Notice of Application and Hearing

Notice of the hearing on this Application will be served upon the Debtor, the Committee, the United States Trustee, and all parties requesting special notice herein.

## III.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services in acting as counsel to the Debtor.

## A. Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the

35685-001\DOCS_SF:65725.3    12

FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 29, 2008 THROUGH APRIL 30, 2009

1  undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco and Los Angeles area. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.

**B.     Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330(a)(3). Although several of these factors (such as the time involved, the timeliness of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZ&J believes the facts of this case make it evident that PSZ&J's services were both necessary and beneficial. PSZ&J's efforts were essential to the organization and operations of the Debtor, and, as stated above, PSZ&J provided advice, counsel and direction to the Debtor to assist it with its role of working with the United States Trustee and the Committee.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZ&J believes its attorneys are skilled and performed well in this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's counterparts engaged in non-bankruptcy specialties of the law.

35685-001\DOCS_SF:65725.3                    13

FIRST INTERIM APPLICATION OF PACHULSKI STANG
ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT
OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD DECEMBER 29, 2008
THROUGH APRIL 30, 2009

## C. Available Funds

PSZ&J understands that the Debtor has sufficient funds available for the payment of fees and costs incurred in connection with the Application.

## IV.

## CONCLUSION

The compensation presently sought by PSZ&J is interim. Neither PSZ&J, nor any shareholders or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney, except among shareholders and associates of the Firm.

PSZ&J believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and direct payment of fees and costs, and (b) award interim compensation, as follows:

1. Allow interim compensation to the Firm in the amount of $743,849.36 inclusive of all fees and costs for the period from December 29, 2008, through April 30, 2009, consisting of $677,544.25[4] of fees and $66,305.11[5] of expenses;

2. Authorize and direct the Debtor to pay the Firm $743,849.36 which represents 100% of the fees and 100% of the costs incurred for the period from December 29, 2008, through April 30, 2009; and

---

[4] This amount is net of a write down of $1,856.25 for non-working travel time which was inadvertently charged at full rate in the Firm's monthly billing statements.

[5] This amount is net of write-offs of $386.62 for expenses that were inadvertently charged to the Firm's monthly billing statements.

3.   Grant such other and further relief as may be appropriate under the circumstances.

Dated:   May 30, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

                                         By   */s/ John D. Fiero*
                                              John D. Fiero
                                              Kenneth H. Brown
                                              Miriam Khatiblou
                                              Teddy M. Kapur
                                              Attorneys for Heller Ehrman LLP,
                                              Debtor and Debtor in Possession