PAMELA PHILLIPS (No. 87581)
Email: pphillips@howardrice.com
JONATHAN W. HUGHES (No. 186829)
Email: jhughes@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   415/434-1600
Facsimile:   415/217-5910

Attorneys for party in interest ORRICK
HERRINGTON & SUTCLIFFE LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 08-32514-DM |
| HELLER EHRMAN, LLP, | Chapter 11 |
| Debtor. | [NO HEARING REQUESTED] |

**EX PARTE APPLICATION FOR APPROVAL OF STIPULATION RELATING TO ESCROW OF CONTESTED ATTORNEYS' FEES IN TECK METALS LTD MATTER**

[SUPPORTING DECLARATION OF MARK J. PLUMER FILED CONCURRENTLY HEREWITH; UNREDACTED VERSION SUBMITTED TO CHAMBERS SEPARATELY]

EX PARTE APP. FOR APPROVAL OF STIP. RE ESCROW OF CONTESTED ATTORNEYS' FEES

Pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(4) and Sections 105(a), 362 and 363(b)(1) of the Bankruptcy Code, 11 U.S.C. §§105, 362, 363, Orrick Herrington & Sutcliffe LLP ("Orrick"), a party in interest in the above-captioned chapter 11 case, hereby applies (the "Application") for approval of a stipulation relating to the escrow of contested attorneys' fees (the "Escrow Stipulation") due and owing by Teck Metals Ltd (the "Client") to its attorneys, including Orrick, Heller Ehrman, LLP ("Heller" or the "Debtor"), the debtor and debtor in possession in the above-captioned case, and/or Bingham McCutchen LLP ("Bingham"), as assignee of Swidler Berlin LLP ("Swidler"). In what might be an excess of caution, Orrick seeks the Court's approval because the Escrow Stipulation potentially implicates the automatic stay and/or potentially constitutes a use of property in which the estate has an interest.

The Application is based upon the matters set forth herein, the accompanying Memorandum of Points and Authorities, and the accompanying Declaration of Mark J. Plumer (the "Plumer Declaration") filed concurrently herewith, as well as on the matters set forth in the Escrow Stipulation and the agreement establishing the escrow account (the "Escrow Agreement"), also filed concurrently herewith. (The Plumer Declaration shall be redacted on the publicly filed version of this Application; an unredacted version will be submitted separately to Chambers).

In further support of this Application, Orrick states as follows:

1. <u>Reasons for the Escrow Stipulation</u>: As set forth in more detail in the accompanying Memorandum of Points and Authorities, Orrick, the Debtor, the duly-appointed Official Committee of Unsecured Creditors (the "Committee"), Bingham, as assignee of Swidler, and the Client have agreed to enter into the Escrow Stipulation and the Escrow Agreement to permit the Client to make payments that are due and owing to its attorneys in connection with litigation with various insurance companies (collectively, the "Insurance Coverage Litigation"). The purpose of the Escrow Stipulation and the Escrow Agreement is to enable immediate payment of certain attorneys' fees owing to law firms who have no connection to this bankruptcy proceeding, and to establish an escrow account

to hold the remaining fees due and owing to Orrick, the Debtor and/or Bingham, as well as any future attorneys' fees due to Orrick, the Debtor and/or Bingham, until these parties resolve, either consensually or otherwise, which portions, if any, of such fees are due to each of them.

2. <u>No release of claims</u>: The Escrow Stipulation and the Escrow Agreement do not release or waive any claim that the Debtor might have against any attorney for fees collected in connection with representation of the Client in the Insurance Coverage Litigation.

3. <u>Court approval required</u>: Because it potentially implicates the automatic stay of Section 362 of the Bankruptcy Code, Orrick seeks the Court's approval of the Escrow Stipulation and, to the extent required, relief from the stay. Similarly, without admitting that any of the attorneys' fees at issue are property of the estate, Orrick seeks pursuant to Section 363(b)(1) the Court's approval of the Escrow Stipulation as a use outside the ordinary course of business of property in which the estate could claim an interest. The effectiveness of the Escrow Agreement is conditioned upon approval of the Escrow Stipulation by this Court.

4. <u>Communications with other interested parties</u>: None of the parties who potentially have an interest in the attorneys' fees at issue oppose this Application. Orrick has communicated with the Debtor, the Committee, Bingham and the Office of the United States Trustee (the "U.S. Trustee"). The Debtor, the Committee and Bingham, as assignee of Swidler, are parties to the Escrow Stipulation and the Escrow Agreement, and each consent to the Court's approval and the grant of this Application. The U.S. Trustee does not oppose the Application. Accordingly, the instant Ex Parte Application is sufficient to afford reasonable notice.

WHEREFORE, Orrick prays for an Order approving the Escrow Stipulation and to the extent necessary, granting relief from the automatic stay.

DATED: July 16, 2009.

PAMELA PHILLIPS
JONATHAN W. HUGHES
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: *Jonathan W. Hughes /s/*
        JONATHAN W. HUGHES

Attorneys for ORRICK HERRINGTON & SUTCLIFFE LLP