John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       mkhatiblou@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>            Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date:   August 21, 2009 [Requested]<br>Time:  1:30 p.m. [Requested]<br>Place:  U. S. Bankruptcy Court<br>          235 Pine Street, 22nd Floor<br>          San Francisco, CA<br>Judge:  Honorable Dennis Montali |

**TO: THE HONORABLE DENNIS MONTALI, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002:**

Heller Ehrman LLP, the debtor and debtor-in-possession herein (the "Debtor"), hereby files this *ex parte* application (the "Application") for an order shortening time in accordance with Local Bankruptcy Rule 9006-1 so that a shortened time hearing may be held on the following motion:

    \*    MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A

           PLAN AND SOLICIT ACCEPTANCES (the "Motion")

The essential facts supporting this Application are contained in the *Declaration of John D. Fiero in Support of Ex Parte Application for Order Shortening Time for Hearing on Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* (the "Fiero Declaration") filed concurrently herewith. Copies of the Motion and its supporting papers are attached to the Fiero Declaration as **Exhibit A**. In further support of the Application, the Debtor respectfully represents as follows:

## I. STATEMENT OF FACTS

### A. Procedural Background.

On December 28, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in possession of its property and is operating and managing its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 5, 2009, the United States Trustee for this district appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

### B. The Stipulation Agreed to by the Debtor and the Committee

The Debtor and the Committee have reached agreement relating to extensions of the exclusive periods provided for in Bankruptcy Code sections 1121(b) and (c)(3), which agreement is memorialized in a written stipulation attached as **Exhibit B** to the Fiero Declaration (the "Stipulation"). Pursuant to the Stipulation, the Debtor and the Committee have agreed to extend the exclusive period provided for in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Debtor and the Committee shall be a joint proponent of such plan and disclosure statement. In addition, the Debtor and the Committee have agreed to extend the exclusive period to confirm a plan under Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009 (the "Confirmation Exclusive Period").

## C. The Relief Requested in the Motion.

In accordance of the Stipulation, the Motion seeks an order approving the Plan Exclusive Period with the conditions that (i) only the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period, and (ii) any such plan and disclosure statement filed during the Plan Exclusive Period must be jointly submitted by the Debtor and the Committee. In addition, the Motion seeks an order approving the Confirmation Exclusive Period.

## II. NECESSITY FOR EXPEDITED SCHEDULE

The exclusive period for the Debtor to file a plan and disclosure statement pursuant to Bankruptcy Code section 1121(b) currently is set to expire on August 25, 2009, and the Debtor seeks a shortened notice period because it would like to approval of the Plan Exclusive Period prior to the deadline.

## III. PREVIOUS TIME MODIFICATIONS RELATED TO THE MOTION

On May 1, 2009, the Court entered its Order Extending the Period During Which The Debtor Has The Exclusive Right to File A Plan And Solicit Acceptances, which (i) extended the exclusive 120-day time period provided in Bankruptcy Code section 1121(b) for another 120 days, through and including August 25, 2009, and (ii) extended the exclusive 180-day time period provided in Bankruptcy Code section 1121(c) for another 120 days, through and including October 24, 2009.

## IV. EFFECT OF REQUESTED SHORTENING OF TIME

If this Application is granted on Monday, August 17, 2009, the period to notice a hearing on the Motion will be shortened to four days, so that that a hearing would be held on August 21, 2009 at 1:30 p.m. Since the Committee supports the Motion, the Debtor does not believe that the 4-day period is unreasonable given the unique position of the Committee in this case (where the small amount of remaining bank debt is fully collateralized and the WARN Act plaintiffs have stipulated to a stay of their adversary in exchange for discovery rights in the preference action against the banks).

## V. PROPOSED SCHEDULE FOR OPPOSING THE MOTION

Consistent with the Court's preferences, the Debtor proposes that any opposition or response to the Motion may be made orally at the hearing, if the opposing party so chooses.

## VI. NOTICE

Upon entry of the order granting this Application, the Debtor will serve the order shortening time, the Motion and its supporting papers by electronic mail or overnight delivery, upon the counsel for the Committee, the Office of the United States Trustee and all parties requesting special notice in this case.

## VII. CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court grant this Application in its entirety and enter an Order:

1. Setting the hearing on the Motion for August 21, 2009 at 1:30 PM;

2. Providing that any opposition to the Motion may be made orally at the hearing; and

3. Directing the Debtor to serve the order shortening time, the Motion and supporting papers upon counsel for the Committee, the Office of the United States Trustee and all parties requesting special notice in this case.

Dated: August 17, 2009　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

By　*/s/ John D. Fiero*
　　John D. Fiero
　　Kenneth H. Brown
　　Miriam P. Khatiblou
　　Teddy M. Kapur
　　Attorneys for Heller Ehrman LLP,
　　Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

35685-001\DOCS_LA:205956.4

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION

Case: 08-32514　Doc# 594　Filed: 08/17/09　Entered: 08/17/09 15:46:21　Page 4 of 4