John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
mkhatiblou@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>                Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**DECLARATION OF JOHN D. FIERO IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date: August 21, 2009 [Requested]<br>Time: 1:30 p.m. [Requested]<br>Place: U. S. Bankruptcy Court<br>       235 Pine Street, 22nd Floor<br>       San Francisco, CA<br>Judge: Honorable Dennis Montali |

I, John D. Fiero, declare:

1. I am an attorney at law duly licensed to practice in the State of California and admitted to practice before this Court and am a member of Pachulski Stang Ziehl & Jones, LLP, counsel to Heller Ehrman, LLP, the debtor and debtor in possession herein. The following is true of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I am making this declaration in support of the Debtor's *Ex Parte Application for Order Shortening Time for Hearing on Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* (the "Application").

3. The Debtor has filed the following motion for which it seeks expedited consideration: *Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* (the "Motion"). Copies of the Motion and its supporting papers are attached hereto as **Exhibit A**.

4. On December 28, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in possession of its property and is operating and managing its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 5, 2009, the United States Trustee for this district appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

6. The Debtor and the Committee have reached agreement relating to extensions of the exclusive periods provided for in Bankruptcy Code sections 1121(b) and (c)(3), which agreement is memorialized in a written stipulation attached hereto as **Exhibit B** (the "Stipulation"). Pursuant to the Stipulation, the Debtor and the Committee have agreed to extend the exclusive period provided for in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Debtor and the Committee shall be a joint proponent of such plan and disclosure statement. In addition, the Debtor and the Committee have agreed to extend the exclusive period to confirm a plan under Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009 (the "Confirmation Exclusive Period").

7. In accordance of the Stipulation, the Motion seeks an order approving the Plan Exclusive Period with the conditions that (i) only the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period, and (ii) any such plan and disclosure statement filed during the Plan Exclusive Period must be jointly submitted by the Debtor

and the Committee. In addition, the Motion seeks an order approving the Confirmation Exclusive Period.

Reasons for Shortening Time

8. The exclusive period for the Debtor to file a plan and disclosure statement pursuant to Bankruptcy Code section 1121(b) currently is set to expire on August 25, 2009, and the Debtor seeks a shortened notice period because it would like to approval of the extension of the Plan Exclusive Period prior to the deadline.

Previous Time Modifications Related to the Motion

9. On May 1, 2009, the Court entered its Order Extending the Period During Which The Debtor Has The Exclusive Right to File A Plan And Solicit Acceptances, which (i) extended the exclusive 120-day time period provided in Bankruptcy Code section 1121(b) for an additional 120 days, through and including August 25, 2009, and (ii) extended the exclusive 180-day time period provided in Bankruptcy Code section 1121(c) for an additional 120 days, through and including October 24, 2009.

The Effect of the Requested Time Modification

10. If this Application is granted on Monday, August 10, 2009, the period to notice a hearing on the Motion will be shortened to four days, so that that a hearing would be held on August 21, 2009 at 1:30 p.m.

Efforts Made to Speak to Parties in Interest

11. The Motion enjoys the support of the Committee, which also supports the shortened time sought in the Application. The United States Trustee does not oppose the shortening of time, and is checking internally with regard to its position on the merits of the Motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 17th day of August, 2009 at San Francisco, California.

/s/ John D. Fiero
John D. Fiero