# EXHIBIT A

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
mkhatiblou@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>                Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date:    August 21, 2009<br>Time:   1:30 p.m.<br>Place:   U. S. Bankruptcy Court<br>           235 Pine Street, 22nd Floor<br>           San Francisco, CA<br>Judge:  Honorable Dennis Montali |

**TO ALL PARTIES IN INTEREST:**

Heller Ehrman LLP, the debtor and debtor in possession herein (the "Debtor"), hereby moves the Court for an order extending the periods during which the Debtor has the exclusive right to file a plan and solicit acceptances pursuant to Bankruptcy Code section 1121(b), (c) and (d) (the "Motion") pursuant to a stipulation with the official committee of unsecured creditors (the "Committee").

The Motion is based upon this Motion, the memorandum of points and authorities filed herewith, the declarations of Peter J. Benvenutti and John D. Fiero, and such additional evidence and

argument as may be presented at the hearing.

WHEREFORE, the Debtor prays for relief as follows:

1. For an order extending the exclusive time period provided in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period").

2. For an order extending the exclusive time period provided in Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009.

3. For an order ruling that only the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period and that any such plan and disclosure statement filed during the Plan Exclusive Period shall be jointly submitted by the Debtor and the Committee.

4. For such other and further relief as the Court may deem just and proper.

Dated: August 17, 2009        PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
    John D. Fiero
    Kenneth H. Brown
    Miriam P. Khatiblou
    Teddy M. Kapur
    Attorneys for Heller Ehrman LLP,
    Debtor and Debtor in Possession

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       mkhatiblou@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>              Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date:    August 21, 2009<br>Time:   1:30 p.m.<br>Place:   U. S. Bankruptcy Court<br>           235 Pine Street, 22nd Floor<br>           San Francisco, CA<br>Judge:  Honorable Dennis Montali |

## I.

## INTRODUCTION

Pursuant to an order of this Court, the Debtor's exclusive period for filing a plan was extended to August 25, 2009 and the exclusive period to solicit acceptances of a plan was extended October 24, 2009. The Debtor, in conjunction with the official committee of unsecured creditors (the "Committee"), has been working diligently toward confirming a plan as soon as practicable, and both parties agree that an extension of these exclusive periods serves the best interest of the estate.

This case is large and complex, and good cause supports granting the extensions requested. The large number of creditors, the hundreds of docket entries, pending adversary proceedings, and the size of the claims pool demonstrate the complexity of this case.

The extensions of (i) the exclusive period to file a plan provided in section 1121(b) of title 11 of the United States Code (the "Bankruptcy Code") for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), and (ii) the exclusive period to solicit acceptances provided in section 1121(c)(3) of the Bankruptcy Code for an additional sixty eight (68) days, through and including December 31, 2009 (the "Confirmation Exclusive Period"), will give the Debtor and the Committee the opportunity to focus on filing a joint plan without the distraction of a competing plan and, therefore, succeed in their efforts to obtain an expeditious resolution to this chapter 11 case for the benefit of the Debtor's creditors.

## II.

## STATEMENT OF FACTS

### A. The Debtor's Progress.

The Debtor is winding down its business and affairs, and is no longer engaged in the active practice of law. Still, a substantial number of tasks remain unperformed that relate to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to former clients. As part of its wind down efforts, the Debtor (a) is pursuing the collection of outstanding accounts receivable, (b) coordinating and managing the transition of client and firm business records, (c) negotiating with key creditor constituencies, and (d) performing a number of bookkeeping, office and administrative services.

The Court has approved the employment of numerous professionals (*see* Docket Nos. 66, 67, 69, 70, 94, 110, 137, 193, 198, 199, 200, 201, 264, 395, 400, and 454), and has ruled on a variety of critical issues at the Debtor's request, including the following:

On December 30, 2008, the Court granted the Debtor's request for authorization to pay and honor (i) certain pre-petition wages and vacation pay to employees, and (ii) certain post-petition obligations to employees as and when such obligations become due. (Docket No. 24).

///

On December 30, 2008, the Court also authorized the Debtor to use cash collateral. (Docket No. 25).

On January 28, 2009, the Court approved the Debtor's motion to reject its lease and sublease of Los Angeles office space, and approved a compromise of controversy with the Los Angeles landlord, and authorized the Debtor to sell certain furniture, fixtures and equipment free and clear of liens, claims, encumbrances and other interests. (Docket Nos. 107 and 108).

On February 11, 2009, the Court granted the Debtor limited authority to pay certain pre-petition workers compensation obligations. (Docket No. 128).

On February 18, 2009, the Court authorized the Debtor to employ expedited procedures for the sale or abandonment of certain *de minimis* assets. (Docket No. 138).

On February 25, 2009, the Court authorized the Debtor to reject certain nonresidential real property leases and subleases and abandon personal property at some (but not all) of the leased locations. (Docket No. 176).

On March 4, 2009, the Court approved a revised non-insider employee retention and incentive bonus plan. (Docket No. 203). In addition, the Court authorized the form and manner of publication of notice of the claims bar date. (Docket No. 205).

On March 4, 2009, the Court also approved a compromise of controversy with a Seattle landlord, and authorized the Debtor to sell certain furniture, fixtures and equipment free and clear of liens, claims, encumbrances and other interests. (Docket Nos. 202 and 204).

On March 31, 2009, the Court approved the employment of Clars Auction Gallery as the Debtor's art appraiser. (Docket No. 309).

On April 2, 2009, the Court issued a Memorandum Decision authorizing the Committee to pursue the Estate Representative Actions on behalf of the Debtor's estate. (Docket No. 311).

On May 7, 2009, the Court approved the Debtor's file disposition procedures (Docket No. 436).

On May 13, 2009, the Court approved a compromise relating to the retention of Orrick Herrington & Sutcliffe LLP in a matter pertaining to Resource Investments, Inc. and Land Recovery, Inc. (Docket No. 451).

On May 30 and June 2, 2009, the Court authorized a three-part transaction between the Debtor and its landlord, 333 Bush Associates NF L.P., pursuant to which the Debtor assigned a sublease to such landlord (Docket No. 479), rejected its lease pursuant to a written stipulation (Docket No. 482), and executed a new short term tenancy agreement with the landlord for reduced space (Docket No. 478).

On June 9, 2009, the Court approved a compromise of controversy with attorneys handling a certain *qui tam* lawsuit (Docket No. 484).

In addition to pursuing these case-advancing motions, the Debtor has demonstrated a good faith intention to administer the bankruptcy estate for the mutual benefit of all and intends to continue on this path towards negotiating a joint plan of reorganization with the Committee. The Debtor has shown a genuine willingness to compromise with the Committee and has made substantial progress negotiating with key parties in interest such as the Committee, shareholders of the Debtor's corporate general partners, and the Debtor's former employees that have brought WARN Act claims against the estate. Moreover, the Debtor and the Committee have engaged in negotiations with counsel to shareholders of the Debtor's corporate general partners regarding mediation of the appropriate contribution, if any, to be made by the shareholders to a consensual liquidating plan. The Debtor continues to pay its bills as they come due post-petition and has not proposed this extension of time in an effort to pressure its creditors or obtain an untoward advantage over any other constituency.

### C. The Exclusive Periods

On April 4, 2009, the Debtor filed its *Motion for Order Extending The Period During Which The Debtor Has The Exclusive Right To File A Plan and Solicit Acceptances* (Docket No. 326). On May 1, 2009, this Court entered its Order Extending the Period During Which The Debtor Has The Exclusive Right to File A Plan And Solicit Acceptances, which (i) extended the exclusive 120-day time period provided in Bankruptcy Code section 1121(b) for an additional 120 days, through and including August 25, 2009, and (ii) extended the exclusive 180-day time period provided in Bankruptcy Code section 1121(c) for an additional 120 days, through and including October 24, 2009.

35685-001\DOCS_LA:206161.2                                                    MEMORANDUM OF POINTS AND AUTHORITIES IN
4                                                                             SUPPORT OF MOTION TO EXTEND PLAN
                                                                              EXCLUSIVITY PERIOD

Case: 08-32514    Doc# 594-2    Filed: 08/17/09    Entered: 08/17/09 15:46:21    Page 7 of 20

The Debtor and the Committee have reached an agreement that is memorialized in a written stipulation (the "Stipulation") attached as **Exhibit A** to the *Declaration of John D. Fiero in Support of Debtor's Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* filed concurrently herewith. Pursuant to the Stipulation, the Debtor and the Committee agreed to the Plan Exclusive Period and the Confirmation Exclusive Period, provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Debtor and the Committee shall be a joint proponent of such plan and disclosure statement.

## III.

## ARGUMENT

### A. The Debtor's Exclusivity Periods May Be Extended.

Bankruptcy Code Section 1121 establishes two exclusivity periods relating to plan submission and approval. Pursuant to Section 1121(b), a debtor-in-possession is granted a 120-day exclusive period after the entry of the order for relief in which to file a plan. If the debtor files a plan during this 120-day period, the debtor is provided a further 60-day period (i.e., until 180 days after the commencement of the case) within which to solicit acceptances of its plan, during which time period competing plans may not be filed by any party in interest. 11 U.S.C. § 1121(c).

Section 1121(d)(1) affords the debtor an opportunity to request an extension of both periods. Such extension may be granted by the Bankruptcy Court for "cause" after notice and a hearing. *Id*.

The exclusive periods under Section 1121 are intended to afford a debtor a meaningful opportunity to develop and confirm a consensual plan under chapter 11. *See In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors"). The exclusivity provisions provided by Section 1121 contemplate the "negotiation of a plan of reorganization that may be acceptable to creditors and other interested parties." *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), quoting *In re Texaco Inc.*, 81 B.R. 806, 810 (Bankr. S.D.N.Y. 1988). Thus, it is not uncommon for courts to grant one or more extensions of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

exclusivity periods to allow a debtor a reasonable opportunity to fulfill the aims of the Bankruptcy Code and propose a plan acceptable to creditors and other parties in interest.

**B.        The Court Has Discretion Extend the Exclusivity Period For "Cause".**

The decision to terminate or extend exclusivity rests within the Court's discretion. *In re Adelphia Communications Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006), aff'd 342 B.R. 122 (S.D.N.Y. 2006). A variety of factors are typically considered when determining whether "cause" exists under Section 1121(d) to extend the exclusivity periods, including:

1) the size and complexity of the case;

2) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

3) the existence of good faith progress toward reorganization;

4) the fact that the debtor is paying its bills as they become due;

5) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6) whether the debtor has made progress in negotiations with its creditors;

7) the amount of time which has elapsed in the case;

8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9) whether an unresolved contingency exists.

*Adelphia*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); citing *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). *See also In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 452 (9th Cir. BAP 2002) (mentioning that the bankruptcy court considered the *Dow Corning* factors in determining that cause existed to grant the debtor's requested extension).

In addition to the consideration of the foregoing factors, the BAP also remarked that "[w]e also agree with the Dow Corning court that a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case toward a fair and equitable resolution." *Henry Mayo*, 282 B.R. at 453, citing *Dow Corning*, 208 B.R. at 670.

///

///

35685-001\DOCS_LA:206161.2       6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND PLAN EXCLUSIVITY PERIOD

## C. "Cause" Exists to Grant the Requested Extension.

Application of these factors to the facts of this case supports a finding of "cause" and approval of the Plan Exclusive Period and Confirmation Exclusive Period. First, with approximately 3,000 creditors, more than 500 docket entries, and more than 400 filed proofs of claim, the Debtor submits that its requested 38-day extension is more than justified by the size and complexity of this case. *See In re McLean Industries, Inc.*, 87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987) (noting that "complex nature and the size and volume of proceedings" surrounding the chapter 11 cases "can constitute cause for the extension of exclusivity"); *In re Perkins*, 71 B.R. 294, 297-300 (W.D. Tenn. 1987) (court granted extensions of more than two and a half years, where the estate was valued at $13 million and there were just 100 creditors, holding 225 claims totaling $10 million). Second, additional time is required to permit the Debtor and the Committee to negotiate a joint plan of reorganization. The parties' Stipulation regonizes this fact, and their good faith intention to propose a joint plan by no later than October 2, 2009. Third, the Debtor has made good faith progress toward a plan, and the multitude of docket events illustrates that the Debtor is taking the necessary steps that can be taken now to close this estate. Fourth, the Debtor is paying its post-Petition Date bills as such bills become due. Fifth, the Debtor's progress to date and the groundwork laid for future plan negotiations demonstrate a reasonable prospect that the Debtor will achieve a viable plan. *See Adelphia*, 352 B.R. at 588 (this factor "requires only that a debtor be able to attain confirmation of at least some viable plan . . .") Sixth, the Debtor has shown a genuine willingness to compromise with the Committee and has made substantial progress negotiating with key parties in interest such as the Committee, shareholders of the Debtor's corporate general partners, and the Debtor's former employees that have brought WARN Act claims against the estate. Seventh, given the complexity of the case, relatively little time has elapsed and only a brief extension of 38 days is requested with respect to the Plan Exclusive Period. Eighth, the Debtor has not brought the Motion to pressure creditors, as reflected by the Stipulation and the Committee's support for this Motion. Ninth, negotiations of a plan are underway, but DSI's report remains an unresolved issue that supports the requested extension. Application of the factors to the facts of this case clearly constitute sufficient cause to grant the extension requested in the Motion.

## IV.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order (i) extending the exclusive time period provided in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009; (ii) extending the exclusive time period provided in Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009; (iii) ruling that only the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period and that any such plan and disclosure statement filed during the Plan Exclusive Period shall be jointly submitted by the Debtor and the Committee; and (iv) for such other and further relief as the Court may deem just and proper.

Dated: August 17, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
John D. Fiero
Kenneth H. Brown
Miriam P. Khatiblou
Teddy M. Kapur
Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
mkhatiblou@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**DECLARATION OF PETER J. BENVENUTTI IN SUPPORT OF DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date: August 21, 2009<br>Time: 1:30 p.m.<br>Place: U. S. Bankruptcy Court<br>235 Pine Street, 22nd Floor<br>San Francisco, CA<br>Judge: Honorable Dennis Montali |

I, Peter J. Benvenutti, declare:

1. I am a member of the Dissolution Committee created by the Plan of Dissolution adopted as of September 26, 2008 by Heller Ehrman LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"). I also am the designated "responsible individual" for the Debtor pursuant to B.L.R. 4002-1. I am authorized to submit this declaration on behalf of the Debtor. I have personal knowledge of the facts set forth below, and if called to testify, I would testify competently thereto.

2. I submit this declaration in connection with the Debtor's *Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* (the "Motion"), filed and served herewith. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

3. The Debtor is winding down its business and affairs, and is no longer engaged in the active practice of law. Still, a substantial number of tasks remain unperformed that relate to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders, and discharging the Debtor's obligations to former clients.

4. I believe that the Debtor has demonstrated a good faith intention to administer the bankruptcy estate for the mutual benefit of all concerned. The Debtor intends to continue on this path towards negotiating a joint plan of reorganization with the Committee.

5. I am informed and believe that the Debtor continues to pay its bills as they come due post-petition.

6. The Debtor has not proposed this extension of time in an effort to pressure its creditors or obtain an untoward advantage over any other constituency.

7. The Debtor and the Committee have reached an agreement that is memorialized in a written stipulation (the "Stipulation"). Pursuant to the Stipulation, the Debtor and the Committee have agreed to extend the exclusive period provided for in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Debtor and the Committee shall be a joint proponent of such plan and disclosure statement. In addition, the Debtor and the Committee have agreed to extend the exclusive period to confirm a plan under Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009.

///

///

///

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  Declaration was executed in San Francisco, California on August 14, 2009.

　　　　　　　　　　　　　　　　　　　/s/ Peter J. Benvenutti
　　　　　　　　　　　　　　　　　　　Peter J. Benvenutti

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DECLARATION OF PETER J. BENVENUTTI IN SUPPORT OF
MOTION TO EXTEND EXCLUSIVITY PERIODS

35685-001\DOCS_LA:206305.3       3

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       mkhatiblou@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>                Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**DECLARATION OF JOHN D. FIERO IN SUPPORT OF MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>Date:    August 21, 2009<br>Time:   1:30 p.m.<br>Place:   U. S. Bankruptcy Court<br>            235 Pine Street, 22nd Floor<br>           San Francisco, CA<br>Judge:  Honorable Dennis Montali |

I, John D. Fiero, declare:

1. I am an attorney at law duly licensed to practice in the State of California and admitted to practice before this Court and am a member of Pachulski Stang Ziehl & Jones, LLP, counsel to Heller Ehrman, LLP, the debtor and debtor in possession herein. The following is true of my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in connection with the Debtor's *Motion for Order Extending Exclusive Periods to File a Plan and Solicit Acceptances* (the "Motion").

3. The Debtor and the Committee have reached agreement relating to extensions of the exclusive periods provided for in Bankruptcy Code sections 1121(b) and (c)(3), which agreement is memorialized in a written stipulation attached hereto as **Exhibit A** (the "Stipulation"). Pursuant to the Stipulation, the Debtor and the Committee have agreed to extend the exclusive period provided for in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Debtor and the Committee shall be a joint proponent of such plan and disclosure statement. In addition, the Debtor and the Committee have agreed to extend the exclusive period to solicit acceptances of a plan under Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 17th day of August, 2009 at San Francisco, California.

/s/ John D. Fiero
John D. Fiero

# EXHIBIT A

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
 kbrown@pszjlaw.com
 mkhatiblou@pszjlaw.com
 tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>                Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**STIPULATION TO EXTEND EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES**<br><br>The Honorable Dennis Montali |

This Stipulation to Extend Exclusive Periods to File a Plan and Solicit Acceptances (the "Stipulation") is entered into by and between Heller Ehrman, LLP, the debtor and debtor-in-possession (the "Debtor"), and the Official Committee of Unsecured Creditors appointed herein (the "Committee"), by and through the undersigned counsel of record. In this Stipulation, the Debtor and the Committee are sometimes collectively referred to as the "Parties."

## **RECITALS**

This Stipulation is entered into by the Parties with reference to the following agreed upon facts and circumstances:

      A.      The Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on December 28, 2008.

      B.      The United States Trustee appointed the Committee on January 5, 2009.

C. Pursuant to the Court's Order Extending the Period During Which The Debtor Has The Exclusive Right to File A Plan And Solicit Acceptances entered on May 1, 2009, (i) the exclusive 120-day time period provided in Bankruptcy Code section 1121(b) was extended for an additional 120 days, through and including August 25, 2009, and (ii) the exclusive 180-day time period provided in Bankruptcy Code section 1121(c) was extended for an additional 120 days, through and including October 24, 2009.

D. The Debtor and the Committee desire to extend the exclusive period provided for in Bankruptcy Code section 1121(b) for an additional thirty eight (38) days, through and including October 2, 2009 (the "Plan Exclusive Period"), provided that either the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period so long as each of the Parties shall be a joint proponent of such plan and disclosure statement. In addition, the Debtor and the Committee desire to extend the exclusive period to confirm a plan under Bankruptcy Code section 1121(c)(3) for an additional sixty eight (68) days, through and including December 31, 2009 (the "Confirmation Exclusive Period").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AS FOLLOWS:**

1. The Plan Exclusive Period shall be extended for an additional thirty eight (38) days, through and including October 2, 2009.

2. The Confirmation Exclusive Period shall be extended for an additional sixty eight (68) days, through and including December 31, 2009.

3. Only the Debtor or the Committee shall be permitted to file a plan and disclosure statement during the Plan Exclusive Period, and any such plan and disclosure statement filed during the Plan Exclusive Period must be jointly submitted by the Debtor and the Committee.

4. Nothing in this Stipulation shall limit the Bankruptcy Court's ability to fashion procedures and orders in the event one or more plans and disclosure statements are filed in this case.

[Signature Page to Follow]

| | | |
|---|---|---|
| Dated: August 17, 2009 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | */s/ John D. Fiero* |
| | | John D. Fiero |
| | | Kenneth H. Brown |
| | | Miriam P. Khatiblou |
| | | Teddy M. Kapur |
| | | Attorneys for Heller Ehrman LLP, Defendant and Debtor and Debtor in Possession |
| Dated: August 17, 2009 | | FELDERSTEIN, FITZGERALD, WILLOUGBY & PASCUZZI |
| | By | */s/ Tom Willoughby* |
| | | Thomas Willoughby |
| | | Attorneys for the Official Committee of Unsecured Creditors |