1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Miriam Khatiblou (CA Bar No. 178584)
   Gail S. Greenwood (CA Bar No. 169939)
3  Teddy M. Kapur (CA Bar No. 242486)
   PACHULSKI STANG ZIEHL & JONES LLP
4  10100 Santa Monica Blvd.
   11th Floor
5  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
6  Facsimile:  310/201-0760

7  E-mail: jfiero@pszjlaw.com
           kbrown@pszjlaw.com
8          mkhatiblou@pszjlaw.com
           ggreenwood@pszjlaw.com
9          tkapur@pszjlaw.com

10 Attorneys for Heller Ehrman LLP,
   Debtor and Debtor in Possession

11

## UNITED STATES BANKRUPTCY COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

## SAN FRANCISCO DIVISION

14

15 | In re: | Case No.: 08-32514 |
| Heller Ehrman LLP, | Chapter 11 |

16

17 Debtor.

**NOTICE OF SETTLEMENT AGREEMENT BETWEEN DEBTOR AND MUNICIPAL MORTGAGE & EQUITY**

18

19

20      **TO:      THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THOSE PARTIES REQUESTING SPECIAL NOTICE, THE SETTLING PARTIES HEREIN, AND THE UNITED STATES TRUSTEE**

21

22      **NOTICE IS GIVEN** that Heller Ehrman LLP ("Heller" or "Debtor") has agreed to settle its claims against Municipal Mortgage & Equity, LLC ("MME"), a former client, relating to an

23 outstanding indebtedness due from MME in the principal sum of $541,845.37, and has entered into a Fee Dispute Settlement Agreement, as more fully discussed below.  A copy of the Fee Dispute

24 Settlement Agreement may be obtained by contacting Heller's counsel.

25                                  **Background**

26      In 2009, Heller sent to Joel Adler, its special collections counsel, the accounts receivable

27 due from MME.  Prior to the date of Heller's bankruptcy filing on December 28, 2008 ("Petition Date") Heller represented MME in connection with multiple matters (the "Services"), including

28 assisting the client with the sale of its assets to an Italian company, Fotowatio.  In connection with

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Services rendered, MME owed Heller the sum of $541,845.37 in fees and costs, that remained due and owing as of the Petition Date.

MME contended that no outstanding fees or costs were due to Heller on the grounds that the debts of the company were eliminated as a result of the asset sale. Conversely, Heller believes that the debts of the company followed the sale of the assets to the buyer under various theories, such as de facto merger or consolidation, fraudulent transfer, alter ego, or as an improperly disguised dividend. However, before either party expended any additional resources associated with the filing of a complaint and engaging in time consuming discovery, MME and Heller entered in a Fee Dispute Settlement Agreement ("Settlement Agreement") pursuant to which MME agreed to pay Heller the total sum of $415,000 as a full and complete settlement of all claims arising out of or relating to the Services. The parties also agreed to release the other of all claims relating to the Services, including Heller's release of all claims against the buyer of MME's assets. The $415,000 settlement amount is to be paid in five (5) equal installments of $83,000 each, with the first installment to be paid on August 31, 2009. The first installment payment has been paid and is being held by Joel Adler pending Bankruptcy Court approval of the settlement herein. The settlement with MME represents a 77% recovery for the estate.

The Official Committee of Unsecured Creditors (the "Committee") has approved Heller's settlement with MME.

**Standard for Approval of Settlement Agreement**

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on a motion by the trustee and after a notice and a hearing, the court may approve a compromise or settlement." In general, compromises are favored in bankruptcy cases. *In re Sassalos*, 160 B.R. 646 (D.Ore. 1993). However, a court should approve a settlement only if the settlement is fair and equitable and in the best interest of the estate. *In re Foster Mfg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The court must compare the "terms of the compromise with the likely rewards of litigation." *In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1990)*.

In deciding whether a settlement is fair and equitable and in the best interests of creditors, courts are guided by the standards originally set forth by the Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 88 S.Ct. 1157 (1968)*, wherein the Supreme Court stated that courts should:

> "Apprise [themselves] of all the facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment, which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

*Id.* at 1163-64.

The above standards have developed into a test whereby the Court examines four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors and a proper deference to their

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case: 08-32514   55685.001\DOCS_SF:67129.2   Doc# 623   Filed: 09/09/09   Entered: 09/09/09 11:24:33   Page 2 of 3
NOTICE OF SETTLEMENT AGREEMENT BETWEEN DEBTOR AND MME

reasonable views in the premises. *See, e.g., In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied* 111 S.Ct. 387, (1990); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied*, 107 S.Ct. 189 (1986).

The *A&C* factors are easily met here. First, the probability of success in litigation is likely to favor Heller, however, the complexity of the litigation and the expense and delay associated with it far outweigh any decision to proceed to litigate the matter in the hopes of obtaining a better recovery. Second, Heller is unaware of any collection problems associated with collecting a judgment or debt from MME. Third, while the estate could proceed to litigate its claims against MME on various theories, each are factually and legally complex and would require substantial time to resolve through to judgment. The settlement alleviates the need to expend resources on formal discovery, research, trial preparation, trial and possibly, an appeal. Lastly, Heller believes that the settlement is in the best interests of creditors as it represents a 77% recovery to the estate. In fact, in light of the favorable settlement terms, the Committee has approved of Heller's settlement with MME.

Accordingly, it is the opinion of Heller that the settlement reached with MME, as described above and as more fully described in the corresponding Settlement Agreement is in the best interests of creditors herein and should be approved.

**NOTICE IS HEREBY FURTHER GIVEN** that Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that a creditor or other party-in-interest wishes to object to, or request a hearing on, the matter or matters described herein. Any party who objects to the above-referenced matter or matters must file with the above-captioned court and serve upon Debtor's counsel of record, at the address indicated herein, a request for a hearing within twenty (20) days from the date of the mailing of this notice. Any objection or request for a hearing must be accompanied by a declaration or memorandum of law that the requesting or objecting party wishes to present in support of its position. In the event that a requesting or objecting party timely files and serves a request for hearing, together with the appropriate accompanying documents, the Debtor will schedule a hearing date and time with the court and will provide the objecting or requesting party with at least ten (10) days written notice thereof. If there are no timely objections or requests for relief, the Debtor will request that the court enter an order authorizing all compromises without further notice or a hearing.

Dated:     September 9, 2009                    PACHULSKI STANG ZIEHL & JONES LLP


                                                By      */s/ Miriam Khatiblou*
                                                        Miriam Khatiblou
                                                        Attorneys for Heller Ehrman LLP

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA