STEVEN H. FELDERSTEIN, State Bar No. 056978
THOMAS A. WILLOUGHBY, State Bar No. 137597
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for The Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

HELLER EHRMAN LLP,

        Debtor.

CASE NO.: 08-32514

Chapter 11

**APPLICATION TO AMEND TERMS OF EMPLOYMENT OF FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP AND LOVITT & HANNAN, INC. TO ALLOW RETENTION OF CONSULTING EXPERTS SUBJECT TO REQUIREMENT OF A FINAL FEE APPLICATION BEING FILED**

      The Official Committee of Unsecured Creditors in the above referenced case (the "Committee") hereby applies to this Court (the "Application") for entry of an Order, as follows:

      1.     The Committee's employment of Felderstein Fitzgerald Willoughby & Pascuzzi LLP ("FFWP") as counsel to the Committee was approved on January 30, 2009 (the "FFWP Employment Order") in the Heller Ehrman LLP Chapter 11 case (the "Bankruptcy Estate" or the "Debtor").

      2.     On or about April 21, 2009, the Committee was granted the authority to commence a preference action against Bank of America, N.A. and Citibank, N.A. (the "Preference Order"). *See* Preference Order, attached as Exhibit 1 to the Request for Judicial Notice filed herewith, and incorporated herein by this reference.

      3.     Pursuant to the Preference Order the Committee commenced an action against Bank of America, N.A. and Citibank, N.A.: (1) to avoid and recover preferential transfers

pursuant to 11 U.S.C. §§ 547 and 550; (2) to avoid security interests; (3) for turnover of property to the estate pursuant to 11 U.S.C. § 542; (4) for avoidance, turnover, and recovery of postpetition transfers; and (5) to disallow any claim by defendants in the Bankruptcy Estate pursuant to 11 U.S.C. § 502(d) which is pending before this Court as Adversary Proceeding 09-3071 (the "Action"). *See* the Action, attached as Exhibit 2 to the Request for Judicial Notice filed herewith, and incorporated herein by this reference.

4. Additionally, the Committee and the estate have been conducting a joint investigation into potential claims against third parties, including but not limited to the former shareholders of entities related to the Debtor (the "Investigation"). *See* Second Interim Status Report, attached as Exhibit 3 to the Request for Judicial Notice filed herewith, and incorporated herein by this reference.

5. On July 17, 2009, the Court entered an Order Approving Joint Investigation Agreement and Application to Expand Employment of Lovitt & Hannan, Inc. ("Lovitt & Hannan") as Special Litigation Counsel ("Joint Investigation Order"). *See* Joint Investigation Order, attached as Exhibit 4 to the Request for Judicial Notice filed herewith, and incorporated herein by this reference.

6. In order to prosecute the Action and to conduct the Investigation, both Lovitt & Hannan and FFWP (hereafter collectively referred to as "Counsel") must hire consulting experts who may or may not eventually be designated as testifying experts in either the Action or other claims that arise from the Investigation.

7. Due to the nature of the Action and the Investigation, disclosing the consulting experts before they are actually designated as testifying experts could harm the Bankruptcy Estate's recoveries in the Action and/or claims uncovered in the Investigation.

8. The Committee seeks Court approval to amend the terms of Counsel's employment agreements to authorize such counsel to retain consulting experts with respect to either the Action, the Investigation and/or any other contested matter in which litigation is in prospect, without prior Court approval and without disclosing the names of such consulting experts notwithstanding Northern District Fee Guideline No. 26, which states that:

APPLICATION TO AMEND TERMS OF
EMPLOYMENT OF COMMITTEE COUNSEL

-2-

A professional employed under § 327 may not employ, and charge as an expense, another professional (e.g., special litigation counsel employing an expert witness) unless the employment of the second professional is approved by the Court prior to the rendering of services.

9. The Committee respectfully requests that the Court approve a specific procedure that will protect the Bankruptcy Estate from the harm that could be caused by the premature disclosure of a consulting expert while at the same time providing the Court and the creditors the information necessary to comply with the apparent attention of Guideline No. 26.

10. The proposed procedure is as follows:

    a. Counsel is authorized to retain consulting experts to be compensated by the Bankruptcy Estate without disclosing the names and tasks assigned to such consulting experts;

    b. Counsel is authorized to bill the estate as an expense all amounts due to the consulting experts as part of its fee application process, and not be required to attach billing records or the names of consulting experts in their respective fee applications;

    c. When the Action or any litigation that arises from the Investigation becomes final and not subject to any appeal or reconsideration, or the consulting experts are disclosed publicly, any subsequent fee applications will include the names of the consulting experts and billing detail (to the extent that work is ongoing); and

    d. At the conclusion of a consulting expert's retention, Counsel shall seek final approval for all fees and expenses paid to such consulting expert. All payments prior to the final fee application will be interim payments and will remain subject to a final fee application.

WHEREFORE, the Committee respectfully requests that the procedure set forth in paragraph 8 be approved, and for such other relief as is just and appropriate in the circumstances of this case.

Dated: September 11, 2009

                        FELDERSTEIN FITZGERALD
                        WILLOUGHBY & PASCUZZI LLP
                        By  */s/ Thomas A. Willoughby*
                          THOMAS A. WILLOUGHBY
                          Attorneys for the Official Committee of Unsecured Creditors