1  STEVEN H. FELDERSTEIN, State Bar No. 056978
   THOMAS A. WILLOUGHBY, State Bar No. 137597

2  JASON E. RIOS, State Bar No. 190086
   FELDERSTEIN FITZGERALD

3  WILLOUGHBY & PASCUZZI LLP
   400 Capitol Mall, Suite 1450

4  Sacramento, CA 95814
   Telephone: (916) 329-7400

5  Facsimile: (916) 329-7435

**Signed and Filed: September 21, 2009**

_Dennis Montali_ (signature)

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

6  Attorneys for The Official Committee
   of Unsecured Creditors

7                    UNITED STATES BANKRUPTCY COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11  In re:                                    CASE NO.: 08-32514

12  HELLER EHRMAN LLP,                        Chapter 11

13                Debtor.

14  **ORDER APPROVING APPLICATION TO AMEND TERMS OF EMPLOYMENT OF**
    **FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP AND LOVITT &**

15  **HANNAN, INC. TO ALLOW RETENTION OF CONSULTING EXPERTS SUBJECT**
    **TO REQUIREMENT OF A FINAL FEE APPLICATION BEING FILED**

16

17         Upon the Application (the "Application") of the Official Committee of Unsecured

18  Creditors in the above-captioned bankruptcy case (the "Committee"), to amend the terms of

19  Felderstein Fitzgerald Willoughby & Pascuzzi LLP's ("FFWP") and Lovitt & Hannan, Inc.'s

20  ("Lovitt & Hannan") (FFWP and Lovitt & Hannan are hereafter collectively referred to as

21  "Counsel") employment agreements to authorize Counsel, subject to the agreement of their

22  clients, to retain consulting experts with respect to either the Action[1], the Investigation[2] and/or

23  _____

24  [1]  Pursuant to the Order the Committee commenced an action against Bank of America, N.A. and
    Citibank, N.A.: (1) to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547 and

25  550; (2) to avoid security interests; (3) for turnover of property to the estate pursuant to 11 U.S.C.
    § 542; (4) for avoidance, turnover, and recovery of postpetition transfers; and (5) to disallow any

26  claim by defendants in the Bankruptcy Estate pursuant to 11 U.S.C. § 502(d) which is pending
    before this Court as Adversary Proceeding 09-3071 (the "Action").

27  [2]  Additionally, the Committee has been conducting an investigation into potential claims against
    third parties, including but not limited to the former shareholders of entities related to the Debtor

28  (the "Investigation").  See Second Interim Status Report, filed on or about August 7, 2009, on file
    herein.

                                              Order Amending Terms of Order
                                              Authorizing Employment of Counsel

any other contested matter in which litigation is in prospect, without prior Court approval and without disclosing the name of such consulting expert notwithstanding Northern District Fee Guideline No. 26, it is hereby

ORDERED that the Application is granted;

IT IS FURTHER ORDERED that the following procedure be implemented:

a. Counsel is authorized to retain consulting experts to be compensated by the Bankruptcy Estate without disclosing the names and tasks assigned to such consulting experts;

b. Counsel is authorized to bill the estate as an expense all amounts due to the consulting experts as part of its fee application process, and not be required to attach billing records or the names of consulting experts in Counsel's fee application;

c. When the Action or any litigation that arises from the Investigation becomes final and not subject to any appeal or reconsideration, or the consulting expert is disclosed publicly, any subsequent Counsel fee application will include the name of the consulting expert and billing detail (to the extent that work is ongoing); and

d. At the conclusion of the consulting expert's retention, Counsel shall seek final approval for all fees and expenses paid to the consulting expert. All payments prior to the final fee application will be interim payments and will remain subject to a final fee application.

IT IS FURTHER ORDERED that the Committee and the Debtor are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry *nunc pro tunc* to the date of the filing of the Application.

***END OF ORDER***

Case: 08-32514    Doc# 635    Filed: 09/21/09    Entered: 09/21/09 14:29:53    Page 2 of 2