Entered on Docket
October 02, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



```
1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Miriam Khatiblou (CA Bar No. 178584)         Signed and Filed: October 01, 2009
   Gail S. Greenwood (CA Bar No. 169939)
3  Teddy M. Kapur (CA Bar No. 242486)
   PACHULSKI STANG ZIEHL & JONES LLP
4  150 California Street, 15th Floor                      _____
   San Francisco, CA  94111-4500                                     DENNIS MONTALI
5  Telephone: 415/263-7000                                         U.S. Bankruptcy Judge
   Facsimile:  415/263-7010                      _____
6
   E-mail: jfiero@pszjlaw.com
7          kbrown@pszjlaw.com
           mkhatiblou@pszjlaw.com
8          ggreenwood@pszjlaw.com
           tkapur@pszjlaw.com
9
   Attorneys for Heller Ehrman LLP,
10 Debtor and Debtor in Possession
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-32514 |
| Heller Ehrman LLP, | Chapter 11 |
| Debtor. | **ORDER APPROVING COMPROMISE OF CONTROVERSY WITH MUNICIPAL MORTGAGE & EQUITY, LLC BY DEFAULT** |

Upon consideration of the application ("Application") filed by Heller Ehrman LLP ("Debtor") for entry of an order pursuant to Bankruptcy Rule 9019, approving the settlement between the Debtor and Municipal Mortgage & Equity, LLC ("MME") by default, the declarations of Jonathan Hayden and Miriam Khatiblou in support thereof, the Notice of Settlement Agreement Between Debtor and Municipal Mortgage & Equity, LLC ("Notice"), no objections to the Notice or requests for hearing having been filed, and due and adequate notice of the Notice having been provided, and good cause shown,

**IT IS HEREBY ORDERED** that:

1. The Application is GRANTED.

2. The Debtor's settlement with MME is approved.

3. The Fee Dispute Settlement Agreement, a copy of which was filed with the Court on September 30, 2009 [Docket No. 653] and incorporated herein as Exhibit A, is approved.

**\* \* \* END OF ORDER \* \* \***

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | Donna S. Tamanaha |
|   | Assistant U.S. Trustee |
| 3 | 235 Pine Street, Suite 700 |
|   | San Francisco, CA 94104 |
| 4 | |
|   | Joel Adler |
| 5 | Adler Law Firm |
|   | 101 Montgomery Street, Suite 2050 |
| 6 | San Francisco, CA 94104 |
| 7 | Thomas A. Willoughby, Esq. |
|   | Felderstein Fitzgerald Willoughby & Pascuzzi, LLP |
| 8 | 400 Capitol Mall, Suite 1450 |
|   | Sacramento, CA 95814 |
| 9 | |
|   | John D. Fiero |
| 10 | Kenneth H. Brown |
|   | Miriam Khatiblou |
| 11 | Gail S. Greenwood |
|   | Teddy M. Kapur |
| 12 | Pachulski Stang Ziehl & Jones LLP |
|   | 150 California Street, 15th Floor |
| 13 | San Francisco, CA 94111-4500 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 08-32514    Doc# 673    Filed: 10/04/09    Entered: 10/04/09 21:25:30    Page 3 of 10

# EXHIBIT A

# FEE DISPUTE SETTLEMENT AGREEMENT

This Fee Dispute Settlement Agreement (the "Agreement") is entered into on August 26, 2009, between Heller Ehrman LLP, a California limited liability partnership ("Heller Ehrman") and Municipal Mortgage & Equity, LLC, ("MuniMae").

## RECITALS

Heller Ehrman provided legal services to MuniMae in connection with multiple matters (the "Services"). A question has arisen regarding MuniMae's payment for those Services, and, accordingly, MuniMae and Heller Ehrman desire to enter in this Agreement.

## AGREEMENT

In consideration of the mutual promises contained herein, Heller Ehrman and MuniMae agree as follows:

1. **Payment by MuniMae.** Prior to this Agreement, MuniMae owed Heller Ehrman a total of $541,845.37, in legal fees and disbursements for the Services. MuniMae and Heller Ehrman have agreed to compromise and reduce this amount to Four Hundred Fifteen Thousand Dollars ($415,000.00) (the "Settlement Amount"). MuniMae has agreed to pay said sum in five (5) monthly installments of Eighty-Three Thousand Dollars ($83,000.00) commencing on August 31, 2009, and continuing payable on or before the last day of each of the next four months, by wire transfer in accordance with the wire transfer instructions set forth in paragraph 7, below.

2. **Representation.** MuniMae acknowledges and confirms that Heller Ehrman no longer serves as its legal counsel in connection with any matter, and has not done so since November 10, 2008, and perhaps much earlier.

3. **Release of Heller Ehrman.** In consideration of the compromise and reduction of payment described above, MuniMae releases and forever discharges Heller Ehrman and its past and present partners, directors, officers, shareholders, principals, affiliated entities, insurers and employees, and their respective predecessors, successors, heirs and assigns, from any and all claims, demands, obligations, costs, losses or causes of action of any nature whatsoever based on conduct or omissions occurring prior to the effective date of this Agreement, whether based on tort, contract, indemnification, contribution or any other theory of recovery and whether for compensatory or punitive damages, whether known or unknown.

4. **Release of MuniMae.** In consideration of the compromise described herein, Heller Ehrman shall release and forever discharge MuniMae and MMA Renewable Ventures, LLC, (along with their parent, subsidiary and affiliated companies), Fotowatio Renewable Ventures, Matthew Cheney and any and all officers, directors and shareholders of MuniMae, its parent, subsidiary and affiliated companies and their past and present employees, partners, directors, officers, principals, affiliated entities, and employees, and their respective predecessors, successors, heirs and assigns, from any and all claims, demands, obligations, costs, losses or causes of action that are in any of any nature whatsoever that are based on conduct or omissions which arise out of or relate to MuniMae's obligation to pay for the Services, whether

based on tort, contract, indemnification, contribution or any other theory of recovery and whether for compensatory or punitive damages, whether known or unknown (the "Released Claims Against MuniMae"). Such release shall become effective when this Agreement has been fully executed and the full amount of the Settlement Amount has been paid into the Adler Law Firm Trust Account.

Additionally, notwithstanding anything to the contrary in this agreement, the releases contained in this agreement do not extend to any claims, causes of actions and/or legal or equitable rights to relief of any kind and nature that are not related to the Services rendered by Heller Ehrman LLP to MuniMae.

5. **Section 1542 Waiver.** The parties expressly waive any right to assert hereafter that any claim released herein has been omitted from the terms of these mutual releases through ignorance, oversight, error or any other cause, and they also expressly waive all rights that they may have under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each of the parties expressly acknowledges that it may in the future discover facts in addition to or different from those it now knows or believes to be true with respect to the subject matters of this Agreement. Nevertheless, each of the parties agrees to fully, finally and forever settle all claims within the scope of the releases as set forth in this Agreement, whether or not hidden or excluded, known or unknown, without regard to the subsequent discovery or existence of different or additional facts. The parties acknowledge that this waiver was separately bargained for and is a key element of the settlement of which this release is a part.

6. **Effect of Settlement.** The parties each acknowledge and agree (a) that the promises of payment and acceptance described above and the terms specified in this Agreement are a full and complete compromise of matters involving disputed issues of law and fact; (b) that neither the parties' agreement to these terms nor any statement made during the negotiations for this Agreement shall be considered, nor shall they be admissions by any party hereto; and (c) that no past or present wrongdoing shall be implied or claimed on the part of the parties to this Agreement. The parties acknowledge that under no circumstances do the Released Claims Against MuniMae include any claims that Heller Ehrman may have against MuniMae's current, former or future attorneys under the "unfinished business doctrine" described in Jewel v. Boxer, 156 Cal.App.3d 171 (1984).

Notwithstanding anything to the contrary in this agreement, no current or former shareholder ("Heller PC Shareholder") of any general partner of Heller Ehrman LLP (the "Heller PCs"), the Heller PCs, any professionals currently or previously retained by Heller Ehrman LLP, and/or any law firm or entity with which a Heller PC Shareholder has been affiliated in any way (including, without limitation, as a volunteer, employee, shareholder, partner, etc.) (the "Successor Entities" after the dissolution of Heller Ehrman LLP, shall be a beneficiary of any of the releases described in this agreement, and the bankruptcy estate of Heller Ehrman LLP and the

-2-

creditors of Heller Ehrman LLP shall retain all claims, causes of action and/or administrative legal or equitable rights to relief of every kind and nature that existed prior to the execution of this agreement against the Heller PC Shareholders, the Heller PCs, the Heller Professionals, and the Successor Entities as if this agreement had not been executed.

7. **Wire Transfer Instructions**. All payments under this Agreement has wired the Settlement Amount to Heller Ehrman in accordance with the following instructions:

| | |
|---|---|
| Wells Fargo Bank | ABA Routing No. 121000248 |
| One Montgomery Street | Credit to: Adler Law Firm, Trust Account |
| San Francisco, CA 94104 | Account No. 0299761536 |

Please reference "MMA Renewable Ventures LLC 42638."

8. **Miscellaneous.** This Agreement (a) contains the entire agreement between and among the parties with regard to the matter set forth herein, (b) is entered into in the State of California and shall be construed and interpreted and enforced in accordance with its laws, (c) may be executed in any number of counterparts, and (d) shall be binding upon and inure to the benefit of the parties and their respective executors, administrators, spouses, heirs, successors, assigns and present, former or future shareholders, directors, officers, principals, partners, employees, accountants, advisers, agents and representatives; provided, however, that neither party may assign any of its rights or delegate any of its duties under this Agreement without the written consent of the other party hereto. In any arbitration or other proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs, and other reasonable expenses incurred in such enforcement effort. Each of the parties to this Agreement has full authority and power to enter into this Agreement, and no portion of the claims covered by the mutual releases contained above has been sold, assigned, encumbered, transferred, conveyed or pledged. If any provision of this Agreement is found by any arbitrator, court or government agency to be illegal, invalid or ineffective for any reason, the remaining terms of this Agreement shall nevertheless remain in full force and effect.

9. **Arbitration.** Any claim or controversy of whatever nature, including but not limited to the issue of arbitrability, arising out of or relating to this Agreement and/or the breach thereof, shall be settled by final and binding arbitration before a sole arbitrator under the auspices of JAMS in San Francisco, California and in accordance with its rules of practice and procedure then in effect.

10. **CONSULTATION WITH COUNSEL.** IN ENTERING INTO THIS AGREEMENT, THE PARTIES REPRESENT THAT THEY HAVE RELIED UPON THEIR OWN JUDGMENT AND THE LEGAL ADVICE OF THEIR OWN INDIVIDUAL ATTORNEYS WHO ARE THE ATTORNEYS OF THEIR CHOICE. THE PARTIES FURTHER REPRESENT THAT THEY FULLY UNDERSTAND AND VOLUNTARILY ACCEPT THE TERMS OF THIS AGREEMENT, OR HAVE CONSULTED WITH COUNSEL OF THEIR CHOOSING TO EXPLAIN ANY TERMS THEY DO NOT UNDERSTAND. MUNIMAE SPECIFICALLY ACKNOWLEDGES THAT IT HAS BEEN REPRESENTED IN THE NEGOTIATION AND EXECUTION OF THIS AGREEMENT BY COUNSEL OF ITS OWN CHOOSING (OR HAS VOLUNTARILY DECLINED TO SEEK SUCH COUNSEL),

AND THAT HELLER EHRMAN HAS NOT COUNSELED OR REPRESENTED MUNIMAE REGARDING THE TERMS OF THIS AGREEMENT.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, including fax or .pdf, each of which shall be an original and all of which shall constitute but one and the same instrument.

The parties have executed this Agreement on the dates indicated below and agree that it shall be effective as of the effective date set forth above, notwithstanding that they may have signed it after that date.

**HELLER EHRMAN LLP, a California limited liability partnership**

Date: _____, 2009   By_____
Jonathan P. Hayden, Authorized Representative

**MUNICIPAL MORTGAGE & EQUITY, LLC**

Date: 8/26, 2009   By [signature]

-4-

## ADDENDUM TO FEE DISPUTE SETTLEMENT AGREEMENT

This Addendum to the Fee Dispute Settlement Agreement (the "Addendum") is deemed effective nunc pro tunc as August 26, 2009, between Heller Ehrman LLP, a California limited liability partnership ("Heller Ehrman") and Municipal Mortgage & Equity, LLC, ("MuniMae").

### RECITALS

Heller Ehrman and MuniMae entered into a Fee Dispute Settlement Agreement ("Agreement") which omitted the condition that the approval of the Agreement by the bankruptcy court is an express condition to the effectiveness of the release provisions contained therein. Prior to the due date of the initial installment, Heller Ehrman notified MuniMae of this omission and that its counsel, Adler Law Firm and Joel D. Adler, would hold all payments in trust until bankruptcy court approval was obtained.

### AGREEMENT

By this Addendum the parties expressly agree that the release provisions contained are conditioned upon the approval of the Agreement by the bankruptcy court. In the event that the bankruptcy court does not approve the Agreement, Heller Ehrman agrees to have its counsel, Adler Law Firm and Joel D. Adler, immediately return to MuniMae all amounts paid by MuniMae under the Agreement.

This Addendum may be executed in any number of counterparts, including fax or .pdf, each of which shall be an original and all of which shall constitute but one and the same instrument.

The parties have executed this Addendum on the dates indicated below and agree that it shall be effective as of August 26, 2009, notwithstanding that they may have signed it after that date.

**HELLER EHRMAN LLP, a California limited liability partnership**

Date: Sept. 1, 2009

By _____
Jonathan P. Hayden, Authorized Representative

**MUNICIPAL MORTGAGE & EQUITY, LLC**

Date: _____, 2009    By _____

# CERTIFICATE OF NOTICE

```
District/off: 0971-3           User: mwalker              Page 1 of 1            Date Rcvd: Oct 02, 2009
Case: 08-32514                 Form ID: pdfeoc            Total Noticed: 4

The following entities were noticed by first class mail on Oct 04, 2009.
              +Donna S. Tamanaha,   Assistant US Trustee,   235 Pine Street, Ste. 700,
                San Francisco, CA 94104-2736
 sp           +Felderstein, Fitzgerald, Willoughby and Pascuzzi,   400 Capitol Mall,   #1450,
                Sacramento, CA 95814-4434
              +Joel Adler,   Adler Law Firm,   101 Montgomery St. Ste. 2050,   San Francisco, CA 94104-4152
              +John D. Fiero,   Kenneth H. Brown Miriam Khatiblou,   Gail Greenwood Teddy M. Kapur,
                Pachulski Stang Ziehl & Jones LLP,   150 California St , 15th Floor,
                San Francisco, CA 94111-4554
The following entities were noticed by electronic transmission.
NONE.                                                                                           TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Oct 04, 2009**                                     Signature:  *Joseph Speetjens*