John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam Khatiblou (CA Bar No. 178584)
Gail S. Greenwood (CA Bar No. 169939)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
mkhatiblou@pszjlaw.com
ggreenwood@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>               Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH ERNST & YOUNG, HYNIX SEMICONDUCTOR, AND MOSEL VITELIC BY DEFAULT** |

TO: **THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE AND U.S. TRUSTEE**

      Heller Ehrman, LLP, the debtor and debtor in possession herein ("Debtor"), hereby requests that the Court enter an order by default ("Application") approving the compromises set forth in the *Notice Of Compromise Of Controversy With Ernst & Young, Hynix Semiconductor, And Mosel Vitelic And Opportunity For Hearing* ("Notice") [Docket No. 805], filed on December 3, 2009. A copy of the Notice is attached to the Declaration of Miriam Khatiblou ("Khatiblou Declaration") filed concurrently herewith in support of the Application, as Exhibit A.

In support of the Application, the Debtor represents as follows:

The Notice described the dispute with three of the Debtor's former clients, Ernst & Young, LLP ("E&Y"), Hynix Semiconductor, Inc. ("Hynix") and Mosel Vitelic, Inc. ("Vitelic"), as well as the terms of the corresponding settlements. As in the Notice, the background and the summary terms of the settlements are described as follows:

A. <u>Ernst & Young</u>. Prior to the date of the Debtor's bankruptcy filing on December 28, 2008 ("Petition Date") E&Y retained the Debtor to provide legal services in connection with various litigation and corporate matters for which E&Y became obligated to the Debtor for fees and expenses in the aggregate amount of $787,983.48 ("Original Claimed Amount"). Prior to the Petition Date, the Debtor also retained E&Y to provide accounting relating services to the Debtor for which the Debtor became obligated to E&Y for fees and expenses in the aggregate amount of $182,570.00 (the "Amount Owed By The Debtor"). E&Y disputed the amount of the Original Claimed Amount and had not paid of any portion of the Original Claimed Amount to the Debtor.

As the result of the negotiations between the Debtor and E&Y, and subject to Bankruptcy Court approval, the Debtor and E&Y entered into a *Stipulation For Order Allowing Setoff By Ernst & Young LLP And Determining Amounts Owed*, the essential terms of which are: (a) the Debtor agrees to write off a portion of the Original Claimed Amount such that it will now agree that the total pre-petition amount due from E&Y to the Debtor is $437,597.68 (the "Agreed Amount Owed");(b) the automatic stay will be lifted for the limited purpose of allowing E&Y to offset the Agreed Amount Owed against the Amount Owed By The Debtor and that E&Y will pay to the Debtor the difference of $255,027.68 within ten business days after the Court approves the Stipulation; and (c) each party agrees that upon E&Y's payment of the $255,027.68 to the Debtor, E&Y and the Debtor shall have no further obligations or liabilities to the other on account of professional fees and expense reimbursements incurred by either party prior to the Petition Date. No other claims will be released.

B. <u>Hynix Semiconductor.</u> Hynix, a company based in The Republic of Korea, retained the Debtor during the pre-petition period to provide various legal services and became indebted to the Debtor in the principal amount of $221,025.14 for fees and expenses, plus interest. Hynix

represented to the Debtor that it has been experiencing a multi-year worldwide drop in demand for their products, D-RAM chips. The Debtor understands that Hynix is the world's second largest producers of these products with the third largest producer filing for bankruptcy in Germany. To provide additional support for its financial hardship, Hynix has provided the Debtor with its financial information. After several rounds of negotiations, Hynix and the Debtor agreed to settle their dispute, subject to Court approval, and entered into a Settlement Agreement and Mutual Release pursuant to which Hynix agreed to pay, and did pay, the Debtor the sum of $183,747.62[1] or 83% of the face value of the principal amount of the outstanding debt. The parties also agreed to release the other of all claims, except any claims that the Debtor may have against Hynix arising under the doctrine of *Jewel v. Boxer,* 156 Cal.App.3d 171 (1984).

C. <u>Mosel Vitelic.</u> Vitelic, a company based in Taiwan Republic of China, retained the Debtor during the pre-petition period to provide various legal services and became indebted to the Debtor in the amount of $319,143 for fees and expenses. The Debtor is unaware of any valid defenses to its claims for payment. However, Vitelic provided evidence that it has been experiencing financial hardship. The parties eventually agreed to settle the dispute, subject to Court approval, for the sum of $239,357.25 or 75% of the face amount of the debt, payable over a five month period. The settlement is memorialized in a Settlement Agreement and Mutual Release. Pursuant to the terms of the agreement, Vitelic has already paid the Debtor the total approximate amount of $115,000. The parties also agreed to release the other of all claims, except any claims that the Debtor may have against Vitelic arising under the doctrine of *Jewel v. Boxer*, 156 Cal.App.3d 171 (1984).

The Debtor believes that the settlements reached with E&Y, Hynix and Vitelic, as described above and as more fully described in the corresponding settlement agreements which are attached to the Declaration of Kyle Everett in support of the Application, are in the best interest of creditors herein and should be approved.

On December 3, 2009, the Notice was served on the United States Trustee, the Committee, and all parties who have requested special notice in this case. The Debtor submits that notice to

---

[1] The Notice incorrectly stated that the amount of the settlement was $183,474.62.

these individuals and entities is sufficient and proper under the circumstances and that no additional notice is required.

Pursuant to Bankruptcy Local Rule 9014-1(b)(3), the deadline to oppose, respond to, or request a hearing on the Notice was December 23, 2009.

As set forth in the Khatiblou Declaration, filed herewith, no party has opposed, responded to, or requested a hearing on the compromise described in the Notice, despite proper service thereof.

**WHEREFORE**, the Debtor requests that the Court enter an order:

1. Granting this Application;

2. Approving the settlements with E&Y, Hynix and Vitelic; and

3. Granting such other and further relief as the Court deems appropriate.

Dated: January 13, 2010    PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Miriam Khatiblou*
  Miriam Khatiblou
  Attorneys for Heller Ehrman LLP