1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Miriam P. Khatiblou (CA Bar No. 178584)
   Teddy M. Kapur (CA Bar No. 242486)
3  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
4  San Francisco, California  94111-4500
   Telephone: 415/263-7000
5  Facsimile:  415/263-7010

6  E-mail: jfiero@pszjlaw.com
           kbrown@pszjlaw.com
7          mkhatiblou@pszjlaw.com
           tkapur@pszjlaw.com
8
   Attorneys for Heller Ehrman LLP,
9  Debtor and Debtor in Possession

10                     **UNITED STATES BANKRUPTCY COURT**

11                      **NORTHERN DISTRICT OF CALIFORNIA**

12                            **SAN FRANCISCO DIVISION**

| 13 | In re: | Case No.: 08-32514 |
|---|---|---|
| 14 | Heller Ehrman LLP, | Chapter 11 |
| 15 | Debtor. | **NOTICE OF DEBTOR'S MOTION FOR ORDER (1) ESTABLISHING NEW GENERAL BAR DATE FOR AFFECTED CREDITORS, (2) ESTABLISHING INTERIM ADMINISTRATIVE CLAIMS BAR DATE, AND (3) DESIGNATING FORM AND MANNER OF NOTICE THEREOF** |
| 20 | | The Honorable Dennis Montali |
| 21 | | [Pursuant to B.L.R. 9014-1, no hearing unless objection filed or hearing requested.] |

**PLEASE TAKE NOTICE** that the above-captioned debtor and debtor in possession (the "Debtor") filed *Debtor's Motion for Order (1) Establishing New General Bar Date, (2) Establishing Interim Administrative Claims Bar Date, and (3) Designating Form and Manner of Notice Thereof* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that by the Motion, pursuant to Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor requests that the Court establish (i) March 19, 2010 (the "New General Bar Date"), as the deadline by which creditors (the "Affected Creditors") listed on the amended Schedules B, E and F of its Schedules of Assets and Liabilities, filed on December 15, 2009 [Docket No. 823] (the "Amended Schedules") must file proofs of claim pursuant to section 501 of the Bankruptcy Code; and (ii) March 19, 2010 (the "Interim Administrative Claims Bar Date"), as the deadline by which parties must file administrative expense claims incurred in this chapter 11 case through and including December 31, 2009, arising under 11 U.S.C. § 503(b), including all claims under Section 503(b)(9) based on the provision of goods to the Debtor within twenty (20) days prior to the Petition Date and all administrative claims of professionals retained pursuant to Sections 327 and 328 of the Bankruptcy Code; provided, however, that the Interim Administrative Claims Bar Date shall not apply to fees payable and unpaid under 28 U.S.C. § 1930 and administrative claims that previously have been filed or for which any request for payment pursuant to section 503(a) of the Bankruptcy Code is pending.

**PLEASE TAKE FURTHER NOTICE** that the Debtor also moves the Court, pursuant to Bankruptcy Rule 9007, for an order authorizing the form and manner of notice of the New General Bar Date and the Interim Administrative Claims Bar Date. The Debtor proposes to serve a copy of the New General Bar Date Notice attached to the Motion as <u>Exhibit A</u> by no later than February 12, 2010, by U.S. Postal Service first class mail, postage prepaid, on the Affected Creditors.

In addition, the Debtor intends to serve a copy of the Interim Administrative Claims Bar Date Notice attached to the Motion as <u>Exhibit B</u> on or before February 12, 2010, by U.S. Postal Service first class mail, postage prepaid, on (i) all parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) the United States Trustee, (iii) counsel for the Committee, (iv) counsel to secured creditors, (v) all professionals employed by the Debtor, (vi) all of the Debtor's lessors (including lessors under rejected or assigned leases), (vii) any party who, upon reasonable investigation by the Debtor, has provided post-petition goods or services to the Debtor, (viii) all prepetition vendors, and (ix) all other parties known by the Debtor that may hold Administrative Claims.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon the Motion, the Declaration of Kyle Everett in support of the Motion filed and served therewith, the memorandum of points and authorities filed and served therewith, and any other evidence properly before the Court. In addition, the Debtor requests that they Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE that pursuant to Bankruptcy Local Rule 9014-1(b)(3), any opposition to or request for hearing on the Motion must be filed with Court (which is located at 235 Pine Street, 19th Floor, San Francisco, CA 94104) and served upon counsel to the Debtor (at the address set forth above) so that it is received within twenty one (21) days of the date of this Notice. Any opposition or request for hearing must be accompanied by any declarations or memoranda of law that the opposing or requesting party wishes to present in support of its position. If an opposition or request for hearing is timely filed and served, the Debtor will set the matter for hearing and will provide at least seven (7) days' written notice of the hearing to the opposing or requesting party. <u>If there is no timely opposition or request for hearing, the Court may decide that you do not oppose the Motion and may grant the relief requested in the Motion by default.</u>**

Dated: January 15, 2010.	PACHULSKI STANG ZIEHL & JONES LLP

By	*/s/ John D. Fiero*
John D. Fiero
Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession