PAMELA PHILLIPS (No. 87581)
AMY L. BOMSE (No. 218669)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910
E-mail: pphillips@howardrice.com
        abomse@howardrice.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

HELLER EHRMAN LLP,

    Debtor.

Case No. 08-32514

Chapter 11

**APPLICATION TO AMEND TERMS OF EMPLOYMENT OF HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN, A PROFESSIONAL CORPORATION, TO ALLOW RETENTION OF A PROFESSIONAL SUBJECT TO REQUIREMENT OF A FINAL FEE APPLICATION BEING FILED**

The Debtor and Debtor in Possession in the above referenced case (the "Debtor" or "Heller") hereby applies to this Court (the "Application") for entry of an Order, as follows:

1. Heller's employment of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation ("Howard Rice") as Special Counsel to the Debtor was approved on February 27, 2009 (the "Howard Rice Employment Order") in the Heller Ehrman LLP Chapter 11 case.

2. Howard Rice was retained, *inter alia*, to assist, advise, and represent the Debtor with respect to a dispute between the Debtor and an overseas former client concerning outstanding fees.

3. The Debtor asked Howard Rice to gather certain information to help it make strategic decisions in this dispute. Howard Rice was given a limited budget of no more than $7500 for this effort. Based on the instructions of the Debtor, we began the process by consulting with an overseas professional who could most efficiently gather this information. Howard Rice made a small initial outlay of $1,000, which it charged as an expense to the Debtor.[1] In consultation with the Debtor's bankruptcy counsel, Howard Rice concluded that ordinarily the appropriate procedure would be for this professional to apply to this Court separately for employment. However, filing an application, and thereby publicly disclosing the identity and area of specialization of this professional at this stage, could jeopardize the Debtor's position in the dispute. Accordingly, the Debtor seeks the Court's approval to amend the terms of Howard Rice's employment agreements to authorize such counsel to retain this professional without prior Court approval and without disclosing its identity, notwithstanding Northern District Fee Guideline No. 26, which states that:

> A professional employed under § 327 may not employ, and charge as an expense, another professional (e.g., special litigation counsel employing an expert witness) unless the employment of the second professional is approved by the Court prior to the rendering of services.

4. Debtor respectfully requests that the Court approve a specific procedure

---
[1]Howard Rice has not been paid for this expense.

that will protect the Debtor from the harm that could be caused by the premature disclosure of its investigation, while at the same time providing the Court and the creditors the information necessary to comply with the apparent intention of Guideline No. 26.

5. The proposed procedure is as follows:

    a. Counsel is authorized to retain the professional and to charge the Debtor for the professional's fees as an expense without disclosing the name and tasks assigned to such professional;

    b. Counsel is authorized to bill the Debtor all amounts the professional charges as an expense as part of its regular fee application process and shall not be required to attach billing records or the name of the professional;

    c. At the earliest possible date consistent with protecting the Debtor's interest in obtaining an advantageous result in the dispute, Counsel shall identify the professional and the tasks undertaken, and seek final approval for all fees and expenses paid to such professional. All payments prior to the final fee application will be interim payments and will remain subject to a final fee application.

WHEREFORE, the Debtor respectfully requests that the procedure set forth in paragraph 5 be approved, and for such other relief as is just and appropriate in the circumstances of this case.[2]

January 26, 2010.

HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation

By: _____/s/ Pamela Phillips_____
PAMELA PHILLIPS

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

W03 115050028/1602559/v1

---

[2] Howard Rice discussed the proposed amendment to the terms of its employment with Ms. Minnie Loo and represents to the court that the amendment addresses the U.S. Trustee's concerns.

APPLICATION TO AMEND TERMS OF EMPLOYMENT OF HOWARD RICE

-3-