

Signed and Filed: March 01, 2010

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 08-32514DM
HELLER EHRMAN LLP, fka HELLER,     )
EHRMAN, WHITE & McAULIFFE, LLP,    ) Chapter 11
                                   )
                       Debtor.     )
_____)
```

MEMORANDUM DECISION ON MOTION FOR
ALLOWANCE OF ADMINISTRATIVE CLAIM

The court has considered the motion of AboveNet Communications, Inc. ("AboveNet") for administrative priority in the sum of $162,394.07; the opposition of debtor, Heller Ehrman LLP ("Debtor"); AboveNet's reply; and the arguments of counsel at a hearing on February 26, 2010.

After a review of the applicable documents and consideration of the undisputed facts set forth in the papers, the court will deny the motion except to the extent of a monthly lease charge for dark fiber optical strands from the petition date (December 28, 2008) to the effective date of Debtor's rejection of all contracts between it and AboveNet (June 22, 2009).

Despite the terminology used by counsel for AboveNet in the motion, only the provision of dark fiber is governed by a lease as contemplated in Bankruptcy Code section 365(d)(5). Thus it is entitled to be paid in accordance with the controlling Leased

-1-

Fiber Supplement to the Master Products and Services Agreement.

The remaining portion of AboveNet's claim arises from the provision of services (generally wide area network and internet access and services), not entitled to the protections accorded by section 365(d)(5) to the lease of personal property. Under controlling authority cited by Debtor, the amount of AboveNet's administrative claim is to be measured by the reasonable value of the services realized by Debtor.

The evidence is undisputed that Debtor did not avail itself of those services post-petition. Accordingly it realized no value from them.

AboveNet's reliance on <u>In re Native American Systems, Inc.</u>, 351 B.R. 135 (BAP 10th Cir. 2006) does not help it. In that case the debtor maintained technical service contracts with two customers; the administrative claimant actually was contractually obligated to provide the services to those customers. Because the debtor retained the contracts with the customers in anticipation of its reorganization, it was necessary to have the claimant's performance available when needed. Without that availability, debtor may have breached its contracts with the customers. On those facts the Bankruptcy Appellate Panel concluded that the continued availability of the claimant's services was beneficial to the debtor because it needed the claimant to provide, or at least be available to provide, service to its customers. 351 B.R. at 142.

Here Debtor shut down most of its AboveNet-related operations pre-petition; never after the petition date did it actually use, or need to have available, AboveNet's services. Accordingly, the

estate received no benefit and thus has no administrative priority liability in respect of those potential services.

Because the lease of dark fiber was neither terminated in accordance with applicable contractual terms, and was only rejected as of June 22, 2009, AboveNet is entitled to be paid forthwith the post-petition lease payments coming due between December 28, 2008, and June 22, 2009 in accordance with section 365(d)(5). The court understands that total to be approximately $18,000.

Counsel should meet and confer to determine the exact amount due pursuant to the above paragraph, and then counsel for Debtor should serve and upload an order granting in part and denying in part AboveNet's motion for the reasons stated in this Memorandum Decision, and directing Debtor to pay promptly the proper amount due under the lease of dark fiber.

* * * END OF MEMORANDUM DECISION * * *