1  DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
   Minnie Loo, Trial Attorney (106613)
2  U.S. Department of Justice
   Office of the United States Trustee
3  235 Pine Street, Suite 700
   San Francisco, CA 94104-3484
4  Telephone: (415) 705-3333
   Facsimile: (415) 705-3379
5
   Attorneys for Acting United States Trustee
6  SARA L. KISTLER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re | ) | No. 08-32514 |
|---|---|---|
| HELLER EHRMAN LLP, | ) | Chapter 11 |
| | ) | Date: 13 April 2010 |
| | ) | Time: 1:30 p.m. |
| Debtor. | ) | Courtroom: 22 |

**UST'S OBJECTION TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION (1) FOR AUTHORITY TO EMPLOY McGRANE, GREENFIELD LLP AS SPECIAL LITIGATION COUNSEL; AND (2) TO APPROVE A COMBINATION FLAT FEE AND CONTINGENCY FEE AGREEMENT UNDER SECTION 328 OF THE BANKRUPTCY CODE**

Sara L. Kistler, Acting United States Trustee (UST), submits her limited objection to the Official Committee of Unsecured Creditors' Motion (1) for Authority to Employ McGrane Greenfield (McGrane) as Special Litigation Counsel in connection with the estate's adversary proceeding against certain banks (A.P. No. 09-3071); and (2) to Approve a Combination Flat Fee and Contingency Fee Agreement with McGrane under section 328 of the Bankruptcy Code retroactive to 31 March 2010. McGrane has agreed to be employed as Special Litigation Counsel on a combination flat fee ($1 million within 14 days of the effective date of the Fee Agreement) and contingency fee basis (5% of the consideration received by the estate on account of the adversary proceeding less any monies previously reimbursed to McGrame for costs and expenses) pursuant to an Agreement for Legal Services (Agreement). The UST objects as follows:

1. The Agreement proposes to permit Attorneys to "assign attorney and non-attorney personnel

UST OBJ TO MOTION TO EMPLOY McGRANE GREENFIELD: 08-32514

Case: 08-32514   Doc# 1061   Filed: 04/12/10   Entered: 04/12/10 12:54:07   Page 1 of 3

from their firm, as well as the firms of VALLE MAKOFF LLP and SCHNADER HARRISON SEGAL & LEWIS LLP[1], as Attorneys deem appropriate to provide representation to Clients." *Appl*. at Exhibit 2, ¶ 6. These two firms, along with McGrane Greenfield LLP, are identified collectively as the "McGrane Group" by the Chairperson of the Committee in her Declaration in support of Attorneys' retention. *See Declaration of Theresa A. Hoyt*, ¶¶ 7 and 16. According to Ms. Hoyt, "the Committee selected the McGrane Group and believes that the immediate approval of this retention for the Bank Case is in the best interests of the estate". *Id*. at ¶ 27. The appropriateness of the employment of these two other law firms should be determined not by the Attorneys, but by the court pursuant to proper application under 11 U.S.C. § 327.

2. The Agreement also indicates that the "only obligation of Client is to undertake best efforts to cause the Debtor's Estate to pay to Attorneys the Fees and Costs up to the Cap (as defined in the Related Engagement Master Agreement for Legal Services) owed under this Agreement . . . *Appl*. at Exhibit 2, ¶ 5. The "Related Engagement Master Agreement for Legal Services" is not provided so the "Cap" cannot be ascertained.[2] Accordingly, it cannot be determined whether the proposed retention is appropriate absent full disclosure of the terms and conditions of employment.

3. The Agreement provides that the Committee and its successor, as Client, grants a lien on "any assets of the Debtor's Estate for their Costs & Expenses on any recovery, and that this lien shall survive any termination of Attorneys or this Agreement." *Appl*. at Exhibit 2, ¶¶ 11 - 12. To the extent the Committee has been authorized to pursue these matters on behalf of the estate pursuant to the court order entered 21 April 2009, the Committee should be required to comply with the provisions of the 11 U.S.C. 364 with respect to the granting of liens against estate assets.

Specifically, 11 U.S.C. § 364(d) provides:

(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of

---

[1] The Agreement indicates that the "Official Committee is also proposing to retain McGRANE GREENFIELD LLP, VALLE MAKOFF LLP, and SCHNADER HARRISON SEGAL & LEWIS LLP as its attorneys in a related engagement as part of the Plan of Reorganization for the Heller Bankruptcy Case (Related Engagement). *Appl*. at Exhibit 2, p. 1.

[2] The cap may be $3.5 million or $6.5 million or some other number. *See Declaration of Theresa A. Hoyt* at ¶ 24.

| | |
|---|---|
| 1 | debt secured by a senior or equal lien on property of the estate that is subject to a lien only if- |
| | (A) the trustee is unable to obtain such credit otherwise; and |
| 2 | (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted. |
| 3 | (2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection. |

The subject motion does not address why the granting of a lien is necessary, whether the Committee was unable to employ McGrane without such lien, whether there is adequate protection for the existing lienholders, etc. . *See also* this Court's *Guidelines for Cash Collateral & Financing Motions & Stipulations*, ¶ C which provides:

> C. Required Disclosures
>
> If the motion . . . includes any of the following provisions, the motion . . . shall describe the nature and extent of each provision, explain the reasons for each provision, and identify the specific location of the provisions in the proposed form of order, agreement, stipulation or other document:
>
> 1. The granting of priority or a lien on property of the estate pursuant to Bankruptcy Code §§ 364(c) or (d) . . .

Such disclosures will allow the court and parties in interest to determine the necessity and appropriateness of granting such a lien. *See also In re Cepek, Inc.*, 339 B.R. 730, 740 (9th Cir. BAP 2006) for review of factors to determine whether a security interest in assets of the estate is proper, citing *In re Martin,* 817 F.2d 175, 182 (1st Cir. 1987):

> There must be at a minimum full and timely disclosure of the details of any given arrangement. Armed with knowledge of all of the relevant facts, the bankruptcy court must determine, case by case, whether the security interest coveted by counsel can be tolerated under the particular circumstances. In so doing, the court should consider the full panoply of events and elements: the reasonableness of the arrangement and whether it was negotiated in good faith, whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services, whether it was a needed means of ensuring the engagement of competent counsel, and whether or not there are telltale signs of overreaching.

WHEREFORE, the UST objects to the employment of Attorneys as proposed and requests the court not grant the motion and for other relief as is just.

Date: 12 April 2010

Respectfully submitted,

Sara L. Kistler, Acting United States Trustee

By: /s/ Minnie Loo
Minnie Loo, Attorney for U.S. Trustee

UST OBJ TO MOTION TO EMPLOY McGRANE GREENFIELD: 08-32514