The Debtor raised the following issues in discussions with Class Counsel, among others: (a) whether the Debtor provided adequate notice to the Plaintiff Class Members; (b) whether such notice was defective; (c) whether the Debtor was entitled to give less than sixty (60) days' notice because of reasonably unforeseeable business circumstances; (d) whether the Debtor was entitled to give less than sixty (60) days' notice because, at the time notice would have otherwise been required, it was seeking new capital or business that it reasonably believed, if obtained, would have obviated or substantially postponed the plant closing or mass layoff; (e) whether such search for new capital or business was commercially reasonable under the circumstances; (f) whether the Debtor has other defenses to the application of the WARN Act; (g) whether the employment losses suffered by the aggrieved employees were caused by the Debtor's failure to obtain capital or business; (h) whether the Debtor gave "as much notice as is practicable"; (i) whether the Debtor is entitled to a defense of "good faith"; (j) the computation of the amount of damages; (k) whether the Debtor is entitled to set-offs against damages for sums paid pre-petition and post-petition to employees; (l) whether attorneys' fees are to be awarded to the Class Representatives and the Class if they prevail and whether such fees are entitled to administrative priority; and (m) whether the damages are entitled to administrative priority under § 503(b)(1)(A), wage or benefit priority under §§ 507(a)(4) or (5), or are to be treated as general unsecured claims.

On _____, the Court granted class certification for settlement purposes only to the Plaintiff Class (the "Class Certification Order"). The Class Certification Order provided for the creation of three distinct subclasses among the Plaintiff Class Members :

1.      The first subclass (the "WARN Classes") is made up of all employees (except those excluded by the Settlement) of the Debtor who the Debtor terminated on, or within 30 days of, October 10, 2008 pursuant to the dissolution and mass layoff, and who did not receive 60 days of notice prior to their termination. .The WARN Classes do not include employees who are not entitled to participate in the Settlement Agreement because: (i) they voluntarily resigned from their employment with the Debtor or were terminated for cause or good reason; or (ii) they released the Debtor from any and all claims arising out of their employment other than in connection with the Joint Plan of Liquidation of the Debtor and the Committee proposed

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(the "Plan"); (iii) they did not work in an office that employed at least 50 full-time employees; or (iv) they suffered no economic WARN damages as a result of their termination. The WARN Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise specified in the Settlement Agreement.

2.  The second subclass (the "Vacation Classes") is made up of all of the employees (except those excluded by the Settlement) of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff that took place on or about October 10, 2008. The Vacation Classes do not include employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; or (ii) they had no accrued vacation at the time of their termination. The Vacation Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise specified in the Settlement Agreement.

3.  The third subclass (the "Unpaid Wages Class") is made up of all of the employees (except those excluded by the Settlement) of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff, and who are owed monies in accordance with sabbatical, wage, and/or non-discretionary bonus contracts. The Unpaid Wages Class does not include employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; (ii) they had no contract with the Debtor for wages; (iii) they had no contract with the Debtor for payment of a non-discretionary bonus, or had not satisfied the conditions precedent of such a contract; or (iv) they had no vested sabbatical entitlement. The Unpaid Wages Class does not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise specified in the Settlement Agreement.

The Class Certification Order also provides for (i) the appointment of Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris as Class Representatives for the Plaintiff

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Class (collectively "Class Representatives"); and (ii) the designation of Blum Collins LLP as counsel to the Plaintiff Class ("Class Counsel").

Those Plaintiff Class Members who do not Opt-Out of the Class are eligible to receive the treatment described below and are referred to herein as Eligible Class Members.

The Class Certification Order also certified a defendant class (the "Defendant Shareholder Class" previously identified). The Defendant Shareholder Class comprises all former Shareholders of Heller Ehrman (California), A Professional Corporation; Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; and Heller Ehrman (China), P.C. as of August 11, 2008, or who would be members of the Defendant Shareholder Class as defined in the Amended Complaint in the Action.

The Class Certification Order also provided for (i) the appointment of Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel as Class Representatives for the Defendant Shareholder Class (collectively "Defendant Shareholder Class Representatives").

Class Counsel has conducted extensive informal discovery, including examination of voluminous documents of the Debtor, and interviews of members of the Class. Class Counsel has also analyzed the applicable law and weighed the likelihood of success.

## THE PROPOSED SETTLEMENT

The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from Plaintiff Class Counsel, Steven A. Blum, at the address shown for him below. The Settlement is also available on the Bankruptcy Court's electronic docket at docket number [            ], and on Heller's website at www.hellerehrman.com. The terms of the Settlement relevant to the Eligible Class Members may be summarized as follows:

A.      **The Terms of the Settlement**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Contingent on, among other things, Court approval of the Settlement Agreement and confirmation of a Plan of Liquidation in the Debtor's bankruptcy case, Plaintiff Class Members will receive the following treatment upon the Effective Date (as defined in the Settlement Agreement) of the Settlement Agreement:

- An aggregate total priority wage claim of Two Million, Nine Hundred Ninety-Four Thousand, Four Hundred Fifty-Six Dollars and Eighty Cents ($2,994,456.80) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code. You will receive an allowed priority claim under section 507(a)(4) of the Bankruptcy Code in the amount set forth in **Exhibit 1** hereto on account of accrued, vested and unused vacation claims earned between May 4 and October 31, 2008, up to the lesser of (i) the Priority Wage Cap of $10,950; or (ii) your scheduled claim for accrued, vested and unused vacation as set forth in the Debtor's schedules;

- An aggregate total priority wage claim of Sixty-Six Thousand, Nine Hundred Seventy Dollars and Twenty-Four Cents ($66,970.24) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code. You will receive an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant in the amount set forth in **Exhibit 1** attached hereto on account of alleged unpaid wages (other than vacation) earned between May 4 and October 31, 2008;

- An aggregate total priority wage claim of One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code on account of alleged priority WARN damages, which is approximately 50.66% of the total alleged priority WARN damages. You will receive an allowed priority claim under section 507(a)(4) of the Bankruptcy Code in the amount set forth in **Exhibit 1** hereto on account of alleged WARN damages;

- An aggregate total allowed general unsecured claim of Four Million, Two Hundred One Thousand, Three Hundred Ninety-Five Dollars and Seventeen Cents ($4,201,395.17). Your allowed general unsecured claim in the amount set forth in **Exhibit 1** hereto on account of allowed accrued, vested and unused vacation claims, will be paid as and when the claims of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

other general unsecured creditors are paid, if so paid, pursuant to the Plan;

- An aggregate total allowed general unsecured claim of Nine Hundred Twenty Thousand, One Hundred Eighty-Three Dollars and Thirty Three Cents ($920,183.33) . Your allowed general unsecured claim in the amount set forth in **Exhibit 1** attached hereto on account of alleged unpaid wages (other than vacation) will be paid as and when the claims of other general unsecured creditors are paid pursuant to the Plan;

- An aggregate total allowed general unsecured claim of Two Million Three Hundred Fifty Thousand Dollars and Zero Cents ($2,350,000.00) on account of alleged general unsecured WARN Damages, which is approximately 63.14%% of the total alleged unsecured WARN damages. Your allowed general unsecured claim in the amount set forth in **Exhibit 1** attached hereto, on account of alleged WARN Damages, will be paid as and when the claims of other general unsecured creditors are paid, if so paid, pursuant to the Plan; and

- An aggregate total allowed *subordinated* general unsecured claim of Seven Million Dollars and Zero Cents ($7,000,000.00). You will receive an allowed subordinated unsecured claim in the amount set forth in **Exhibit 1** attached hereto, on account of alleged waiting time penalties/exemplary damages. It is unlikely that you will receive any distribution on this subordinated claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

- The following chart summarizes the various aggregate treatments of the claims of Plaintiff Class Members provided pursuant to this Settlement Agreement and the Bankruptcy Code:

| | | Vacation | Bonuses/Wage Contracts | WARN | Waiting Time Penalties | Attorneys' Fees & Costs |
|---|---|---|---|---|---|---|
| Administrative Priority | Total = $950,000.00 | $0 | $0 | $0 | $0 | $950,000.00 |
| Priority | Total = $4,561,427.04 | $2,994,456.80 (100% treated as priority) | $66,970.24 | $1,500,000 | $0 | $0 |
| Non-Priority | Total = $7,471,578.50 | $4,201,395.17 (allowed as non-priority general unsecured claim based on vacation entitlement) | $920,183.33 | $2,350,000 (allowed as non-priority general unsecured claim based on WARN damages) | $0 | $0 |
| Subordinated to all other allowed claims | Total = $7,000,000.00 | $0 | $0 | $0 | $7,000,000 | $0 |
| Total | | $19,983,005.54 | $7,195,851.97 | $987,153.57 | $3,850,000 | $7,000,000 | $950,000 |

The aggregate claim amounts set forth above for each type of claim are based on the assumption that there are no Opt-Outs. If some Plaintiff Class Members Opt-Out of the Settlement, the actual total amount of the aggregate claims will decrease proportionately.

Examples of how the Debtor calculated and assigned priorities under the Bankruptcy Code to individual claims are set forth in **Exhibit 2** hereto. Any amounts received by the Plaintiff Class Members on their allowed wage priority claims pursuant to the settlement shall reduce, dollar for dollar, the priority portion of each Plaintiff Class Members' allowed claim, if any, for unpaid

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

wages or wage equivalents, commissions, unpaid vacation, sick leave, paid time off, failure to provide sufficient state or federal WARN notice, or any other wage equivalent or related claims. Attached as **Exhibit "1"** to this Notice is information related to the specific amounts and priorities of the allowed claims you will receive if you do not opt-out of the Settlement. The amounts of your allowed claims for unpaid vacation and unpaid wages is based on the contents of the Debtor's books and records and may be less than amounts asserted in any proof of claim you may have filed.

The Settlement will not become effective if the Court does not approve it *or* if the number of Plaintiff Class Members that Opt-Out of the Class equals or exceeds a specified percentage filed under seal and the Debtor, upon consultation with the Committee, exercises the option to terminate the Settlement, or if the Court does not confirm the Debtor's Plan of Liquidation.

There are two steps to the Settlement. First, if the Settlement is approved by the Court, you will receive allowed claims in the amounts and priorities set forth in **Exhibit 1**. Second, you will receive payment of the priority portion of your allowed claims only after the Debtor's Plan of Liquidation is confirmed by the Bankruptcy Court. **YOU WILL NOT RECEIVE ANY PAYMENTS UNDER THIS SETTLEMENT UNLESS AND UNTIL THE DEBTOR'S PLAN OF LIQUIDATION IS CONFIRMED. THE DEBTOR AND THE COMMITTEE INTEND TO PROPOSE A JOINT PLAN OF LIQUIDATION SHORTLY BUT AT THE PRESENT TIME IT IS NOT KNOWN WHEN THE PLAN OF LIQUIDATION WILL BE CONFIRMED OR IF IT WILL BE CONFIRMED.**

In the event that any Plaintiff Class Member Opts-Out, such Opting-Out Plaintiff Class Member shall not have any rights under the Settlement and shall not have the allowed claims set forth set forth in **Exhibit A** to the Settlement Agreement or **Exhibit 1** hereto, except for undisputed claims relating to accrued, vested and unused vacation and unpaid wages, which Plaintiff Class Members are entitled to whether or not they Opt-Out of the Settlement.

**TAXES WILL BE WITHHELD FROM DISBURSEMENTS UNDER THIS SETTLEMENT**

All Eligible Class Members who receive a disbursement pursuant to this Settlement will receive an IRS Form W-2 with their settlement payment because the settlement payments are treated as wages. The Debtor agrees to pay, and will be responsible to pay , the employer portion of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

the FICA taxes and required federal and state unemployment taxes. Applicable federal, state and local taxes, based on your employment certificate on file with the Debtor, will be withheld from the disbursements. Since the Debtor's records may not reflect your current circumstances, we urge you to consult with a tax adviser to determine the exact amount of taxes due on your settlement when you receive it.

## CLASS COUNSEL'S RECOMMENDATION

Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class. Relative to the risks and costs of continuing this litigation, Class Counsel believes this settlement will provide a favorable recovery which is in the best interests of the Class. Absent settlement, Plaintiffs would have to secure class certification on the claims set forth in the Class Action over the opposition of the Defendants. Additionally, at trial, Plaintiffs would have the burden of proof to establish liability and the amount of damages. In Class Counsel's judgment, were this case to proceed, there is a significant risk of an adverse result both at the certification stage and at trial. The case involves many unresolved factual and legal issues, some of which could be decided against Plaintiffs at or before trial.

For example, the Debtor and non-Debtor Defendants assert that the "unforeseeable business circumstances" exception of the WARN Act applies, which may excuse notice or may reduce the time such notice must be provided to the employees. Furthermore, the Debtor and non-Debtor Defendants dispute whether any liability exists for waiting time penalties as the Debtor was not a "free agent" that could pay vested and accrued vacation, and thus non-payment was not "willful." Additionally, the non-Debtor Defendants dispute that any personal liability exists for any of the claims.

## CLASS COUNSEL FEES

. Subject to approval of the Bankruptcy Court, Plaintiff Class Counsel shall have an allowed administrative claim of $950,000.00 (Nine Hundred-Fifty Thousand Dollars) against the Debtor, on account of fees and costs as a "substantial contribution" pursuant to Bankruptcy Code section 503(b)(4), so long as:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1        1.      At least 75% of the Plaintiff Class Members do not opt out of the
Settlement;

2        2.      the Debtor does not elect to exercise its right to terminate this Settlement
Agreement because the Excessive Opt-Out Percentage (specified in Exhibit H to the Settlement
Agreement) was met or exceeded; and

3        the Debtor's Plan is confirmed and sufficient funds are available to allow
the Debtor to pay the allowed priority claims above in full.

## RELEASE OF ALL CLAIMS RELATED TO YOUR TERMINATION
## AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

Upon final approval by the Court, the Settlement will result in the dismissal of the
Class Action on the merits and with prejudice to all Eligible Class Members who do not Opt-Out of
the Settlement Agreement, and shall constitute a release by each such Eligible Class Member of all
claims against the Debtor, the Professional Corporation Defendants, the Defendant Shareholder
Class, and their respective estates which relate to or are based on the facts alleged in the Class
Action, including, but not limited to claims relating to the federal and California WARN Acts,
waiting time penalties/exemplary damages, wages (including, without limitation pay in lieu of
sabbatical), severance, payments for accrued, vested and unused vacation or benefits under any
agreement, federal, state or local law or regulation arising out of the employment or termination of
the Plaintiff Class Members' employment by the Debtor.  However, the following claims are not
released: (i) any obligation created by or arising out of this Settlement; (ii) rights, if any, arising
under or related to any employee's Supplemental Profit Sharing Contributions pursuant to Heller
Ehrman LLP's 401k Retirement Savings and Profit Sharing Plan; (iii) any claims which the law
clearly states may not be released by settlement; (iv) claims and/or rights as against Bank of
America, N.A. or its related companies, and as against Citibank, N.A. or its related companies; and
(v) claims and/or rights against Heller Ehrman LLP relating to any malpractice claims brought
against any Class Members.

By accepting this Settlement Agreement, Eligible Class Members acknowledge that
they are familiar with and/or hereby are informed of the provisions of California Civil Code § 1542,
which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

With respect to the Claims being released hereunder, the Eligible Class Members who do not opt out of the Settlement Agreement waive and relinquish, to the fullest extent that the law permits, the provisions, rights, and benefits of California Civil Code § 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the Debtor's obligations under this Settlement Agreement. Eligible Class Members who do not Opt-Out of the Settlement Agreement acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Parties and counsel in executing this Settlement Agreement to fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder.

If you have filed a proof of claim in excess of the amounts set forth on **Exhibit 1 for accrued, vested and unpaid vacation, unpaid wages pursuant to contract, including, without limitation, for sabbatical and/or severance, WARN damages and/or waiting time penalties or damages,** and you do not Opt-Out of this Settlement, your proof of claim will be disallowed to the extent it exceeds the amounts shown on **Exhibit 1**. Further, the amounts listed on **Exhibit 1** will replace any amount that appears on the Debtor's Schedules filed in its Bankruptcy Case. The Bankruptcy Code caps priority wage claims at $10,950, and as such, the priority portion of your claim *cannot* exceed this amount under any circumstances. Any individual proofs of claim filed by any Plaintiff Class Member that asserts claims that are released by the Settlement will be disallowed and will not receive any further distribution or payment. Additionally, the Plaintiff Class Proof of Claim that asserts claims that are released by the Settlement will be deemed withdrawn and will not receive any further distribution or payment.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement including Class Counsel's requested fees and the calculation of your recovery as shown on **Exhibit 1** hereto, you need do nothing and you will receive your share of the Settlement upon Court entry of the Final Judgment.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or you dispute any of the amounts shown on **Exhibit 1,** or the information concerning your employment or pay or that Class Counsel's attorneys' fees should not be approved, you may object to the Settlement and/or the attorneys' fees, with or without counsel. If you do wish to lodge an objection through counsel, you may retain counsel other than Class Counsel to make your objection. If you Opt-Out of the Class as provided below, you are not allowed to object to any provision of the Settlement on the grounds that it is not fair and reasonable to the Plaintiff Class Members.

You must submit your objections in writing, bearing the caption of this Class Action shown above on the first page, stating your comment or objection in detail. Your objection must be sent, by first-class mail, to the Clerk of the United States Bankruptcy Court for the Northern District of California, P.O. Box 7341, San Francisco, California, 94120-7341 (or filed electronically if you or your counsel is a registered ECF participant in this Bankruptcy Court). You must also send a copy of your objection by first-class mail to: (1) Alexa L. Morgan, Esq., Fox, Wang & Morgan P.C., 160 W. Santa Clara St., Suite 700, San Jose CA 95113; (2) Kenneth H. Brown, Esq., Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111; (3) Steven A. Blum, Esq., Blum & Collins LLP, 707 Wilshire Boulevard, 48th Floor, Los Angeles, CA 90017; (4) David M. Stern, Esq., Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067; (5) Tobias S. Keller, Esq., Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104; (6) Thomas A. Willoughby, Esq., Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP, 400 Capitol Mall, Suite 1450, Sacramento, CA 95814. **Objections must be received by the above no later than [                ] , and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

which the parties will be requesting binding Court approval of the Settlement, including attorneys' fees, as described above.

After filing a written objection, you may also appear in person or by counsel at the final hearing described below.

If you are a Plaintiff Class Member, you have the right to Opt-Out of the Class and preserve all of your rights against the Debtor, Non-Debtor Defendants, and Shareholder Defendants, if any. If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described in this Notice and the Settlement, you may Opt-Out of the Class by filling out the attached **Exhibit 3** (the "Opt-Out Form"), **and by signing and mailing that form to: Kyle Everett, Development Specialists, Inc., PO Box 26426, San Francisco, CA 94111. Development Specialists, Inc. must** receive **your election to Opt-Out of the Settlement no later than** ▇▇▇▇▇, **2010. All requests for exclusion received after that date will not be effective, and any person who sends a late request will remain a member of the Class.**

A Plaintiff Class Member who timely Opts-Out out of the Settlement Agreement shall have the right to file an individual proof of claim setting forth, on an individual basis, the same claims as were set forth in the Class Proof of Claim. Such individual proof of Claim shall be deemed timely filed only if it is filed no later than thirty (30) days after entry of the a final judgment dismissing the Class Action, after which time such individual proofs of claim shall be time barred.

**IF YOU OPT-OUT OF THE PLAINTIFF CLASS, YOU RELINQUISH ANY BENEFITS YOU WOULD OTHERWISE RECEIVE AS A MEMBER OF THE PLAINTIFF CLASS, INCLUDING RECEIVING ALLOWED CLAIMS FOR WARN DAMAGES AND WAITING TIME PENALTIES. IF YOU WISH TO PURSUE YOUR CLAIMS, AFTER OPTING OUT YOU WILL HAVE TO DO SO SEPARATE AND APART FROM THE CLASS ACTION. HOWEVER, EVEN IF YOU OPT-OUT, YOU WILL STILL BE ENTITLED TO YOUR ALLOWED CLAIMS FOR UNPAID VACATION AND WAGES IN THE AMOUNTS AND PRIORITIES SET FORTH ON EXHIBIT 1.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

The hearing for final consideration and approval of the Settlement, including attorneys' fees to Class Counsel, is scheduled to take place on _____, 20___, at _____ a.m. before the Honorable Dennis Montali of the United States Bankruptcy Court for the Northern District of California at 235 Pine Street, 22nd Floor, San Francisco, California 94104. That hearing may be continued beyond that date without further notice. If you wish to determine if the hearing has been continued, you may contact Class Counsel Steven A. Blum at the address shown above.

**This Settlement shall only become effective if the Bankruptcy Court approves the Settlement at the hearing for final consideration and approval of the Settlement and enters the a final judgment dismissing the Class Action with prejudice and the Plan of Liquidation is confirmed.**

## OTHER INFORMATION

All requests for more information, including a copy of the Settlement documents or the moving papers filed with the court in support of the Settlement, should be sent by **first-class mail** to Steven A. Blum to the address indicated above.

**The Settlement shall be effective as to all Plaintiff Class Members who do not opt-out of the Class; however, if the Bankruptcy Court does not approve the Settlement, *or* if the Debtor elects to terminate the Settlement because the Excessive Opt-Out Percentage was met or exceeded, *or* the Plan of Liquidation is not confirmed, the Settlement shall not become effective.**

While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has expressed opinion as to the respective claims or defenses asserted by the parties in the Class Action.

## *PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

35685-001\DOCS_SF:68364.6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35685-001\DOCS_SF:68364.6

# EXHIBIT 1

## [INDIVIDUALIZED EXHIBIT 1 SPREADSHEET FORM]

# EXHIBIT 2

## EXAMPLES OF HOW CLASS MEMBERS' CLAIMS WILL BE TREATED UNDER THE SETTLEMENT AGREEMENT

The following are examples of how three hypothetical individuals' claims would be handled through the Settlement, pursuant to the Bankruptcy Code:

### Example 1:

At the time of his involuntary termination from Heller's San Francisco office, John's accrued, vested, and unused vacation hours had a total value of $19,884, according to Heller's records. However, only $5,602 of this vacation pay accrued between 5/4/08 and 10/31/08. Consequently, John is entitled to receive priority treatment[4] for $5,602 of his vacation time. The remainder of his vacation time ($14,282) will receive treatment as a general unsecured claim.[5]

In addition to his vacation claim, in 2008 John also earned $10,299 as a non-discretionary bonus. This bonus amount vested sometime between 5/4/08 and 10/31/08. Consequently, John is entitled to receive priority treatment for $5,348 of his $10,299 bonus claim. The remaining $4,951 of his bonus claim will receive general unsecured treatment. The reason John's entire bonus amount is not entitled to priority treatment is because such a result would exceed the $10,950 "Priority Wage Cap" which applies cumulatively to all wage based claims. In other words, $5,602 in priority vacation plus $5,348 in priority contract damages equals $10,950. John cannot receive priority treatment for any additional amounts.

In addition to John's vacation claim and his non-discretionary bonus claim, Class Counsel contends that John is entitled to $20,177 in WARN damages for the 27 working days during the 60-day WARN period for which he was not paid. Because John has already reached his Priority Wage Cap of $10,950 with his vacation and bonus claims, no part of his WARN claim is entitled to priority treatment. Rather, his WARN claim will be treated as a general unsecured claim rate of approximately 63.14%. As part of the Settlement, Heller has agreed to allow approximately 63.14% of general unsecured WARN claim. Therefore, John will have an unsecured WARN claim in the amount of approximately $12,739.75.

Lastly, Class Counsel contends that John is entitled to $7,596 in waiting time penalties pursuant to the California Labor Code. As part of the Settlement, Heller has agreed to allow approximately 67.7% of the waiting time penalties as *subordinated* unsecured claims.[6] Therefore, under the Settlement, John will receive an allowed *subordinated* claim for waiting time penalties in the amount of $5,142. Because this claim is subordinate to the allowed claim of all other creditors, it is not likely that John will receive any distribution on this category of claim.

If John has filed a proof of claim for vacation pay, unpaid wages, WARN damages and/or waiting time penalties in amounts in excess of those shown above, the excess amounts will be disallowed unless John Opts-Out of the Settlement.

---

[4] "Priority" treatment means that these claims are paid before any general unsecured claims are paid and are, therefore, more likely to be paid in full.

[5] "General unsecured claims," are paid when, and to the extent that, other general unsecured claims are paid and after all priority claims are paid in full.

[6] "Subordinated" claims will only be paid if all other allowed claims against Heller are paid in full with interest. In other words, these claims will only be paid after all priority and non-subordinated general unsecured claims are paid, and then only to the extent that there is money available to pay them.

35685-001\DOCS_SF:68364.3

**Example 2:**

At the time of her involuntary termination from Heller's D.C. office, Sally's accrued, vested, and unused vacation hours had a total value of $19,212, according to Heller's records. However, only $10,164.64 of this vacation pay accrued between 5/4/08 and 10/31/08. Consequently, Sally is entitled to receive priority treatment for $10,165 of her vacation time. The remainder of her vacation time ($9,048) will be treated as a general unsecured claim.

In addition to Sally's vacation claim, Class Counsel contends that she is entitled to $18,664 in WARN damages for the 17 working days during the 60-day WARN period for which she was not paid. Because Sally is already receiving priority a priority claim of $10,165 for unpaid vacation, only $785 of her WARN claim is eligible for priority treatment ($10,950 - $10,165 = $785). The remainder of Sally's WARN claim ($17,878) is a general unsecured claim. Through the Settlement, Sally's priority WARN claim of $785 is reduced to approximately $397.68 because Heller has only agreed to pay approximately 50.66% of priority WARN claims. Therefore, $397.68 of Sally's WARN claim will receive priority treatment. Through the Settlement, Sally's general unsecured WARN claim of $17, 878 will be reduced to approximately $11,288.17 because Heller has only agreed to pay approximately 63.14% of general unsecured WARN claims.

Lastly, Sally believes she is entitled to $4,853 in penalties/exemplary damages for unpaid wages pursuant to D.C. law. Pursuant to the Settlement, this portion of Sally's claim is treated as a *subordinated* unsecured claim at the rate of 67.7%, or $3,288  This is because, pursuant to the Settlement, Heller has only agreed to pay 67.7% of these claims as subordinated unsecured claims. Because this claim is subordinate to the allowed claim of all other creditors, it is not likely that Sally will receive any distribution on this category of claim.

If Sally has filed a proof of claim for vacation pay, unpaid wages, WARN damages and/or waiting time penalties in amounts in excess of those shown above, the excess amounts will be disallowed unless John Opts-Out of the Settlement.

**Example 3:**

At the time of Bob's involuntary termination from the firm's Los Angeles office, Bob did not have any accrued, unused, and vested vacation time. He was, however, terminated involuntarily 27 working days before the end of his 60-day WARN period. Based on computations derived from Heller's records, Class Counsel contends that Bob is owed $10,007 in WARN damages and $6,227 in waiting time penalties. Bob timely filed a proof of claim with the Bankruptcy Court, claiming $16,234 in WARN damages and waiting time penalties. On his proof of claim, Bob indicated that all $16,234 of his claim is entitled to priority treatment because he did not realize that the Bankruptcy Code caps priority wages at $10,950.

Pursuant to the Settlement, Bob's WARN claim will receive priority treatment in the approximate amount of $5,069.55 ($10,007 x 50.66% = $5069.55). Since Bob's entire WARN claim is under the priority cap of $10,950, he does not have an unsecured WARN claim. Bob's waiting time penalty claim will be treated as a subordinated unsecured claim in the amount of $4,218 ($6,227 x 67.7% = $4,218). Because this claim is subordinate to the allowed claim of all other creditors, it is not likely that Bob will receive any distribution on this category of claim.

If Bob does not Opt Out of the settlement, the proof of claim that he filed with the Bankruptcy Court will be disallowed, meaning Bob's proof of claim will be superseded by the Settlement and Bob will receive the amounts listed above under the Settlement rather than the amounts set forth in his proof of claim. If Bob opts out of the Settlement, Heller will object to his proof of claim and state the grounds for its objection. Bob would have to respond to Heller's

objection by showing why Heller's objection to the amounts set forth in his proof of claim are not valid. The Bankruptcy Court would determine the allowed amount of Bob's proof of claim at a separate hearing. Heller will vigorously defend its position that Bob is not entitled to any amounts under WARN or based on waiting time penalties. If Heller prevails, Bob's claims will be disallowed in full and he will receive nothing from Heller. If Bob prevails, he will have allowed claims against Heller in the amounts stated in his proof of claim.

# EXHIBIT 3

## <u>REQUEST FOR EXCLUSION ["OPT-OUT"] FORM</u>

### IF YOU CHOOSE TO "OPT-OUT," THIS DOCUMENT MUST BE RECEIVED NO LATER THAN [_____], 2010.

PLEASE MAIL THIS EXCLUSION FORM BY FIRST-CLASS MAIL TO:

*Development Specialists, Inc. at the following address:*

**Kyle Everett
Development Specialists, Inc.
PO Box 26426
San Francisco, CA 94111**

IT IS MY DECISION NOT TO BE INCLUDED IN THE CLASS OF PLAINTIFFS IN THE CLASS ACTION LAWSUIT REFERENCED ABOVE. I ACKNOWLEDGE THAT BY OPTING-OUT OF THE PLAINTIFF CLASS, I RELINQUISH ANY BENEFITS I WOULD OTHERWISE RECEIVE AS A MEMBER OF THE PLAINTIFF CLASS, INCLUDING WARN DAMAGES AND DISPUTED CLAIMS RELATING TO ACCRUED, VESTED, AND UNUSED VACATION AND UNPAID WAGES. IF I WISH TO PURSUE MY CLAIMS, I WILL HAVE TO DO SO SEPARATE AND APART FROM THE CLASS ACTION.

DATED: _____            _____
                                                                                (Signature)

                                                          _____
                                                                        (Type or Print Name)

_____                    _____
         (Address)                                           (Telephone Number)

_____                    _____
   (Address Continued)                  (Last Four Digits of Your Social Security Number)*

*The last four digits of your Social Security Number are required to match your name to the list of Plaintiff Class Members. This information will not be released to any third party, and will only be used by Class Counsel and the Debtor for purposes of this Lawsuit.*

300017923.2

# EXHIBIT "E"

**EXHIBIT 3**

## REQUEST FOR EXCLUSION ["OPT-OUT"] FORM

### IF YOU CHOOSE TO "OPT-OUT," THIS DOCUMENT MUST BE RECEIVED NO LATER THAN [_____], 2010.

PLEASE MAIL THIS EXCLUSION FORM BY FIRST-CLASS MAIL TO:

*Development Specialists, Inc. at the following address:*

**Kyle Everett**
**Development Specialists, Inc.**
**PO Box 26426**
**San Francisco, CA 94111**

IT IS MY DECISION NOT TO BE INCLUDED IN THE CLASS OF PLAINTIFFS IN THE CLASS ACTION LAWSUIT REFERENCED ABOVE. I ACKNOWLEDGE THAT BY OPTING-OUT OF THE PLAINTIFF CLASS, I RELINQUISH ANY BENEFITS I WOULD OTHERWISE RECEIVE AS A MEMBER OF THE PLAINTIFF CLASS, INCLUDING WARN DAMAGES AND DISPUTED CLAIMS RELATING TO ACCRUED, VESTED, AND UNUSED VACATION AND UNPAID WAGES. IF I WISH TO PURSUE MY CLAIMS, I WILL HAVE TO DO SO SEPARATE AND APART FROM THE CLASS ACTION.

DATED: _____          _____
                                                            (Signature)

                                                     _____
                                                       (Type or Print Name)

_____          _____
        (Address)                                     (Telephone Number)

_____          _____
   (Address Continued)              (Last Four Digits of Your Social Security Number)*

*The last four digits of your Social Security Number are required to match your name to the list of Plaintiff Class Members. This information will not be released to any third party, and will only be used by Class Counsel and the Debtor for purposes of this Lawsuit.*

300017923.2

35685-001\DOCS_SF:68364.3

# EXHIBIT "F"

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br><div align="center">Debtor,</div>_____<br><br>DEBORA K. BIGGERS, CARL GOODMAN, ANNA SCARPA, and MARJORIE NORRIS, individually, on behalf of all others similarly situated,<br><br><div align="center">Plaintiffs,</div><br>vs.<br><br>HELLER EHRMAN LLP, a California Limited Liability Partnership; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a California professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (WASHINGTON), P.S., a Washington professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (ALASKA), P.C., an Alaska professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a New York professional corporation; HELLER EHRMAN (CHINA), P.C., a District of Columbia professional corporation; MATTHEW LARRABEE, individually and on behalf of those similarly situated; ROBERT HUBBLE, individually and on behalf of those similarly situated; STEVEN KOPPEL, individually and on behalf of those similarly situated; MARIE FIALA, individually and on behalf of those similarly situated; MARK WEEKS, individually and on behalf of those similarly situated; LYNN LOACKER, individually and on behalf of those similarly situated; BARRY LEVIN, individually and on behalf of those similarly situated; KENNETH CHERNOF, individually and on behalf of those similarly situated; LAWRENCE KEESHAN, individually and on behalf of those similarly situated; ROBERT ROSENFELD, | Case No. 08-32514<br>Chapter 11<br><br>**ADVERSARY PROCEEDING**<br>**Ad. Pro. Case No. 09-03058**<br><br>**NOTICE TO DEFENDANT SHAREHOLDER CLASS OF:**<br>**(A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WAGE CLAIMS;**<br>**(B) CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES ONLY;**<br>**(C) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES;**<br>**(D) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT;**<br>**(E) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING; AND**<br>**(F) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION**<br><br>The Honorable Dennis Montali<br><br>First Amended Complaint filed April 23, 2009 |

300004247.2

1

| | |
|---|---|
| 1 | individually and on behalf of those similarly situated; PETER BENVENUTTI, |
| 2 | individually and on behalf of those similarly situated; and JONATHAN HAYDEN, |
| 3 | individually and on behalf of those similarly situated, |
| 4 | Defendants. |

300004247.2

TO:     All former Shareholders of Heller Ehrman (California), A Professional Corporation; Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; and Heller Ehrman (China), P.C. (the entities collectively hereinafter the "Professional Corporation Defendants") as of August 11, 2008, or who would be members of the Defendant Shareholder Class as defined in the Amended Complaint in the Action. For convenience, we identify the Defendant Shareholder Class in this matter in **Exhibit B** to the Compromise and Settlement Agreement ("Settlement Agreement"):

## INTRODUCTION

There is currently pending in the United States Bankruptcy Court for the Northern District of California against Heller Ehrman LLP (the "Debtor") the above-captioned adversary proceeding (the "Class Action") for

- alleged failure to pay wages, including:
  - o   the value of accrued, vested and unused vacation under various state laws, wages owed pursuant to contract, the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, and the California Worker Adjustment and Retraining Notification Act, California <u>Labor Code</u> §§ 1400 et seq. (together the "WARN Act").

- The Class Action also seeks statutory penalties and damages for the alleged failure to timely pay wages.

The Plaintiffs listed above (the "Class Representatives"), on the one hand, and the Debtor, the Professional Corporation Defendants and the Defendant Shareholder Class (collectively, the Professional Corporation Defendants and the Defendant Shareholder Class hereinafter referred to as the "non-Debtor Defendants"),[1] and the Official Committee of Unsecured Creditors of the

---

[1] On May 6, 2009, Plaintiffs voluntarily dismissed Richard Cassin, P.A., a Florida Professional Corporation from the *Biggers* Action due to the fact that Richard Cassin, P.A. was no longer in existence at the time of the dissolution. On September 23, 2009, the Plaintiffs voluntarily dismissed Paul Sugarman from the *Biggers* Complaint since he had ceased being an active Shareholder months before the events alleged in the *Biggers* Complaint.

Debtor (the "Committee"), on the other hand, have reached a proposed settlement of the Class Action (the "Settlement") under which the benefits described below will be provided by the Debtor (and not by any member of the Defendant Shareholder Class or any other non-Debtor Defendant) to the Class Representatives and the persons listed on **Exhibit A** to the Settlement Agreement (hereinafter the "Plaintiff Class Members" or, collectively, the "Plaintiff Class"). The claims set forth in the Class Action were vigorously disputed by the Debtor and non-Debtor Defendants, who raised real and material defenses (as described in more detail below). After extensive negotiations, the parties were able to negotiate in good faith to reach the proposed Settlement, which all parties, including Class and Committee Counsel, believe is fair and reasonable under the circumstances. This Notice provides notice to you of the terms of the proposed Settlement, so that if approved, it can be implemented and the releases described in the Settlement can be extended to you.

This Notice constitutes notice to the Defendant Shareholder Class of (a) the certification of the Plaintiff Class for settlement purposes; (b) the certification of the Defendant Shareholder Class for settlement purposes; (c) the proposed Settlement of the Class Action; (d) a description of the proposed Settlement; (e) the date of court hearing for final approval of the Settlement; and (f) the right of individuals in the Defendant Shareholder Class to Opt-Out of the Defendant Shareholder Class. "Opt-Out" means that you want to be excluded from this Settlement and not be bound by the Settlement Agreement or the Final Judgment which the Court enters to implement this Settlement. **As an Opt-Out, you will not receive a release of the Plaintiff Class Members' claims, you will have no rights and receive no benefits under the Settlement, and you will preserve all of your rights and defenses, if any.**

## DESCRIPTION OF THE CLASS ACTION

On or about April 3, 2009, the Class Representatives filed with the Bankruptcy Court a class-action complaint commencing the Class Action against the Debtor. The Class Representatives filed a First Amended Complaint ("Amended Complaint") on April 23, 2009 alleging that the Debtor, along with the non-Debtor Defendants and Defendant Shareholder Class:

(1) violated the federal WARN Act; (2) violated the California Worker Adjustment and Retraining Notification Act; (3) failed to pay accrued, vested and unused vacation in violation of California law; (4) failed to pay wages under Washington law; (5) breached written contracts with employees in Washington and New York; (6) failed to pay wages under Washington, D.C. and New York law; (7) committed unfair business practices under California law; and (8) owed penalties as a result of the alleged failure to pay wages. The Class Action is captioned, *Debora K. Biggers, et al. v. Heller Ehrman LLP, et al.*, Adversary Proceeding No. 09-03058. The Amended Complaint was filed on behalf of the Class Representatives and all other persons similarly situated.

- As a result of Debtor's alleged failure to pay accrued, vested and unused vacation at the time of layoff, the affected employees may have a priority claim pursuant to § 507(a)(4)[2] of the Bankruptcy Code against the Debtor consisting of their vacation pay accrued during the one hundred eighty days (180) prior to October 31, 2008, the date the Debtor ceased doing business, up to $10,950.00 per individual, inclusive of all other priority claims.

- As a result of Debtor's alleged failure to pay wages pursuant to contract, the affected employees may have an alleged priority claim pursuant to § 507(a)(4) of the Bankruptcy Code against the Debtor consisting of their unpaid wages other than vacation during the one hundred eighty days (180) prior to October 31, 2008, the date the Debtor ceased doing business, up to $10,950.00 per individual, inclusive of all other priority claims.

- As a result of Debtor's alleged violation of the WARN Act by ordering plant closings and/or mass layoffs without providing sixty (60) days of advance notice thereof, the affected employees may have an alleged priority claim pursuant to § 507(a)(4) of the Bankruptcy Code against the Debtor consisting of their total

---

[2] Section 507(a)(4) of the Bankruptcy Code provides that affected employees are allowed priority for certain claims, subject to a cap of $10,950.00 per person for all priority claims.

wages and benefits for the sixty (60) day violation period, up to $10,950.00 per individual (the "Priority Wage Cap"), inclusive of all other priority claims.

The Debtor and non-Debtor Defendants denied the material allegations of the Amended Complaint and asserted multiple affirmative defenses during the course of negotiations with Class Counsel, including the "unforeseeable business circumstances," the "faltering company," and the "good faith" defenses. The Debtor raised the following issues in discussions with Class Counsel, among others: (a) whether the Debtor provided adequate notice to the Class Members; (b) whether such notice was defective; (c) whether the Debtor was entitled to give less than sixty (60) days' notice because of reasonably unforeseeable business circumstances; (d) whether the Debtor was entitled to give less than sixty (60) days' notice because, at the time notice would have otherwise been required, it was seeking new capital or business that it reasonably believed, if obtained, would have obviated or substantially postponed the plant closing or mass layoff; (e) whether such search for new capital or business was commercially reasonable under the circumstances; (f) whether the Debtor has other defenses to the application of the WARN Act; (g) whether the employment losses suffered by the aggrieved employees were caused by the Debtor's failure to obtain capital or business; (h) whether the Debtor gave "as much notice as is practicable"; (i) whether the Debtor is entitled to a defense of "good faith"; (j) the computation of the amount of damages; (k) whether the Debtor is entitled to set-offs against damages for sums paid pre-petition and post-petition to employees; (l) whether attorneys' fees are to be awarded to the Class Representatives and the Class if they prevail and whether such fees are entitled to administrative priority; and (m) whether the damages are entitled to administrative priority under § 503(b)(1)(A) of the Bankruptcy Code, wage or benefit priority under §§ 507(a)(4) or (5) of the Bankruptcy Code, or are to be treated as general unsecured claims.

On _____, the Court granted class certification for settlement purposes only to the Plaintiff Class and the Defendant Shareholder Class (the "Class Certification Order"). The Class Certification Order provided for the creation of a Defendant Shareholder Class, comprising of all former Shareholders of Heller Ehrman (California), A Professional Corporation;

Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; and Heller Ehrman (China), P.C. as of August 11, 2008, or who would be members of the Defendant Shareholder Class as defined in the Amended Complaint in the Action.

The Class Certification Order also provided for (i) the appointment of Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel as Class Representatives for the Defendant Shareholder Class (collectively "Defendant Shareholder Class Representatives").

The Class Certification Order also provided for the creation of three distinct subclasses among the Plaintiff Class Members:

1.  The first subclass (the "WARN Classes") is made up of all employees of the Debtor who the Debtor terminated on, or within 30 days of, October 10, 2008 pursuant to the dissolution and mass layoff, and who did not receive 60 days of notice prior to their termination. The WARN Classes includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) so terminated other than employees who are not entitled to participate in the Settlement Agreement because: (i) they voluntarily resigned from their employment with the Debtor or were terminated for cause or good reason; or (ii) they released the Debtor from any and all claims arising out of their employment other than in connection with the Joint Plan of Liquidation of Heller Ehrman LLP the Debtor and the Committee proposed (the "Plan"); (iii) they did not work in a Heller Ehrman LLP office that employed at least 50 full-time employees; or (iv) they suffered no economic WARN damages as a result of their termination. The WARN Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

2. The second subclass (the "Vacation Classes") is made up of all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff that took place on or about October 10, 2008. The Vacation Classes includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; or (ii) they had no accrued vacation at the time of their termination. The Vacation Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

3. The third subclass (the "Unpaid Wages Class") is made up of all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff, and who are owed monies in accordance with sabbatical, wage, and/or non-discretionary bonus contracts. The Unpaid Wages Class includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; (ii) they had no contract with the Debtor for wages; (iii) they had no contract with the Debtor for payment of a non-discretionary bonus, or had not satisfied the conditions precedent of such a contract; or (iv) they had no vested sabbatical entitlement. The Unpaid Wages Class does not include any

employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

The Class Certification Order also provided for (i) the appointment of Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris as Class Representatives for the Plaintiff Class (collectively "Class Representatives"); and (ii) the designation of Blum Collins LLP as counsel to the Plaintiff Class ("Class Counsel").

Those Plaintiff Class Members who do not Opt-Out of the Class are eligible to receive the treatment described below and are referred to herein as "Eligible Class Members."

Class Counsel has conducted extensive informal discovery, including examination of voluminous documents of the Debtor, and interviews of members of the Class. Class Counsel has also analyzed the applicable law and weighed the likelihood of success, along with the Debtor and non-Debtor Defendants' legal defenses and arguments.

## THE PROPOSED SETTLEMENT

The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from either Tobias S. Keller or David M. Stern, at the addresses shown for them below. The Settlement is also available on the Bankruptcy Court's electronic docket at docket number [_____], and on Heller's website at www.hellerehrman.com. The terms of the Settlement relevant to the Eligible Class Members may be summarized as follows:

### 1. The Terms of the Settlement

Contingent on, *inter alia*, Court approval of the Settlement Agreement and confirmation of the Plan in the Debtor's bankruptcy case, Plaintiff Class Members, will receive the following treatment upon the Effective Date (as defined in the Settlement Agreement) of the Settlement Agreement:

9

- An aggregate total priority wage claim of Two Million, Nine Hundred Ninety-Four Thousand, Four Hundred Fifty-Six Dollars and Eighty Cents ($2,994,456.80) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the schedule attached as **Exhibit A** to the Settlement Agreement on account of accrued, vested and unused vacation claims earned between May 4 and October 31, 2008, up to the lesser of (i) the Priority Wage Cap; or (ii) the Plaintiff Class Member's scheduled claim for accrued, vested and unused vacation as set forth in the Debtor's schedules;

- An aggregate total priority wage claim of Sixty-Six Thousand, Nine Hundred Seventy Dollars and Twenty-Four Cents ($66,970.24) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the scheduled attached as **Exhibit A** to the Settlement Agreement on account of alleged unpaid wages (other than vacation) earned between May 4 and October 31, 2008;

- An aggregate total priority wage claim of One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00) as allowed priority claims pursuant to section 507(a)(4) of the Bankruptcy Code with individual Plaintiff Class Members having an allowed priority claim under section 507(a)(4) of the Bankruptcy Code pursuant to the schedule attached as **Exhibit A** to the Settlement Agreement on account of alleged WARN damages;

- An aggregate total allowed general unsecured claim of Four Million, Two Hundred One Thousand, Three Hundred Ninety-Five Dollars and Seventeen Cents ($4,201,395.17) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A** to the Settlement Agreement on account of allowed accrued, vested and

unused vacation claims, to be paid as and when the claims of other general unsecured creditors are paid, if so paid, pursuant to the Plan;

- An aggregate total allowed general unsecured claim of Nine Hundred Twenty Thousand, One Hundred Eighty-Three Dollars and Thirty Three Cents ($920,183.33) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of alleged unpaid wages (other than vacation) to be paid as and when the claims of other general unsecured creditors are paid pursuant to the Plan;

- An aggregate total allowed general unsecured claim of Two Million Three Hundred Fifty Thousand Dollars and Zero Cents ($2,350,000.00) with individual Plaintiff Class Members having an allowed general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A** to the Settlement Agreement, on account of alleged WARN Damages, to be paid as and when the claims of other general unsecured creditors are paid, if so paid, pursuant to the Plan; and

- An aggregate total allowed subordinated general unsecured claim of Seven Million Dollars and Zero Cents ($7,000,000.00) with individual Plaintiff Class Members having an allowed subordinated general unsecured claim in the amounts set forth in the schedule attached as **Exhibit A,** on account of alleged waiting time penalties/exemplary damages.

300004247.2

11

The following chart summarizes the various treatments of the claims of Plaintiff Class Members provided pursuant to this Settlement Agreement and the Bankruptcy Code:

| | | **Vacation** | **Bonuses/Wage Contracts** | **WARN** | **Waiting Time Penalties** | **Attorneys' Fees & Costs** |
|---|---|---|---|---|---|---|
| Administrative Priority | Total = $950,000.00 | $0 | $0 | $0 | $0 | $950,000.00 |
| Priority | Total = $4,561,427.04 | $2,994,456.80 (100% treated as priority) | $66,970.24 | $1,500,000 | $0 | $0 |
| Non-Priority | Total = $7,471,578.50 | $4,201,395.17 (allowed as non-priority general unsecured claim based on vacation entitlement) | $920,183.33 | $2,350,000 (allowed as non-priority general unsecured claim based on WARN damages) | $0 | $0 |
| Subordinated to all other allowed claims | Total = $7,000,000.00 | $0 | $0 | $0 | $7,000,000 | $0 |
| Total | $19,983,005.54 | $7,195,851.97 | $987,153.57 | $3,850,000 | $7,000,000 | $950,000 |

The aggregate claim amounts set forth above for each type of claim are based on the assumption that there are no Opt-Outs. If some Plaintiff Class Members Opt-Out of the Settlement, the actual total amount of the aggregate claims will decrease proportionately.

Any amounts received by the Plaintiff Class Members on their allowed wage priority claims pursuant to the Settlement shall reduce, dollar for dollar, the priority portion of each Plaintiff Class Members' allowed claim, if any, for unpaid wages or wage equivalents, commissions, unpaid vacation, sick leave, paid time off, failure to provide sufficient state or federal WARN notice, or any other wage equivalent or related claims.

The Settlement will not become effective if the Court does not approve it or if the number of Plaintiff Class Members that Opt-Out of the Class equals or exceeds the percentage specified in **Exhibit H** (filed under seal) to the Settlement Agreement and the Debtor, upon consultation

with the Committee, exercises the option to terminate the Settlement, or if the Court does not confirm the Plan. If the number of Plaintiff Class Members opting out of the Class equals or exceeds the percentage specified on **Exhibit H** to the Settlement Agreement, the Debtor may, upon consultation with the Committee, terminate the Settlement, within twenty (20) days after the expiration of the right of Plaintiff Class Members to Opt-Out of the Class.

In the event that any Plaintiff Class Member Opts-Out, such Opting-Out Plaintiff Class Member shall not have any rights under the Settlement and shall not have the allowed claims set forth in **Exhibit A** to the Settlement Agreement, except for undisputed claims relating to accrued, vested and unused vacation and unpaid wages, which Plaintiff Class Members are entitled to whether or not they are a party to the Settlement. A Plaintiff Class Member who timely Opts-Out out of the Settlement Agreement shall have the right to file an individual proof of claim setting forth, on an individual basis, the same claims as were set forth in the Class Proof of Claim. Such individual proof of Claim shall be deemed timely filed <u>only if</u> it is filed no later than thirty (30) days after entry of the Final Judgment, after which time such individual proofs of claim shall be time barred.

## PLAINTIFF CLASS COUNSEL FEES

Subject to approval of the Bankruptcy Court, Plaintiff Class Counsel shall have an allowed administrative claim of $950,000.00 (Nine Hundred-Fifty Thousand Dollars) against the Debtor, on account of fees and costs as a "substantial contribution" pursuant to Bankruptcy Code section 503(b)(4), so long as:

    1.    <u>At least 75% of the Plaintiff Class Members do not opt out of the Settlement;</u>

    2.    <u>the Debtor does not elect to exercise its right to terminate this Settlement Agreement because the Excessive Opt Out Percentage (specified in Exhibit H to the Settlement Agreement) is met or exceeded; and</u>

    3.    <u>the Debtor's Plan is confirmed and sufficient funds are available to allow the Debtor to pay the allowed priority claims described above in full.</u>

**RELEASE OF ALL CLAIMS OF THE DEBTOR'S FORMER EMPLOYEES AGAINST**

**YOU AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT**

Upon final approval by the Court, the Settlement will result in the dismissal of the Class Action on the merits and with prejudice to all Eligible Class Members who do not Opt-Out of the Settlement Agreement, and shall constitute a release by each such Eligible Class Member of all claims against the Debtor, the Professional Corporation Defendants, the Defendant Shareholder Class, and their respective estates which relate to or are based on the facts alleged in the Class Action, including, but not limited to claims relating to the federal and California WARN Acts, waiting time penalties/exemplary damages, wages (including, without limitation pay in lieu of sabbatical), severance, payments for accrued, vested and unused vacation or benefits under any agreement, federal, state or local law or regulation arising out of the employment or termination of the Plaintiff Class Members' employment by the Debtor.  However, the following claims are not released: (i) any obligation created by or arising out of this Settlement; (ii) rights, if any, arising under or related to any employee's Supplemental Profit Sharing Contributions pursuant to Heller Ehrman LLP's 401k Retirement Savings and Profit Sharing Plan; (iii) any claims which the law clearly states may not be released by settlement; (iv) claims and/or rights as against Bank of America, N.A. or its related companies, and as against Citibank, N.A. or its related companies; and (v) claims and/or rights against Heller Ehrman LLP relating to any malpractice claims brought against any Class Members.

By accepting the Settlement, Eligible Class Members acknowledge that they are familiar with and/or hereby are informed of the provisions of California Civil Code § 1542, which provides as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

300004247.2

14

With respect to the Claims being released hereunder, the Eligible Class Members who do not opt out of the Settlement Agreement waive and relinquish, to the fullest extent that the law permits, the provisions, rights, and benefits of California Civil Code § 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the Debtor's obligations under this Settlement Agreement. Eligible Class Members who do not Opt-Out of the Settlement Agreement acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Parties and Class Counsel in executing this Settlement Agreement to fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder.

For any Class Members who do not opt-out of this Settlement, any proofs of claim filed in excess of the individual amounts provided for in this Settlement for accrued, vested and unpaid vacation, unpaid wages pursuant to contract, including, without limitation, for sabbatical and/or severance, WARN damages and/or waiting time penalties or damages, will be disallowed to the extent it exceeds the amounts provided for in this Settlement. Further, the individual amounts provided for in this Settlement will replace any amount that appears on the Debtor's Schedules filed in its Bankruptcy Case. Any individual proofs of claim filed by any Plaintiff Class Member that asserts claims that are released by the Settlement will be disallowed and will not receive any further distribution or payment. Additionally, the Plaintiff Class Proof of Claim that asserts claims that are released by the Settlement will be deemed withdrawn and will not receive any further distribution or payment.

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement including the release you will obtain, you need do nothing.

If, on the other hand, you believe that the proposed Settlement is unfair or inadequate, you may object to the Settlement, with or without counsel. If you Opt-Out of the Class as provided below, you are not allowed to object to any provision of the Settlement on the grounds that it is not fair and reasonable to the Defendant Class Members.

You must submit your objections in writing, bearing the caption of this Class Action shown above on the first page, stating your comment or objection in detail. Your objection must be sent by first-class mail to the Clerk of the United States Bankruptcy Court for the Northern District of California, P.O. Box 7341, San Francisco, California, 94120-7341. You must also send a copy of your objection by first-class mail to: (1) Alexa L. Morgan, Esq., Fox, Wang & Morgan P.C., 160 W. Santa Clara St., Suite 700, San Jose CA 95113; (2) Kenneth H. Brown, Esq., Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111; (3) Steven A. Blum, Esq., Blum & Collins LLP, 707 Wilshire Boulevard, 48th Floor, Los Angeles, CA 90017; (4) David M. Stern, Esq., Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067; (5) Tobias S. Keller, Esq., Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104; (6) Thomas A. Willoughby, Esq., Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP, 400 Capital Mall, Suite 1450, Sacramento, CA 95814. **Objections must be received by the above no later than [_____], and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, including attorneys' fees, as described above.**

After filing a written objection, you may also appear in person or by counsel at the final hearing described below.

If you are a class member in the Defendant Shareholder Class, you have the right to Opt-Out of the Class and preserve all of your rights and defenses, if any. If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may Opt-Out of the Class by filling out the attached **Exhibit 1** (the "Opt-Out Form"), **and by**

signing and mailing that form by first-class mail to:  Kyle Everett, Development Specialists, Inc., PO Box 26426, San Francisco, CA 94111.  Development Specialists, Inc. must <u>receive</u> your election to Opt-Out of the Settlement no later than[_____].  All requests for exclusion received after that date will not be effective, and any person who sends a late request will remain a member of the Defendant Shareholder Class.

## FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

The hearing for final consideration and approval of the Settlement, including attorneys' fees to Class Counsel, is scheduled to take place on _____, 20_____, at _____ a.m. before the Honorable Dennis Montali of the United States Bankruptcy Court for the Northern District of California at 235 Pine Street, 22th Floor, San Francisco, California 94104. That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact either Tobias S. Keller at Jones Day LLP, 555 California Street, 26th Floor, San Francisco, CA 94104; or David M. Stern at Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067..

**This Settlement shall only become effective if the Bankruptcy Court approves the Settlement at the hearing for final consideration and approval of the Settlement and enters the Final Judgment dismissing the Class Action with prejudice and the Plan of Liquidation is confirmed.**

## OTHER INFORMATION

Any questions from members of the Defendant Shareholder Class concerning this Notice or the Class Action should be directed to either Tobias S. Keller at Jones Day LLP, 555 California Street, 26th Floor, San Francisco, CA 94104; or David M. Stern at Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067.  All requests for more information, including a copy of the Settlement or the moving papers filed with the court in support of the Settlement, should be sent by **first-class mail** to either Tobias S. Keller or David M. Stern to the addresses indicated above.

300004247.2

17

The Settlement shall be effective as to all Defendant Shareholder Class Members who do not opt-out of the Class; however, if the Bankruptcy Court does not approve the Settlement, or if the Debtor elects to terminate the Settlement because the Excessive Opt-Out percentage was met or exceeded, *or* the Plan of Liquidation is not confirmed, the Settlement shall not become effective.

While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the Class Action.

### ***<u>PLEASE DO NOT WRITE TO OR CALL THE COURT</u>***
### <u>CONCERNING THIS MATTER***</u>

Date:_____

_____
JUDGE OF THE U.S. BANKRUPTCY COURT,
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 1

## REQUEST FOR EXCLUSION ["OPT-OUT"] FORM

### IF YOU CHOOSE TO "OPT-OUT," THIS DOCUMENT MUST BE RECEIVED NO LATER THAN[████████████].

PLEASE MAIL THIS EXCLUSION FORM BY FIRST-CLASS MAIL TO:

*Development Specialists, Inc. at the following address:*

**Kyle Everett**
**Development Specialists, Inc.**
**PO Box 26426**
**San Francisco, CA 94111**

IT IS MY DECISION NOT TO BE INCLUDED IN THE CLASS OF DEFENDANT SHAREHOLDERS IN THE CLASS ACTION LAWSUIT REFERENCED ABOVE.

DATED: _____          _____
                                                                         (Signature)

                                                         _____
                                                                   (Type or Print Name)

_____          _____
          (Address)                                        (Telephone Number)

_____          _____
     (Address Continued)                 (Last Four Digits of Your Social Security Number)*

*The last four digits of your Social Security Number are required to match your name to the list of Defendant Shareholder Class Members. This information will not be released to any third party, and will only be used by Class Counsel and the Debtor for purposes of this Lawsuit.*

EXHIBIT "G"

# EXHIBIT 1

## REQUEST FOR EXCLUSION ["OPT-OUT"] FORM

### IF YOU CHOOSE TO "OPT-OUT," THIS DOCUMENT MUST BE RECEIVED NO LATER THAN[▮▮▮▮▮▮].

PLEASE MAIL THIS EXCLUSION FORM BY FIRST-CLASS MAIL TO:

*Development Specialists, Inc. at the following address:*

**Kyle Everett**
**Development Specialists, Inc.**
**PO Box 26426**
**San Francisco, CA 94111**

IT IS MY DECISION NOT TO BE INCLUDED IN THE CLASS OF DEFENDANT SHAREHOLDERS IN THE CLASS ACTION LAWSUIT REFERENCED ABOVE.

DATED: _____          _____
                                                                            (Signature)

                                                          _____
                                                               (Type or Print Name)

_____                    _____
         (Address)                                       (Telephone Number)

_____                    _____
   (Address Continued)                  (Last Four Digits of Your Social Security Number)*

*The last four digits of your Social Security Number are required to match your name to the list of Defendant Shareholder Class Members. This information will not be released to any third party, and will only be used by Class Counsel and the Debtor for purposes of this Lawsuit.*

EXHIBIT "H"

Case: 08-32514     Doc# 1129-5     Filed: 05/11/10     Entered: 05/11/10 21:59:11     Page 44 of 61

**\*\*REDACTED\*\***

THIS EXHIBIT HAS BEEN REMOVED
PURSUANT TO THE PROTECTIVE ORDER

**\*\*REDACTED\*\***

EXHIBIT "I"

## EXHIBIT I

| | | |
|---|---|---|
| 1. | Holly | Baudler |
| 2. | Lynne | Bendt |
| 3. | Catherine | Bibeau |
| 4. | Loretha | Brooks |
| 5. | Jennifer | Capioppo |
| 6. | Christine | Chen |
| 7. | Alexander | Chinoy |
| 8. | Ellen | Chiulos |
| 9. | Melissa | Clark |
| 10. | Justin | Conner |
| 11. | Helen | Eckert |
| 12. | Christopher | Eppich |
| 13. | Samuel | Ernst |
| 14. | Elizabeth | Field |
| 15. | Thomas | Garten |
| 16. | Petra | Gonzalez |
| 17. | Kristina | Grauer |
| 18. | Leslie | Harvey |
| 19. | Matthew | Hawkinson |
| 20. | Geraldine | Hendrickson |
| 21. | Rohna | Holman |
| 22. | Kelly | Hovey |
| 23. | Andrew | Kamins |
| 24. | Kathleen | Kinder |
| 25. | Derek | Knerr |
| 26. | Patricia | Lawton |
| 27. | Emily | Lee |
| 28. | Sharman | Loomis |
| 29. | Alexander | Lyon |
| 30. | Fred | Merz |
| 31. | Christopher | Moon |
| 32. | Terri | Newman |
| 33. | Anthony | Pazelt |
| 34. | Elizabeth | Pehrson |
| 35. | Lakeisha | Poole |
| 36. | Lesli | Rawles |
| 37. | Heather | Rories |
| 38. | Shari | Rose |
| 39. | Evan | Rosenbaum |
| 40. | Melissa | Sackin |
| 41. | Nathan | Shafroth |
| 42. | Dan | Shang |
| 43. | Anupam | Sharma |
| 44. | Owais | Siddiqui |
| 45. | David | Sills |

## EXHIBIT I

| 46. | Regina | Smith |
|---|---|---|
| 47. | Kimberley | Sydorak |
| 48. | Winslow | Taub |
| 49. | Ann | Taylor |
| 50. | Marla | Villegas |
| 51. | Paul | Wilson |

300000458.1

EXHIBIT "J"

## Exhibit J

## Summary Plaintiff Class Notice

To be posted on the Debtor's website (www.hellerehrman.com) no later than 10 business days after the Bankruptcy Court issues a Preliminary Order preliminarily approving the Settlement. This notice shall remain on the Debtor's website for a period of not less than 90 days following entry of the Preliminary Order.

The following statement is issued by Fox, Wang & Morgan P.C. and Blum Collins LLP pursuant to an order of the United States Bankruptcy Court of the Northern District of California (the **_Bankruptcy Court_**"):

THIS NOTICE IS DIRECTED TO ALL FORMER HELLER EHRMAN LLP EMPLOYEES WHO HELLER EHRMAN LLP TERMINATED FROM EMPLOYMENT WITHOUT CAUSE AS PART OF OR AS THE REASONABLY EXPECTED CONSEQUENCE OF THE MASS LAYOFFS AND PLANT CLOSING THAT OCCURRED ON OR AFTER OCTOBER 10, 2008.

This is a Summary Notice of a class settlement ("Settlement") of the _Biggers, et al. v. Heller Ehrman LLP, et al._, putative class action (the "_Biggers_ Action") that has been preliminarily approved by the United States Bankruptcy Court of the Northern District of California ("Court") and may affect your rights. The Settlement resolves claims relating to Heller Ehrman LLP's ("Heller") alleged failure to pay wages, including the value of accrued, vested and unused vacation under various state laws, wages owed pursuant to contract, the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. §§ 2101 _et seq._) (the "WARN Act"), and the California Worker Adjustment and Retraining Notification Act, (California Labor Code §§ 1400 et seq,), to employees whose employment was terminated on or after September 26, 2008. This Notice does not apply to employees who were terminated, voluntarily or involuntarily, prior to September 26, 2008. This Notice also does not apply to any former Shareholders of Heller's partners or to individuals who held the title Of Counsel or Senior Of Counsel at the time of termination.

If this notice applies to you, you may be entitled to certain benefits under the settlement including allowed claims against Heller for any undisputed vacation/unpaid wages and/or alleged federal or California WARN Act violations.

It is important to know that on December 28, 2008, Heller filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating the Chapter 11 Case under Case Number 08-32514, in the United States Bankruptcy Court of the Northern District of California (the "Bankruptcy Proceeding"). As part of the Bankruptcy Proceeding, Heller and the Official Committee of Unsecured Creditors filed a Joint Plan of Liquidation (the "Plan"). This Settlement shall only become effective if the Bankruptcy Court approves the Settlement at the hearing for final consideration and approval of the Settlement and enters the Final Judgment dismissing the Class Action with prejudice, and the Plan of Liquidation is confirmed.

If this Notice applies to you, you should read carefully the Full Settlement Notice, which may be obtained online at [insert link to Heller website]. The Full Settlement Notice contains a complete description of the class and the case. Please do not contact the Bankruptcy Court or Heller or Heller's counsel with questions. Instead, please contact _Biggers_ Class Counsel, Blum Collins LLP at 707 Wilshire Blvd., 48th Floor, Los Angeles, CA 90017, or at 213-572-0400 or by email at _____.

# EXHIBIT "K"

1  FOX, WANG & MORGAN P.C.
   John C. Fox (Bar No. 135668)
2  jfox@manatt.com
   Alexa L. Morgan (Bar No. 234911)
3  amorgan@manatt.com
   160 W. Santa Clara Street, Suite 700
4  San Jose, CA 95113
   Telephone: 408-844-2350
5  Fax: 408-844-2351

6  Attorneys for Defendants,
   HELLER EHRMAN LLP, HELLER EHRMAN (CALIFORNIA), A PROFESSIONAL
7  CORPORATION, HELLER EHRMAN (WASHINGTON), P.S., HELLER, EHRMAN, WHITE
   & MCAULIFFE (OREGON), P.C., HELLER EHRMAN (ALASKA), P.C., HELLER EHRMAN
8  (NEW YORK), A PROFESSIONAL CORPORATION, AND HELLER EHRMAN (CHINA),
   P.C.
9
   PACHULSKI STANG ZIEHL & JONES LLP
10 Kenneth H. Brown (Bar No. 100396)
   kbrown@pszjlaw.com
11 John D. Fiero (Bar No. 136557)
   jfiero@pszjlaw.com
12 150 California Street, 15th Floor
   San Francisco, CA 94111-4500
13 Phone:  415-263-7000
   Fax:  415-263-7010
14
   Attorneys for Defendant,
15 HELLER EHRMAN LLP

16 BLUM COLLINS LLP
   Steven A. Blum (Bar No. 133208)
17 blum@blumcollins.com
   Craig M. Collins (Bar No. 151582)
18 collins@blumcollins.com
   707 Wilshire Boulevard, 48th Floor
19 Los Angeles, California 90017
   Phone:  213-572-0400
20 Fax:  213-572-0401

21 BLASBERG & ASSOCIATES
   Teresa A. Blasberg (Bar No. 105473)
22 tablasberg@earthlink.net
   526 N. Juanita Ave
23 Los Angeles, CA 90004
   Phone: 323-515-3578
24 Fax: 323-661-2940

25 Attorneys for Plaintiffs and the Putative Class

26 FELDERSTEIN, FITZGERALD, WILLOUGHBY & PASCUZZI LLP
   Thomas A. Willoughby (Bar No. 137597)
27 twilloughby@ffwplaw.com
   400 Capital Mall, Suite 1450
28 Sacramento, California 95814-4434

1  Phone: 916-329-7400
   Fax: 916-329-7435

2

   Attorneys for Official Committee of Unsecured Creditors

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

300001470.1

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

HELLER EHRMAN LLP,

Debtor,

DEBORA K. BIGGERS, CARL
GOODMAN, ANNA SCARPA, and
MARJORIE NORRIS, individually, and on
behalf of all others similarly situated,

Plaintiffs,

vs.

HELLER EHRMAN LLP, a California
Limited Liability Partnership; HELLER,
EHRMAN, WHITE & McAULIFFE, A
PROFESSIONAL CORPORATION, a
California professional corporation;
HELLER, EHRMAN, WHITE &
McAULIFFE (WASHINGTON), P.S., a
Washington professional corporation;
HELLER, EHRMAN, WHITE &
McAULIFFE (ALASKA), P.C., an Alaska
professional corporation; HELLER,
EHRMAN, WHITE & McAULIFFE, A
PROFESSIONAL CORPORATION, a New
York professional corporation; HELLER
EHRMAN (CHINA), P.C., a District of
Columbia professional corporation;
MATTHEW LARRABEE, individually and
on behalf of those similarly situated;
ROBERT HUBBLE, individually and on
behalf of those similarly situated; STEVEN
KOPPEL, individually and on behalf of those
similarly situated; MARIE FIALA,
individually and on behalf of those similarly
situated; MARK WEEKS, individually and

Case No. 08-32514
Chapter 11

**ADVERSARY PROCEEDING**
**Ad. Pro. Case No. 09-03058**

**[PROPOSED] FINAL ORDER**
**APPROVING SETTLEMENT BETWEEN**
**THE DEBTOR, NON-DEBTOR**
**DEFENDANTS, THE COMMITTEE AND**
**THE PLAINTIFF CLASS**

The Honorable Dennis Montali

First Amended Complaint filed April 23, 2009

on behalf of those similarly situated; LYNN
LOACKER, individually and on behalf of
those similarly situated; BARRY LEVIN,
individually and on behalf of those similarly
situated; KENNETH CHERNOF,
individually and on behalf of those similarly
situated; LAWRENCE KEESHAN,
individually and on behalf of those similarly
situated; ROBERT ROSENFELD,
individually and on behalf of those similarly
situated; PETER BENVENUTTI,
individually and on behalf of those similarly
situated; and JONATHAN HAYDEN,
individually and on behalf of those similarly
situated,

                    Defendants.

The Court, having considered the Joint Motion for Final Approval of Class Settlement dated _____, 2010 on behalf of the above-captioned debtor and debtor in possession ("Debtor"); Heller Ehrman (California), A Professional Corporation, Heller Ehrman (Washington), P.S., Heller, Ehrman, White & McAuliffe (Oregon), P.C., Heller Ehrman (Alaska), P.C., Heller Ehrman (New York), A Professional Corporation, and Heller Ehrman (China), P.C. (collectively the "Professional Corporation Defendants"); the Official Committee of Unsecured Creditors of the Debtor ("the Committee"); and all former employees of Heller Ehrman LLP who worked at or reported to one of the Debtor's facilities and who Heller Ehrman LLP terminated without cause on or after October 10, 2008 as part of or as the reasonably expected consequence of a mass layoff or plant closing at the Facilities (collectively hereinafter the "Plaintiff Class" and individually hereinafter referred to as "Plaintiff Class Member"), for an order approving the proposed Compromise and Settlement Agreement (the "Settlement Agreement")[1] settling wage class claims and certain other claims (the "Joint Motion"). The Court finds:

A.      The Court has entered an Order on _____, 2010 granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting-out and objections to be given to all Plaintiff Class Members and the Defendant Shareholder Class;

B.      Due notice has been given to the Plaintiff Class and the Defendant Shareholder Class of the proposed Settlement Agreement, the right to opt-out of the respective class, the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Compromise and Settlement Agreement, as appropriate.

300001470.1

C. The Court held a fairness hearing on _____, 2010 to consider final approval of the Settlement Agreement;

D. All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement;

E. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure;

F. The terms of the Settlement Agreement are in the best interests of the Debtor's estate;

G. The Settlement Agreement was negotiated at arms length and in good faith, is fair equitable and in the best interests of the Debtor's estate; and

H. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, attached hereto as **Exhibit 1**, is APPROVED as fair and reasonable. The parties are authorized to implement its terms.

2. Upon the Effective Date, any and all claims that have been scheduled on behalf of, or filed by, the Plaintiff Class or the Plaintiff Class Member who have not opted out of the Settlement Agreement in this chapter 11 case, for any and all claims which relate to or are based on the facts alleged in the Individual Proofs of Claim or the Amended Complaint including, but not limited to, claims relating to the federal and California WARN Acts, waiting time penalties/exemplary damages, or wages, severance, payments for accrued, vested and unused vacation or benefits under any federal, state or local law or regulation arising out of the employment or termination of the Plaintiff Class Members' employment by the Debtor, including, but not limited to: (i) all claims asserted or that could have been asserted in the

300001470.1

6

Amended Complaint; (ii) the WARN claims; and (iii) any other claims for vacation, back or severance pay, wages, or benefits based on or arising out of any federal, state or local statute, ordinance or regulation, are disallowed and expunged in their entirety.

3. The Class Proof of Claim is hereby deemed withdrawn, expunged and disallowed. A Plaintiff Class Member who timely Opts-Out out of the Settlement Agreement shall have the right to file an individual proof of claim setting forth, on an individual basis, the same claims as were set forth in the Class Proof of Claim. Such individual proof of Claim shall be deemed timely filed only if it is filed no later than thirty (30) days after entry of this Final Judgment, after which time such individual proofs of claim shall be time barred.

4. Upon the Effective Date, this Order shall operate as a full and final release and discharge, by all members of the Class, that do not opt-out of the Settlement Agreement, for and on behalf of themselves, and their respective predecessors, successors assigns, (collectively, the "Releasing Parties"), of the Shareholder Liquidation Trust, the Debtor, the non-Debtor Defendants, the Debtor's estates, the non-Debtor Defendants' estates, the Defendant Shareholder Class and its Members (except those who have Opted-Out of the Settlement Agreement and their estates, the Debtor's and Professional Corporation Defendants' current and former parents, liquidating trustee, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys'

300001470.1

7

fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on accrued, vested, and unused vacation, federal and state WARN Acts; wages due under contract; or severance pay or benefits arising out of the termination of the employment of the Plaintiff Class or the Plaintiff Class Members by the Debtor, including, but not limited to: (i) all claims asserted or that could have been asserted in the Class Action; (ii) claims based on the federal and/or California WARN Acts; (iii) waiting time penalties and damages; (iv) the Individual Proofs of Claim and the Class Proof of Claim; and (v) any other claims for back or severance pay or wages or benefits based on or arising out of any federal, state, or local statute, ordinance or regulation, provided, however, that the following claims and/or rights of the Plaintiff Class or Plaintiff Class Members shall not be released by this Order: (i) any obligation created by or arising out of this Settlement; (ii) rights, if any, arising under or related to any employee's Supplemental Profit Sharing Contributions pursuant to Heller Ehrman LLP's 401k Retirement Savings and Profit Sharing Plan; and (iii) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to hereafter as the "Claims." All rights of the Debtor, non-Debtor Defendants and the Committee to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed under the Agreement, are expressly reserved.

5. The administrative claim of attorneys' fees and costs to Class Counsel as set forth in the Settlement Agreement shall be allowed pursuant to the terms of the Settlement Agreement and this order.

300001470.1

6.      The Adversary Proceeding styled *Debora K. Biggers, et al. v. Heller Ehrman LLP, et al.*, which is presently pending in the Bankruptcy Court as Adversary Proceeding No. 09-03058 ("Class Action"), is hereby dismissed, <u>with prejudice</u>, with each party to bear its own costs except as provided in the Settlement Agreement and this Order.

7.      Nothing in this Order, the Settlement Agreement or any of the pleadings and papers filed in support of the approval of the Settlement Agreement constitute a waiver of any right of the Debtor, the non-Debtor Defendants, the Defendant Shareholder Class Members, their estates or their successors or assigns, to assert against the persons listed on Exhibit A to the Settlement Agreement any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or non-bankruptcy claims.

This Court shall retain jurisdiction, even after the closing of this bankruptcy case, with respect to all matters arising from or related to the implementation of this Order.

Date:_____        _____
                                       JUDGE OF THE U.S. BANKRUPTCY COURT,
                                       NORTHERN DISTRICT OF CALIFORNIA

300001470.1