# EXHIBIT G

# MAIN SPECIAL LITIGATION COUNSEL AGREEMENT FOR LEGAL SERVICES

This "**MAIN SPECIAL LITIGATION COUNSEL AGREEMENT FOR LEGAL SERVICES**" (Agreement) is made at San Francisco, California, between McGRANE GREENFIELD LLP, a California limited liability partnership, VALLE MAKOFF LLP, and SCHNADER HARRISON SEGAL & LEWIS LLP (collectively, Attorneys) on the one hand, and the Official Committee of Unsecured Creditors of Heller Ehrman LLP (Official Committee) and any duly appointed successor to the Official Committee and to the Bankruptcy Estate (collectively, Client). The Official Committee has proposed Michael Burkart as the Plan Administrator for the debtor's post confirmation estate in a bankruptcy case entitled *In re Heller Ehrman LLP,* United States Bankruptcy Court for the Northern District of California (San Francisco Division), Case No. 08-32514 DM (Heller Bankruptcy Case).

1.      **Scope of Services**.

Client retains Attorneys to represent it in bringing claims on behalf of debtor's estate in the Heller Bankruptcy Case (Debtor's Estate) and to perform legal services in connection with such matters. Attorneys will provide those legal services reasonably required to represent Client and, through Client, prosecute claims that Client chooses to bring on behalf of the Debtor's Estate, and defend claims against the Debtor's Estate, in all matters generally described as the prosecution of claims for money damages and defense of claims against Client by (a) former shareholders of Heller Ehrman, LLP that have not resolved such claims as of the Effective Date of this Agreement as defined in

Case: 08-32514   Doc# 1129-8   Filed: 05/11/10   Entered: 05/11/10 21:59:11   Page 2 of 31

paragraph 19; (b) claims against former shareholders and/or successor law firms under the doctrine of *Jewel v. Boxer* and unfinished business theories; (c) the Ronald A. Katz entities; (d) Covington & Burling, LLP and certain former Heller Ehrman LLP partners in the intellectual property practice group; (e) Greenberg Traurig, LLP; and (f) Ernst & Young. These various persons and entities are listed on Exhibit 1 hereto and the prosecution of such claims is hereafter collectively referred to as the Heller Claims Out. The defense of any claims in against Client by the same persons and entities listed on Exhibit 1 are collectively referred to as the Heller Claims In. The Heller Claims Out and Heller Claims In are hereafter sometimes collectively referred to as Heller Claims.

2. **Responsibilities of Attorneys and Client**.

Attorneys will perform legal services for Client respecting Heller Claims, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will fully cooperate with Attorneys in Attorneys' providing of legal services to Client hereunder (including keeping Attorneys reasonably informed of developments and complying with all reasonable requests of Attorneys in connection with the subject matter(s) of the representation), not seek to require Attorneys to commit any unlawful act or other action in violation of Attorneys' professional ethics, and timely make any and all payments required by this Agreement.

3. **Establishment and Maintenance of Litigation Reserve Account**. Client shall, as part of a plan of reorganization, establish a litigation reserve account (the Litigation Reserve Account) from which Hourly Fees and Costs and Expenses (as those terms are defined, *infra*) for this engagement and the costs and expenses incurred in

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 3 of 31

Adversary Proceeding No. 09-03071 now pending against Bank of America, N.A. and Citibank, N.A. (Bank Case), which is the subject of the Agreement for Legal Services attached as Exhibit 2, shall be disbursed over the first two years following the Effective Date (defined *infra* in paragraph 19) of this Agreement. The Litigation Reserve Account shall initially be funded with the sum of three million five hundred thousand dollars ($3,500,000). Should Client, in its discretion, fund the Litigation Reserve Account by an additional three million dollars ($3,000,000) before the expiration of the first two years following the Effective Date, the Pure Contingency provisions of this Agreement (as the term Pure Contingency is defined in paragraph 7 below) shall become null and void and Attorneys compensation shall then be limited to Hourly Fees and Costs and Expenses capped at six million five hundred thousand dollars ($6,500,000) plus the Contingent Fee Kicker, as that term is defined in paragraph 5 below. At the conclusion of all matters covered by this Agreement, any balance in the Litigation Reserve Account shall be distributed to Client.

4. **Hourly Legal Fees**.

Subject to the Monthly Cap (defined below in paragraph 10), and as long as there are sufficient funds in the Litigation Reserve Account, Client shall consent to payment of Attorneys from the Litigation Reserve Account by the hour for all legal services rendered under this Agreement at the flat rate of three hundred and fifty dollars ($350) an hour for all partners, two hundred twenty-five dollars ($225) an hour for all associates and/or attorneys who are of counsel to Attorneys, as well as ninety dollars ($90) an hour for all law clerks, paralegals, and case clerks (Hourly Legal Fees). The Hourly Legal Fees

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 4 of 31

charged by Attorneys will be based on the time spent by Attorneys' partners, associates, and/or attorneys who are of counsel to Attorneys as well as law clerks, paralegals, and case clerks.

5. **Contingent Fee Kicker to Hourly Legal Fee**.

For the first 24 months of the retention, and if 24 months after the Effective Date Client has funded the additional $3,000,000.00 into the Litigation Reserve Account as provided for in paragraph 3 above, and subject to the Bankruptcy Court's right to award Attorneys' lesser compensation as set forth in 11 United States Code section 330, Client shall pay Attorneys the greater of (1) compensation consisting of Hourly Legal Fees plus Costs and Expenses previously received from the Litigation Reserve Account under this Agreement (as Costs and Expenses are defined in paragraph 9 below) or (2) compensation equal to eighteen percent (18%) of the amount of any consideration, however described, received by Client on account of the Heller Claims Out less any monies previously paid Attorneys by Client under this Agreement (the Contingent Fee Kicker). The Contingent Fee Kicker shall not be increased by any consideration in the form of reduced exposure by Client on account of Heller Claims In. The Contingent Fee Kicker shall be paid at the conclusion of the prosecution and defense of all claims litigated by Attorneys and McGrane Greenfield, LLP on behalf of the Debtor's Estate related to the Heller Bankruptcy Case, including the Bank Case.

6. **Limited Liability of Client for Fees and Costs.**

The only obligation of Client is to undertake best efforts to cause the Debtor's Estate to pay to Attorneys the fees and costs owed under this Agreement and neither the individual members of the Official Committee nor any successor to the Official Committee shall have any obligation personally to make any payments required under this Agreement.

7. **Conversion from Hourly Fee Plus Contingent Fee Kicker to Pure Contingency**.

If after 24 months, Client elects not to deposit the additional $3,000,000.00 pursuant to the provisions of paragraph 3 above, and again subject to the Bankruptcy Court's right to award Attorneys lesser compensation as set forth in 11 United States Code section 330, Client shall pay Attorneys compensation equal to eighteen percent (18%) of the amount of any Consideration, as hereinafter described, received by Client on account of the Heller Claims Out, less a fifty percent (50%) offset for any monies previously paid Attorneys under this Agreement by Client if, and only if, two years from the Effective Date of this Agreement, Client shall prove either unable and/or unwilling to pay Attorneys their Hourly Legal Fees and Costs and Expenses (as Costs and Expenses are defined in paragraph 9 below) upon receipt of Attorney Billings and subject to the Monthly Cap (as Attorney Billings and the Monthly Cap are defined below) on the terms set forth below (Pure Contingency). "Consideration" means the amount actually recovered by the Debtor's Estate on the Heller Claims Out by reason of a judgment or a settlement of the Heller Claims Out. Thus, while Attorneys shall continue to be obliged

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 6 of 31

to defend the Heller Claims In under this Agreement should their compensation become subject to the Pure Contingency, the Pure Contingency shall not be increased by any consideration in the form of reduced exposure by Client on account of Heller Claims In.

8. **Staffing and Association of Attorneys**. Attorneys may assign attorney and non-attorney personnel from the firms of Attorneys as Attorneys deem appropriate to provide representation to Clients.

9. **Costs and Expenses**.

a. **In General**. Attorneys may incur various costs and expenses in performing legal services under this Agreement. These costs and expenses commonly include process servers' fees, fees fixed by law or assessed by courts and other agencies, court reporter fees, long distance telephone calls, word processing fees, messenger and other delivery fees, postage, parking and other local travel expenses, photocopying (including in-house photocopying) and other reproduction costs, facsimile transmission, charges for computer research, and other similar items (Costs and Expenses).

b. **Out-of-Town Travel**. Costs and Expenses also include transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorneys.

c. **Experts, Consultants and Investigators**. Costs and Expenses also include the cost of expert witnesses, consultants or investigators. Attorneys will select any expert witnesses, consultants or investigators to be hired, in consultation with Clients.

10.    **Billing Statements**.  Attorneys will send Client monthly statements for Hourly Fees, Costs and Expenses incurred under this Agreement (Attorney Billings). Client shall cause the Debtor's Estate to pay Attorney Billings promptly upon receipt, provided, however, that Client shall have no obligation in any given month to have the Debtor's estate pay Attorney Billings, regardless of amount, at a rate of more than one hundred and sixty two thousand, five hundred dollars ($162,500) per month on account of any Attorney Billing to be paid solely from the Litigation Reserve Account (Monthly Cap).  Attorney Billing shall carry past due balances forward and any and all such unpaid balances, subject always to the Monthly Cap, shall be paid by Client in the ordinary course.

11.    **Contingent Fee Kicker Reserve**.  Upon the receipt of any monies received as recoveries on account of the Heller Claims Out, Client shall establish and fund a reserve sufficient to pay at the conclusion of the prosecution and defense of all claims litigated by Attorneys and McGrane Greenfield, LLP on behalf of the Debtor's Estate related to the Heller Bankruptcy Case, including the Bank Case, any Contingent Fee Kicker based on the recoveries actually received under this Agreement.

12.    **Discharge and Withdrawal**.  Client may discharge Attorneys at any time by written notice to Attorneys, effective upon receipt by Attorneys.  Attorneys may likewise terminate this representation for good cause with the approval of the Bankruptcy Court, subject to Attorneys' obligation to provide reasonable transition assistance to new counsel of Client's choice and subject to any requirement that Attorneys obtain court permission for withdrawal.

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 8 of 31

When Attorneys' services to Client are concluded (upon receipt of notice of discharge or withdrawal), Attorneys will provide no further services and advance no further costs on Client's behalf, except as may be expressly agreed to in a writing signed by Attorneys and Client. If Attorneys are Client's attorneys of record in any proceeding, Clients will execute and return a substitution-of-attorney form immediately on its receipt from Attorneys. Notwithstanding such discharge or withdrawal, the Debtor's Estate will remain obligated to pay Attorneys at the agreed rates for services provided and to reimburse Attorneys for all costs advanced prior to the discharge or withdrawal. After Attorneys' services are concluded, Attorneys will, at Client's request and expense and as required by California Rule of Professional Conduct 3-700(D)(1), deliver Client's original file(s) to Client, along with any of Client's funds or property in Attorneys' possession. In the event Client requests the return of Client's original file(s), Attorney shall have the right to make and retain a copy of Client's file(s) and Client shall be responsible for all costs of copying same.

13. **Destruction of Clients Files.** Following discharge, withdrawal or final conclusion of the matter(s) for which Attorneys services were engaged, Attorneys shall maintain their original file in storage for a minimum of five years. At the end of the five-year period, Attorneys shall notify Client in writing at the last known address for Client of its intent to destroy the original files. Client shall have two weeks from such notification to inform Attorneys in writing of Client's intent to take custody of the original files instead of allowing destruction. Client shall then have 30 days in which to take custody of the Client matter(s) files. If Client fails to notify Attorneys of its intent to

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 9 of 31

take custody of the original files or fails to take physical custody of the files in the time allotted, Attorneys shall destroy the Client matter(s) files.

14. **Disclaimer of Partnership**. While Attorneys have agreed to enter into a single Agreement with Client, and to cooperate, coordinate and share in furtherance of Client's interests, Attorneys are separate law firms and shall not be deemed a partnership or relationship for which the acts of one law firm or its agents may be imputed to another. The relationship between the law firms shall be publicly described by all of the law firms, and by Client, as that of co-counsel only.

15. **Modification**. This Agreement may only be modified by a writing signed by all of the parties or an order of the bankruptcy court.

16. **Severability**. If any provision of this Agreement is held, in whole or in part, to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

17. **Key Man Provision**. Attorneys agree that William McGrane and/or Christopher Sullivan are crucial components of this retention agreement. If one or either of them change firms and/or are unable to continue to work on these matters, Clients reserve the right to change firms and Attorneys agree not to assert *Jewel v. Boxer* claims against a successor firm.

18. **Entire Agreement**. This Agreement constitutes the entire agreement between Attorneys and Client. No other agreement, statement or promise made on or before the Effective Date (defined below in paragraph19) of this Agreement will be binding on the parties or any of them.

19.    **<u>Effective Date</u>**.  This Agreement will take effect upon its full execution and approval by a final, non-appealable order of the Bankruptcy Court of the Debtor's Plan of Confirmation and the employment of the Attorneys under the terms of this Agreement (Effective Date).

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 11 of 31

"Attorneys"

DATED: ___, 2010        McGRANE GREENFIELD LLP


By:_____
     WILLIAM McGRANE
     Its Partner


DATED: ___, 2010        VALLE MAKOFF LLP


By:_____
     JEFFREY MAKOFF
     Its Partner


DATED: ___, 2010        SCHNADER HARRISON SEGAL & LEWIS LLP


By:_____
     KEVIN COLEMAN
     Its Partner


"Client"

DATED: __, 2010        OFFICIAL COMMITTEE OF UNSECURED
                       CREDITORS OF HELLER EHRMAN LLP


By: _____
     Theresa Hoyt
     Authorized Signatory for BREF 333, LLC,
     Its Chairperson

Case: 08-32514   Doc# 1129-8   Filed: 05/11/10   Entered: 05/11/10 21:59:11   Page 12 of 31

# Exhibit 1

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 13
of 31

EXHIBIT 1 TO AGREEMENT

**<u>Names of Heller Claims Entities</u>**

A2D Licensing Technology LP
Arnold & Porter
Baker & McKenzie
Blank Rome
Brown Rudnick
Brownstein Hyatt Farber Schreck
Cooley Godward
Covington & Burling LLP
Davis Wright Tremaine
Day Pitney
Decked
Dewey & LeBoeuf
Ernst & Young
Foley & Lardner
Foster Pepper
Gibson Dunn
Goodwin Procter
Greenberg Traurig, LLP
Gunderson Dettmer
Heller Ehrman (Alaska), P.C., a Professional corporation
Heller Ehrman (California), a Professional Corporation
Heller Ehrman (China), P.C., a Professional Corporation
Heller Ehrman (New York) P.C., a Professional Corporation
Heller Ehrman White & McAuliffe (Washington), P.S.
Heller Ehrman White & McAuliffe (Oregon), P.C.
Hellman & Friedman
Hogan & Hartson
Howrey LLP
Jones Day
Kasowitz Benson
Kim Law Advisors
Law Offices of Ray Hixson
Locke, Lord Bissel & Liddell
Luce Forward
Marten Law Group
Milbank
Montgomery & Hansen
Orrick, Herrington & Sutcliffe
Patton Boggs
Paul Hastings
Perkins Coie

# EXHIBIT 1 TO AGREEMENT

Pillsbury Winthrop Shaw
Proskauer Rose
Ronald A. Katz Technology Licensing LP
Schiff Harden
Sheppard Mullin
Sidley Austin LLP
Sonnenschein Nath & Rosenthal
Stoel Rives
Stradling Yocca Carlson & Rauth
Summit Law Group
Tarter Krinsky & Drogin
The Law Office of John W. Wolfe
The Law Offices of Paul B. Mohler PLC
Virtual Law Partners
White & Case
White & Lee
Wilmer Hale
Wilson Sonsini
Winston & Strawn

Case: 08-32514    Doc# 1129-8    Filed: 05/11/10    Entered: 05/11/10 21:59:11    Page 15 of 31

# EXHIBIT 1 TO AGREEMENT

## **Names of Heller Claims Individuals**

Alaily, Rima
Alexander, Paul
Andrews, Craig
Angland, Joseph
Appelman, Daniel
Armao, Joseph
Armstrong, Aaron
Arnold, Joy
Aronow, Geoffrey
Asher, Robert
Azcuenaga, Mary
Badal, Robert
Bailey, Ed
Barash, Louisa
Barringer, William
Batalov, Leo
Bautista, John
Bell, Bernard
Ben-Ami, Andrew
Benassi, John
Benner, Scott
Benudiz, Peter
Benvenutti, Peter
Berman, Stan
Bjerke, Bruce
Blankenheimer, Alan
Blawie, Elias
Blears, Norman
Blum, Lora
Bomse, Stephen
Booth, Paul
Brandt-Erichsen, Svend
Brody, Sara
Brosnahan, Brian
Brown, George
Browne, Maureen
Brownstein, David
Bruner, Becky
Buehler, Robert
Burke, Kevin
Burningham, Ross

3

# EXHIBIT 1 TO AGREEMENT

Burns, Timothy
Burnstein, Michael
Byrnes, Andrew
Caro, Howard
Carothers, Jo
Cha, Joseph
Charles, Pamela
Charlson, Michael
Chernof, Kenneth
Chiu, Johnny
Cohen, Brent
Cohen, Matthew
Cohen, Michael
Cohen, Nancy
Cohen, Russell
Cole, Adam
Collins, Kevin
Corwin, Leslie D.
Crupi, Karen M.
Culligan, Kevin J.
Curtis, Jr., Charles
Danelo, Peter
Davis, Paul
Davis, Stephen
Deming, Renee
Dempsey, Karen
DeNatale, Richard
Dick, Brett
Dixon, Megan
Donnelly, Thomas
Dotten, Michael
Downey, Martin
Downs, Paul
Dreger, Ginger
Dunn, Christopher
Dunne, Daniel
Durling, James
Eaton, Richard
Edelman, Daniel
Erickson, Sonya
Faber, Mike
Fagan, Joseph
Feldman, Leonard

4

EXHIBIT 1 TO AGREEMENT

Feldstein, Steven
Ferruolo, Stephen
Fiala, Marie
Fram, Robert
Fredericks, Jr., Wesley
Freeman-Gleason, Alison
Freiberg, Charles
Fuller, Chad
Gamsky, Michael
Gartrell, Garth
Gavenman, Jon
Gibney, Jr., Robert
Gibson, Nora
Gillette, Patricia
Glass, Todd
Glusky, Shon
Goldberg, Stephen
Goldman, Beth
Goldstein, David
Goldstein, Richard
Goodwin, David
Granados, Patricia
Greer, George
Gregoratos, Barbara
Grew, Chris
Grimm, Richard
Guse, Kyle
Gussis, Chrysanthe
Gutierrez, Heidi
Halbe, Shai
Hall-Jones, David
Hanish, John
Hanley, Jr., John
Harth, David
Haskett, Christine
Haslam, Robert
Hatch, Marcia
Hawk, Robert
Hayden, Jonathan
Hays, James
Hecker, Peter
Hendricks, Sharon
Henneberry, Ted

5

EXHIBIT 1 TO AGREEMENT

Hixson Jr., Ray
Hobel, Lawrence
Hoxie, Timothy
Hubbell, Robert
Hulse, Brian
Hurst, Annette
Isacson, John
Jacobs, Alan
Jaeger, Chuck
Jargiello, David
Jenett, Bruce
Johnson, Carl
Jones, David
Joyce, Ed
Jurata, Jahn
Kagnoff, Michael
Katz, Ronald A.
Kaufman, Rick
Keeshan, Lawrence
Keller, Donald
Kelly, Kevin
Kim, Ted
Kirschner, Kenneth
Kjelland, Kurt
Klein, David
Kleinfeld, David
Koppel, Steven
Kulka, Holly
Kumar, Johnny
Landry, John
Larrabee, Matt
Laub, David
Leal, Heather
Lee, David
Leskovsek, Natasha
Levin, Barry
Li, Ying
Livingston, Andrew
Loacker, Lynn
Luk, Simon
Luna, Felix
MacCormack, Scott
Maeder, Gary

EXHIBIT 1 TO AGREEMENT

Mahaley, Peri
Maloney, Teresa
Mangan, Brendan
Mann, Margaret
Marcus, Jeffrey
Markman, Michael
Marks, Jerry
Martin, Richard
Martiniak, Chris
McLaughlin, Joseph
McLean, Anna
Medearis, Mark
Miles, Judy
Miller, Keith
Miller, Sheryl
Milstein, Hal
Mohler, Paul
Moore, Alfred
Morrissey, Michael
Murr, Ryan
Myers, Marty
Nadler, Carl
Nellermoe, Leslie
Neuman, Bill
Newton, Steve
Nichols, Martin
Niemann, Angela
O'Dowd, Sarah
Olson, James
Palmer, Jonathan
Parker III, Warrington
Parker, Richard
Parris, Mark
Paulson, David
Paye, Amy
Payson, Kenneth
Penfold, Richard
Penwarden, Struan
Percival, Donald
Pers, Jessica
Phillips, Lori
Phillips, Michael
Pierson, Kit

7

# EXHIBIT 1 TO AGREEMENT

Plimack, Michael
Plumer, Mark
Popovic, Neil
Porter, Daniel
Prout, Christopher
Pym, Bruce
Reid, Russell
Rennert, Stuart
Rewinski, Jon
Rheaume, Warren
Rice, Dale
Robertson, John
Rocco, Victor
Rosenfeld, Bob
Rosenkranz, Josh
Rubin, Harry
Ruffin, Edmund
Rugen, Michael
Russell, Bernard
Ryan, Nicole
Saber, Bruce
Sandercock, Colin
Schai, Randall
Schildkraut, Marc
Schwab, Douglas
Seddon, Nicholas
Sellers, John
Shapland, David
Sheen, Raymond
Shepard, Michael
Shuldberg, Kirt
Shulman, Carren
Siemens, Rene
Silverman, Dan
SkiIton, John
Smith, Brian
Smutny, David
Snider, Darryl
Sobin, Sturgis
Speyer, James
Stoler, Jonathan
Stoll, Christopher
Stuart, Cole

8

EXHIBIT 1 TO AGREEMENT

Subhedar, Nitin
Sugarman, Paul
Templeman, Blaine
Thacker, Jeff
Thau, Stephen
Thayer, Patricia
Thompson, Carol Lynn
Thorp, Michael
Titelbaum, Dan
Tobiason, Thomas
Toner, Kevin
Tonsfeldt, Steven
Torgerson, James
Trodella, Robert
Trubitt, Hayden
Tucker, Barry
Ulin, John
Umberger, Michelle
Underwood-Muschamp, Laur
Van Ligten, Glen
Van Zant, Amy
Vitiello, Salvatore
Waldow, Roburt
Watkins, Samuel
Weeks, Mark
Weise, Steven
Weiss, Laurence
Wells, Vanessa
Wen, Carson
Westrich, Scott
Windfeld-Hansen, Mark
Wolff, Jessica
Wrenn, Michael
Yakren, Aviva
Yang, Ing Long
Yee, Mavis
Young, Stanley
Zhu, Jonathan
Zuklie, Mithcell
Zweifach, Lawrence

9

# EXHIBIT 1 TO AGREEMENT

The foregoing list of entities and individuals is not exclusive, and Attorneys shall also be responsible for Heller Claims against other entities and persons as discovery may reveal either should be the subject of Heller Claims Out or who hold questionable Heller Claims In.

# Exhibit 2

## AGREEMENT FOR LEGAL SERVICES

This "AGREEMENT FOR LEGAL SERVICES" (Agreement) is made at San Francisco, California, between McGRANE GREENFIELD LLP, a California limited liability partnership (collectively, Attorneys) on the one hand, and the Official Committee of Unsecured Creditors of Heller Ehrman LLP (Official Committee) and any duly appointed successor to the Official Committee and to the debtor in a bankruptcy case entitled *In re Heller Ehrman LLP,* United States Bankruptcy Court for the Northern District of California (San Francisco Division), Case No. 08-32514 DM (Heller Bankruptcy Case) (collectively, Client). The Official Committee has proposed Michael Burkart as the Plan Administrator for the debtor's post confirmation estate in the Heller Bankruptcy Case.

1. **Scope of Services**.

Client retains Attorneys to represent it on behalf of the debtor's estate in the Heller Bankruptcy Case (Debtor's Estate) in the prosecution of claims for money damages against Bank of America, N.A. and Citibank, N.A. (Collectively, Banks) in connection with Adversary Proceeding No. 09-03071, now pending in connection with the main bankruptcy case of *In re Heller Ehrman LLP,* United States Bankruptcy Court for the Northern District of California (San Francisco Division) Case No. 08-32514 DM (Bank Case). Attorneys will provide those legal services reasonably required to represent Client and, through Client, prosecute the Bank Case on behalf of the Debtor's Estate.

//

//

2.    **Responsibilities of Attorneys and Client**.

Attorneys will perform legal services for Client respecting the Bank Case, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will fully cooperate with Attorneys in Attorneys' providing of legal services to Client hereunder (including keeping Attorneys reasonably informed of developments and complying with all reasonable requests of Attorneys in connection with the subject matter(s) of the representation), not seek to require Attorneys to commit any unlawful act or other action in violation of Attorneys' professional ethics, and timely make any and all payments required by this Agreement.

3.    **Flat Legal Fee**.

Client shall pay Attorneys a flat legal fee of one million dollars within fourteen (14) days of the Effective Date of this Agreement (defined *infra* in paragraph 17) for all legal services rendered, subject to the further payment of a Contingent Fee as described *infra*.

4.    **Contingent Legal Fee**.

Subject to 11 United States Code section 328(a), Client shall pay Attorneys contingent compensation equal to five percent (5%) of the amount of any Consideration,(as hereinafter defined), received by Client on account of the Bank Case less any monies previously reimbursed to Attorneys by the Debtor's Estate for Costs and Expenses (the Contingent Fee). "Consideration" means the sum of (a) the amount actually recovered by the Debtor's Estate from the Banks by reason of a judgment against the Banks in, or a settlement of, the Bank Case and (b) the amount of any distribution the Banks would have

received from the Debtor's Estate on account of any allowed unsecured claims they would otherwise have had but that are either subordinated to other unsecured claims as a result of the Bank Case, disallowed, or waived by the Banks in connection with any settlement of the Bank Case. The Contingent Fee shall be paid at the conclusion of the prosecution and defense of all claims litigated by Attorneys on behalf of the Debtor's Estate related to the Heller Bankruptcy Case.

5. **Limited Liability of Client.**

The only obligation of Client is to undertake best efforts to cause the Debtor's Estate to pay to Attorneys the flat legal fee, any Contingent Fee, and costs and expenses owed under this Agreement and neither the individual members of the Official Committee nor any successor to the Official Committee shall have any obligation personally to make any payments required under this Agreement.

6. **Staffing and Association of Attorneys.** Attorneys may assign attorney and non-attorney personnel from their firm, and, if approved by the Bankruptcy Court after application made in accordance with 11 U.S.C. §327 may assign attorney and non-attorney personnel from the firms of VALLE MAKOFF LLP and SCHNADER HARRISON SEGAL & LEWIS LLP, as Attorneys deem appropriate to provide representation to Clients in the Bank Case.

7. **Costs and Expenses.**

a. **In General.** Attorneys may incur various costs and expenses in performing legal services under this Agreement. These costs and expenses commonly include process servers' fees, fees fixed by law or assessed by courts and other agencies,

court reporter fees, long distance telephone calls, word processing fees, messenger and other delivery fees, postage, parking and other local travel expenses, photocopying (including in-house photocopying) and other reproduction costs, facsimile transmission, charges for computer research, and other similar items (Costs and Expenses).

      b.    **Out-of-Town Travel**.   Costs and Expenses also include transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorneys.

      c.    **Experts, Consultants and Investigators**.  Costs and Expenses also include the cost of expert witnesses, consultants or investigators.  Attorneys will select any expert witnesses, consultants or investigators to be hired, in consultation with Clients.

    8.    **Payment of Costs and Expenses**.  Upon the Effective Date of this Agreement as set forth in paragraph 17, *infra*, the Debtor's Estate shall be responsible for payment of reasonable Costs and Expenses upon application and bankruptcy court approval made in accordance with 11 U.S.C. §330.

    9.    **Billing Statements**.  Attorneys will send Client monthly statements for Costs and Expenses (Attorney Cost Billings).  Prior to confirmation of a plan of liquidation in the Heller Bankruptcy Case, Client shall cause the Debtor's Estate to pay Attorney Cost Billings promptly upon court approval. After confirmation of a plan of liquidation, Client shall approve payment of the Debtor's Costs and Expenses in accordance with such plan.

10.   **Contingent Fee Reserve**.   Upon the receipt of any monies received as recoveries on account of the Bank Case, Client shall establish and fund a reserve sufficient to pay at the conclusion of the prosecution and defense of claims brought by Attorneys on behalf of the Debtor's Estate related to the Heller Bankruptcy Case any Contingent Fee based on the consideration received by the Debtor's Estate as a result of the prosecution of the Bank Case.

11.   **Discharge and Withdrawal**.   Client may discharge Attorneys at any time by written notice to Attorneys, effective upon receipt by Attorneys.   Attorneys may likewise terminate this representation for good cause with the approval of the Bankruptcy Court, subject to Attorneys' obligation to provide reasonable transition assistance to new counsel of Client's choice and subject to any requirement that Attorneys obtain court permission for withdrawal.

When Attorneys' services to Client are concluded (upon receipt of notice of discharge or withdrawal), Attorneys will provide no further services and advance no further costs on Client's behalf, except as may be expressly agreed to in a writing signed by Attorneys and Client.  If Attorneys are Client's attorneys of record in any proceeding, Clients will execute and return a substitution-of-attorney form immediately on its receipt from Attorneys.  Notwithstanding such discharge or withdrawal, the Debtor's Estate will remain obligated to reimburse Attorneys for all Costs and Expenses advanced prior to the discharge or withdrawal.  After Attorneys' services are concluded, Attorneys will, at Client's request and expense and as required by California Rule of Professional Conduct 3-700(D)(1), deliver Client's original file(s) to Client, along with any of Client's funds or

property in Attorneys' possession. In the event Client requests the return of Client's original file(s), Attorney shall have the right to make and retain a copy of Client's file(s) and Client shall be responsible for all costs of copying same.

12. **Destruction of Clients Files**. Following discharge, withdrawal or final conclusion of the matter(s) for which Attorneys services were engaged, Attorneys shall maintain their original file in storage for a minimum of five years. At the end of the five-year period, Attorneys shall notify Client in writing at the last known address for Client of its intent to destroy the original files. Client shall have two weeks from such notification to inform Attorneys in writing of Client's intent to take custody of the original files instead of allowing destruction. Client shall then have 30 days in which to take custody of the Client matter(s) files. If Client fails to notify Attorneys of its intent to take custody of the original files or fails to take physical custody of the files in the time allotted, Attorneys shall destroy the Client matter(s) files.

13. **Modification**. This Agreement may only be modified by a writing signed by all of the parties or an order of the Bankruptcy Court.

14. **Severability**. If any provision of this Agreement is held, in whole or in part, to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

15. **Key Man Provision**. Attorneys agree that William McGrane and Christopher Sullivan are crucial components of this retention agreement. If one or both of them change firms, Clients reserve the right to change firms and Attorneys agree not to assert *Jewel v. Boxer* claims against a successor firm. If one or more of them are unable

to continue working on the Bank Case prior to its resolution, the Client in its discretion may seek an order from the Bankruptcy Court requiring disgorgement of a portion of the one million dollar flat legal fee subject to Attorneys' right to argue quantum meruit. Attorneys agree to cooperate with Client if Client, in its discretion, seeks to obtain "key man" life insurance on attorneys William McGrane and Christopher Sullivan.

16.     **Entire Agreement** This Agreement constitutes the entire agreement between Attorneys and Client. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties or any of them.

17.     **Effective Date**. This Agreement will take effect upon its full execution and approval by a final, non-appealable order of the Bankruptcy Court approving the employment of the Attorneys under the terms of this Agreement.

"Attorneys"

DATED: 4/30, 2010

McGRANE GREENFIELD LLP

By: _____
WILLIAM McGRANE
Its Partner

"Client"

DATED: 4/30, 2010

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HELLER EHRMAN LLP

By: _____
Theresa Hoyt
Authorized Signatory for BREF 333, LLC,
Its Chairperson