**Entered on Docket**
**June 28, 2010**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




**Signed and Filed: June 27, 2010**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HELLER EHRMAN, LLP,<br><br>Debtor. | Bankruptcy Case No. 08-32514DM<br><br>Chapter 11 |
| <br><br>Plaintiff,<br><br>v.<br><br>Defendant. | Adversary Proceeding No. |

SCHEDULING ORDER FOR:

[ ] TRIAL IN ADVERSARY PROCEEDING

[ ] FINAL HEARING ON MOTION FOR RELIEF FROM STAY

[X] TRIAL ON OBJECTION TO CLAIM

[ ] HEARING ON OBJECTIONS TO CONFIRMATION OF CHAPTER __ PLAN

[ ] OTHER: ______________________________

[ ] A Status Conference in this adversary proceeding
[ ] A preliminary hearing on this motion for relief from stay
[X] A hearing regarding objection to claim
[ ] A prehearing conference regarding objections to confirmation of plan
[ ] Other: ______________________________

was held on June 25, 2010.

Appearances were as follows:

[ ] For plaintiff ____________________________ ("Plaintiff"), _____________________________________________;

[ ] For defendant _______________________________ ("Defendant"), _____________________________________________;

[X] For Debtor(s): John D. Fiero, Esq. and Gail S. Greenwood, Esq.;

[ ] For Moving Party: ___________________________________________ ___________________________________________;

[ ] For Trustee:__________________________________________________;

[X] For Creditor: Columbia Center Property LLC ("Creditor"), Michael S. Greger, Esq. appeared by telephone;

[ ] For United States Trustee: _________________________________;

[ ] Other(s): __________________________________________________ ______________________________________________.

Upon due consideration, the court hereby enters the following scheduling order.

1. The trial or hearing ("Trial") on the above matter(s) will commence on the Date and Time of Trial, set forth in Paragraph 13, at the United States Bankruptcy Court, 235 Pine Street, Twenty-Second Floor, San Francisco, CA 94104. The Time reserved for Trial is also shown in Paragraph 13. During the week prior to the Trial, the court may move the starting time or day. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone. **All parties are cautioned to be prepared to adjust their schedules accordingly.**

2. Unless otherwise ordered, (a) motions to join other

Case: 08-32514 Doc# 1252 Filed: 06/27/10 Entered: 06/28/10 10:10:45 Page 2 of 8

parties and to amend the pleadings must be filed not later than 30 days after entry of this scheduling order and (b) motions for summary judgment must be heard no later than 30 days before the date set for Trial.

    3.   Discovery shall be completed by the date shown in Paragraph 12.  Completion means that depositions must be concluded, although not necessarily transcribed.  As to written and production discovery, responses must be due before the dates shown below.  The court will attempt to resolve all discovery disputes on an expedited basis via telephonic conference, which any party may initiate by request to the court's Calendar Clerk/Courtroom Deputy and notice to the other party.  No written submissions are to be presented unless specifically requested by the court.

    The deadline for discovery may be extended by the parties by agreement, without an order of the court.

    4.   On motions for relief from stay, evidence at the Trial must be in written form, unless the court by order allows oral testimony.  B.L.R. 4001-1(e).  Any motion for permission to introduce any oral testimony shall be filed and served seven (7) days before the date set for Trial and shall include the names of the witnesses, the subject of their expected testimony, and a statement of the reasons why the testimony cannot properly be introduced by declaration.

    Except on motions for relief from stay, declarations of witnesses will not be considered except by stipulation of the

parties.

5. Not later than ten (10) calendar days before the date set for Trial, each party shall:

(a) File and serve a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. The court will not normally request or permit post-trial briefs. Briefs shall not exceed fifteen (15) pages without prior permission of the court.

(b) Except for motions for relief from stay, file and serve a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a witness' name on the witness list is to alert the court and the other side that the witness may be called. It does not mean that that person will be called. Accordingly, each party is responsible for ensuring the attendance of every witness the party intends to call, whether or not named by the other side. Except in exceptional circumstances, and absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list.

(c) On motions for relief from stay, file and serve (i) a notice identifying any declarations or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the court to consider.

(d) File and serve a list of exhibits (other than those

Case: 08-32514 Doc# 1252 Filed: 06/27/10 Entered: 06/28/10 10:10:45 Page 4 of 8

to be used for impeachment or rebuttal) and exchange, but not file, copies of all exhibits the party intends to introduce into evidence. Any paper(s) in the court's file of which a party intends the court to take judicial notice must be copied and included as an exhibit(s). Copies of the declarations filed and served in accordance subparagraphs 5(c) and/or 10(a) shall be marked as exhibits in the manner described herein. Exhibits are to be premarked for identification.

In adversary proceedings, Plaintiff's exhibits should be marked by number and defendant's exhibits should be marked by letter. On motions for relief from stay and other contested matters initiated by motion, Moving Party's exhibits should be marked by number and Respondent’s, Debtor's or Trustee's exhibits should be marked by letter. On objections to claim(s) and objections to confirmation of plans, Creditor's exhibits should be marked by number and Debtor's or Trustee's exhibits should be marked by letter.

Each page of any exhibit that has more than one page is to be numbered consecutively. The parties shall bring to Trial copies of all exhibits for opposing counsel, the witnesses and the court, together with an exhibit list. If a party has more that ten (10) exhibits, the exhibits should be placed in a three-ring binder with a tab for each exhibit and the exhibit list placed at the front of the binder.

6. Promptly after receipt of the items mentioned in Paragraph 5, each party must advise the opposing party of any

objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

7. If efforts to resolve questions regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than four (4) **court** days before the date set for Trial. Such motions should include a certification that the moving party has complied with paragraph 6. Opposition thereto should be filed and served no later than one (1) **court** day before the date set for Trial. Copies of motions and oppositions should be delivered or faxed directly to Chambers. Motions in limine will be heard at the commencement of Trial.

8. At the commencement of Trial, the parties shall be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

9. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.

10. The presentation of expert testimony at Trial shall be governed by the following:

(a) Direct evidence shall be presented by declarations. Notwithstanding subparagraphs 5(b) and (d), each party shall file and serve experts' declarations and other documentary evidence

Case: 08-32514 Doc# 1252 Filed: 06/27/10 Entered: 06/28/10 10:10:45 Page 6 of 8

related thereto no later than **thirty** days prior to the date by which discovery is to be completed; provided, however, on motions for relief from stay, such declarations shall be filed and served as provided in subparagraph 5(c).

(b) To cross-examine any of the opposing party's declarant(s), a party shall so notify the opposing party in writing or by e-mail at least three court days before the date set for Trial, in which case the declarant will be required to attend the Trial. Any party who fails to so notify the opposing party will not be permitted to cross-examine the opposing party's declarant(s). Any party who requests the right to cross-examine and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the declarant at the Trial.

On motions for relief from stay, no motion pursuant to paragraph 4 is necessary for the cross-examination or redirect examination of expert declarants.

11. No later than the Monday of the week prior to the date set for Trial, counsel for: Plaintiff (in an adversary proceeding); Moving Party (on a motion for relief from stay); and the Debtor or Trustee (on objections to claim or objection to plan confirmation) **must** telephone the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

12. Any failure of a party to comply timely with this order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions Fed. R. Bankr. P. 7016.

13. Date and Time of Trial: **October 18, 2010, at 9:30 a.m.**
Time reserved for Trial: **One Day**
Discovery to be completed by: **September 20, 2010**

**END OF ORDER**

Case: 08-32514 Doc# 1252 Filed: 06/27/10 Entered: 06/28/10 10:10:45 Page 8 of 8