John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       mkhatiblou@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>               Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**NOTICE OF COMPROMISE OF CONTROVERSY WITH PROMOS TECHNOLOGIES INC. AND OPPORTUNITY FOR HEARING** |

**TO: COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THOSE PARTIES REQUESTING SPECIAL NOTICE, THE SETTLING PARTY HEREIN, AND THE UNITED STATES TRUSTEE:**

**NOTICE IS GIVEN** that subject to Bankruptcy Court approval, Heller Ehrman LLP ("Debtor") has agreed to settle its accounts receivable claims against its former client, ProMOS Technologies, Inc. of Taiwan ("ProMOS"), relating to outstanding indebtedness due from the former client to the Debtor, as more as more fully discussed below. A copy of the settlement agreement may be obtained by contacting the Debtor's counsel.

## Background

On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. In 2009, the Debtor sent to Joel Adler, its special

collections counsel, the accounts receivables due from ProMOS.[1] The dispute and resulting settlement with the former client is described below.

During the pre-petition period, the Debtor provided legal services to ProMOS and ProMOS became indebted to the Debtor in the amount of $595,870.68 for those services. ProMOS is a Taiwanese company and headquartered in Taiwan. ProMOS does not dispute that the receivables are owed to the Debtor. However, it contends that it is experiencing financing hardship and cannot pay the entire amount due.

To resolve this matter without the need to expend further resources arbitrating the matter, engaging Taiwanese counsel to localize and enforce any award, and incurring risks from delaying collection, and subject to Bankruptcy Court approval, the parties have entered into a Settlement Agreement and Mutual Release pursuant to which ProMOS has agreed to pay the Debtor the reduced amount of $476,696.54 (the "Settlement Amount") in installments. The first installment was due and received before June 24, 2010, with regular monthly $50,000 payments commencing on July 15, 2010 until the Settlement Amount is paid in full. In the event ProMOS fails to remit the installment payments when due, the full amount of the Debtor's claim, in the amount of $595,870.68, shall become due minus any amounts paid. The parties also agreed to release the other of all claims, except any claims that the Debtor may have against ProMOS arising under the doctrine of *Jewel v. Boxer,* 156 Cal.App.3d 171 (1984) and nothing in the agreement effects a release of claims against any current or former shareholder of the Debtor's general partners.

## Standard for Approval of Settlements

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on a motion by the trustee and after a notice and a hearing, the court may approve a compromise or settlement." In general, compromises are favored in bankruptcy cases. *In re Sassalos*, 160 B.R. 646 (D.Ore. 1993). However, a court should approve a settlement only if the settlement is fair and equitable and in the best interest of the estate. *In re Foster Mfg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The court must compare the "terms of the compromise with the likely rewards of litigation." *In re Jackson Brewing Co.,* 624 F.2d 605, 607 (5th Cir. 1990).

In deciding whether a settlement is fair and equitable and in the best interests of creditors, courts are guided by the standards originally set forth by the Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 88 S.Ct. 1157 (1968), wherein the Supreme Court stated that courts should:

> "Apprise [themselves] of all the facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment, which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

*Id.* at 1163-64.

The above standards have developed into a test whereby the Court examines four factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the

---

[1] Pursuant to the Order Granting Application To Employ Adler Law Firm as Collections Counsel and Payment of Contingency Fees, dated April 28, 2009, Joel Adler is entitled to a contingency fee and recovery of costs and expenses in the event the settlement described herein is approved by the Court.

matter of collection; (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors and a proper deference to their reasonable views in the premises. *See, e.g., In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied* 111 S.Ct. 387, (1990); *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 107 S.Ct. 189 (1986).

The *A&C* factors are easily met in connection with the proposed settlement. First, the probability of success in litigation is likely to favor the Debtor, however, the expense and delay associated with litigating the dispute far outweigh any decision to proceed to litigate in the hopes of obtaining a better recovery. As noted above, the Debtor is receiving a very favorable settlement and is positioned to recover $476,696.54 from ProMOS on its outstanding receivables which represents an 80% recovery on the face amount of the claim. Second, the Debtor has been advised the ProMOS is experiencing financial difficulties and that collection of a judgment against a foreign entity will be problematic. Third, while the estate could proceed to litigate its claims against ProMOS, the settlement reached alleviates the need to expend resources on formal discovery, arbitration and/or trial and provide a very substantial and prompt recovery to the estate. Accordingly, it is the opinion of the Debtor that the settlement reached with ProMOS, as described above and as more fully described in the corresponding settlement agreement, is in the best interest of creditors herein and should be approved.

The Debtor will serve a copy of the Notice on the US Trustee, the counsel for the Committee, counsel to the settling parties herein, and all those who have filed requests for special notice pursuant to Bankruptcy Rule 2002. The Debtor submits that notice to these individuals and entities is sufficient and proper under the circumstances and that no additional notice is required.

**PLEASE TAKE FURTHER NOTICE** that Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and that any objection to the relief requested in the Notice, or a request for hearing on the matter, must be filed and served upon the Debtor's counsel at the address set forth below ***within twenty-one (21) days of mailing*** of this Notice;

**PLEASE TAKE FURTHER NOTICE** that any request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position. If there is no timely objection or request for hearing, the Court may grant the relief requested in the Notice without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will give at least seven (7) days written notice of hearing to the objecting or requesting party, in the event an objection or request for hearing is timely made.

Copies of any response, objection, or request for hearing shall be served upon the following parties at the addresses below:

Miriam Khatiblou, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500

**Date of Mailing: July 12, 2010**

Dated: July 12, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Miriam Khatiblou*
      Miriam Khatiblou
      Attorneys for Heller Ehrman LLP