1  Alan D. Smith, Cal. Bar No. 89112
   ADSmith@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4800
3  Seattle, WA  98101-3099
   Telephone:  206.359.8000
4  Facsimile:  206.359.9000

5  Attorneys for Class of 2006
   Noteholders

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HELLER EHRMAN LLP,<br><br>    Debtor. | CASE NO. 08-32514<br><br>Chapter: 11<br><br>CLASS OF 2006 NOTEHOLDERS' REQUEST TO SUPPLEMENT BRIEFING<br><br>Prior Hearing:<br><br>Date:  July 19, 2010<br>Time:  1:30 p.m.<br>Place: United States Bankruptcy Court<br>       235 Pine Street, 22nd floor<br>       San Francisco, CA<br>Judge: Honorable Dennis Montali |

Paul Booth, John Isacson, David Laub, and Colin Sandercock (collectively, the "*Class of 2006 Noteholders*" or "*Noteholders*") hereby request the opportunity to submit additional authorities in connection with this matter.

The Noteholders understood the Court's request at the July 19 for further briefing to be limited to certain California Corporations Code issues raised by the Court at the hearing.

However, the Debtor's supplemental brief filed July 30 covered a number of other issues. To the extent those issues were fully briefed before July 19, nothing more need be said. But the Debtor spent considerable time arguing that subordination was appropriate under Section 510(c). Noteholders did not brief that issue and did not believe they were entitled to brief that issue.

Accordingly, Noteholders hereby request the opportunity to submit the following additional briefing in support of their contention that Section 510(c) cannot justify subordination of their claims. The section below would be inserted into their Supplemental Brief filed July 30, 2010 as Docket No. 1387, as a new section immediately prior to the Conclusion.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Bankruptcy Code Section 510(c) Cannot Be Used To Subordinate Claims In The Absence of Inequitable Conduct**

Debtor's contention that Section 510(c) should serve to subordinate Noteholders' claims relies entirely on the Seventh Circuit's decision in *In re Envirodyne Industries, Inc.*, 79 F.3d 579 (7th Cir.), *cert. denied* 117 S.Ct. 77 (1996). However, *Envirodyne* is no longer good law in the Seventh Circuit, and it never has been good law in the Ninth Circuit.

For thirty years, the Ninth Circuit has uniformly followed what is known as the *Mobile Steel* test for determining whether subordination is proper under Section 510(c). That test requires above all some inequitable conduct on the part of the claimant:

> Equitable subordination requires that: (1) the claimant who is to be subordinated has engaged in inequitable conduct; (2) the misconduct results in injury to competing claimants or an unfair advantage to the claimant to be subordinated; and (3) subordination is not inconsistent with bankruptcy law.

*In re Filtercorp, Inc.*, 163 F.3d 570, 583 (9th Cir. 1998), citing *In re Universal Farming Indus.*, 873 F.2d 1334, 1337 (9th Cir.1989) and *Wardley Int'l Bank, Inc. v. Nasipit Bay Vessel*, 841 F.2d 259, 263 (9th Cir.1988); *see also In re Westgate California Corp. (Trone v. Smith)*, 642 F.2d

---

[1] The Noteholders' Supplemental Brief was less than eight pages, so even with this addition the total briefing would be under the ten-page limit imposed by the Court.

NOTEHOLDERS' REQUEST TO
SUPPLEMENT BRIEFING                -2-

Case: 08-32514   Doc# 1392   Filed: 08/02/10   Entered: 08/02/10 10:10:31   Page 2 of 4

1174, 1178 (9th Cir. 1981); *In re Mobile Steel Co.*, 563 F.2d 692, 699-700 (5th Cir. 1977). There is no contention in this case that the Noteholders were guilty of any such misconduct.

The Supreme Court dealt with Section 510(c) in two companion cases in 1996. In *U.S. v. Noland*, 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996), Justice Souter led off the opinion for a unanimous Court reversing an equitable subordination order with the following unequivocal summary:

> The issue in this case is the scope of a bankruptcy court's power of equitable subordination under 11 U.S.C. § 510(c). Here, in the absence of any finding of inequitable conduct on the part of the Government, the Bankruptcy Court subordinated the Government's claim for a postpetition, noncompensatory tax penalty, which would normally receive first priority in bankruptcy as an "administrative expense," §§ 503(b)(1)(C), 507(a)(1). We hold that the bankruptcy court may not equitably subordinate claims on a categorical basis in derogation of Congress's scheme of priorities.

517 U.S. at 536. *See also U.S. v. Reorganized CF&I Fabricators of Utah, Inc.*, 518 U.S. 213, 116 S.Ct. 2106, 135 L.Ed.2d 506 (1996).

Notwithstanding this explicit direction from the Supreme Court, Debtor here argues for a categorical subordination of all shareholder related claims under Section 510(c). While Debtor could (and did) argue subordination under Section 510(b), for reasons covered in prior briefing that argument fails, and to suggest that § 510(c) nevertheless provides an independent basis for subordination is to request precisely what the Supreme Court forbade: subordination "on a categorical basis in derogation of Congress's scheme of priorities."

*Envirodyne*, Debtor's only case supporting application of § 510(c) in the absence of inequitable conduct, was decided before *Noland* or *CF&I Fabricators*, and indeed relied on the Tenth Circuit opinion in *CF&I Fabricators* and the Sixth Circuit opinion in *Noland* (*sub nom. In re First Truck Lines, Inc.*), each of which was <u>reversed</u> by the Supreme Court. 79 F.3d at 581-82. *Envirodyne* may have had a brief life within the Seventh Circuit, but it would not be followed today and it has never been followed in the Ninth Circuit.

NOTEHOLDERS' REQUEST TO
SUPPLY BRIEFING -3-

91004-00014\LEGAL18867061.1
Case: 08-32514    Doc# 1392    Filed: 08/02/10    Entered: 08/02/10 10:10:31    Page 3 of 4

1 In the absence of inequitable conduct, which is not present here, Section 510(c) cannot justify subordination of the Noteholders' claims.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Respectfully submitted,

DATED: August 2, 2010  **PERKINS COIE LLP**

By: /s/ Alan D. Smith
    Alan D. Smith, Cal. Bar No. 89112
    ADSmith@perkinscoie.com

Attorneys for Class of 2006 Noteholders