Signed and Filed: August 13, 2010



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

Steven H. Felderstein (CA Bar No. 56978)
Thomas A. Willoughby (CA Bar No. 137597)
Jason Rios (CA Bar No. 190086)
Christopher Crowell (CA Bar No. 253103)
FELDERSTEIN FITZGERALD WILLOUGHBY &
PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for The Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HELLER EHRMAN LLP,<br><br>                Debtor | Case No.: 08-32514<br><br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP (AUGUST 9, 2010)**<br><br>Date: August 9, 2010<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       235 Pine Street, 22nd Floor<br>       San Francisco, CA<br>Judge: Honorable Dennis Montali |

53685-001\DOCS_SF:73429.4

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

Case: 08-32514   Doc# 1447   Filed: 08/13/10   Entered: 08/16/10 12:20:08   Page 1 of 18

1  A hearing was held before this Court on August 9, 2010 (the "Confirmation Hearing") to consider confirmation of the *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* [Docket No. 1431] (the "Plan"). The Plan was filed by Heller Ehrman LLP (the "Debtor") and the Official Committee of Unsecured Creditors ("Committee") (collectively, the "Plan Proponents"). Unless otherwise defined, a capitalized term used in these findings and conclusions shall have the meaning set forth in the Plan.

John Fiero and Teddy Kapur of Pachulski Stang Ziehl & Jones LLP appeared on behalf of the Debtor. Thomas Willoughby of Felderstein Fitzgerald Willoughby & Pascuzzi appeared on behalf of the Committee. Lawrence Peitzman of Peitzman Glassman Weg & Kempinsky LLP appeared on behalf of Citibank, N.A. ("Citibank"). David Minnick of Pillsbury Winthrop Shaw Pittman LLP appeared on behalf of Bank of America, N.A. ("Bank of America," and together with Citibank, the "Banks"). Alan Smith of Perkins Coie LLP appeared on behalf of Paul M. Booth, John P. Isacson, David W. Laub, Colin G. Sandercock (the "Objecting Former Shareholders"). Other appearances are noted on the record of the proceedings of the Confirmation Hearing.

The Court has reviewed the Plan, the *Disclosure Statement in Support of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14,* 2010) [Docket No. 1153] (the "Disclosure Statement"), and the following pleadings, declarations and filings submitted in support of confirmation of the Plan, among other matters of record in the Chapter 11 case:

(a) *Joint Plan of Liquidation of Heller Ehrman LLP* (May 14, 2010) [Docket No 1152];

(b) *Joint Plan of Liquidation of Heller Ehrman LLP* (August 2, 2010) [Clean] [Docket No. 1398];

(c) *Joint Plan of Liquidation of Heller Ehrman LLP* (August 2, 2010) [Redline] [Docket No. 1399];

(d) *Joint Plan of Liquidation of Heller Ehrman LLP* (August 9, 2010) [Clean] [Docket No. 1431];

(e) *Joint Plan of Liquidation of Heller Ehrman LLP* (August 9, 2010) [Redline] [Docket No. 1432];

Case: 08-32514  Doc# 1447  Filed: 08/13/10  Entered: 08/16/10 12:20:08  Page 2 of 18

53685-001\DOCS_SF:73429.4                                            1

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

(f) *Ballot for Accepting or Rejecting Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1155],

(g) *Notice of (1) Hearing Regarding Confirmation of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010); (2) Time for Filling Ballots to Accept or Reject the Plan, and (3) Time for Filing Objections to Plan Confirmation* [Docket No. 1154] (the "Confirmation Notice");

(h) *Notice of Continued Hearing Regarding Confirmation of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)*[Docket No. 1297];

(i) *Memorandum of Points and Authorities in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1339];

(j) *Declaration of Peter Benvenutti in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1380];

(k) *Declaration of Shelley Salinero in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1309];

(l) *Declaration of Kyle Everett in Support of Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1400] (the "Everett Confirmation Declaration");

(m) *Ballot Tabulation Regarding Votes Cast on Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010); Declaration of Kyle Everett in Support Thereof* [Docket No. 1232];

(n) *Revised Ballot Tabulation Regarding Votes Cast on Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010); Declaration of Kyle Everett in Support Thereof* [Docket No. 1396] (the "Everett Ballot Declaration");

(o) *Notice Regarding Filing of Ballots Cast in Connection with Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1396];

(p) *Certificate of Service* [Docket No. 1156];

(q) *Certificate of Service* [Docket No. 1401];

| | | |
|---|---|---|
| 1 | (r) | *Objections of Year 2006 Departed Former Shareholders to Joint Plan of Liquidation* [Docket No. 1225]; |
| 3 | (s) | *Objection of October 2006 Note-Holder to Joint Plan of Liquidation* [Docket No. 1236]; |
| 5 | (t) | *Objection of Creditor and Former Shareholder Michael J. Shepard to Joint Plan of Liquidation of Heller Ehrman LLP* [Docket No. 1274]; |
| 7 | (u) | *Omnibus Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1310]; |
| 9 | (v) | *Reply to Reply Memorandum of Class of 2006 Noteholders in Opposition to Classification and Treatment Under The Plan* [Docket No. 1326]; |
| 11 | (w) | *Declaration of John Isacson in Support of Reply Memorandum of Class of 2006 Noteholders in Opposition to Classification and Treatment Under the* Plan [Docket No. 1327]; |
| 14 | (x) | *Response of October 2006 Noteholders to Debtor's Omnibus Reply to Objections to Joint Plan of Liquidation* [Docket No. 1353]; |
| 16 | (y) | *Reply In Support of Objection to Joint Plan of Liquidation; Declaration of Michael Sheppard In Support of Reply In Support of Objection to Joint Plan of Liquidation* [Docket No. 1354]; |
| 19 | (z) | *Supplemental Reply to Objections to Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1381]; |
| 21 | (aa) | *Statement of Disinterestedness In Connection with the Confirmation of the Joint Plan of Liquidation of Heller Ehrman LLP* (May 14, 2010) [Docket No. 1336]; |
| 23 | (bb) | *Supplemental Memorandum in Support of Class 2006 Noteholders Regarding California Corporations Code Issues* [Docket No. 1387]; and |
| 25 | (cc) | *Supplemental Document Class of 2006 Noteholders Request to Supplemental Briefing* [Docket No. 1392]. |

The objections of Objecting Former Shareholders and James Czaban were timely filed. The objection of Michael J. Shepard was previously overruled.

Case: 08-32514   Doc# 1447   Filed: 08/13/10   Entered: 08/16/10 12:20:08   Page 4 of 18

53685-001\DOCS_SF:73429.4   3

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

The Court has examined the entire record compiled in this case and has considered the totality of the circumstances relevant to the formulation of the Plan. The Court has further considered the offers of proof and the arguments and representations of counsel at the Confirmation Hearing. Based upon the foregoing matters, due deliberation having been given to the transactions set forth in the Plan and good cause appearing, the Court makes the following determinations, findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a), made applicable to this matter pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, which findings are in addition to those made on the record at the Confirmation Hearing on August 9, 2010.

# I.

# FINDINGS OF FACT

**A.  Jurisdiction and Venue.**

On December 28, 2008, the Debtor filed a Chapter 11 petition under the Bankruptcy Code. This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of this case in the Northern District of California is proper under 28 U.S.C. § 1408.

**B.  Approval of Disclosure Statement.**

On March 31, 2010, the Plan Proponents filed their initial *Joint Plan of Liquidation of Heller Ehrman LLP (March 31, 2010)* [Docket No. 1031] and corresponding *Disclosure Statement* [Docket No. 1033]. On May 11, 2010, the Plan Proponents filed an amended plan, the *Joint Plan of Liquidation of Heller Ehrman LLP (May 11, 2010)* [Docket No. 1129] and corresponding *Disclosure Statement* [Docket No. 1129]. At the hearing to consider the adequacy of the initial disclosure statement on May 14, 2010, the Proponents submitted a second amended plan, the *Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010)* [Docket No. 1152] and corresponding *Disclosure Statement* [Docket No. 1153]. The Court approved the Disclosure Statement at the May 14, 2010 hearing, and on May 18, 2010, the Court entered its *Order: (1) Approving Form of Disclosure Statement in Support of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010) and (2) Setting Various Dates Related to The Confirmation of the Joint Plan of Liquidation* [Docket No. 1141] (the "Disclosure Statement Order").

Case: 08-32514  Doc# 1447  Filed: 08/13/10  Entered: 08/16/10 12:20:08  Page 5 of 18

53685-001\DOCS_SF:73429.4    4

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

## C. Notice of Plan Proceedings.

In compliance with the Disclosure Statement Order, on May 24, 2010, the Debtor caused the following documents to be served: (a) a booklet containing the Plan and Disclosure Statement; (b) a copy of the Disclosure Statement Order; (c) a Ballot for Accepting or Rejecting Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010); and (d) a copy of the *Notice of (1) Hearing Regarding Confirmation of Joint Plan of Liquidation of Heller Ehrman LLP (May 14, 2010); (2) Time for Filling Ballots to Accept or Reject the Plan, and (3) Time for Filing Objections to Plan Confirmation* (the "Solicitation Package").[1] The Plan Proponents served the Solicitation Package by mail on all creditors and other parties in interest as provided by Bankruptcy Rules 2002, 3017, 3018 and 3019. The proper and timely service of the Solicitation Package is evidenced by the Plan Proof of Service and the Court finds such notice sufficient.

## D. Modification of Plan.

Since the entry of the Disclosure Statement Order, the Plan has been modified as described in the *Joint Plan of Liquidation of Heller Ehrman LLP (August 2, 2010)* [Redline] [Docket No. 1399] and in the *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* [Redline] [Docket No. 1432] to reflect settlements with the Banks, MPC Insurance, Ltd. ("MPC") and certain "Vested Retirees" who were former shareholders of the Debtor's corporate partners. As explained in *In re American Solar King,* 90 B.R. 808, 823 (Bankr. W.D. Tex. 1988), section 1127(c) of the Bankruptcy Code does not mandate a new disclosure and re-solicitation of votes for every plan modification. "Further disclosure occurs only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan." *Id. See also* 7 Collier on Bankruptcy ¶3019.03 (modifications only material if they would motivate an accepting creditor to reconsider his vote). The Plan Proponents did not solicit votes from previously dissenting creditors. The relevant issue is, therefore, whether modification of the Plan based on the Plan Proponents' compromises with the Banks, MPC and the Vested Retirees would cause creditors who accepted the Plan to reconsider

---

[1] The Plan [Docket No. 1152], Disclosure Statement [Docket No. 1153], Ballot [Docket No. 1155], Disclosure Statement Order [Docket No. 1141] and Confirmation Notice [Docket No. 1154] are collectively, the "Solicitation Package." The Certificate of Service for the Solicitation Package was filed on May 25, 2010 [Docket No. 1156].

their vote. The Court finds that further disclosure is not necessary because the Disclosure Statement adequately described the disputed claims of the Banks, the Vested Retirees and MPC and disclosed that the Plan Proponents would seek confirmation by an accepting impaired class under Section 1129(b).

The Court finds that the Plan modifications comply with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. The Plan as modified does not impact upon or affect the rights of any of the Objecting Former Shareholders, and therefore, no further solicitation or opportunity to alter voting due to such modifications is required under the provisions of Section 1127 of the Bankruptcy Code.

**E.  Voting on Plan.**

The Disclosure Statement Order fixed June 16, 2010 at 5:00 p.m. as the deadline for ballots to be returned to the Plan Proponents to vote to accept or reject the Plan. The Plan Proponents tabulated the ballots accepting and rejecting the Plan in the Revised Ballot Analysis filed August 2, 2010. Pursuant to Section 1129(b) of the Bankruptcy Code, the Plan may be confirmed because there is a consenting impaired class and the Plan otherwise meets the "cram down" requirements of Section 1129(b).

**F.  Evidentiary Rulings**

No evidentiary objections were raised at the Confirmation Hearing requiring a ruling by the Court.

**G.  Compliance with Section 1129.**

The Plan complies with all of the requirements set forth in Section 1129 of the Bankruptcy Code, including the following:

**1.  Plan Compliance – Section 1129(a)(1).**

The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

### a. Classification and Treatment

The Plan designates ten separate classes of claims and interests. The Plan adequately and properly classifies all claims and interests required to be classified and thus satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

Article IV of the Plan designates Class 1 (Priority Employee Claims), Class 2 (Biggers Priority Employee Claims), Class 3 (Priority Employee Benefit Claims) and Class 5 (Secured Claim of MPC) as unimpaired. Article IV of the Plan sets forth the treatment of Claims in Class 4 (Claims of Bank of America and Citibank), Class 6 (Insured Malpractice Claims), Class 7 (General Unsecured Claims), Class 8 (Biggers Subordinated Unsecured Claims), Class 9 (Subordinated Former Shareholder Claims) and Class 10 (Interests), which are all impaired. Further, the Plan adequately specifies the treatment of each impaired Class of Claims and thus satisfies the requirements of Sections 1123(a)(2) and (3) of the Bankruptcy Code. The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code. No election for application of Section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under Bankruptcy Rule 3014.

### b. Means for Implementation

Article V of the Plan provides adequate means for implementation of the Plan by providing for, among other things, the revesting of Estate Assets in the Liquidating Debtor (Plan at Articles 5.2, 8.2), the funding of the Liquidating Debtor with the Exit Financing (Plan at Article 5.24) and the Former Shareholder Settlement Payments (subject to the terms of the Former Shareholder Settlement Mechanism) (Plan at Article 5.12), the future management of the Liquidating Debtor by a Plan Administrator (subject to certain oversight restrictions prior to the dissolution of the Committee) (Plan at Articles 5.4, 5.14), and the rights of the Liquidating Debtor and the Committee to prosecute, investigate, liquidate and/or settle Retained Claims and Defenses and Avoidance Actions for the benefit of the Estate (Plan at Articles 5.7, 5.8). Article V of the Plan also contains provisions governing the allowance, distribution and payment of Claims (Plan at Articles 5.20, 5.21), the establishment of reserves for Disputed Claims (Plan at Article 5.22), the Reserved Claims Pool

Case: 08-32514 Doc# 1447 Filed: 08/13/10 Entered: 08/16/10 12:20:08 Page 8 of 18

53685-001\DOCS_SF:73429.4  7

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

Account and the Claims Reserve Account (Plan at Article 5.9) and procedures governing the payment of Plan Expenses (Plan at Article 5.17). Article V of the Plan also provides for the terms and conditions of settlements with Former Shareholders in exchange for the Former Shareholder Settlement Payments (Plan at Article 5.12), delineates the power and authority of the Committee as of the Effective Date (Plan at Article 5.14), fixes procedures for the post-Effective Date employment and compensation of Professionals (Plan at Article 5.34) and provides for the entry of a final decree closing the Debtor's chapter 11 case following the payment (or reserve for the payment) of Claims to be paid on or after the Effective Date (Plan at Article 5.35). The Court finds that the Plan contains adequate means for its implementation and satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code.

        **c.**     **Officers, Directors and Trustees**

Section 1123(a)(7) of the Bankruptcy Code requires that a plan contain only provisions that are consistent with the interests of creditors, equity security holders, and public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor thereto. Pursuant to Article V of the Plan, the Plan Proponents have disclosed the identity of and the terms of engagement for, the Plan Administrator and the manner in which a successor Plan Administrator will be selected. (Plan at Articles 5.3, 5.4, 5.14, 5.29). The Plan Administrator will be required to post a bond and is required to act in consultation with the Committee by, among other things, (a) sending the Committee members monthly status reports regarding the status of the Retained Claims and Defenses and quarterly reports on the status of the Liquidating Debtor's budget to actual performance regarding the Post-Confirmation Budget; (b) working with the Chair of the Committee to schedule Committee meetings as needed; and (c) as long as the Committee has one or more members remaining, the Plan Administrator may not take certain enumerated actions (such as settling claims against third parties in excess of $250,000.00) without the written approval of the Committee. The Committee also has the power to seek the removal of the Plan Administrator and appointment of a new successor. These provisions satisfy the requisites of section 1123(a)(7) of the Bankruptcy Code and are consistent with the interests of creditors, equity security holders, and public policy.

Case: 08-32514    Doc# 1447    Filed: 08/13/10    Entered: 08/16/10 12:20:08    Page 9 of 18

53685-001\DOCS_SF:73429.4    8

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

### d. Cures

Section 1123(d) of the Bankruptcy Code states that if a plan proposes to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law. Pursuant to the Plan, all proposed cures are made in accordance with this provision.

### e. Other Provisions

Section 1123(b) of the Bankruptcy Code contains several permissive provisions that may be contained, but are not required, within a plan.

Section 1123(b)(1) of the Bankruptcy Code states that a plan may impair or leave unimpaired any class of claims, secured or unsecured, or interests. As addressed above, the Plan impairs or leaves unimpaired various Classes of Claims and Interests.

Section 1123(b)(2) of the Bankruptcy Code states that, subject to section 365 of the Bankruptcy Code, a plan may provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected. Article VI of the Plan contemplates that all pre-petition leases or executory contracts, not previously rejected by the Debtor or specifically assumed pursuant to orders of the Bankruptcy Court, shall be deemed rejected by the Debtor effective as of the Confirmation Date.

Section 1123(b)(3) of the Bankruptcy Code states that a plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor or to the estate. Consistent with this provision, the Plan implements settlements with Former Shareholders (Article 5.12) and holders of Biggers Priority Claims and Biggers Unsecured Claims (Article 5.18). Pursuant to Articles 5.7 and 5.8 of the Plan, the Plan Administrator (with approval as required by the Committee) shall be empowered to compromise or settle claims and prosecute avoidance actions.

The Court finds that the Plan contains additional provisions for implementation that are reasonable and otherwise consistent with Section 1123(b) of the Bankruptcy Code.

### f. Exoneration and Reliance

The Court is satisfied that the exoneration provisions of Article 8.4 are reasonable and appropriate. The Court finds that Article 8.4 is reasonably limited in scope to prevent the assertion

of liability for actions taken in connection with the bankruptcy, and prior to the Plan's Effective Date. The Court will retain exclusive jurisdiction over any such claims that are the subject of Article 8.4 of the Plan.

        **g.**     **Injunction**

The Court has jurisdiction to enter the injunction set forth in Article 8.3 of the Plan under section 1334 of title 28 of the United States Code. Bankruptcy Code section 105(a) permits approval and entry of the injunction, especially where, as here, such injunctions are essential to the formulation and implementation of the Plan as provided in section 1123(a)(5) of the Bankruptcy Code, confer material benefits on the Debtor's estate, and are in the best interests of holders of Claims against the Debtor.

    **2.**     **Plan Proponents' Compliance – Section 1129(a)(2).**

The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The Plan Proponents solicited acceptances of the Plan in accordance with the requirements of the Disclosure Statement Order and in good faith, as that term is used in Section 1125(e) of the Bankruptcy Code. The Disclosure Statement contains adequate information, as that term is defined in Section 1125(a) of the Bankruptcy Code. The ballots of holders of Claims entitled to vote on the Plan were properly solicited and tabulated. The Plan Proponents have further complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in this case. The record in the Chapter 11 Case further discloses that the Plan Proponents have attempted in good faith to comply with the orders of the Court entered during the pendency of the case and that the Plan Proponents have not violated any such orders.

    **3.**     **Good Faith – Section 1129(a)(3).**

The Plan has been proposed in good faith and not by any means forbidden by law. The Court is satisfied that the Plan Proponents have adduced adequate and sufficient evidence of good faith. Under applicable Ninth Circuit authority, "a plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002). The Court has reviewed the declarations of Shelley Salinero, Peter Benvenutti

and Kyle Everett and finds that there is adequate evidence in the record to make a finding of good faith. Here, the Plan Proponents have proposed a plan that is expected to pay all of the Allowed Administrative Claims, Professional Fee Claims, Priority Tax Claims, and Other Priority Claims, and which will result in a greater distribution to General Unsecured Creditors than would otherwise be available under a Chapter 7 liquidation. The Plan is the result of arms-length negotiations by and among the Debtor and the Committee.

In sum, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. The bankruptcy petition was filed and prosecuted in good faith and consistent with the orders of this Court. The Plan is the product of cooperative efforts among the Debtor and the Committee for the benefit of creditors, as intended by the statutory scheme enacted by Congress. The Court finds that the Plan has been proposed in good faith with the legitimate and honest purpose of reorganizing the debts of the Debtor.

**4.  Plan Payments – Section 1129(a)(4).**

Section 1129(a)(4) of the Bankruptcy Code provides that the Court shall confirm a plan only if "[a]ny payment made or to be made by the proponent, by the debtor, . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable."

Any payments made or to be made by the Debtor to professional persons or for a substantial contribution claim for services rendered or for costs and expenses incurred in, or in connection with, this case through the Effective Date of the Plan have been, or will be, disclosed to the Court in applications to employ or compensate such professionals, subject to approval by the Court as reasonable. After the Effective Date, Post-Effective Date Professionals and the Plan Administrator may be paid fees and expenses on an interim basis without court approval or notice, but they are required to file fee applications no less frequently than every 180 days. Accordingly, the Plan complies with the requirements of Bankruptcy Code section 1129(a)(4).

**5.  Officer Affiliations – Section 1129(a)(5).**

Section 1129(a)(5) of the Bankruptcy Code requires that a plan proponent disclose the identity and affiliations of "any individual proposed to serve, after confirmation of the plan, as a

Case: 08-32514   Doc# 1447   Filed: 08/13/10   Entered: 08/16/10 12:20:08   Page 12 of 18

35685-001\DOCS_SF:73429.4                                11

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan." As set forth in the Disclosure Statement, the Plan and the Statement of Disinterestedness filed by Michael Burkart, the Plan Proponents have disclosed the identity and affiliations of the Plan Administrator, Michael Burkart. Therefore, the Plan complies with the statutory requirements.

### 6. Rates – Section 1129(a)(6).

Section 1129(a)(6) is inapplicable to the Plan because no governmental or regulatory commission will have jurisdiction over rate changes in the Plan.

### 7. Best Interests – Section 1129(a)(7).

Section 1129(a)(7) of the Bankruptcy Code sets forth the "best interests test." Under the "best interests test," each holder of a claim or interest in an impaired class must either accept the plan or receive or retain property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The Court finds that the Plan Proponents have submitted *prima facie* evidence in satisfaction of the best interests test. *See In re Affiliated Foods, Inc.,* 249 B.R. 770, 787 (Bankr. W.D. Mo. 2000); *In re Sierra-Cal,* 210 B.R. 168, 172 (Bankr. E.D. Cal. 1997)(satisfaction of best interests test under section 1129(a)(7)).

The Everett Confirmation Declaration contains a liquidation analysis. As described therein, the Plan is in the best interests of creditors and will result in a return that is at least as much as creditors would receive if the assets were liquidated in a Chapter 7 case. Mr. Everett has worked as the financial advisor for the Debtor and the Committee since the beginning of the bankruptcy case and therefore has substantial experience regarding the operations of the Debtor and the claims of creditors.

Confirmation of the Plan appears preferable to the liquidation of the Debtor under Chapter 7 of the Bankruptcy Code. The Everett Confirmation Declaration indicates that each holder of an Allowed Claim will receive under the Plan property of a value not less than the amount such holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. There can be no assurance that if the case were converted to Chapter 7, the Debtor would be able to disburse the

Case: 08-32514 Doc# 1447 Filed: 08/13/10 Entered: 08/16/10 12:20:08 Page 13 of 18

12

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

amounts projected under the Plan to creditors holding General Unsecured Claims. Moreover, a conversion of the case to Chapter 7 would likely be accompanied by additional costs and further delay in the distribution of property of the estates, thereby diluting the amounts presently available for distribution to creditors holding General Unsecured Claims under the Plan. The Plan thus represents a reasonable effort by the Debtor that will likely provide a superior recovery to creditors than conversion. Accordingly, the Plan is in the best interests of creditors under Section 1129(a)(7) of the Bankruptcy Code.

**8. Acceptance – Section 1129(a)(8).**

Subject to the exceptions contained in section 1129(b) of the Bankruptcy Code, section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either have accepted the plan or not be impaired under the plan. A class of claims accepts a plan if the holders of at least two-thirds in dollar amount and more than one-half in the number of claims vote to accept the plan – counting only those claims whose holders actually vote.

As set forth in the Everett Ballot Declaration, the Plan was accepted by all impaired classes except Class 9 (Subordinated Former Shareholders). Section 1129(b)(1) of the Bankruptcy Code provides that a plan may be confirmed even if the requirements of section 1129(a)(8) are not met if the plan does not discriminate unfairly and is fair and equitable with respect to each class that is impaired under the plan and that has not accepted the plan. A plan unfairly discriminates in violation of section 1129(b) of the Bankruptcy Code only if similar claims are treated differently without a reasonable basis for the disparate treatment. *See In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 611-12 (Bankr. D. Del. 1987). Here, there is no disparate treatment of general unsecured creditors. The Plan is fair and equitable because, as required by Bankruptcy Code section 1129(b)(2)(B)(ii), equity will receive nothing under the Plan until creditors in Class 9 are paid in full with interest. Accordingly, the Court overrules the objections of the Objecting Former Shareholders and James Czaban and finds that the Plan Proponents have satisfied the requirements of Bankruptcy Code sections 1129(a)(8) and 1129(b) for confirmation of the Plan.

### 9. Administrative Expenses and Priority Claims – Section 1129(a)(9).

Section 1129(a)(9) of the Bankruptcy Code specifies the treatment of certain administrative and priority claims. Article III address Administrative Claims, Priority Tax Claims, and Fee Claims. Pursuant to Article 3.1 of the Plan, each Allowed Administrative Claim, unless the holder of such Claim has agreed to a different treatment, shall be paid in full by the Liquidating Debtor from Available Cash or the Reserved Claims Pool Account (as applicable) on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (d) such date as the holder of such Claim and the Liquidating Debtor may agree.

Pursuant to Article 3.3, each party seeking an award by the Bankruptcy Court of Professional Fees: (a) must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Administrative Claims Bar Date; and (b) if the Bankruptcy Court grants such an award, each such party will be paid in full in Cash by the Liquidating Debtor in such amounts as are allowed by the Bankruptcy Court as soon thereafter as practicable.

Pursuant to Article 3.4 of the Plan, each Allowed Priority Tax Claim, unless the holder of such Claim has agreed to a different treatment, shall receive deferred cash payments to the extent permitted by section 1129(a)(9) of the Bankruptcy Code with interest on the unpaid portion of such Claim at the rate established by applicable nonbankruptcy law as of the calendar month in which the Plan is confirmed, or at such other rate as may be agreed upon between the Liquidating Debtor and the appropriate governmental unit, <u>provided that</u> the Liquidating Debtor may prepay any or all such Claims at any time, without premium or penalty. Accordingly, the Plan complies with the requirements of Section 1129(a)(9) of the Bankruptcy Code.

### 10. Impaired Class Acceptance – Section 1129(a)(10).

Section 1129(a)(10) of the Bankruptcy Code requires that "at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." As set forth above, Classes 6, 7, 8, 9 and 10 are impaired under the Plan and

Case: 08-32514    Doc# 1447    Filed: 08/13/10    Entered: 08/16/10 12:20:08    Page 15 of 18

14

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

entitled to vote. All but Class 9 voted to accept the Plan. Consequently, the Plan complies with section 1129(a)(10) of the Bankruptcy Code.

**11. Feasibility – Section 1129(a)(11).**

The Court is satisfied that the Plan is feasible. Feasibility under Section 1129(a)(11) of the Bankruptcy Code requires the Court to determine whether a plan is workable and has a reasonable likelihood of success. *See, e.g., The Mutual Life Ins. Co. of New York v. Patrician St. Joseph Partners (In re Patrician St. Joseph Partners),* 169 B.R. 669, 674 (Bankr. D. Ariz. 1994) (finding that a plan meets the feasibility standard if it offers a reasonable prospect of success and is workable).

Here, the Plan is feasible in terms of the likelihood that the Liquidating Debtor will successfully liquidate the Debtor's assets. Moreover, as set forth in the Everett Confirmation Declaration, the Plan will successfully pay in full in Cash all Administrative Claims, Priority Tax Claims, Fee Claims, and Other Priority Claims, while paying all remaining funds to General Unsecured Creditors. With respect to the likelihood that confirmation of the Plan will not be followed by the liquidation, or the need for further financial reorganization, the Everett Confirmation Declaration demonstrates that the Liquidating Debtor will be able to meet its post-Effective Date obligations. Confirmation of the Plan is not likely to be followed by a subsequent need for further reorganization. Accordingly, the Plan is feasible as required under section 1129(a)(11) of the Bankruptcy Code.

**12. Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12).**

As required by section 1129(a)(12) of the Bankruptcy Code, all fees payable under 28 U.S.C. § 1930 will be paid by the Liquidating Debtor when due pursuant to Articles 3 and 5.17 of the Plan.

**13. Retiree Benefits -- Section 1129(a)(13).**

It appears that neither the Debtor nor the Liquidating Debtor are obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code other than as agreed by the Debtor pursuant to that certain Agreement to Settle Controversy dated June 30, 2010 [Docket No. 1335] which provides, among other things, that the Plan Administrator shall deliver $175,000 to the Vested Retirees as early as practicable from monies that would otherwise be included in the first

Case: 08-32514   Doc# 1447   Filed: 08/13/10   Entered: 08/16/10 12:20:08   Page 16 of 18

15

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

distribution to be made to holders of Class 7 claims, prior to any distribution to holders of Class 7 Claims.

**H.  Other.**

To the extent that any portion of a Finding of Fact contains or constitutes a Conclusion of Law, such portion shall be deemed a Conclusion of Law and is hereby adopted as such.

## II.

## CONCLUSIONS OF LAW

**A.  Jurisdiction.**

This Court has jurisdiction over the bankruptcy case to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157.  The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  The venue of these cases in the Central District of California is proper under 28 U.S.C. § 1408.

**B.  Notice and Opportunity for Hearing.**

Notice of the Confirmation Hearing was due, proper, timely and adequate.  The Plan Proponents have complied in all material respects with Bankruptcy Rules 2002 and 3017 and the Disclosure Statement Order.  All parties in interest have had an opportunity to appear and be heard at the Confirmation Hearing.

**C.  Compliance with Bankruptcy Code.**

The Plan Proponents have adduced adequate and sufficient evidence that the Plan complies with the applicable provisions of the Bankruptcy Code.  The Plan satisfies all the requirements for confirmation established under Section 1129 of the Bankruptcy Code.

**D.  Injunctions.**

The injunction set forth in Article 8.3 of the Plan is approved.  On the Effective Date, the injunction shall be deemed issued, entered, valid and enforceable according to its terms.

**E.  Safe Harbor.**

The Plan Proponents (and their respective officers, directors, shareholders, attorneys, agents, advisors and employees) have solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and, accordingly, are not liable

Case: 08-32514  Doc# 1447  Filed: 08/13/10  Entered: 08/16/10 12:20:08  Page 17 of 18

35685-001\DOCS_SF:73429.4                16                FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF HELLER EHRMAN LLP

on account of such solicitation for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

**F.      Retention of Jurisdiction.**

The Bankruptcy Court, as provided in Article IX of the Plan, may retain jurisdiction over the matters set forth therein and in the Confirmation Order.

**G.      Other.**

To the extent that any portion of a Conclusion of Law contains or constitutes a Finding Of Fact, such portion shall be deemed a Finding of Fact and is hereby adopted as such.

* * * END OF ORDER * *