Entered on Docket
October 27, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: October 26, 2010**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HELLER EHRMAN LLP,<br><br>Debtor. | ) Bankruptcy Case<br>) No. 08-32514DM<br>)<br>)<br>) Chapter 11<br>) |

MEMORANDUM DECISION ON OBJECTIONS
TO PRIORITY STATUS OF CLAIMS

    On October 22, 2010, the court heard argument on the objections of the liquidating debtor, Heller Ehrman LLP ("Debtor") to $10,000 priority claimed under Bankruptcy Code section 507(a)(4) by Kelly Seaburg ("Seaburg") and Havila Unrein ("Unrein", and collectively with Seaburg, "Claimants"). Debtor appeared through counsel; Unrein appeared telephonically on her own behalf; Seaburg submitted the matter on the papers.

    Following argument the court took the matter under advisement to review the documents and consider the arguments of the parties. For the reasons that follow, the objections to priority of Claimants' identical claims will be overruled, and as there are no other objections to the allowance of either claim, both will be allowed as priority claims in the amount of $10,000.

    There are no facts in dispute. The only issue before the court is whether a $10,000 "stipend" promised because Claimants'

-1-

start date on the job as associate attorneys or bar applicants at Debtor was being deferred for three months constitutes "wages, salaries or commissions", and thus carries statutory priority.

The deferral letter of August 27, 2008, ("deferral letter") confirms an original employment date of October 13, 2010 and a new employment date of January 19, 2009.  It is clear, however, that the Claimants had already been employed, as they were paid $12,000 stipends to help them with expenses while taking the bar examinations months earlier.  Those earlier stipends were treated as taxable income by all parties; more importantly, Debtor issued Earnings Statements to each Claimant.

From the foregoing the court is satisfied that in the context of the deferral letter the reference to "the original employment date", "the new employment date" and "the delay in your employment" can only mean the date on which the employee was to be present and ready to work.  It does not mean that the Claimants' relationship with the Debtor was something that takes them out of the favored class of claimants entitled to § 503(a)(4) priority.

If this were not the case, the court must determine just what the Claimants were from the date of the deferral letter on.  Had no prior relationships existed, perhaps they were at best independent contractors.  But that is not the case.  Each had been a summer associate, each was offered and accepted employment, each was paid a stipend reported as gross pay and noted on Form W-2 as "Wages, tips and other comp.", each had federal income tax and social security amounts withheld.

The deferral letter merely extended the time for Claimants to

"come to work" and promised them more money to make up for the delay. That Debtor chose not to withhold federal income tax and social security from that second stipend as taxable is of no moment. What is significant is that while Claimants were permitted to take on temporary employment during the deferral period, they forfeited any unpaid portion of the second stipend if they took full time employment elsewhere.

The foregoing arrangement had the effect of keeping Claimant on a form not unlike a retainer, viz., remain available from October to January and be paid $10,000 in three monthly installments before you show up at the office. Leave us and go elsewhere on a permanent basis, and don't get paid. In the overall context of the history of Claimant's affiliation with Debtor, Debtor's prior treatment of their remuneration, and the context of the deferral letter, coupled with the policy arguments well-briefed by Claimants, satisfied the court that their claims are entitled to priority.

For the foregoing reasons, Debtor's objections will be OVERRULED. The court is concurrently issuing separate orders allowing Seaburg's and Unrein's claims as priority claims in the amount of $10,000 each.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Kelly A. Seaburg |
| | 1740 NE 86th St., #212 |
| 3 | Seattle, WA 98115 |
| 4 | Havila Unrein |
| | 16011 10th Ave. NE |
| 5 | Shoreline, WA 98155 |

-4-