Entered on Docket
October 28, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: October 27, 2010**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Bankruptcy Case
                                         ) No. 08-32514DM
HELLER EHRMAN LLP,                       )
                                         )
                            Debtor.      ) Chapter 11
_____)

MEMORANDUM DECISION ON OBJECTION TO PROOF OF CLAIM
AND MOTION FOR SUMMARY JUDGMENT

On October 22, 2010, the court heard the objection of Heller Ehrman LLP ("Debtor") to the proof of claim (No. 718) filed by Robert Borton ("Borton") in the amount of $21,666.66, of which $10,833.33 is asserted as a priority claim under 11 U.S.C. § 507(a)(4).

Debtor appeared and was represented by Gail S. Greenwood, Esq., one of its attorneys; Borton appeared and was represented by Michael St. James, Esq., his attorney.

For the reasons stated below, Borton's claim No. 718 will be allowed as a priority claim in the amount of $10,833.33; the balance of his claim, in the same amount, will the subject of further proceedings.

Borton asserts statutory priority based upon Debtor's failure to give him thirty days notice of termination as contemplated in

-1-

paragraph 6(b) of a Retirement Agreement among Borton, Debtor, and Heller Ehrman White & McAuliffe, a Professional Corporation, dated as of December 1, 2004.

Although Borton received a Notice of Closing Of Operations on September 26, 2008, from Debtor, that notice informed him that Debtor would cease operations on or about November 28, 2008. Notwithstanding that notice, Borton's employment was terminated on October 24, 2008. The court does not believe that the September 26, 2008, notice satisfies the thirty day notice requirement of the Retirement Agreement. Thus, the court agrees with Borton that the abrupt termination without thirty days notice amounts to severance pay in lieu of notice, and agrees with the authorities cited by Borton that his claim for unpaid severance pay is entitled to priority under the Bankruptcy Code. See Borton's Response To Objection To Claim, 9:11-27.

Because of this determination, the question of when Debtor ceased its operations becomes moot as Borton's termination occurred within 180 days of the cessation of business and the filing under Chapter 11 on December 28, 2008, regardless of which came earlier.

Borton contends that he is entitled to "waiting time" penalties under California Labor Code § 203(a) ("Section 203(a)"). He contends that he is entitled to an unsecured claim in the amount of $10,833.33 because Debtor did not pay him his severance pay when it terminated his services.

Debtor denies that its failure to pay the severance pay was willful under Section 203(a). It offers no facts to support its denial of willfulness, a point that Borton contends entitles him

to summary judgment as a matter of law.

The trouble with Borton's argument is that he has offered no facts to show that Debtor's failure to pay was indeed willful. At oral argument his counsel conceded that he had the burden of proof on this issue. Instead, Borton contends that the only available challenge to willfulness is a good faith dispute about liability.

Disputes about liability are dealt with to some extent in California Labor Code § 13520, defining "willful" to occur when an employer intentionally fails to pay wages to an employee, but adding that a good faith dispute will preclude an imposition of waiting time penalties. Borton then argues that a good faith dispute occurs when an employer presents a defense which, based in law or fact, would preclude any recovery.

The court believes the proper focus on these facts is to determine whether the failure to pay was willful, since there does not appear to be any dispute as to Borton's entitlement to be paid. That is an inherently factual inquiry that cannot be resolved on summary judgment.

Based upon the foregoing, the court will have to set for trial the question of whether Debtor's failure to pay Borton's severance was willful. Because a claim for just over $10,000 will probably receive between 20% and 60% on the dollar in this case, the parties may find it sensible and practical to compromise this remaining dispute between them rather than litigate over so small an amount. If they are not able to, then counsel should meet and confer about necessary discovery and then contact the court's courtroom depute (Ms. Lorena Parada, telephone 415-268-2323) to set an evidentiary hearing on the remaining factual matter in

-3-

dispute.  At that time the court will issue a trial scheduling order and proceed accordingly.

If Borton's counsel desires an interlocutory order on the priority portion of claim No. 718, he should serve and upload an order that grants priority fo the reasons stated and in the amount set forth in this Memorandum Decision.

**END OF MEMORANDUM DECISION**