THOMAS A. WILLOUGHBY, State Bar No. 137597
TANIA M. MOYRON, State Bar No. 235736
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
E-mail: twilloughby@ffwplaw.com
E-mail: tmoyron@ffwplaw.com

Attorneys for the Post-Confirmation Liquidating Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: | CASE NO.: 08-32514 |
|---|---|
| HELLER EHRMAN LLP, | Chapter 11 |
| Liquidating Debtor. | **DECLARATION OF SHELLEY SALINERO IN SUPPORT OF MOTION TO ESTIMATE PROOF OF CLAIM NO. 709 FILED BY RONALD A. KATZ TECHNOLOGY LICENSING, L.P. AND ITS AFFILIATES A2D, L.P. FOR PURPOSES OF ESTABLISHING A RESERVE FOR THE UNLIQUIDATED AND DISPUTED CLAIM NO. 709 PURSUANT TO 11 U.S.C. § 502(C)** |
| | Date: July 7, 2011<br>Time: 1:30 p.m.<br>Crtrm: 235 Pine Street, 22nd Floor<br>San Francisco, California<br>Judge: Honorable Dennis Montali |

I, Shelley Salinero, declare:

1. I am the former director of Human Resources Operations and the current on-site manager of the wind down process for Heller Ehrman LLP ("Heller" or the "Debtor"). I assisted counsel in the preparation of the Debtor's *Schedules of Assets and Liabilities* and the amendments thereto. I am presently assisting the Debtor in the reconciliation of the proofs of claim filed in the bankruptcy case. In connection with my duties for the Debtor, I have access to the Debtor's books and records including accounts payable. Except as otherwise indicated, the statements made herein are based on my personal knowledge or from my review of the Debtor's books and records.

-1-

DECLARATION OF SHELLEY SALINERO
IN SUPPORT OF MOTION TO ESTIMATE

2. I make this declaration in support of the Liquidating Debtor's Motion to Estimate Proof of Claim No. 709 Filed By Ronald A. Katz Technology Licensing, L.P. and Its Affiliates A2D, L.P. for Purposes of Establishing A Reserve for the Unliquidated and Disputed Claim No. 709 Pursuant to 11 U.S.C. §502(c).

3. On December 28, 2008, the Debtor filed a voluntary petition for relief under the Bankruptcy Code.

4. The Debtor, a 118-year-old international law firm, is currently winding down its business and affairs following the adoption of a Plan of Dissolution by the shareholders of the Debtor's limited partners in September 2008. Although the Debtor is no longer engaged in the practice of law, there remain a substantial number of unperformed, yet necessary tasks relating to winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors and equity interest holders.

5. The Official Committee of Unsecured Creditors and the Debtor jointly proposed the Plan that came on for hearing on August 9, 2010. On August 13, 2010, this Court entered its order confirming the Plan (docketed on August 16, 2010), which Confirmation Order became effective on September 1, 2010 (the "Effective Date"). There was no appeal to confirmation of the Plan. Michael Burkart is the duly appointed administrator under the Plan and has been managing the Post-Confirmation Debtor since the Effective Date.

6. The Post-Confirmation Debtor after the Effective Date has distributed an excess of approximately $4.9 million to pre-petition priority creditors pursuant to the Plan and the Plan has been substantially consummated.

7. On April 24, 2009 (after the Petition Date), RAKTL filed the RAKTL Claim, which is comprised of a one-page proof of claim and an attachment thereto. *See* Raktl Claim, Exh. 3. The RAKTL Claim asserts a general unsecured claim against the Debtor in an estimated contingent and unliquidated amount that exceeds $50,000,00.00." *See* RAKTL Claim, Exh. 3, p. 1. On September 1, 2010, RAKTL supplemented the RAKTL Claim by filing the Declaration of James Tramontana Regarding Sealed Documents in Support of Claim Number 709 of Ronald A. Katz Technology Licensing, L.P. and its affiliate A2D, L.P., and the Declaration of James E.

Malackowski Regarding Sealed Documents in Support of Claim Number 709 of Ronald A. Katz Technology Licensing, L.P. and its affiliate A2D, L.P.

8. On or about August 18, 2006, at the request of certain intellectual property shareholders of the Debtor, the Debtor entered into a legal services agreement with A2D to prosecute five patent-infringement lawsuits on behalf of A2D and its affiliates against approximately 27 defendants. A copy of the August 18, 2006 agreement (the "2006 Fee Agreement"), parts of which may be privileged and/or confidential, is in the possession of, or will be provided to, the parties and the Court upon request.

9. The Debtor and A2D amended the 2006 Fee Agreement by two subsequent agreements, dated April 30, 2007, and June 29, 2007 (the "4/30/07 Amendment" and the "6/29/07 Amendment"), to accommodate, among other things, RAKTL's anticipated filing of approximately 23 additional cases. Copies of the 4/30/07 Amendment and 6/29/07 Amendment, parts of which are confidential, are in the possession of, or will be provided to, the parties and the Court upon request. The 2006 Fee Agreement, as amended by the 4/30/07 Amendment and 6/29/07 Amendment, is referred to herein as the "RAKTL Fee Agreement."

10. As of 2008, the Debtor's total actual hourly billings exceeded RAKTL's total non-contingent payments under the RAKTL Fee Agreement by at least $18,500,000 – reflecting an enormous investment by the Debtor in the RAKTL litigation. This investment was made by the Debtor in the expectation that the investment would be at least partially recouped in contingent fees. Under the RAKTL Fee Agreement, a contingent fee was due and payable to the Debtor on November 1, 2010 in an amount the Debtor believes exceeds $10 million.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 19th day of May, 2011, at San Francisco, California.

Shelley Salinero