1   Defendants, had received payment of such debts pursuant to the provisions of chapter 7 of

2   the Bankruptcy Code.

3       307.    Based on the foregoing, Plaintiff is entitled to avoid and recover from IP

4   Shareholder Defendants the Transfers or the value of the Transfers for the benefit of the

5   estate pursuant to the provisions of 11 U.S.C. §§547(b) and 550(a).

6       WHEREFORE, Plaintiff prays for judgment as set forth below.

7

8                       **OBJECTION TO THE RAKTL CLAIM**

9       308.    The RAKTL Claim consists of the one-page proof of claim, an Attachment

10  to Proof of Claim (the "Attachment"), the Declaration of James Tramontana Regarding

11  Sealed Documents in Support of Claim Number 709 of Ronald A. Katz Technology

12  Licensing, L.P. and its affiliate A2D, L.P., dated August 20, 2010 (the "Tramontana

13  Declaration" or "Tramontana Decl."), and the Declaration of James E. Malackowski

14  Regarding Sealed Documents in Support of Claim Number 709 of Ronald A. Katz

15  Technology Licensing, L.P. and its Affiliate A2D, L.P. (the Malackowski Declaration" or

16  Malackowski Decl."). In accordance with this Court's order, the Attachment and the

17  Tramontana and Malackowski Declarations have been filed under seal.

18      309.    The RAKTL Fee Agreement is between Debtor and A2D. In the RAKTL

19  Claim, RAKTL does not distinguish between RAKTL (Katz Technology and A2D,

20  collectively) and A2D. This objection refers to RAKTL similarly, except to indicate

21  where A2D acted alone.

22      310.    RAKTL alleges that Debtor breached the RAKTL Fee Agreement by

23  dissolving. As a result, RAKTL alleges, it was required to engage substitute counsel (first

24  Covington then Cooley) to complete the Cases for additional legal fees, is entitled to

25  credit for approximately one-quarter of the non-contingent payment for 2008 hourly fees

26  and an amount allegedly paid by RAKTL to an outside vendor for services in connection

27  with the Cases.

28      311.    Each of these claims is meritless, for the reasons set forth below.

1     312.   <u>Additional Legal Fees</u>.  Debtor did not breach the RAKTL Fee Agreement.

2   RAKTL terminated the RAKTL Fee Agreement when it elected to transfer the Cases to

3   Covington and elsewhere.

4     313.   Certain of the IP Shareholder Defendants were responsible for Debtor's

5   performance of the RAKTL Fee Agreement. Because their departure for another firm,

6   with RAKTL's knowledge and approval, made it impossible for Debtor to continue the

7   representation of RAKTL, any duty of Debtor to further perform was discharged, waived

8   and/or excused.

9     314.   <u>2008 Non-Contingent Fee</u>.  In December 2007, RAKTL paid Debtor a non-

10   contingent fixed fee for Debtor's services in 2008.  The RAKTL Fee Agreement provided

11   that each of these payments was "fully earned and non-refundable" and that "no matter

12   how many hours of legal services are provided by [Debtor] in performing the Services

13   during 2008 . . . no fees will be refunded to A2D, LP, with respect to the Services for

14   2008." (<u>Id.</u>).

15     315.   Debtor estimates that its actual time charges for 2008 exceeded

16   $21,000,000.

17     316.   RAKTL is not entitled to any refund of the lesser, fixed prepayment for

18   2008 hourly fees.

19     317.   <u>Vendor Payment</u>.  Under the RAKTL Fee Agreement,Debtor is not

20   obligated to reimburse RAKTL for its payment to the outside litigation vendor because

21   A2D was obligated to make it.

22     318.   In addition, Debtor generally objects to the RAKTL Claim under

23   Bankruptcy Code section 502(b)(1), on the following grounds:

24     a.   The RAKTL Claim is barred because RAKTL has failed to state a claim for

25   relief.

26     b.   Debtor did not breach the RAKTL Fee Agreement.

27     c.   RAKTL terminated, repudiated and/or breached the RAKTL Fee

28   Agreement.

d.     The RAKTL Claim is barred because performance of the RAKTL Fee Agreement was made impossible by RAKTL.

e.     The RAKTL Claim is barred by the equitable doctrine of unclean hands.

f.     The RAKTL Claim is barred by the equitable doctrine of waiver.

g.     The RAKTL Claim is barred by the equitable doctrine of estoppel.

h.     The RAKTL Claim is barred by the equitable doctrine of unjust enrichment.

i.     The RAKTL Defendants suffered no damages from Debtor's actions.

j.     Any alleged damages suffered by the RAKTL Defendants are not documented or are speculative.

k.     Any alleged damages suffered by RAKTL are a result of its own conduct or the conduct of third parties.

l.     Any alleged damages suffered by RAKTL must be reduced by RAKTL's own proportionate fault and that of its agents and third parties.

m.     The RAKTL Claim is barred due to RAKTL's failure to perform a condition precedent to Debtor's obligations under the RAKTL Fee Agreement.

n.     RAKTL failed to mitigate any alleged damages that it suffered.

o.     The conduct of Debtor at all times was privileged and justified in the lawful conduct of its business.

p.     If the RAKTL Claim is allowed in whole or in part (notwithstanding this Objection), any allowed amount is subject to complete offset or recoupment against amounts owed by RAKTL to Debtor, based on Debtor's claims against RAKTL.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1.     As to the First Claim for Relief for Breach of Contract Against the RAKTL Defendants, Debtor is entitled to:

a.     Judgment against the RAKTL Defendants, jointly and severally, for damages in an amount to be proven at trial;

b.     Prejudgment and post-judgment interest to the extent allowed by law;

1   and

2           c.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

3       2.    As to the Second Claim for Relief for Quantum Meruit Against the RAKTL

4   Defendants, Debtor is entitled to:

5           a.    Judgment against the IP Shareholder Defendants, and each of them, for

6       damages in an amount to be proven at trial;

7           b.    Prejudgment and post-judgment interest to the extent allowed by law;

8       and

9           Reasonable attorneys' fees and costs of suit to the extent allowed by law.

10      3.    As to the Third Claim for Relief for Breach of the Implied Covenant of Good

11  Faith and Fair Dealing Against the RAKTL Defendants, Debtor is entitled to:

12          a.    Judgment against the RAKTL Defendants, jointly and severally, for

13      damages in an amount to be proven at trial;

14          b.    Prejudgment and post-judgment interest to the extent allowed by law;

15      and

16          c.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

17      4.    As to the Fourth Claim for Relief for Breach of Contract Against the IP

18  Shareholder Defendants, Debtor is entitled to:

19          a.    A recovery in quantum meruit with respect to, among other things, the

20      fair value of Debtor's services to the RAKTL Defendants prior to the termination of

21      Debtor's engagement by the RAKTL Defendants, whether such value was enjoyed

22      by the RAKTL Defendants before or after the RAKTL Defendants terminated

23      Debtor.

24          b.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

25      5.    As to the Fifth Claim for Relief for Breach of the Implied Covenant of Good

26  Faith and Fair Dealing Against the IP Shareholder Defendants, Debtor is entitled to:

27          a.    Judgment against the IP Shareholder Defendants, jointly and severally,

28      for damages in an amount to be proven at trial;

|    |                                                                                  |
|----|----------------------------------------------------------------------------------|
| 1  |         b.    Prejudgment and post-judgment interest to the extent allowed by law; |
| 2  | and |

b.    Prejudgment and post-judgment interest to the extent allowed by law; and

c.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

6.    As to the Sixth Claim for Relief for Breach of Fiduciary Duty Against the IP Shareholder Defendants, Debtor is entitled to:

a.    Judgment against the IP Shareholder Defendants, jointly and severally, for damages in an amount to be proven at trial;

b.    Prejudgment and post-judgment interest to the extent allowed by law; and

c.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

7.    As to the Seventh Claim for Relief for Equitable Indemnification Against the IP Shareholder Defendants and Covington, Debtor is entitled to:

a.    A Judgment for equitable indemnification from the IP Shareholder Defendants and Covington for all damages incurred by the RAKTL Defendants, as reflected in the RAKTL Claim;

b.    Prejudgment and post-judgment interest to the extent allowed by law; and

c.    Attorneys' fees and costs of suit incurred by Debtor in the defense of the RAKTL Claim.

8.    As to the Eighth through Eleventh Claims for Relief, for the Recovery of Fraudulent Transfers, Debtor is entitled to:

a.    Avoid the Jewel Waiver as constituting one or more fraudulent transfers pursuant to 11 U.S.C. Sections 548 and 550, as well as California Civil Code Sections 3439.04, 3439.05, 3439.07 and 11 U.S.C. Section 544; and

b. An order that requires the return of such transfers or the value thereof; and

c.    Prejudgment and post-judgment interest to the extent allowed by law;

d. Require payment of attorneys' fees, expenses and costs.

9. As to the Twelfth Claim for Relief for Aiding and Abetting Breach of Fiduciary Duty Against Covington, Debtor is entitled to:

    a. Judgment against Covington for damages in an amount to be proven at trial;

    b. Prejudgment and post-judgment interest to the extent allowed by law; and

    c. Reasonable attorneys' fees and costs of suit to the extent allowed by law.

10. As to the Thirteenth Claim for Relief for Intentional Interference With Contractual Relations, Debtor is entitled to:

    a. Judgment against Covington for damages in an amount to be proven at trial;

    b. Prejudgment and post-judgment interest to the extent allowed by law; and

    c. Reasonable attorneys' fees and costs of suit to the extent allowed by law.

11. As to the Fourteenth Claim for Relief for Accounting Against All Defendants, Debtor is entitled to:

    a. Judgment for a full and complete accounting by the IP Shareholder Defendants, the RAKTL Defendants and Covington of (i) with respect to each Case resolved as of November 1, 2010, (the amount of any Net Recovery by the IP Shareholder Defendants, whether by settlement, judgment or otherwise, and the amount of the Contingent Fee payable to Debtor on that Net Recovery), calculated in accordance with the RAKTL Fee Agreement, showing in detail the calculation of the Net Recovery and the Contingent Fee; and (ii) with respect to each Case resolved after November 1, 2010, the amount of any Net Recovery by the IP Shareholder Defendants, and the amount of the Contingent Fee that would be payable to the Debtor on that Net Recovery, if the Case had stayed with Debtor, showing in detail the calculation of the Net Recovery and the Contingent Fee.

    b. Judgment for a full and complete accounting by the IP Shareholder

1    Defendants, the RAKTL Defendants and Covington of the status of each Case that

2    remains unresolved, including the timing of any expected settlement or trial and the

3    amount, and a detailed calculation of the anticipated Net Recovery and the

4    Contingent Fee payable thereon; and

5          c.    To the extent the Accounting shows Debtor is entitled to a Contingent

6    Fee, Debtor requests that the Court enter judgment for Debtor in the amount

7    thereof.

8          d.    Prejudgment and post-judgment interest to the extent allowed by law;

9    and

10          e.    Reasonable attorneys' fees and costs of suit to the extent allowed by law.

11          12.   As to the Fifteenth Claim for Relief for Declaratory Relief Against All

12    Defendants, Debtor is entitled to:

13          a.   A judicial declaration that the RAKTL Defendants, the IP Shareholder

14              Defendants and Covington are required to make full disclosure of all past

15              settlements of the Cases and of future settlements as and when such

16              settlements occur, including a full accounting to Debtor of all settlement

17              proceeds and other facts and circumstances that could bear on the amount of

18              fees for legal services to which Debtor is entitled under the RAKTL Fee

19              Agreement and/or quantum meruit;

20          b.   A judicial declaration that with respect to the Cases that have settled prior to

21              October 1, 2008, Debtor is entitled to fees for legal services under the terms of

22              the RAKTL Fee Agreement; and

23          c.   A judicial declaration that with respect to the Cases that have settled on or

24              after October 1, 2008, Debtor is entitled to fees for legal services under

25              quantum meruit principles.

26          d.   Prejudgment and post-judgment interest to the extent allowed by law; and

27          e.   Reasonable attorneys' fees and costs of suit to the extent allowed by law.

28          13.   Debtor is further entitled to an order disallowing the RAKTL Claim in full.

14. Debtor requests prejudgment and post-judgment interest to the maximum extent allowed by law; and

15. Debtor requests that the Court grant such additional relief that the Court deems just and appropriate.

16. As to the Sixteenth through Twenty-Second Claims for Relief, for the Recovery of Fraudulent Transfers, Debtor is entitled to:

    a. Avoid the Jewel Waiver as constituting one or more fraudulent transfers pursuant to 11 U.S.C. Sections 548 and 550, as well as California Civil Code Sections 3439.04, 3439.05, 3439.07 and 11 U.S.C. Section 544; and

    b. An order that requires the return of such transfers or the value thereof; and

    c. Prejudgment and post-judgment interest to the extent allowed by law;

    d. Require payment of attorneys' fees, expenses and costs.

17. As to the Objection to Claim No. 709 filed by the RAKTL Defendants for an order disallowing the claim in its entirety and for such other relief as the Court may grant.

DATED: December 23, 2010

TREPEL MCGRANE GREENFIELD LLP


By:    \s\Christopher D. Sullivan
         Christopher D. Sullivan
         Special Litigation Counsel for Liquidating
         Debtor, Heller Ehrman LLP

# EXHIBIT A

## Exhibit A

### Robert Fram

IP Shareholder Defendant Robert Fram was paid $772,830 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Robert Frahm was paid in excess of $59,225 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $385,755 in "base salary" to Defendant Robert Fram.

### Robert Haslam

IP Shareholder Defendant Robert Haslam was paid $1,035,077 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Robert Haslam was paid in excess of $174,654 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $725,943 in "base salary" to Defendant Robert Haslam.

### Sturgis Sobin

IP Shareholder Defendant Sturgis Sobin was paid $336,349 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Sturgis Sobin was paid in excess of $86,603 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $337,312 in "base salary" to Defendant Sturgis Sobin.

Johnny Chiu

IP Shareholder Defendant Johnny Chiu was paid $98,198 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $320,868 in "base salary" to Defendant Johnny Chiu.

Alan Blankenheimer

IP Shareholder Defendant Alan Blankenheimer was paid $310,179 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Alan Blankenheimer was paid in excess of $158,417 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $396,535 in "base salary" to Defendant Alan Blankenheimer.

Heidi Gutierrez

IP Shareholder Defendant Heidi Gutierrez was paid $3,897 as part of the Annual Bonus paid to Heller Shareholders in December of 200.

IP Shareholder Defendant Heidi Gutierrez was paid in excess of $27,427 as her LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $178,782 in "base salary" to Defendant Heidi Gutierrez.

//

## Michael Markman

IP Shareholder Defendant Michael Markman was paid $33,827 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Michael Markman was paid in excess of $15,350 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $245,319 in "base salary" to Defendant Michael Markman.

## Michael Plimack

IP Shareholder Defendant Michael Plimack was paid $306,956 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Michael Plimack was paid in excess of $30,744 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $292,564 in "base salary" to Defendant Michael Plimack.

## Stanley Young

IP Shareholder Defendant Stanley Young was paid $246,157 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Stanley Young was paid in excess of $36,755 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $260,412 in "base salary" to Defendant Stanley Young.

//

## Nitin Subhedar

IP Shareholder Defendant Nitin Subhedar was paid $124,128 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Nitin Suhedar was paid in excess of $18,658 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $199,752 in "base salary" to Defendant Stanley Young.

## Chris Martiniak

IP Shareholder Defendant Chris Martiniak was paid $355 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Chris Martiniak was paid in excess of $151,216 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $207,012 in "base salary" to Defendant Chris Martiniak.

## Laura Underwood-Muschamp

IP Shareholder Defendant Laura Underwood-Muschamp was paid $24,446 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Laura Underwood-Muschamp was paid in excess of $16,117 as her LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $203,533 in "base salary" to Defendant Laura Underwood-Muschamp.

//

## Dale Rice

IP Shareholder Defendant Dale Rice was paid $33,154 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Dale Rice was paid in excess of $40,217 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $286,113 in "base salary" to Defendant Dale Rice.

## Christine Haskett

IP Shareholder Defendant Christine Haskett was paid $10,290 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Christine Haskett was paid in excess of $18,052 as her LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $210,029 in "base salary" to Defendant Christine Haskett.

## Maureen Browne

IP Shareholder Defendant Maureen Browne was paid $43,772 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $195,967 in "base salary" to Defendant Maureen Browne.

## Andrew Byrnes

IP Shareholder Defendant Andrew Byrnes was paid $7,071 as part of the Annual Bonus paid to Heller Shareholders in December of 2007.

IP Shareholder Defendant Andrew Byrnes was paid in excess of $15,845 as his LEO Contribution in addition to other pension related benefits.

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $206,794 in "base salary" to Defendant Andrew Byrnes.

Jo Dale Carothers

In 2008, while the Debtor was sliding further into insolvency, the Debtor paid $179,079 in "base salary" to Defendant Jo Dale Carothers.

# EXHIBIT B

# Exhibt B

| | Client Name | Heller Client Number |
|---|---|---|
| Covington | I█████████ | 0012 |
| | | |
| | | |
| | A████ T████ C█, L██ | 0001 |
| | | 0002 |
| | | 0007 |
| | A████ G████ C█ | 0001 |
| | | 0002 |
| | | 0004 |
| | | 0009 |
| | | 0041 |
| | | 0051 |
| | | 0063 |
| | | 0060 |
| | | 0064 |
| | | 0065 |
| | A███ I██ | 0002 |
| | | 0003 |
| | | 0089 |
| | | 0094 |
| | A███ I██ | 0008 |
| | | 0009 |
| | A█████ | 0001 |
| | A████ I██ | 0001 |
| | B████ P██ I█████ S███ | 0001 |
| | B██ I████████ T█████ C█ L██ | 0001 |
| | | 0002 |
| | | 0003 |
| | | 0004 |
| | | 0005 |
| | C█ I██ | 0072 |
| | C████ P███ R█████ █ | 0002 |
| | | 0003 |
| | | 0005 |
| | | 0012 |
| | | 0013 |
| | | 0014 |
| | C█████ S██ | 0001 |
| | | 0005 |
| | D███ S███████ | 0001 |
| | D█████ I██ | 0033 |
| | | 0047 |

| | Client Name | Heller Client Number |
|---|---|---|
| | | No Total |
| | D██ ██ | 0025 |
| | | |
| | E████████ S██████ R████ ██ | 0001 |
| | | |
| | F██ M███ D███ G███ | 0001 |
| | | 0002 |
| | | 0003 |
| | | 0004 |
| | | 0006 |
| | | 0008 |
| | | 0009 |
| | | 0010 |
| | | 0011 |
| | | 0012 |
| | | 0013 |
| | | |
| | G██ R█ J██ C██ D█ E██ M████ | 0001 |
| | | |
| | H██ N█ █ | 0005 |
| | | |
| | | 0004 |
| | | |
| | H█████████ C██████ | 0017 |
| | | |
| | I███████ | 0004 |
| | | |
| | I███████ G███ S███ █ L███ | 0001 |
| | | |
| | I███ C██████ | 0001 |
| | | 0002 |
| | | |
| | L███ T█ L█ | 0002 |
| | | |
| | L██ E███████ L██ | 0001 |
| | | |
| | L████ █ | 0011 |
| | | |
| | M█ I███████ P██ █ | 0010 |
| | | 0012 |
| | | 0014 |
| | | 0034 |
| | | 0039 |
| | | 0040 |
| | | 0046 |
| | | 0048 |
| | | 0051 |
| | | 0052 |
| | | 0053 |
| | | 0054 |
| | | 0055 |
| | | 0058 |
| | | 0059 |
| | | |
| | M█████ I█ | 0001 |
| | | |
| | M███ C██████ | 0005 |

| Client Name | Heller Client Number |
|---|---|
| M█ S█████ | |
| | No Total |
| M██████ T████████, I█ | 0001 |
| | 0011 |
| | 0013 |
| | 0014 |
| | 0017 |
| | 0018 |
| | 0019 |
| | 0021 |
| | 0022 |
| | 0023 |
| | 0024 |
| M████ L███ | 0002 |
| N███ P██████ | 0008 |
| O██████ S██████ I█ | 0053 |
| P█ █I█ | 0013 |
| | 0014 |
| | 0015 |
| | 0016 |
| | 0017 |
| | 0018 |
| | 0019 |
| | 0020 |
| | 0021 |
| Q█████████ I█ | 0071 |
| R██████ E███ █████ | 0001 |
| R██████ K██ T███████ L█████ L█ | 0003 |
| | 0011 |
| | 0017 |
| | 0018 |
| | 0020 |
| S████ E██████ C█ L█ | 0002 |
| | 0003 |
| | 0041 |
| S█ A██ | 0003 |
| S██████ T██████ L█ - a██ - S████ T | 0009 |
| | 0014 |
| | 0013 |
| S███ S█████ | 0033 |
| T█ B█a█C████ I█ F███ | 0001 |
| T██ T████ A███ I█ | 0001 |
| T███ M██ I█ | 0001 |

| | Client Name | Heller Client Number |
|---|---|---|
| | T████ █████████ █ | 0001 |
| | | |
| | T████ █ | 0002 |
| | | 0003 |
| | | 0004 |
| | | 0006 |
| | | |
| | U███ M████████ C███████ (U███ | 0005 |
| | | |
| | V██ █ | 0465 |
| | W███████████ | 1482 |
| | | |
| | A█████, W██ | 0001 |
| | | |
| | B█████ E████████████ & H████ | 0001 |
| | | 0003 |
| | | |
| | C███████ U██ M████ C | 0001 |
| | | |
| | C███████ F██ ██o█C█████ | 0001 |
| | | |
| | H██, A████ | 0001 |
| | | |
| | L███ A█ S███ █o█ S██ M███ | 0010 |
| | | |
| | M██ ██ M██ D████████ | 0001 |
| | | |
| | S███ P████ █ ██ | 0001 |
| | | |
| | A█████ G████ C██████ | 0015 |
| | | 0029 |
| | | 0036 |
| | | 0050 |
| | | 0052 |
| | | 0053 |
| | | 0054 |
| | | 0057 |
| | | 0059 |
| | | |
| | | 0061 |
| | | |
| | A███ █ | 0090 |
| | | 0091 |
| | | 0093 |
| | | 0095 |
| | | |
| | A███ S█████ | 0001 |
| | | 0002 |
| | | |
| | B█ | 0061 |
| | | 0062 |
| | | 0063 |

|  | Client Name | Heller Client Number |
|---|---|---|
|  |  | 0118 |
|  |  |  |
|  | C████ P██ R█████ I██ | 0001 |
|  |  | 0004 |
|  |  | 0007 |
|  |  | 0008 |
|  |  | 0009 |
|  |  | 0010 |
|  |  | 0011 |
|  |  |  |
|  | C████ S████ & C████ I███ | 0046 |
|  |  |  |
|  | C████ S████ | 0010 |
|  |  |  |
|  | D██ S█████████ | 0003 |
|  |  |  |
|  | D████ H███ C█, L███ | 0001 |
|  |  |  |
|  | G██████, I██ | 0011 |
|  |  |  |
|  | H████ N█, I██ | 0001 |
|  |  | 0002 |
|  |  | 0003 |
|  |  |  |
|  | H██████████C███ | 0001 |
|  |  | 0004 |
|  |  | 0007 |
|  |  |  |
|  | I█████ | 0003 |
|  |  | 0006 |
|  |  | 0007 |
|  |  | 0008 |
|  |  | 0009 |
|  |  | 0010 |
|  |  | 0011 |
|  |  |  |
|  | I███ C█████ | 0003 |
|  |  | 0005 |
|  |  | 0006 |
|  |  |  |
|  | L████ B███ I████ | 0001 |
|  |  | 0002 |
|  |  |  |
|  | M██ I█████ P█████ I█ | 0015 |
|  |  | 0018 |
|  |  | 0021 |
|  |  | 0028 |
|  |  | 0032 |
|  |  | 0035 |
|  |  | 0036 |
|  |  | 0037 |
|  |  | 0038 |
|  |  | 0042 |
|  |  | 0043 |
|  |  | 0044 |
|  |  | 0045 |
|  |  | 0047 |
|  |  | 0049 |

Case: 08-33225144   Doc # 21076-62   Filed: 052/293/110   Entered: 052/293/110 122:474:120   Page 21 of 27

| Client Name | Heller Client Number |
|---|---|
| | 0050 |
| | 0057 |
| | |
| M█████ T████████ I██ | 0003 |
| | 0006 |
| | 0009 |
| | 0010 |
| | 0012 |
| | 0015 |
| | 0016 |
| | 0020 |
| | |
| N████ S███████████ C██████ | 0004 |
| | |
| P████ C██████ | 0004 |
| | |
| P██M███████ ███████C██ | 0001 |
| | 0005 |
| | |
| R██████ K██ T█████ L█████ L.█ | 0010 |
| | 0012 |
| | 0013 |
| | 0014 |
| | 0015 |
| | 0016 |
| | 0019 |
| | |
| R███ S████, I██ | 0013 |
| | |
| S██████ E███████ C██, L█ | 0039 |
| | 0040 |
| | |
| S██ A█ | 0001 |
| | |
| U███ M███████████ C██████ (U██ | 0003 |
| | 0004 |
| | 0006 |
| | |
| V███ █ | 0504 |
| | |
| W█████ E██ | 0001 |
| | 0002 |
| | |
| Y████ I██ | 0150 |
| | 0151 |
| | 0152 |
| | |
| | |
| P████ G██ & E██████ C███ | 0096 |
| | |
| | |
| C███, Z█████ | 0001 |

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS Heller Ehrman LLP, Liquidating Debtor | DEFENDANTS      See Attachment 1 |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Christopher Sullivan<br>TREPEL MCGRANE GREENFIELD LLP<br>350 California, Suite 2200<br>San Francisco, CA 94111<br>(415) 283-1776 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See Attachment 2

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☑ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ To be determined at trial. |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Heller Ehrman LLP | BANKRUPTCY CASE NO. 08-32514 DM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of California | DIVISION OFFICE<br>San Francisco | NAME OF JUDGE<br>Hon. Dennis Montali |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE  December 23, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher D. Sullivan |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# Attachment 1

# DEFENDANTS

RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

A2D, L.P.

FIRST DATA RESOURCES, INC.

A2D CORPORATION

ROBERT FRAM

ROBERT HASLAM

ALAN BLANKENHEIMER

MAUREEN BROWNE

ANDREW BYRNES

JO DALE CAROTHERS

JOHNNY CHIU

MICHAEL MARKMAN

MICHAEL PLIMACK

CHRISTINE SAUNDERS-HASKETT

STURGIS SOBIN

NITIN SUBHEDAR

LAURA UNDERWOOD-MUSCHAMP

STANLEY YOUNG

COVINGTON & BURLING LLP

ATTACHMENT I

# Attachment 2