# EXHIBIT 2

Case: 08-32514    Doc# 2178-11    Filed: 05/19/11    Entered: 05/19/11 14:47:10    Page 1 of 5



**Signed and Filed: April 08, 2011**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

1  William McGrane (SBN 57761)
   Christopher D. Sullivan (SBN 148083)
2  TREPEL McGRANE, GREENFIELD LLP
   150 California Street, Suite 220
3  San Francisco, CA 94111
   Telephone: (415) 283-1776
4  E-mail: wmcgrane@tmcglaw.com

5  Attorneys for Liquidating Debtor

6

7            UNITED STATES BANKRUPTCY COURT
             NORTHERN DISTRICT OF CALIFORNIA
8              SAN FRANCISCO DIVISION

9  In re:                            CASE NO.: 08-32514

10 HELLER EHRMAN LLP,                Chapter 11

11        Debtor.

12                                   ORDER APPROVING SETTLEMENT
                                     AGREEMENT UNDER RULE 9019 OF THE
13                                   FEDERAL RULES OF BANKRUPTCY
                                     PROCEDURE

14
                                     Hearing Date
15                                   Date:      March 31, 2011
                                     Time:      1:00 p.m.
16                                   Place:     United States Bankruptcy Court
                                                 235 Pine Street
17                                               San Francisco, CA
                                     Judge:     Hon. Dennis Montali
18

19        The *Plaintiff Liquidating Debtor's Motion to Approve Settlement Agreement with*

20 *Defendants Bank of America, N.A. and Citibank, N.A.* [Dkt. No. 2090] (the "Motion") filed by the

21 Liquidating Debtor Heller Ehrman LLP ("Liquidating Debtor") came on for a hearing before The

22 Honorable Dennis Montali in his Courtroom at 235 Pine Street, San Francisco, California at 1:00

23 p.m. on March 31, 2011 (the "Hearing"). Appearances were as noted on the record of such

24 Hearing. The Court having considered the Motion, the pleadings filed with respect thereto, the

25 exhibits, declarations and pleadings which relate to the issues raised in the Motion, this Court's

26 record in the captioned chapter 11 case and the adversary proceeding (A.P. No. 09-03071) pending

27 before this Court, any responses and objections to the Motion, and any arguments or testimony

28 before the Court having been duly noted on the record at the Hearing, and upon the record of the

Hearing, the Motion, and any responses and objections having been resolved, withdrawn, or overruled on the merits or otherwise resolved, and after due deliberation and sufficient cause appearing therefore, this Court makes the following Findings of Fact and Conclusions of Law on the Motion:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Liquidating Debtor seeks in the Motion this Court's approval of a Settlement Agreement dated as of March 25, 2011 (the "Settlement Agreement") by and among the Liquidating Debtor, and the Official Committee of Unsecured Creditors of Heller Ehrman LP (as appointed by the Bankruptcy Court and as continued in existence pursuant to the terms of the Plan, the "Committee") on the other hand, and Bank of America, N.A., in its separate capacity and as agent ("BofA") and Citibank, N.A. ("Citibank," and together with BofA, the "Banks"), on the other hand. A true and correct copy of the Settlement Agreement is attached as Exhibit A to the *Supplemental Declaration of Christopher D. Sullivan in Support of Plaintiff Liquidating Debtor's Motion to Approve Settlement Agreement with Defendants Bank of America, N.A. and Citibank, N.A.* [Dkt. No. 2106].

C. The Liquidating Debtor has provided notice of the Motion, the Hearing, and the subject matter of the Settlement Agreement pursuant to Bankruptcy Rules 2002 and 6004, including all persons that had requested special notice pursuant to the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010) [Dkt. 1431] (the "Plan"). Such notice is adequate under the circumstances and in light of the relief requested, and no other or further notice is required.

D. The relief requested is in the best interests of the Liquidating Debtor, and its creditors. The Liquidating Debtor has demonstrated a sound business purpose for the relief requested.

E. The settlement memorialized in the Settlement Agreement is the product of arms'-length, good faith negotiations by and between (a) the Liquidating Debtor, (b) Michael Burkart, in his capacity as the duly appointed plan administrator under the Plan (the "Plan

Administrator"), (c) the Committee, and (d) the Banks, and is not the product of fraud or collusion. The Settlement Agreement meets the standard for approval of settlements in this Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

F. The consideration to be exchanged between and among the Liquidating Debtor and the Banks is fair and reasonable.

G. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein and granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. The Settlement Agreement is approved.

4. The Liquidating Debtor, the Committee, the Plan Administrator, and the Banks are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including performance of the Settlement Agreement.

5. The Settlement Agreement was negotiated, proposed, and entered into by the Liquidating Debtor, and the Banks in good faith and from arms-length bargaining positions.

6. This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order, subject to the terms of the Settlement Agreement.

//

ORDER APPROVING SETTLEMENT AGREEMENT WITH BANKS

-3-

Case: 08-32514   Doc# 2173-11   Filed: 04/05/19   Entered: 04/05/19 11:18:47   Page 3 of 5
Case: 08-32514   Doc# 2173-11   Filed: 04/05/19   Entered: 04/05/19 11:14:49:10   Page 3 of 5

7.     In the Settlement Agreement, the carve-outs in the definitions of BofA Released Claims and Citibank Released Claims set forth in subsections 2 and 3 of the proviso to each definition relate solely to the obligations of the Liquidating Debtor and the Heller Ehrman PC's as depositors under the agreements, rules, regulations and procedures applicable to their respective accounts identified in each subsection.

**APPROVED AS TO FORM:**

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ M. David Minnick*
M. David Minnick
Attorneys for Bank of America, N.A.

PEITZMAN WEG & KEMPINSKY LLP

*/s/ Lawrence Peitzman*
Lawrence Peitzman
Attorneys for Citibank, N.A.

FELDERSTEIN FITZGERALD
WILLOUGHY & PACSUZZI LLP

*/s/ Thomas A. Willoughby*
Thomas A. Willoughby
Attorneys for The Official Committee
of Unsecured Creditors of Heller Ehrman LLP

KLEE, TUCHIN, BOGDANOFF & STERN LLP

*/s/ Matthew C. Heyn*
Matthew C. Heyn
Attorneys for Ad Hoc Shareholder Group

**\* END OF ORDER \***

ORDER APPROVING SETTLEMENT AGREEMENT WITH BANKS

-4-