# EXHIBIT 6

**B104 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| ~~PLAINTIFFS~~ COUNTERCLAIMANTS<br>Ronald A. Katz Technology Licensing L.P.,<br>A2D, L.P. | ~~DEFENDANTS~~ COUNTERDEFENDANTS<br>Heller Ehrman LLP, Liquidating Debtor |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michael S. Kogan<br>Ervin Cohen & Jessup LLP<br>9401 Wilshire Blvd. 9th Floor<br>Beverly Hills, CA 90212<br>Tel: 310-273-6333 | ATTORNEYS (If Known)<br>Trepel McGrane Greenfield    Valle Makoff LLP<br>150 California St. #2200    388 Market St. #1580<br>San Francisco, CA 94111    San Francisco, CA 94111<br>Tel: 415-283-1776    Tel: 415-796-0205 |
|---|---|

PARTY (Check One Box Only)

☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☒ Other Defendants/Counter-
☐ Trustee  Claimants

PARTY (Check One Box Only)

☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of Contract; Quantum Meruit; Breach of Implied Covenant of Good Faith and
Fair Dealing against the RAKTL Defendants; Breach of Contract; Breach of the Impled
Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duty against the IP
Shareholder Defendants; Equitable Indemnification against the IP Shareholder
Defendants and Covington; Avoid and Recover Intentional Fraudulent Transfers; Avoid
and Recover Constructive Fraudulent Transfers; Aiding and Abetting Breach of
Fiduciary Duty against Covington; Intentional Interference with Contractual
Relations; Accounting; Declaratory Relief against all Defendants, etc.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 2 14-Recovery of money/property - other    Sections 544, 550

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☑ Check if a jury trial is demanded in complaint
Demand $

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Heller Ehrman LLP | BANKRUPTCY CASE NO.<br>08-32514-DM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>San Francisco | NAME OF JUDGE<br>Dennis Montali |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br><br>Heller Ehrman LLP | DEFENDANT<br>Ronald A. Katz Technology Licensing, et al. | ADVERSARY<br>PROCEEDING NO.<br>10-03318 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern | DIVISION OFFICE<br>San Francisco | NAME OF JUDGE<br>Dennis Montali |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>February 16, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael S. Kogan | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  Michael S. Kogan (SBN 128500)
   **ERVIN, COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  mkogan@ecjlaw.com
   and
4  Malcolm E. Wheeler
   Wheeler Trigg O'Donnell LLP
5  1801 California Street, suite 3600
   Denver, Colorado 80202-2617
6  Email: wheeler@wtotrial.com

7  Attorneys for Ronald A. Katz Technology Licensing, L.P.,
   A2D Corporation, A2D, L.P.

8                **UNITED STATES BANKRUPTCY COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10  In re                                    ) Case No. 08-32514-DM
                                             )
11  HELLER EHRMAN LLP,                       ) Chapter 11
                                             )
12            Debtor.                        ) Adv. No. 10-03318
                                             )
13  HELLER EHRMAN LLP, LIQUIDATING           ) **ANSWER TO FIRST AMENDED**
    DEBTOR,                                  ) **COMPLAINT; COUNTERCLAIM; AND**
14            Plaintiff,                     ) **JURY DEMAND**
                                             )
      v.                                     )
15  RONALD A. KATZ TECHNOLOGY                )
    LICENSING, L.P., A2D, L.P., FIRST DATA   )
16  RESOURCES, INC., A2D CORPORATION,        )
    ROBERT FRAM, ROBERT HASLAM, ALAN         )
17  BLANKENHEIMER, MAUREEN BROWNE,           ) Date:       [No Hearing Required]
    ANDREW BYRNES, JO DALE                   ) Time:
18  CAROTHERS, JOHNNY CHIU, MICHAEL          ) Place:
    MARKMAN, MICHAEL PLIMACK,                )
19  CHRISTINE SAUNDERS-HASKETT,              )
    STURGIS SOBIN, NITIN SUBHEDAR,           )
20  LAURA UNDERWOOD-MUSCHAMP,                )
    STANLEY YOUNG, HEIDI GUTIERREZ,          )
21  CHRIS MARTINIAK, DALE RICE, AND          )
    COVINGTON & BURLING LLP.,                )
22  Defendants.                              )
                                             )
23                                           )
    RONALD A. KATZ TECHNOLOGY                )
24  LICENSING, L.P., A2D, L.P.,              )
                                             )
    Counterclaimants,                        )
25                                           )
      v.                                     )
26                                           )
    HELLER EHRMAN LLP, LIQUIDATING           )
    DEBTOR,                                  )
27                                           )
    Counterdefendant.                        )
28

                ANSWER TO COMPLAINT; COUNTERCLAIM; AND JURY DEMAND

Defendants Ronald A. Katz Technology Licensing, L.P. ("RAKTL"); A2D, L.P. ("A2D"); and A2D Corporation (the "RAKTL-related entities") hereby answer the First Amended Complaint of Heller Ehrman LLP, Liquidating Debtor ("the Complaint"). Each allegation in the Complaint not specifically and expressly admitted is hereby specifically and expressly denied.

## ANSWER TO COMPLAINT

1.     The RAKTL-related entities admit that this is an adversary proceeding and that some attorneys who at one time were partners or shareholders, or held some other ownership interest, in Heller Ehrman LLP ("Heller" or "Debtor") went to Covington & Burling LLP ("Covington"). The RAKTL-related entities also admit that they claim that Debtor breached its agreement to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 and for that reason deny them.

2.     The RAKTL-related entities admit that Debtor has asserted the claims alleged in the Complaint. The RAKTL-related entities deny the remaining allegations in paragraph 2.

3.     The RAKTL-related entities admit that at one time Debtor engaged in the practice of law and filed a petition for relief under chapter 11 of the United States Bankruptcy Code. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 and for that reason deny them.

4.     The RAKTL-related entities admit the allegations in the first sentence of paragraph 4. The RAKTL-related entities also admit that on August 16, 2010, the United States Bankruptcy Court, Northern District of California, entered an order that will have whatever effect it may finally be given by the courts of the United States of America. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and for that reason deny them.

5.     The RAKTL-related entities admit that the United States Bankruptcy Court, Northern District of California, has entered an order naming Michael Burkart administrator of a

2

plan. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 and for that reason deny them.

6. The RAKTL-related entities admit the allegations in paragraph 6.

7. The RAKTL-related entities admit the allegations in paragraph 7.

8. The RAKTL-related entities admit that First Data Resources, Inc. ("First Data") is the sole limited partner of RAKTL. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and for that reason deny them

9. The RAKTL-related entities admit the allegations in paragraph 9.

10. The RAKTL-related entities admit that RAKTL and A2D filed a proof of claim in Case No. 08-32514 in the United States Bankruptcy Court, Northern District of California. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and for that reason deny them.

11. The RAKTL-related entities admit that the Complaint claims that the entities named in paragraphs 6 through 10 of the Complaint are referred to collectively in the Complaint as the "RAKTL Defendants." The RAKTL-related entities deny the remaining allegations in paragraph 11.

12. The RAKTL-related entities admit that Robert Fram ("Fram") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and for that reason deny them.

13. The RAKTL-related entities admit that Robert Haslam ("Haslam") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to

3

1  RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information

2  sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and for

3  that reason deny them.

4      14.  The RAKTL-related entities admit that Alan Blankheimer ("Blankheimer")

5  practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or

6  Heller or both of them represented to RAKTL and A2D that he was authorized to act and was

7  acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide

8  legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge

9  or information sufficient to form a belief about the truth of the remaining allegations in

10  paragraph 14 and for that reason deny them.

11      15.  The RAKTL-related entities admit that Maureen Brown ("Brown") practiced law

12  at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or both of

13  them represented to RAKTL and A2D that she was authorized to act and was acting on behalf of

14  Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to

15  RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information

16  sufficient to form a belief about the truth of the remaining allegations in paragraph 15 and for

17  that reason deny them.

18      16.  The RAKTL-related entities admit that Andrew Byrnes ("Byrnes") practiced law

19  at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of

20  them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of

21  Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to

22  RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information

23  sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and for

24  that reason deny them.

25      17.  The RAKTL-related entities admit that Jo Dale Carothers ("Carothers") practiced

26  law at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or

27  both of them represented to RAKTL and A2D that she was authorized to act and was acting on

28  behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal

4

services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 and for that reason deny them.

18. The RAKTL-related entities admit that Johnny Chiu ("Chiu") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 and for that reason deny them.

19. The RAKTL-related entities admit that Michael Markman ("Markman") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and for that reason deny them.

20. The RAKTL-related entities admit that Michael Plimack ("Plimack") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 and for that reason deny them.

21. The RAKTL-related entities admit that Christine Saunders-Haskett ("Haskett") practiced law at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or both of them represented to RAKTL and A2D that she was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide

5

legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 and for that reason deny them.

22.     The RAKTL-related entities admit that Sturgis Sobin ("Sobin") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 and for that reason deny them.

23.     The RAKTL-related entities admit that Nitin Subhedar ("Subhedar") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 and for that reason deny them.

24.     The RAKTL-related entities admit that Laura Underwood-Muschamp ("Muschamp") practiced law at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or both of them represented to RAKTL and A2D that she was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 and for that reason deny them.

25.     The RAKTL-related entities admit that Stanley Young ("Young") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to

6

RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 and for that reason deny them.

26.     The RAKTL-related entities admit that Heidi Gutierrez ("Gutierrez") practiced law at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or both of them represented to RAKTL and A2D that she was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 and for that reason deny them.

27.     The RAKTL-related entities admit that Chris Martiniak ("Martiniak") practiced law at Heller. The RAKTL-related entities also admit that, during that time, he or Heller or both of them represented to RAKTL and A2D that he was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 and for that reason deny them.

28.     The RAKTL-related entities admit that Dale Rice ("Rice") practiced law at Heller. The RAKTL-related entities also admit that, during that time, she or Heller or both of them represented to RAKTL and A2D that she was authorized to act and was acting on behalf of Heller in connection with Heller's agreement, and fiduciary duty, to provide legal services to RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 and for that reason deny them.

29.     The RAKTL-related entities admit that the Complaint claims that the persons named in paragraphs 12 through 28 of the Complaint are referred to collectively in the Complaint as the "IP Shareholder Defendants." The RAKTL-related entities are without

7

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 and for that reason deny them.

30. The RAKTL-related entities admit that Covington is a partnership engaged in the practice of law. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 and for that reason deny them.

31. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and for that reason deny them.

32. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and for that reason deny them.

33. The RAKTL-related entities admit that the Complaint claims that the persons and entities named as defendants in the Complaint are referred to collectively in the Complaint as the "Defendants." The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 and for that reason deny them.

34. Because paragraph 34 purports to use the term "The Bankruptcy Court" as a defined term, but the Complaint has not defined that term, the RAKTL-related entities deny the allegations in paragraph 34.

35. The RAKTL-related entities admit that Debtor claims to have commenced this action pursuant to the statutes and rules specified in paragraph 35. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and for that reason deny them.

36. The RAKTL-related entities admit that the claims alleged in the Complaint are core proceedings under 28 U.S.C. § 157(b)(2). The RAKTL-related entities deny that, other than if and as stipulated by the parties, this Court has jurisdiction to conduct a jury trial; deny that it is appropriate to join for trial in this adversary proceeding claims as to which the defendant is entitled at law to a jury trial; and for those reasons deny the remaining allegations in paragraph 36.

8

37.     The RAKTL-related entities admit that this Court has subject matter jurisdiction to hear and enter final judgment in this matter under 28 U.S.C. § 157(b)(1), except deny that this Court has jurisdiction, other than if and as stipulated by the parties, to conduct a jury trial over, and enter final judgment on, claims as to which the defendant is entitled at law to a jury trial.

38.     The RAKTL-related entities admit that venue for this adversary proceeding is proper in the United States Bankruptcy Court, Northern District of California, under 28 U.S.C. § 1409. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 and for that reason deny them.

39.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and for that reason deny them.

40.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and for that reason deny them.

41.     The RAKTL-related entities admit that at one time Heller was engaged in the practice of law. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41 and for that reason deny them.

42.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and for that reason deny them.

43.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and for that reason deny them.

44.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and for that reason deny them.

45.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and for that reason deny them.

46.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and for that reason deny them.

9

47.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and for that reason deny them.

48.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and for that reason deny them.

49.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and for that reason deny them.

50.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and for that reason deny them.

51.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and for that reason deny them.

52.     The RAKTL-related entities admit that Heller's financial circumstances in 2007-2008 required the careful attention, with loyalty to RAKTL and its affiliates, of Heller's management and partners and of the persons referred to in paragraph 43 of the Complaint and hereinafter as "Heller Shareholders." The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 52 and for that reason deny them .

53.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and for that reason deny them.

54.      The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and for that reason deny them.

55.     The RAKTL-related entities admit that in some portion of the period 2007-2008 Heller had a skilled, highly regarded, well-staffed IP litigation practice. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 and for that reason deny them .

56.     The RAKTL-related entities admit that RAKTL owns a portfolio of patents that it licenses through A2D. The RAKTL-related entities admit that on or about August 18, 2006, Debtor entered into a legal services agreement with A2D and RAKTL to prosecute five patent-infringement lawsuits, on behalf of A2D and its affiliates against approximately 25 defendants

10

(the "August 2006 Agreement"). The RAKTL-related entities also admit that Debtor has a copy of the August 2006 Agreement and that the agreement is confidential. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56 and for that reason deny them.

57. The RAKTL-related entities admit that Debtor and A2D, the latter on behalf of itself and its affiliates, amended the August 2006 Agreement on or about April 30, 2007 (the "4/30/07 Amendment"), and on or about June 29, 2007 (the "6/29/07 Amendment"). The RAKTL-related entities also admit that both of those amendments are confidential and that Debtor has copies of both of them. The RAKTL-related entities further admit that, pursuant to the August 2006 Agreement, and pursuant to the August 2006 Agreement as amended by the 4/30/07 Amendment and the 6/29/07 Amendment (the "Legal Services Agreement"), Debtor for some time represented RAKTL and its affiliates in multiple patent-infringement lawsuits (the "Cases"). The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 and for that reason deny them.

58. The RAKTL-related entities deny that any contingent fee, or any other sum of any kind or amount, was due or payable to Debtor under the Legal Services Agreement on November 1, 2010. The RAKTL-related entities also deny that on November 1, 2010, RAKTL or A2D owed Debtor any sum of any kind or amount for any reason in law or equity. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 and for that reason deny them.

59. The RAKTL-related entities admit that Heller's management, as well as partners in Heller and attorneys with ownership interests in Heller, were required to act in a fiduciary capacity with respect to RAKTL and its affiliates, which fiduciary capacity required them to place the interests of RAKTL and its affiliates before personal interests; to act with complete loyalty, due care and a high level of candor; and to exercise good faith and fair dealing in their conduct with respect to RAKTL and its affiliates. The RAKTL-related entities are without

11

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59 and therefore deny them .

60. The RAKTL-related entities admit that all of Heller's shareholders were prohibited by fiduciary, contract, and other legal principles from acting collectively in a manner that would undermine Heller's stability to the detriment of the RAKTL-related entities. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60 and for that reason deny them.

61. The RAKTL-related entities admit that in December 2007, at Debtor's request, A2D prepaid to Debtor fixed fees for legal services that the Legal Services Agreement required Debtor to render to RAKTL and its affiliates in 2008. The RAKTL-related entities also admit that, in December 2007 and thereafter, Heller and various attorneys who were partners, or held other ownership interests, in Heller knew of the prepayment. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61 and for that reason deny them.

62. The RAKTL-related entities admit that in 2007-2008, for the purpose of reducing Heller's own budget deficit on matters in which Heller was representing RAKTL and its affiliates, and without knowledge by RAKTL or its affiliates, Heller and various attorneys who were partners, or held other ownership interests, in Heller tried to control staffing and contain the litigation efforts Heller owed to RAKTL and its affiliates under the Legal Services Agreement. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 and for that reason deny them.

63. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and for that reason deny them.

64. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 and for that reason deny them.

12

65.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and for that reason deny them.

66.     The RAKTL-related entities admit that Heller, including the IP Shareholder Defendants, had fiduciary and contractual duties that prohibited them from communicating to others, including Covington, confidential information about RAKTL and its affiliates. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 66 and for that reason deny them.

67.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and for that reason deny them.

68.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and for that reason deny them.

69.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and for that reason deny them.

70.     The RAKTL-related entities deny the allegations in the second and third sentences of paragraph 70. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 and for that reason deny them.

71.     The RAKTL-related entities deny the allegation in paragraph 71.

72.     The RAKTL-related entities deny that any amount is due or owing to Debtor from RAKTL or any of its affiliates, whether under the Legal Services Agreement or otherwise, in law or equity. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 and for that reason deny them.

73.     The RAKTL-related entities deny that any contingent fee or other payment of any kind is owed to Debtor from RAKTL or any of its affiliates, whether under the Legal Services Agreement or otherwise, in law or equity. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 and for that reason deny them.

13

74.    The RAKTL-related entities admit the allegations in paragraph 74, but deny that they knew any of these facts in or before 2008.

75.    The RAKTL-related entities admit the allegations in paragraph 75, but deny that they knew any of these facts in or before 2008.

76.    The RAKTL-related entities admit the allegations in paragraph 76, but deny that they knew any of these facts in or before 2008.

77.    The RAKTL-related entities admit the allegations in paragraph 77, but deny that they knew any of these facts in or before 2008.

78.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and for that reason deny them.

79.    The RAKTL-related entities admit the allegations in the first two sentences of paragraph 79, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 79 and for that reason deny them.

80.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and for that reason deny them.

81.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and for that reason deny them.

82.    The RAKTL-related entities admit that, in 2007 and 2008, without informing RAKTL of any of its affiliates of the fact or of its potential adverse consequences to RAKTL or any of its affiliates, Debtor borrowed money at an unprecedented and dangerous rate. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 82 and for that reason deny them.

83.    The RAKTL-related entities admit the allegations in the first sentence of paragraph 83, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83 and for that reason deny them.

Case: 09-02518    Doc# 37-8 Filed: 09/06/17 Entered: 09/06/17 14:44:47    Page
17 of 28

84. The RAKTL-related entities admit the allegations in paragraph 84, but deny that they knew any of those facts in or before 2008.

85. The RAKTL-related entities admit the allegations in paragraph 85, but deny that they knew any of those facts in or before 2008.

86. The RAKTL-related entities admit the allegations in paragraph 86, but deny that they knew any of those facts in or before 2008.

87. The RAKTL-related entities admit that, by 2007, Debtor's revenues from its top five clients had declined each year over a five-year period, but deny that RAKTL or any of its affiliates knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 87 and for that reason deny them.

88. The RAKTL-related entities admit the allegations in paragraph 88, but deny that they knew any of those facts in or before 2008.

89. The RAKTL-related entities admit the allegations in paragraph 89, but deny that they knew any of those facts in or before 2008.

90. The RAKTL-related entities admit the allegations in paragraph 90, but deny that they knew any of those facts in or before 2008.

91. The RAKTL-related entities admit the allegations in paragraph 91, but deny that they knew any of those facts in or before 2008.

92. The RAKTL-related entities admit the allegations in paragraph 92, but deny that they knew any of those facts in or before 2008.

93. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 and for that reason deny them.

94. The RAKTL-related entities admit the first sentence of paragraph 94. The RAKTL-related entities also admit that, during the last calendar quarter of 2007, Heller allowed vendor payments to go past due and held at least 118 printed checks totaling at least approximately $3 million until at least January 2008; delayed writing at least another $2.1 million in checks that were due in 2007; and failed to enter into the accounting system at least

15

another $785,000 in invoices due in 2007. The RAKTL-related entities deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 94 and for that reason deny them.

95.     The RAKTL-related entities admit that in December 2007, at Debtor's request, A2D prepaid to Debtor the fixed fee that the Legal Services Agreement provided was to be paid in January 2008 for legal services to be provided to RAKTL and its affiliates by Debtor in 2008. The RAKTL-related entities also admit that the amount so paid to Debtor was approximately $8.2 million. The RAKTL-related entities further admit that the Legal Services Agreement did not call for that payment to be made until January 2008. The RAKTL-related entities further admit that Debtor recorded that payment as part of Debtor's 2007 income. But the RAKTL-related entities deny that they knew of that fact in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95 and for that reason deny them.

96.     The RAKTL-related entities admit the allegations in paragraph 96, but deny that they knew any of those facts in or before 2008.

97.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 and for that reason deny them.

98.     The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 and for that reason deny them.

99.     The RAKTL-related entities admit the allegations in paragraph 99, but deny that they knew any of those facts in or before 2008.

100.     The RAKTL-related entities admit the allegations in paragraph 100, but deny that they knew any of those facts in or before 2008.

101.     The RAKTL-related entities admit the allegations in paragraph 101, but deny that they knew any of those facts in or before 2008.

102.     The RAKTL-related entities admit the allegations in paragraph 102, but deny that they knew any of those facts in or before 2008.

16

1    103.    The RAKTL-related entities admit that the sum Heller called an "Annual Bonus"

2    and distributed in December 2007 to the attorneys referred to in the Complaint as the Heller

3    Shareholders exceeded Heller's 2007 reported net income by at least approximately $9,561,152,

4    but the RAKTL-related entities deny that they knew any of those facts in or before 2008. The

5    RAKTL-related entities are without knowledge or information sufficient to form a belief about

6    the truth of the remaining allegations in paragraph 103 and for that reason deny them.

7    104.    The RAKTL-related entities admit the allegations in paragraph 104, but deny that

8    they knew any of those facts in or before 2008.

9    105.    The RAKTL-related entities admit the allegations in paragraph 105, but deny that

10    they knew any of those facts in or before 2008.

11    106.    The RAKTL-related entities admit the allegations in paragraph 106, but deny that

12    they knew any of those facts in or before 2008.

13    107.    The RAKTL-related entities are without knowledge or information sufficient to

14    form a belief about the truth of the allegations in paragraph 107 and for that reason deny them.

15    108.    The RAKTL-related entities are without knowledge or information sufficient to

16    form a belief about the truth of the allegations in paragraph 108 and for that reason deny them.

17    109.    The RAKTL-related entities are without knowledge or information sufficient to

18    form a belief about the truth of the allegations in paragraph 109 and for that reason deny them.

19    110.    The RAKTL-related entities are without knowledge or information sufficient to

20    form a belief about the truth of the allegations in paragraph 110 and for that reason deny them.

21    111.    The RAKTL-related entities are without knowledge or information sufficient to

22    form a belief about the truth of the allegations in paragraph 111 and for that reason deny them.

23    112.    The RAKTL-related entities are without knowledge or information sufficient to

24    form a belief about the truth of the allegations in paragraph 112 and for that reason deny them.

25    113.    The RAKTL-related entities admit the allegations in paragraph 113, but deny that

26    they knew any of those facts in or before 2008.

27    114.    The RAKTL-related entities admit the allegations in paragraph 114, but deny that

28    they knew any of those facts in or before 2008.

17

115. The RAKTL-related entities admit the allegations in paragraph 115, but deny that they knew any of those facts in or before 2008.

116. The RAKTL-related entities admit the allegations in paragraph 116, but deny that they knew any of those facts in or before 2008.

117. The RAKTL-related entities admit that in 2008, while Debtor was sliding further into insolvency, Debtor paid or caused to be paid, to what the Complaint refers to as departing Heller Shareholders, at least approximately $8 million that Debtor characterized at the time as a return of capital (the "Capital Transfers"). The RAKTL-related entities deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 116 and for that reason deny them.

118. The RAKTL-related entities admit the allegations in paragraph 118, but deny that they knew any of those facts in or before 2008.

119. The RAKTL-related entities admit that in 2008, while Debtor was sliding further into insolvency, Debtor paid or caused to be paid, to what the Complaint refers to as the Heller Shareholders (the "Heller Shareholders"), at least approximately $65 million in what Debtor called "base salary." The RAKTL-related entities deny that they knew of any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 119 and for that reason deny them.

120. The RAKTL-related entities admit that, beginning in or about January 2007, Debtor increased by at least approximately $1 million the monthly payments Heller made to the Heller Shareholders as what Heller called monthly "Base Salary" payments, and the RAKTL-related entities also admit the allegations in the second sentence of paragraph 120. The RAKTL-related entities deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 120 and for that reason deny them.

18

121. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 and for that reason deny them.

122. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 and for that reason deny them.

123. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and for that reason deny them.

124. The RAKTL-related entities admit the allegations in paragraph 124, but deny that they knew any of those facts in or before 2008.

125. The RAKTL-related entities admit all of the allegations in paragraph 125 other than the number specified in subparagraph "a", but deny that they knew any of those facts in or before 2008. The RAKTL-related entities also admit that Debtor entered 2008 with at least $18 million less available cash than on January 1 of any of the previous four years. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 125 and for that reason deny them.

126. The RAKTL-related entities admit the allegations in paragraph 126 other than the specified dollar numbers, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities admit that, if preceded by "at least," the specified numbers are correct, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 126 and for that reason deny them .

127. The RAKTL-related entities admit all of the allegations in paragraph 127 other than the specified dollar numbers, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities admit that, if preceded by "at least," the specified numbers are correct, but the RAKTL-related entities deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 127 and for that reason deny them.

19

Case: 08-03518    Doc# 297  Filed: 08/06/19  Entered: 08/06/19 14:34:47  Page 22 of 28

128. The RAKTL-related entities admit all of the allegations in paragraph 128 other than the specified dollar numbers, but deny that they knew any of those facts in or before 2008. The RAKTL-related entities admit that, if preceded by "at least," the specified numbers are correct, but the RAKTL-related entities deny that they knew any of those facts in or before 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 128 and for that reason deny them.

129. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and for that reason deny them.

130. The RAKTL-related entities admit that Debtor announced its actual or intended dissolution on or before September 25, 2008, and that Debtor dissolved in September 2008. The RAKTL-related entities deny that they knew any of those facts before September 26, 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 130 and for that reason deny them.

131. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 and for that reason deny them.

132. The RAKTL-related entities admit that both the Heller PCs and the Heller Shareholders were subject to section 16404 of RUPA, California Corporation Code section 16404 (2007). The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 132 and for that reason deny them.

133. The RAKTL-related entities admit that both the Heller PCs and the Heller Shareholders were subject to Section 16401 of RUPA, California Corporation Code section 16401 (2007). The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 133 and for that reason deny them.

134. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 and for that reason deny them.

20

135.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 and for that reason deny them.

136.    The RAKTL-related entities admit that when Heller's management decided to propose that the Heller Shareholders vote on whether Heller should dissolve, Heller's management knew that Heller was no longer in a position to continue to service its clients efficiently and that Heller Shareholders should be encouraged to move their clients to other law firms and to move associates and staff with them. The RAKTL-related entities further admit that when Heller decided to dissolve, Heller knew that it was no longer in a position to continue to service its clients efficiently and that Heller Shareholders were encouraged to move their clients to other law firms and to move associates and staff with them.. The RAKTL-related entities deny that they knew any of those facts before September 26, 2008. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 136 and for that reason deny them.

137.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 and for that reason deny them.

138.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 and for that reason deny them.

139.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 and for that reason deny them.

140.    The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 140 and for that reason deny them. The RAKTL-related entities admit that the remaining allegations in paragraph 140 were true on December 23, 2010, but deny that the documents referred to in those allegations are the only documents currently comprising the claim of RAKTL and A2D in Case. No. 08-32514 in the United States Bankruptcy Court, Northern District of California.

141.    The RAKTL-related entities admit that they claim that they have incurred a variety of losses with a value of at least approximately $50 million caused by Debtor's breaches of the Legal Services Agreement, Debtor's breaches of its fiduciary duties owed to RAKTL and

21

its affiliates, Debtor's breaches of the covenant of good faith and fair dealing owed to RAKTL and its affiliates, Debtors fraudulent representations and omissions, Debtor's negligent misrepresentations, and Debtor's unjust enrichment. The RAKTL-related entities further admit that Debtor's breaches of the Legal Services Agreement, Debtor's breaches of its fiduciary duties owed to RAKTL and its affiliates, Debtor's breaches of the covenant of good faith and fair dealing owed to RAKTL and its affiliates, Debtors fraudulent representations and omissions, Debtor's negligent misrepresentations, and Debtor's unjust enrichment required RAKTL and its affiliates to retain substitute counsel to continue prosecuting the Cases. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 141 and for that reason deny them.

142.     The RAKTL-related entities deny the allegations in paragraph 142.

143.     The RAKTL-related entities deny the allegations in paragraph 143.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract Against the RAKTL Defendants)

144.     The RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

145.     The RAKTL-related entities admit that the Legal Services Agreement was a valid contract when executed and was binding on the parties to it until the earliest of Debtor's breaches and anticipatory breaches relieved RAKTL and its affiliates of its obligations under the contract. The RAKTL-related entities deny the remaining allegations in paragraph 145.

146.     The RAKTL-related entities deny the allegations in paragraph 146.

147.     The RAKTL-related entities deny the allegations in paragraph 147.

148.     The RAKTL-related entities deny that, by filing the RAKTL Claim, the RAKTL-related entities "have invoked the judicial process and waived any right they otherwise may have had to arbitrate this dispute." The RAKTL-related entities admit that Debtor sent a notice concerning the arbitration on December 23, 2010, approximately twenty months after the RAKTL Claim was filed. The RAKTL-related entities are without knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 148 and for that reason deny them.

149.   The RAKTL-related entities deny the allegations in paragraph 149.

## SECOND CLAIM FOR RELIEF

### (Quantum Meruit Against the RAKTL Defendants)

150.   The RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

151.   The RAKTL-related entities admit that Debtor performed some legal services for RAKTL and its affiliates in some portion of the period specified in paragraph 148 and that some of those services involved complex matters worked on by some individuals who at that time were at Heller and were highly qualified and skilled attorneys. The RAKTL-related entities deny that RAKTL and its affiliates have received more than $100 million in gross settlement proceeds under settlements negotiated by Debtor. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 151 and for that reason deny them.

152.   The RAKTL-related entities deny the allegations in paragraph 152.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against the RAKTL Defendants)

153.   The RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

154.   The RAKTL-related entities admit that the Legal Services Agreement was a valid contract when executed and was binding on the parties to it until the earliest of Debtor's breaches and anticipatory breaches relieved RAKTL and its affiliates of their obligations under the contract. The RAKTL-related entities also admit that the agreement contained an implied covenant of good faith and fair dealing. The RAKTL-related entities deny the remaining allegations in paragraph 154.

155.   The RAKTL-related entities deny the allegations in paragraph 155.

23

156.     The RAKTL-related entities deny the allegations in paragraph 156.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract Against the IP Shareholder Defendants)

157.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

158.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 and for that reason deny them.

159.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 and for that reason deny them.

160.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 and for that reason deny them.

161.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 and for that reason deny them.

## FIFTH CLAIM FOR RELIEF

### (Breach of The Implied Covenant of Good Faith and Fair Dealing Against the IP Shareholder Defendants)

162.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

24

entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1
through 143 above.

163.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities are without knowledge or information sufficient to form a belief about the truth of the
allegations in paragraph 163 and for that reason deny them.

164.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities are without knowledge or information sufficient to form a belief about the truth of the
allegations in paragraph 164 and for that reason deny them.

165.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities are without knowledge or information sufficient to form a belief about the truth of the
allegations in paragraph 165 and for that reason deny them.

166.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities are without knowledge or information sufficient to form a belief about the truth of the
allegations in paragraph 166 and for that reason deny them.

## SIXTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against the IP Shareholder Defendants)

167.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1
through 143 above.

168.    This paragraph is directed at other defendants and thus requires no response by
the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
entities are without knowledge or information sufficient to form a belief about the truth of the
allegations in paragraph 168 and for that reason deny them.

25