169.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 and for that reason deny them.

## SEVENTH CLAIM FOR RELIEF

### (Equitable Indemnification Against the IP Shareholder Defendants and Covington)

170.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

171.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities admit that RAKTL and A2D seek more than $50 million from Debtor. The RAKTL-related entities deny the remaining allegations in paragraph 171.

172.     The RAKTL-related entities admit that the IP Shareholders, both individually and as representatives of Heller and later as representatives of Covington, owed and owe professional duties of loyalty, care, and disclosure directly to RAKTL and its affiliates in connection with the RAKTL Cases, including the transition of files in those cases from Heller to other firms. The RAKTL-related entities deny the remaining allegations in paragraph 172.

173.     The RAKTL-related entities admit that Covington owed and owes professional duties of loyalty, care, and disclosure directly to RAKTL and its affiliates in connection with the RAKTL Cases, including the transition of files in those cases from Heller to other firms. The RAKTL-related entities deny the remaining allegations in paragraph 173.

174.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 and for that reason deny them.

26

175.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 and for that reason deny them.

## EIGHTH CLAIM FOR RELIEF

### (To Avoid and Recover Intentional Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(A) and 550 Against Covington)

176.     This paragraph is directed at another defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

177.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 and for that reason deny them.

178.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 and for that reason deny them.

179.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 and for that reason deny them.

180.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180 and for that reason deny them.

Case 08-03248    Doc 17    Filed 01/09/19    Entered 01/09/19 14:44:44    Page 2 of 28

181. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181 and for that reason deny them.

182. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 and for that reason deny them.

183. The RAKTL-related entities admit the allegations in paragraph 183.

184. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184 and for that reason deny them.

185. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities admit that, at the time of the Jewel Waiver, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 185 and for that reason deny them.

186. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186 and for that reason deny them.

187. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187 and for that reason deny them.

188. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188 and for that reason deny them.

### NINTH CLAIM FOR RELIEF

**(To Avoid and Recover Constructive Fraudulent Transfers –
11 U.S.C. §§ 548(a)(1)(B) and 550 Against Covington)**

189.    This paragraph is directed at another defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

190.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190 and for that reason deny them.

191.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191 and for that reason deny them.

192.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192 and for that reason deny them.

193.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 193 and for that reason deny them.

194.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

Case 08-03248   Doc 978   Filed 03/10/19   Entered 03/10/19 21:14:27   Page 4 of 28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 and for that reason deny them.

195.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities admit that, at the time of the Jewel Waiver, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 195 and for that reason deny them.

196.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196 and for that reason deny them.

197.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 and for that reason deny them.

## TENTH CLAIM FOR RELIEF

### (To Avoid and Recover Constructive Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(B) and 550 Against Covington)

198.    This paragraph is directed at another defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

199.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199 and for that reason deny them.

200.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

Case 08-35653 Doc 4297 Filed 08/01/13 Entered 08/01/13 14:47 Page 32 of 28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200 and for that reason deny them.

201.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201 and for that reason deny them.

202.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202 and for that reason deny them.

203.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 203 and for that reason deny them.

204.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 204 and for that reason deny them.

205.    The RAKTL-related entities admit the allegations of paragraph 205.

206.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206 and for that reason deny them.

207.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities admit that, at the time of the Jewel Waiver, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 207 and for that reason deny them.

31

208.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 208 and for that reason deny them.

209.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209 and for that reason deny them.

210.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210 and for that reason deny them.

## ELEVENTH CLAIM FOR RELIEF

**(To Avoid and Recover Constructive Fraudulent Transfers –**
**Cal. Civ. Code § 3439.05 and 3439.07 and 11 U.S.C. §§ 544, 550 Against Covington)**

211.    This paragraph is directed at another defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

212.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212 and for that reason deny them.

213.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213 and for that reason deny them.

32

214. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214 and for that reason deny them.

215. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215 and for that reason deny them.

216. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216 and for that reason deny them.

217. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217 and for that reason deny them.

218. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218 and for that reason deny them.

219. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities admit that, at the time of the Jewel Waiver, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 219 and for that reason deny them.

220. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

33

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220 and for that reason deny them.

### **TWELFTH CLAIM FOR RELIEF**

#### **(Aiding and Abetting Breach of Fiduciary Duty Against Covington)**

221. This paragraph is directed at another defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

222. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 and for that reason deny them.

223. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223 and for that reason deny them.

224. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224 and for that reason deny them.

### **THIRTEENTH CLAIM FOR RELIEF**

#### **(Intentional Interference with Contractual Relations)**

225. The RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

226. The RAKTL-related entities admit that for some time there was an existing contract between RAKTL and Debtor and that the claim of RAKTL and A2D in Case No. 08-32514 in the United States Bankruptcy Court, Northern District of California, is based in part on

Case 08-03253 Doc# 173 Filed 03/16/09 Entered 03/16/09 14:47 Page 9 of 28

1   Debtor's breaches of that contract. The RAKTL-related entities deny the remaining allegations
2   in paragraph 226.

3       227.    The RAKTL-related entities are without knowledge or information sufficient to
4   form a belief about the truth of the allegations in paragraph 227 and therefore deny them.

5       228.    The RAKTL-related entities are without knowledge or information sufficient to
6   form a belief about the truth of the allegations in paragraph 228 and therefore deny them.

7       229.    The RAKTL-related entities deny the allegations in paragraph 229.

8       230.    The RAKTL-related entities deny the allegations in paragraph 230.

## FOURTEENTH CLAIM FOR RELIEF
### (Accounting Against All Defendants)

11      231.    The RAKTL-related entities hereby refer to, and by that reference incorporate in
12  this paragraph, paragraphs 1 through 143 above.

13      232.    The RAKTL-related entities admit that Debtor has alleged in paragraph 232 the
14  demand that appears in that paragraph. The RAKTL-related entities deny the remaining
15  allegations in paragraph 232.

16      233.    The RAKTL-related entities admit that Debtor has alleged in paragraph 233 the
17  request that appears in that paragraph. The RAKTL-related entities deny the remaining
18  allegations in paragraph 233.

## FIFTEENTH CLAIM FOR RELIEF
### (Declaratory Relief Against All Defendants)

20      234.    The RAKTL-related entities hereby refer to, and by that reference incorporate in
21  this paragraph, paragraphs 1 through 143 above.

22      235.    The RAKTL-related entities admit that Debtor and A2D, the latter on behalf of
23  itself and its affiliates, signed the Legal Services Agreement. The RAKTL-related entities deny
24  the remaining allegations in paragraph 235.

25      236.    The RAKTL-related entities admit that some of the Cases were resolved before
26  October 1, 2008, and deny the remaining allegations in paragraph 236.

27      237.    The RAKTL-related entities deny the allegations in paragraph 237.

28

238. The RAKTL-related entities admit that an actual dispute has arisen and that judicial resolution is needed to determine the amount of damages the RAKTL-related entities are entitled to recover. The RAKTL-related entities deny the remaining allegations in paragraph 238.

239. The RAKTL-related entities admit that an actual dispute has arisen and that judicial resolution is needed to determine the amount of damages the RAKTL-related entities are entitled to recover. The RAKTL-related entities deny the remaining allegations in paragraph 239.

240. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240 and therefore deny them.

241. The RAKTL-related entities deny the allegations in paragraph 241.

242. The RAKTL-related entities deny the allegations in paragraph 242.

243. The RAKTL-related entities deny the allegations in paragraph 243.

244. The RAKTL-related entities admit that in paragraph 244 Debtor makes the request stated in that paragraph. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 244 and therefore deny them.

245. The RAKTL-related entities admit that in paragraph 245 Debtor makes the request stated in that paragraph. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 245 and therefore deny them.

## SIXTEENTH CLAIM FOR RELIEF

**(To Avoid and Recover Intentional Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 (a)(1)(A) and 550 -- Against IP Shareholder Defendants)**

246. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

36

247. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247 and for that reason deny them.

248. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248 and for that reason deny them.

249. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249 and for that reason deny them.

250. The RAKTL-related entities admit the allegations in paragraph 250.

251. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251 and for that reason deny them.

252. The RAKTL-related entities admit that, at the time of the Transfers, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 252 and therefore deny them.

253. This paragraph is directed at another Defendant and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 253 and therefore deny them.

254. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

Case: 09-02518   Doc #: ANSWER TO COMPLAINT; COUNTERCLAIMS AND JURY DEMAND Page Page
12 of 28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254 and for that reason deny them.

255.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 255 and for that reason deny them.

256.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 256 and for that reason deny them.

257.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257 and for that reason deny them.

## SEVENTEENTH CLAIM FOR RELIEF

**(To Avoid and Recover Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 (a)(1)(B) and 550 -- Against IP Shareholder Defendants)**

258.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

259.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259 and for that reason deny them.

260.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

Case: 09-02518    Doc #: 2075 Filed: 06/05/17 Entered: 06/05/17 14:47:09    Page 13 of 28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260 and for that reason deny them.

261. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261 and for that reason deny them.

262. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262 and for that reason deny them.

263. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263 and for that reason deny them.

264. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264 and for that reason deny them.

265. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265 and for that reason deny them.

266. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266 and for that reason deny them.

267. This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

39

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 267 and for that reason deny them.

268.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 268 and for that reason deny them.

## EIGHTEENTH CLAIM FOR RELIEF

**(To Avoid and Recover Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 (a)(1)(B)(ii)(IV) and 550 -- Against IP Shareholder Defendants)**

269.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

270.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270 and for that reason deny them.

271.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271 and for that reason deny them.

## NINETEENTH CLAIM FOR RELIEF

**(To Avoid and Recover Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 (b) and 550 -- Against IP Shareholder Defendants)**

272.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

Case: 08-03518   Doc# 94-18   Filed: 02/08/11   Entered: 02/08/11 21:49:17   Page
15 of 28

273.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273 and for that reason deny them.

274.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274 and for that reason deny them.

275.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275 and for that reason deny them.

276.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276 and for that reason deny them.

277.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277 and for that reason deny them.

## TWENTIETH CLAIM FOR RELIEF

### (To Avoid and Recover Constructive Fraudulent Transfers Pursuant to Cal. Civ. Code §§ 3439.04(a)(1) and (2) and 3439.07(a) and 11 U.S.C. §§ 544, 550 – Against IP Shareholder Defendants)

278.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

41

279.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 279 and for that reason deny them.

280.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 280 and for that reason deny them.

281.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 281 and for that reason deny them.

282.     The RAKTL-related entities admit the allegations of paragraph 282.

283.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283 and for that reason deny them.

284.     The RAKTL-related entities admit that, at the time of the Transfers, Debtor was insolvent or became insolvent. The RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 284 and for that reason deny them.

285.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 285 and for that reason deny them.

286.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

Case: 08-03518    Doc #: 22    Filed: 04/15/11    Entered: 04/15/11 12:14:07    Page 17 of 28

entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 286 and for that reason deny them.

287.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 287 and for that reason deny them.

288.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288 and for that reason deny them.

289.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 289 and for that reason deny them.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(To Avoid and Recover Constructive Fraudulent Transfers Pursuant to Cal. Civ. Code §§ 3439.05 and 3439.07(a) and 11 U.S.C. §§ 544, 550 – Against IP Shareholder Defendants)**

290.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1 through 143 above.

291.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 291 and for that reason deny them.

292.    This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

43

1  entities are without knowledge or information sufficient to form a belief about the truth of the

2  allegations in paragraph 292 and for that reason deny them.

3  293. This paragraph is directed at other defendants and thus requires no response by

4  the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

5  entities are without knowledge or information sufficient to form a belief about the truth of the

6  allegations in paragraph 293 and for that reason deny them.

7  294. The RAKTL-related entities admit the allegations in paragraph 294.

8  295. This paragraph is directed at other defendants and thus requires no response by

9  the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

10  entities are without knowledge or information sufficient to form a belief about the truth of the

11  allegations in paragraph 295 and for that reason deny them.

12  296. The RAKTL-related entities admit that, at the time of the Transfers, Debtor was

13  insolvent or became insolvent. The RAKTL-related entities are without knowledge or

14  information sufficient to form a belief about the truth of the remaining allegations in paragraph

15  296 and therefore deny them.

16  297. This paragraph is directed at other defendants and thus requires no response by

17  the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

18  entities are without knowledge or information sufficient to form a belief about the truth of the

19  allegations in paragraph 297 and for that reason deny them.

20  298. This paragraph is directed at other defendants and thus requires no response by

21  the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

22  entities are without knowledge or information sufficient to form a belief about the truth of the

23  allegations in paragraph 298 and for that reason deny them.

24  299. This paragraph is directed at other defendants and thus requires no response by

25  the RAKTL-related entities. To the extent that a response is required, the RAKTL-related

26  entities are without knowledge or information sufficient to form a belief about the truth of the

27  allegations in paragraph 299 and for that reason deny them.

28

44

1    300.    This paragraph is directed at other defendants and thus requires no response by
2    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
3    entities are without knowledge or information sufficient to form a belief about the truth of the
4    allegations in paragraph 300 and for that reason deny them.

5    301.    This paragraph is directed at other defendants and thus requires no response by
6    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
7    entities are without knowledge or information sufficient to form a belief about the truth of the
8    allegations in paragraph 301 and for that reason deny them.

9    **TWENTY-SECOND CLAIM FOR RELIEF**

10    **(To Avoid and Recover Potential Transfers Pursuant to 11 U.S.C. §§ 547 and 550
     – Against IP Shareholder Defendants)**

11    302.    This paragraph is directed at other defendants and thus requires no response by
12    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
13    entities hereby refer to, and by that reference incorporate in this paragraph, paragraphs 1
14    through 143 above.

15    303.    This paragraph is directed at other defendants and thus requires no response by
16    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
17    entities are without knowledge or information sufficient to form a belief about the truth of the
18    allegations in paragraph 303 and for that reason deny them.

19    304.    This paragraph is directed at other defendants and thus requires no response by
20    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
21    entities are without knowledge or information sufficient to form a belief about the truth of the
22    allegations in paragraph 304 and for that reason deny them.

23    305.    This paragraph is directed at other defendants and thus requires no response by
24    the RAKTL-related entities. To the extent that a response is required, the RAKTL-related
25    entities are without knowledge or information sufficient to form a belief about the truth of the
26    allegations in paragraph 305 and for that reason deny them.

27

28

45

306.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 306 and for that reason deny them.

307.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 307 and for that reason deny them.

308.     The RAKTL-related entities admit the allegations of paragraph 308.

309.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309 and for that reason deny them.

310.     This paragraph is directed at other defendants and thus requires no response by the RAKTL-related entities. To the extent that a response is required, the RAKTL-related entities are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 310 and for that reason deny them.

**OBJECTION TO THE RAKTL CLAIM**

311.     The RAKTL-related entities admit that the allegations in paragraph 311 were true on December 23, 2010, but deny that the documents referred to in those allegations are the only documents currently comprising the RAKTL Claim.

312.     The RAKTL-related entities deny the allegations in paragraph 312.

313.     The RAKTL-related entities admit that RAKTL, among others, alleges that Debtor breached the Legal Services Agreement, breached its fiduciary duties owed to RAKTL, among others; breached the covenant of good faith and fair dealing owed to RAKTL, among others; made fraudulent representations and omissions to RAKTL, among others; made negligent misrepresentations to RAKTL, among others; and unjustly enriched itself to the detriment of RAKTL, among others. The RAKTL-related entities further admit that RAKTL,

46

1  among others, alleges that Debtor's breaches of the Legal Services Agreement, Debtor's
2  breaches of its fiduciary duties owed to RAKTL and its affiliates, Debtor's breaches of the
3  covenant of good faith and fair dealing owed to RAKTL and its affiliates, Debtors fraudulent
4  representations and omissions, Debtor's negligent misrepresentations, and Debtor's unjust
5  enrichment required RAKTL and its affiliates to retain substitute counsel, including Covington
6  and Cooley, to continue prosecuting the Cases for additional legal fees. The RAKTL-related
7  entities deny the remaining allegations in paragraph 313.

8       314.     The RAKTL-related entities deny the allegations in paragraph 314.

9       315.     The RAKTL-related entities deny the allegations in paragraph 315.

10       316.     The RAKTL-related entities admit that certain of the IP Shareholder Defendants,
11  among others, including Debtor, were responsible for Debtor's performance of Debtor's
12  obligations under, among others, the Legal Services Agreement. The RAKTL-related entities
13  deny the remaining allegations of paragraph 316.

14       317.     The RAKTL-related entities admit that in December 2007, at Debtor's request,
15  A2D paid to Debtor a fixed fee for Legal Services to be provided to RAKTL and its affiliates by
16  Debtor in 2008. The RAKTL-related entities deny the remaining allegations of paragraph 317.

17       318.     This paragraph is blank and thus requires no response by the RAKTL-related
18  entities.

19       319.     The RAKTL-related entities deny the allegations in paragraph 319.

20       320.     The RAKTL-related entities deny the allegations in paragraph 320.

21       321.     The RAKTL-related entities deny the allegations in paragraph 321.

22  **AFFIRMATIVE DEFENSES**

23       322.     RAKTL asserts the following affirmative defenses without assuming the burden
24  of proof as to such defenses that would otherwise, as a matter of law, rest on Debtor.

25  **FIRST AFFIRMATIVE DEFENSE**

26  **(Failure to State a Claim)**

27       323.     The Complaint fails to state a claim upon which relief can be granted against the
28  RAKTL-related entities or any of them.

47

## SECOND AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

324.   Debtor is barred from any recovery against the RAKTL-related entities or any of them by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Setoff)

325.   The RAKTL-related entities are entitled to set off any amounts they may be found to owe Debtor with the amount of damages Debtor owes the RAKTL-related entities for Debtor's breach of the Legal Services Agreement, breach of the covenant of good faith and fair dealing, breach of fiduciary duties owed to the RAKTL-related entities, fraud, and negligent misrepresentations.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

326.   Debtor has unreasonably failed to mitigate its alleged damages, if any, and is thereby barred, in whole or in part, from recovering such alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Performance )

327.   Prior to the Debtor's commencement of this adversary proceeding, the RAKTL-related entities duly performed, satisfied, and discharged all their duties and obligations owed to Debtor arising out of the Legal Services Agreement, and Debtor is thereby barred from any recovery by the provisions of California Civil Code section 1473.

## SIXTH AFFIRMATIVE DEFENSE

### (Material Breach)

328.   Debtor materially breached the Legal Services Agreement, excusing further performance by RAKTL and its affiliates, and barring any recovery herein by Debtor.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fraud)

329.   Debtor is not entitled to a contingent fee, because in 2007 and 2008 it (1) intentionally concealed from and misrepresented to the RAKTL-related entities material

information about Debtor's likely inability, and then its actual inability, to provide the legal

services it was providing, intended to provide, could provide, and was obligated to provide,

including information about Debtor's insolvency, inability to staff the Cases in the manner in

which it had staffed the Cases before its slide into and actual insolvency, and likely and actual

loss of personnel; (2) misrepresented and withheld material information about the status with

respect to Heller of key attorneys working on the Cases; (3) misrepresented, and withheld

material information about, the basis on which Debtor was choosing which work to perform on

the Cases and how to perform that work at a time when, unknown to the RAKTL-related

entities, Debtor was making those decisions at least in part on the basis of Debtor's perceived

need to control staffing, and contain the litigation efforts, on the Cases to reduce Debtor's

projected 2008 RAKTL budget deficit; and (4) made Transfers to Heller Shareholders with the

intent to defraud entities to which Debtor was indebted at a time when Debtor was indebted to

RAKTL and A2D.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

330.    Debtor's claim against the RAKTL-related entities are barred, in whole or in

part, by the doctrines of estoppel and waiver.

## NINTH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

331.    The RAKTL-related entities currently have insufficient knowledge or

information upon which to form a belief whether they have additional, as yet unstated,

affirmative defenses. The RAKTL-related entities reserve the right to assert additional

affirmative defenses in the event that discovery or other factors suggest that additional

affirmative defenses are appropriate.

WHEREFORE, the RAKTL-related entities deny that Debtor has sustained or will

sustain any injury, damage, or loss by reason of any act or omission by the RAKTL-related

entities or any of them; deny that Debtor is entitled to any judgment in its favor against the

RAKTL-related entities or any of them; and requests that the Complaint be dismissed in its

49

entirety with prejudice, judgment be entered in favor of the RAKTL-related entities, and the RAKTL-related entities be awarded costs and, to the extent provided by law, attorneys' fees, and any such other relief as the Court may deem proper.

## COUNTERCLAIMS

332.    Ronald A. Katz Technology Licensing, L.P. ("RAKTL") and A2D, L.P. ("A2D") allege as counterclaims against Debtor the following claims for relief:

## JURISDICTION

333.    The United States Bankruptcy Court, Northern District of California, has jurisdiction over this adversary proceeding under 28 U.S.C. sections 157 and 1334, except that for all claims and counterclaims alleged herein to be tried to a jury, jurisdiction over the jury trial will lie with the United States District Court for the Northern District of California.

334.    Counterclaimant Ronald A. Katz Technology Licensing, L.P. ("RAKTL") is, and at all times in 1996 through the present has been, a California limited partnership.

335.    Counterclaimant A2D, L.P. ("A2D") is, and at all times in 1996 through the present has been, a California limited partnership and the general partner of RAKTL.

336.    RAKTL is, and at all times in 1996 through the present has been, an affiliate of A2D.

337.    Liquidating Debtor Heller Ehrman LLP ("Heller") is a California limited liability partnership that engaged in the practice of law from at least early 2006 to at least September 28, 2008.

## THE LEGAL SERVICES AGREEMENT

338.    At the beginning of August 2006, Heller had a longstanding attorney-client relationship with RAKTL and A2D (collectively, "RAKTL/A2D"). RAKTL/A2D first retained Heller to represent it in a patent-infringement lawsuit in early 1999. Thereafter, Heller continued to serve as RAKTL/A2D's attorneys in various patent enforcement and licensing efforts. Until August 2006, RAKTL/A2D retained Heller on a case-by-case basis and compensated Heller on an hourly-rate basis for legal services provided by Heller.

50

339. On August 18, 2006, Heller and RAKTL/A2D entered into a letter agreement for certain legal services (the "August 2006 Agreement"), and amended it by letter agreements dated April 30, 2007 (the "April 2007 Amendment") and June 29, 2007 (the "June 2007 Amendment").

340. The August 2006 Agreement, as amended by the April 2007 Amendment and the June 2007 Amendment, (together, the "Legal Services Agreement"), required Heller to provide to A2D and its affiliates, including RAKTL, all legal services required by RAKTL/A2D in or in connection with specified lawsuits and other proceedings against specified companies believed by RAKTL/A2D to have been infringing one or more patents owned by RAKTL (the "Cases").

341. The legal services that Heller had a contractual and fiduciary obligation to provide to RAKTL/A2D pursuant to the Legal Services Agreement (the "Legal Services") applied to Cases against approximately forty-eight different companies.

342. Although it provided for, among other things, a contingent fee, the Legal Services Agreement was far from a typical contingent-fee contract for legal services. In particular, in two respects RAKTL/L2D bore a greater share of the risk of an adverse result in the Cases than was borne by plaintiffs who retained lawyers in typical contingent-fee contracts for legal services in other lawsuits. The Legal Services Agreement not only required A2D to pay or reimburse Heller on an ongoing basis for all out-of-pocket costs and disbursements, including payments of expert witnesses, incurred in connection with the Cases (the "Costs") after August 1, 2006, but further required A2D to compensate Heller for the Legal Services in part through a series of fixed-fee payments each of which was designated as "non-refundable" and was required to be paid at the beginning of the calendar year in which the Legal Services for that year were to be performed. The Legal Services Agreement also provided for a single contingent-fee payment, except that contingent-fee payments applicable to Cases concluded after November 1, 2010, were to be made after those Cases had been concluded.

343. Heller was entitled to a contingent fee only if Heller performed the Legal Services and other conditions specified in the Legal Services Agreement were met.

51

344. Even if some of the Cases concluded before November 1, 2010, the Legal Services Agreement did not require payment of any contingent fee until the earlier of (a) the date on which all the Cases had concluded or (b) November 1, 2010.

345. The reason why the Legal Services Agreement provided for no contingent fee until the earlier of the date on which all the Cases had concluded or November 1, 2010, was that the parties to the Legal Services Agreement (a) recognized and acknowledged that some of the Cases were likely to settle favorably to RAKTL/A2D sooner than others and with relatively little effort by Heller attorneys and staff, while others of the Cases were likely to be vigorously opposed by the defendants in those Cases and might not be concluded until after a trial, appeals, and a final judgment; (b) recognized and acknowledged that a contingent fee for a Case settled relatively earlier and more easily should be a lower percentage of the settlement sum for that Case than a contingent fee for a Case resolved favorably to RAKTL/A2D relatively later and after greater effort by Heller; and (c) concluded that, rather than providing for different contingent-fee percentages for the various Cases or for Cases concluded at various times, it was better for the parties to provide for a series of fixed-fee payments and to postpone any contingent-fee payment until the earlier of the date when all the Cases actually had concluded or a date by which the parties believed all the Cases would be concluded.

346. When RAKTL/A2D and Heller executed the Legal Services Agreement, they believed that all the Cases would be concluded by November 1, 2010.

347. Before and when RAKTL/A2D and Heller executed the Legal Services Agreement, and until at least September 22, 2008, Heller held itself out as, and RAKTL/A2D believed that Heller was, a well-established, successful, profitable, and stable law firm on which RAKTL/A2D could and should fully rely to prosecute all the Cases to conclusion. RAKTL/A2D relied on that belief when it executed the Legal Services Agreement and until September 26, 2008.

348. When RAKTL/A2D and Heller executed the Legal Services Agreement, Heller knew that RAKTL/A2D, unless informed that it should not do so, would rely and continue to rely on Heller's continuing ability and willingness to prosecute all the Cases to conclusion with

52

at least the same degree of loyalty, effort, and dedication Heller had demonstrated in providing

legal services to RAKTL/A2D before the Legal Services Agreement was executed.

349. When RAKTL/A2D executed the Legal Services Agreement, RAKTL/A2D

believed, and Heller knew that RAKTL/A2D believed, that, throughout the term of that

agreement, Heller would continue to meet all of its contractual, fiduciary, and professional

obligations in providing the Legal Services with a timeliness and level of quality consistent with

what Heller had previously provided to RAKTL/A2D.

350. Heller's contractual, professional, and fiduciary obligations under the Legal

Services Agreement included the obligation to inform RAKTL/A2D of, and to provide legal

advice with respect to, any change in circumstances creating a significant risk that Heller would

be unable or unwilling to continue to prosecute all the Cases to conclusion with at least the same

degree of loyalty, effort, resources, and dedication Heller had demonstrated and provided in

previously providing legal services generally, and Legal Services in particular, to RAKTL/A2D.

351. Heller's contractual, professional, and fiduciary obligations under the Legal

Services Agreement included the obligation to inform RAKTL/A2D of, and to provide legal

advice with respect to, any change in circumstances that would significantly increase the risk

that Heller (a) would be unable to provide Legal Services with the timeliness, effort, and quality

with which Heller had previously provided Legal Services to RAKTL/A2D or (b) would be

unable to provide the Legal Services while one or more of the Cases was still pending.

352. Heller's contractual, professional, and fiduciary obligations under the Legal

Services Agreement included the obligations (a) to make decisions about the amount and nature

of Legal Services provided on a consistent basis or to inform RAKTL/A2D that Heller intended

to change or had changed the bases for making such decisions and (b) to provide Legal Services

with a consistent level of timeliness, effort, and quality, including staffing, while one or more of

the Cases was still pending.

353. As attorneys for RAKTL/A2D in the Cases, Heller's professional and fiduciary

duties to RAKTL/A2D included the duty to inform and advise RAKTL/A2D if, during the

course of representing RAKTL/A2D in the Cases, Heller changed or intended to change the

53