# EXHIBIT 7

| | |
|---|---|
| 1 | WILLIAM McGRANE (057761) |
| | CHRISTOPHER D. SULLIVAN (148083) |
| 2 | TREPEL McGRANE GREENFIELD LLP |
| | 150 California Street, 22nd Floor |
| 3 | San Francisco, California 94111 |
| | Telephone: (415) 283-1776 |
| | Email: wmcgrane@tmcglaw.com |
| 4 | csullivan@tmcglaw.com |

GREGORY C. NUTI (151754)
KEVIN W. COLEMAN (168538)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-6700
Email: gnuti@schnader.com
kcoleman@schnader.com

5 JEFFREY T. MAKOFF (120004)
ELLEN RUTH FENICHEL (172142)
6 HEATHER A. LANDIIS (267615)
VALLE MAKOFF LLP
7 388 Market Street, Suite 1580
San Francisco, California 94111
Telephone: (415) 986-8001
8 Email: jmakoff@vallemakoff.com
efenichel@vallemakoff.com
9 hlandis@vallemakoff.com

10 Co-Special Litigation Counsel for Heller Ehrman LLP, by
and through Michael Burkart, Plan Administrator

11                    UNITED STATES BANKRUPTCY COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13 In re:

14 HELLER EHRMAN LLP,

15          Liquidating Debtor.

16 HELLER EHRMAN LLP, LIQUIDATING DEBTOR,

             Plaintiff,

17 v.

18 RONALD A. KATZ TECHNOLOGY
LICENSING, L.P., A2D, L.P., A2D CORPORATION,
ROBERT FRAM, ROBERT HASLAM, ALAN
19 BLANKENHEIMER, MAUREEN BROWNE,
ANDREW BYRNES, JO DALE CAROTHERS,
20 JOHNNY CHIU, MICHAEL MARKMAN,
MICHAEL PLIMACK, CHRISTINE SAUNDERS
21 HASKETT, STURGIS SOBIN, NITIN
SUBHEDAR, LAURA UNDERWOOD-MUSCHAMP,
STANLEY YOUNG, HEIDI
22 GUTIERREZ, CHRIS MARTINIAK, DALE
RICE, AND COVINGTON & BURLING LLP,

23          Defendants.

24

Case No. 08-32514 DM
Chapter 11

Adv. Proc. No. 10-03318

**PLAINTIFF AND COUNTER-DEFENDANT'S
ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

---

1
**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1     Plaintiff and Counter-defendant Heller Ehrman LLP ("Heller" or "Debtor") hereby

2  answers Defendants and Counterclaimants Ronald A. Katz Technology Licensing, L.P.'s

3  ("RAKTL") and A2D, L.P.'s ("A2D") (collectively "RAKTL/A2D") Counterclaim and

4  Jury Demand filed on February 16, 2011.

5     In accordance with Federal Rules of Civil Procedure Rule 8, incorporated by

6  Federal Rule of Bankruptcy Procedure, Rule 7008, Debtor admits, denies and alleges as

7  follows:

8                              **<u>COUNTERCLAIMS</u>**

9     1.     Debtor admits the allegations contained in Paragraph 332.

10                              **<u>JURISDICTION</u>**

11    2.     With respect to the allegations contained in Paragraph 333, Debtor admits

12  that the United States Bankruptcy Court, Northern District of California, has jurisdiction

13  over this adversary proceeding under 28 U.S.C. section 157 and 1334.  Debtor denies that

14  Defendants and Counterclaimants established a sufficient basis for a right to a jury trial.

15  Except as expressly admitted or denied, Debtor denies the allegations contained in

16  Paragraph 333.

17    3.     Debtor admits the allegations contained in Paragraph 334.

18    4.     Debtor admits the allegations contained in Paragraph 335.

19    5.     Debtor lacks knowledge or information sufficient to form a belief as to the

20  allegations contained in Paragraph 336, and on that ground, expressly denies the

21  allegations.

22    6.     Heller admits the allegations contained in Paragraph 337.

23    7.     With respect to the allegations contained in Paragraph 338, Debtor admits

24  that it had an attorney-client relationship with RAKTL and A2D of at least nine years.

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1    Debtor admits that from the beginning of the relationship through September 2008,

2    Heller worked on various patent enforcement and licensing efforts on behalf of

3    RAKTL/A2D.  Except as expressly admitted, Debtor lacks knowledge or information

4    sufficient to form a belief as to the allegations contained in Paragraph 338, and on that

5    ground, expressly denies the allegations.

6         8.    Debtor admits the allegations contained in Paragraph 339.

7         9.    With respect to the allegations contained in Paragraph 340, Debtor admits

8    that under the August 18, 2006 fee agreement between Heller and A2D (the "2006 Fee

9    Agreement"), as amended by subsequent fee agreements dated April 30, 2007 (the

10   "4/30/07 Amendment") and June 29, 2007 (the "6/29/07 Amendment") (collectively, the

11   "RAKTL Fee Agreement"), Heller provided legal services to A2D and its affiliates in

12   connection with lawsuits and other proceedings against companies for patent

13   infringement, among other things.  Except as expressly admitted, Debtor lacks knowledge

14   or information sufficient to form a belief as to the allegations contained in Paragraph 340,

15   and on that ground, expressly denies the allegations.

16        10.   With respect to the allegations contained in Paragraph 341, Debtor admits

17   that it had legal obligations to A2D and its affiliates, including RAKTL, under the

18   RAKTL Fee Agreement.  Except as expressly admitted, Debtor lacks knowledge or

19   information sufficient to form a belief as to the allegations contained in Paragraph 341,

20   and on that ground, expressly denies the allegations.

21        11.   With respect to the allegations contained in Paragraph 342, Debtor admits

22   that the terms and conditions of the financial relationship between Debtor and

23   RAKTL/A2D with respect to the Cases are set forth in the RAKTL Fee Agreement and

24   applicable provisions of law.  Except as expressly admitted, Debtor denies the allegations

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1  contained in Paragraph 342.

2         12.     With respect to the allegations contained in Paragraph 343, Debtor admits

3  that the terms and conditions of the financial relationship between Debtor and

4  RAKTL/A2D with respect to the Cases are set forth in the RAKTL Fee Agreement and

5  applicable provisions of law.  Except as expressly admitted, Debtor denies the allegations

6  contained in Paragraph 343.

7         13.     With respect to the allegations contained in Paragraph 344, Debtor admits

8  that the terms and conditions of the financial relationship between Debtor and

9  RAKTL/A2D with respect to the Cases are set forth in the RAKTL Fee Agreement and

10  applicable provisions of law.  Except as expressly admitted, Debtor denies the allegations

11  contained in Paragraph 344.

12         14.     Debtor lacks knowledge or information sufficient to form a belief as to the

13  allegations contained in Paragraph 345, and on that ground, expressly denies the

14  allegations.

15         15.     Debtor lacks knowledge or information sufficient to form a belief as to the

16  allegations contained in Paragraph 346, and on that ground, expressly denies the

17  allegations.

18         16.     Debtor lacks knowledge or information sufficient to form a belief as to the

19  allegations contained in Paragraph 347, and on that ground, expressly denies the

20  allegations.

21         17.     Debtor lacks knowledge or information sufficient to form a belief as to the

22  allegations contained in Paragraph 348, and on that ground, expressly denies the

23  allegations.

24         18.     Debtor lacks knowledge or information sufficient to form a belief as to the

1  allegations contained in Paragraph 349, and on that ground, expressly denies the

2  allegations.

3      19.    With respect to the allegations contained in Paragraph 350, Debtor admits

4  that it had legal obligations to RAKTL/A2D under the RAKTL Fee Agreement. Except

5  as expressly admitted, Heller denies the allegations contained in Paragraph 350.

6      20.    With respect to the allegations contained in Paragraph 351, Debtor admits

7  that it had legal obligations to RAKTL/A2D under the RAKTL Fee Agreement. Except

8  as expressly admitted, Debtor denies the allegations contained in Paragraph 351.

9      21.    With respect to the allegations contained in Paragraph 352, Debtor admits

10  that it had legal obligations to RAKTL/A2D under the RAKTL Fee Agreement. Except

11  as expressly admitted, Debtor denies the allegations contained in Paragraph 352.

12      22.    With respect to the allegations contained in Paragraph 353, Debtor admits

13  that it had professional duties, as prescribed by law, to A2D and RAKTL. Except as

14  expressly admitted, Debtor denies the allegations contained in Paragraph 353.

15      23.    With respect to the allegations contained in Paragraph 354, Debtor admits

16  that it had professional and legal duties to RAKTL/A2D with respect to the Cases under

17  the RAKTL Fee Agreement and applicable provisions of law. Except as expressly

18  admitted, Debtor denies the allegations contained in Paragraph 354.

19      24.    With respect to the allegations contained in Paragraph 355, Debtor admits

20  that it had professional and legal duties to RAKTL/A2D with respect to the Cases under

21  the RAKTL Fee Agreement and applicable provisions of law. Except as expressly

22  admitted, Heller denies the allegations contained in Paragraph 355.

23      25.    With respect to the allegations contained in Paragraph 356, Debtor admits

24  that it was undergoing a serious financial crisis by the end of 2007. Except as expressly

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1 admitted, Debtor lacks knowledge or information sufficient to form a belief as to the

2 allegations contained in Paragraph 356, and on that ground, expressly denies the

3 allegations.

4      26.     With respect to the allegations contained in Paragraph 357, Debtor admits

5 that by December 2007 it had been drawing on its bank credit line at an unprecedented

6 and dangerous rate, and that Heller continued to do so into 2008.  Except as expressly

7 admitted, Debtor lacks knowledge or information sufficient to form a belief as to the

8 allegations contained in Paragraph 357, and on that ground, expressly denies the

9 allegations.

10      27.     With respect to the allegations contained in Paragraph 358, Debtor admits

11 that by December 2007 its debt was out of control and rising exponentially.  Except as

12 expressly admitted, Debtor lacks knowledge or information sufficient to form a belief as

13 to the allegations contained in Paragraph 358, and on that ground, expressly denies the

14 allegations.

15      28.     With respect to the allegations contained in Paragraph 359, Debtor admits

16 that by December 2007 it was facing a foreseeable risk of losing its bank financing.

17 Except as expressly admitted, Debtor lacks knowledge or information sufficient to form a

18 belief as to the allegations contained in Paragraph 359, and on that ground, expressly

19 denies the allegations.

20      29.     With respect to the allegations contained in Paragraph 360, Debtor admits

21 that by December 2007, vital Heller Shareholders (as defined in the First Amended

22 Complaint ("FAC") in paragraphs 40-43) had left the firm, that other Heller Shareholders

23 were leaving the firm and that others were openly planning to depart or were discussing

24 departure.  Except as expressly admitted, Debtor lacks knowledge or information

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1  sufficient to form a belief as to the allegations contained in Paragraph 360, and on that
2  ground, expressly denies the allegations.

3       30.    With respect to the allegations contained in Paragraph 361, Debtor admits
4  that Heller asked A2D to pay the fixed fee payment under the RAKTL Fee Agreement.
5  Debtor admits that A2D paid approximately $8.2 million dollars in December 2007.
6  Except as expressly admitted, Debtor denies the allegations contained in Paragraph 361.

7       31.    With respect to the allegations contained in Paragraph 362, Debtor admits
8  that Heller asked A2D to pay the fixed fee payment under the RAKTL Fee Agreement
9  and admits on information and belief that Heller wanted the funds to help finance
10 bonuses to Heller Shareholders.  Except as expressly admitted, Debtor denies the
11 allegations contained in Paragraph 362.

12      32.    With respect to the allegations contained in Paragraph 363, Debtor admits
13 that Heller asked A2D to pay the fixed fee payment under the RAKTL Fee Agreement,
14 that it was in a financial crisis in December 2007 and that it was operating with
15 unreasonably small capital.  Except as expressly admitted, Debtor lacks knowledge or
16 information sufficient to form a belief as to the allegations contained in Paragraph 363,
17 and on that ground, expressly denies the allegations.

18      33.    With respect to the allegations contained in Paragraph 364, Debtor admits
19 on information and belief that Heller used the funds to help finance bonuses to Heller
20 Shareholders.  Except as expressly admitted, Debtor lacks knowledge or information
21 sufficient to form a belief as to the allegations contained in Paragraph 364, and on that
22 ground, expressly denies the allegations.

23      34.    Debtor admits the allegations contained in Paragraph 365.

24      35.    With respect to the allegations contained in Paragraph 366, Debtor admits

PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1   that the 2007 Annual Bonus that Heller paid to Heller Shareholders exceeded Heller's

2   reported net income.  Debtor denies the amount of the 2007 Annual Bonus alleged in

3   Paragraph 366.  Debtor admits that Heller's management was gambling that their

4   overpayments to Heller Shareholders via the Annual Bonus was a gamble with other

5   people's money that did not work to (a) convince another law firm to merge with the

6   Debtor before it failed, or (b) provide the Heller Shareholders with a platform to move on

7   to different firms on an individual basis.  Except as expressly admitted or denied, Heller

8   lacks knowledge or information sufficient to form a belief as to the allegations contained

9   in Paragraph 366, and on that ground, expressly denies the allegations.

10       36.    With respect to the allegations contained in Paragraph 367, Debtor admits

11   that its payment of the 2007 Annual Bonus to Heller Shareholders was disastrous.

12   Debtor also admits that combined with Heller's held checks, unpaid invoices, and

13   deferral of traditionally made payments, payment of the 2007 Annual Bonus created a

14   financial hole from which Heller never emerged.  Except as expressly admitted, Debtor

15   lacks knowledge or information sufficient to form a belief as to the allegations contained

16   in Paragraph 367, and on that ground, expressly denies the allegations.

17       37.    With respect to the allegations contained in Paragraph 368, Debtor admits

18   that Heller first treated the 2007 Annual Bonus as an "excess distribution" and that when

19   it issued its financial statements, Heller improperly characterized the payment as a loan to

20   the Heller professional corporations.  Except as expressly admitted, Debtor lacks

21   knowledge or information sufficient to form a belief as to the allegations contained in

22   Paragraph 368, and on that ground, expressly denies the allegations.

23       38.    With respect to the allegations contained in Paragraph 369, Debtor admits

24   that it was desperately short of capital on January 1, 2008.  Except as expressly admitted,

PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1  Heller lacks knowledge or information sufficient to form a belief as to the allegations

2  contained in Paragraph 369, and on that ground, expressly denies the allegations.

3       39.    With respect to the allegations contained in Paragraph 370, Debtor admits

4  that the IP Shareholder Defendants initially tried to control staffing and contain the

5  litigation efforts on the RAKTL matters to reduce the projected 2008 RAKTL budget

6  deficit.  Except as expressly admitted, Debtor denies the allegations contained in

7  Paragraph 370.

8       40.    With respect to the allegations contained in Paragraph 371, Debtor admits

9  that in 2008, while Heller was insolvent and sliding further into insolvency, it paid or

10  caused to be paid, approximately $8 million to departing Heller Shareholders.  Debtor

11  also admits that it characterized those payments at the time as a return of capital (the

12  "Capital Transfers").  Except as expressly admitted, Debtor lacks knowledge or

13  information sufficient to form a belief as to the allegations contained in Paragraph 371,

14  and on that ground, expressly denies the allegations.

15       41.    With respect to the allegations contained in Paragraph 372, Debtor admits

16  that in March, May and July of 2008, Heller drew on its bank credit line.  Debtor also

17  admits that it drew on its bank credit line at an unprecedented and dangerous rate.  Except

18  as expressly admitted, Debtor lacks knowledge or information sufficient to form a belief

19  as to the allegations contained in Paragraph 372, and on that ground, expressly denies the

20  allegations.

21       42.    With respect to the allegations contained in Paragraph 373, Debtor admits

22  that paragraph 70 of the FAC alleges that on September 14, 2008, Heller Shareholders

23  Robert Haslam ("Haslam") and Michael Plimack ("Plimack") and other Heller

24  intellectual property shareholders (the "IP Shareholders") announced their resignation

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1  from Heller and their intent to begin employment with Covington & Burling LLP

2  ("Covington"), on October 1, 2008.  Except as expressly admitted, Debtor denies the

3  allegations contained in Paragraph 373.

4       43.    Debtor lacks knowledge or information sufficient to form a belief as to the

5  allegations contained in Paragraph 374, and on that ground, expressly denies the

6  allegations.

7       44.    Debtor lacks knowledge or information sufficient to form a belief as to the

8  allegations contained in Paragraph 375, and on that ground, expressly denies the

9  allegations.

10       45.    Debtor lacks knowledge or information sufficient to form a belief as to the

11  allegations contained in Paragraph 376, and on that ground, expressly denies the

12  allegations.

13       46.    Debtor lacks knowledge or information sufficient to form a belief as to the

14  allegations contained in Paragraph 377, and on that ground, expressly denies the

15  allegations.

16       47.    Debtor denies the allegations contained in Paragraph 378.

17       48.    Debtor denies the allegations contained in Paragraph 379.

18       49.    With respect to the allegations contained in Paragraph 380, Debtor denies

19  that it adopted and ratified any representations Haslam and Plimack made to

20  RAKTL/A2D at a meeting on September 22, 2008.  Except as expressly denied, Debtor

21  lacks knowledge or information sufficient to form a belief as to the allegations contained

22  in Paragraph 380, and on that ground, expressly denies the allegations.

23       50.    With respect to the allegations contained in Paragraph 381, Debtor admits

24  that starting on September 26, 2008, Heller Shareholders were asked to vote to approve a

1 specific, written dissolution plan ("Dissolution Plan").  Except as expressly admitted,

2 Debtor lacks knowledge or information sufficient to form a belief as to the allegations

3 contained in Paragraph 381, and on that ground, expressly denies the allegations.

4 　　　　51.　　With respect to the allegations contained in Paragraph 382, Debtor admits

5 that the terms and conditions of the Dissolution plan are set forth in the Dissolution Plan.

6 Except as expressly admitted, Debtor denies the allegations contained in Paragraph 382.

7 　　　　52.　　Debtor denies the allegations contained in Paragraph 383.

8 　　　　53.　　Debtor denies the allegations contained in Paragraph 384.

9 　　　　54.　　Debtor denies the allegations contained in Paragraph 385.

10 　　　　55.　　Debtor lacks knowledge or information sufficient to form a belief as to the

11 allegations contained in Paragraph 386, and on that ground, expressly denies the

12 allegations.

13 　　　　56.　　With respect to the allegations contained in Paragraph 387, Debtor admits

14 that certain members of Heller management stated that Heller should dissolve on or about

15 September 25, 2008.  Except as expressly admitted, Debtor lacks knowledge or

16 information sufficient to form a belief as to the allegations contained in Paragraph 387,

17 and on that ground, expressly denies the allegations.

18 　　　　57.　　With respect to the allegations contained in Paragraph 388, Debtor admits

19 that certain members of Heller management stated that Heller needed to dissolve on or

20 about September 25, 2008.  Except as expressly admitted, Debtor lacks knowledge or

21 information sufficient to form a belief as to the allegations contained in Paragraph 388,

22 and on that ground, expressly denies the allegations.

23 　　　　58.　　Debtor lacks knowledge or information sufficient to form a belief as to the

24 allegations contained in Paragraph 389, and on that ground, expressly denies the

1    allegations.

2       59.    With respect to the allegations contained in Paragraph 390, Debtor admits

3    that on September 26, 2008, and during Heller's dissolution process, several Cases were

4    proceeding in litigation.  Except as expressly admitted, Heller lacks knowledge or

5    information sufficient to form a belief as to the allegations contained in Paragraph 391,

6    and on that ground, expressly denies the allegations.

7       60.    With respect to the allegations contained in Paragraph 391, Debtor admits

8    that in connection with the transfer of the Cases from Heller to Covington and other

9    successor counsel, Heller owed professional duties, as prescribed by law, to

10   RAKTL/A2D.  Except as expressly admitted, Debtor denies the allegations contained in

11   Paragraph 391.

12      61.    With respect to the allegations contained in Paragraph 392, Debtor admits

13   that paragraph 183 of the FAC alleges that Heller entered into the Jewel Waiver (as

14   defined in the FAC) with actual intent to hinder, delay or defraud one or more entities to

15   which Heller was indebted or became indebted on or after the date of certain transfers.

16   Except as expressly admitted, Debtor denies the allegations contained in Paragraph 392.

17      62.    Debtor admits the allegations contained in Paragraph 393.

18      63.    Debtor lacks knowledge or information sufficient to form a belief as to the

19   allegations contained in Paragraph 394, and on that ground, expressly denies the

20   allegations.

21      64.    Debtor lacks knowledge or information sufficient to form a belief as to the

22   allegations contained in Paragraph 395, and on that ground, expressly denies the

23   allegations.

24      65.    Debtor lacks knowledge or information sufficient to form a belief as to the

PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFENDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1 allegations contained in Paragraph 396, and on that ground, expressly denies the

2 allegations.

3      66.    Debtor lacks knowledge or information sufficient to form a belief as to the

4 allegations contained in Paragraph 397, and on that ground, expressly denies the

5 allegations.

6 **RESPONSE TO FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT**

7 (Legal Services Agreement)

8      67.    Debtor admits the allegations contained in Paragraph 398.

9      68.    Debtor admits the allegations contained in Paragraph 399.

10      69.    Debtor denies the allegations contained in Paragraph 400.

11      70.    With respect to the allegations contained in Paragraph 401, Debtor admits

12 that Haslam and Plimack were Heller Shareholders on September 22, 2008. Except as

13 expressly admitted, Debtor lacks knowledge or information sufficient to form a belief as

14 to the allegations contained in Paragraph 401, and on that ground, expressly denies the

15 allegations.

16      71.    Debtor expressly denies the allegations contained in Paragraph 402.

17      72.    Debtor lacks knowledge or information sufficient to form a belief as to the

18 allegations contained in Paragraph 403, and on that ground, expressly denies the

19 allegations.

20      73.    Debtor admits the allegations contained in Paragraph 404.

21      74.    Debtor admits the allegations contained in Paragraph 405.

22      75.    Debtor denies the allegations contained in Paragraph 406.

23      76.    Debtor denies the allegations contained in Paragraph 407.

24      77.    Debtor lacks knowledge or information sufficient to form a belief as to the

1 allegations contained in Paragraph 408, and on that ground, expressly denies the

2 allegations.

3     78.     Debtor lacks knowledge or information sufficient to form a belief as to the

4 allegations contained in Paragraph 409, and on that ground, expressly denies the

5 allegations.

6     79.     Debtor lacks knowledge or information sufficient to form a belief as to the

7 allegations contained in Paragraph 410, and on that ground, expressly denies the

8 allegations.

9     80.     Debtor lacks knowledge or information sufficient to form a belief as to the

10 allegations contained in Paragraph 411, and on that ground, expressly denies the

11 allegations.

12     81.     Debtor denies the allegations contained in Paragraph 412.

13     82.     Debtor denies the allegations contained in Paragraph 413.

14     83.     Debtor lacks knowledge or information sufficient to form a belief as to the

15 allegations contained in Paragraph 414, and on that ground, expressly denies the

16 allegations.

17     84.     Debtor lacks knowledge or information sufficient to form a belief as to the

18 allegations contained in Paragraph 415, and on that ground, expressly denies the

19 allegations.

20     85.     Debtor denies the allegations contained in Paragraph 416.

21     86.     Debtor denies the allegations contained in Paragraph 417.

22     87.     Debtor denies the allegations contained in Paragraph 418.

23     88.     Debtor denies the allegations contained in Paragraph 419.

24     89.     Debtor denies the allegations contained in Paragraph 420.

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND**
**COUNTERCLAIMANTS' COUNTERCLAIM**

1    90.    Debtor denies the allegations contained in Paragraph 421.

2    91.    Debtor denies the allegations contained in Paragraph 422.

3    92.    Debtor denies the allegations contained in Paragraph 423.

4    93.    Debtor denies the allegations contained in Paragraph 424.

5    94.    Debtor denies the allegations contained in Paragraph 425.

6    95.    Debtor denies the allegations contained in Paragraph 426.

7    96.    Debtor denies the allegations contained in Paragraph 427.

8    97.    Debtor denies the allegations contained in Paragraph 428.

9    98.    Debtor denies the allegations contained in Paragraph 429.

10   99.    Debtor denies the allegations contained in Paragraph 430.

11   100.   Debtor denies the allegations contained in Paragraph 431.

12   101.   Debtor denies the allegations contained in Paragraph 432.

13   102.   Debtor denies the allegations contained in Paragraph 433.

14   103.   Debtor denies the allegations contained in Paragraph 434.

15   104.   With respect to the allegations contained in Paragraph 435, Debtor admits

16   that Covington provided legal services to RAKTL/A2D on the Cases, and that

17   RAKTL/A2D subsequently retained Cooley LLP ("Cooley") to provide additional legal

18   services on one or more of the Cases.  Except as expressly admitted, Debtor lacks

19   knowledge or information sufficient to form a belief as to the allegations contained in

20   Paragraph 435, and on that ground, expressly denies the allegations.

21   105.   Debtor denies the allegations contained in Paragraph 436.

22   106.   Debtor denies the allegations contained in Paragraph 437.

23   //

24   //

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFENDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1      **RESPONSE TO SECOND CLAIM FOR RELIEF: BREACH OF THE**

2      **COVENANT OF GOOD FAITH AND FAIR DEALING**

3      107.   Debtor admits the allegations contained in Paragraph 438.

4      108.   Debtor denies the allegations contained in Paragraph 439.

5      109.   Debtor denies the allegations contained in Paragraph 440.

6      110.   Debtor denies the allegations contained in Paragraph 441.

7      111.   Debtor denies the allegations contained in Paragraph 442.

8      112.   Debtor denies the allegations contained in Paragraph 443.

9      113.   Debtor denies the allegations contained in Paragraph 444.

10     114.   Debtor denies the allegations contained in Paragraph 445.

11     115.   Debtor denies the allegations contained in Paragraph 446.

12     116.   Debtor denies the allegations contained in Paragraph 447.

13     117.   Debtor denies the allegations contained in Paragraph 448.

14     118.   Debtor denies the allegations contained in Paragraph 449.

15     119.   Debtor denies the allegations contained in Paragraph 450.

16     120.   Debtor denies the allegations contained in Paragraph 451.

17     121.   Debtor denies the allegations contained in Paragraph 452.

18     122.   Debtor denies the allegations contained in Paragraph 453.

19     123.   Debtor denies the allegations contained in Paragraph 454.

20     124.   Debtor denies the allegations contained in Paragraph 455.

21     125.   Debtor denies the allegations contained in Paragraph 456.

22     126.   Debtor denies the allegations contained in Paragraph 457.

23     127.   Debtor denies the allegations contained in Paragraph 458.

24     128.   Debtor denies the allegations contained in Paragraph 459.

PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1    129.    Debtor denies the allegations contained in Paragraph 460.

2    130.    Debtor denies the allegations contained in Paragraph 461.

3    131.    Debtor denies the allegations contained in Paragraph 462.

4    132.    Debtor denies the allegations contained in Paragraph 463.

5    133.    Debtor denies the allegations contained in Paragraph 464.

6    **RESPONSE TO THIRD CLAIM FOR RELIEF: BREACH OF FIDUCIARY**

7    **DUTY**

8    134.    Debtor admits the allegations contained in Paragraph 465.

9    135.    With respect to the allegations contained in Paragraph 466, Debtor admits
10   that it had professional and legal duties with respect to the Cases. Except as expressly
11   admitted, Debtor denies the allegations contained in Paragraph 466.

12   136.    Debtor denies the allegations contained in Paragraph 467.

13   137.    Debtor denies the allegations contained in Paragraph 468.

14   138.    Debtor denies the allegations contained in Paragraph 469.

15   139.    Debtor denies the allegations contained in Paragraph 470.

16   140.    Debtor denies the allegations contained in Paragraph 471.

17   141.    Debtor denies the allegations contained in Paragraph 472.

18   142.    Debtor denies the allegations contained in Paragraph 473.

19   143.    Debtor denies the allegations contained in Paragraph 474.

20   144.    Debtor denies the allegations contained in Paragraph 475.

21   145.    Debtor denies the allegations contained in Paragraph 476.

22   146.    Debtor denies the allegations contained in Paragraph 477.

23   147.    Debtor denies the allegations contained in Paragraph 478.

24   148.    Debtor denies the allegations contained in Paragraph 479.

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

1     149.    Debtor denies the allegations contained in Paragraph 480.

2     150.    Debtor denies the allegations contained in Paragraph 481.

3     151.    Debtor denies the allegations contained in Paragraph 482.

4     152.    Debtor denies the allegations contained in Paragraph 483.

5     153.    Debtor denies the allegations contained in Paragraph 484.

6     154.    Debtor denies the allegations contained in Paragraph 485.

7     155.    Debtor denies the allegations contained in Paragraph 486.

8     156.    Debtor denies the allegations contained in Paragraph 487.

9     157.    Debtor denies the allegations contained in Paragraph 488.

10    158.    Debtor denies the allegations contained in Paragraph 489.

11    159.    Debtor denies the allegations contained in Paragraph 490.

12    160.    Debtor denies the allegations contained in Paragraph 491.

13    161.    Debtor denies the allegations contained in Paragraph 492.

14    162.    Debtor denies the allegations contained in Paragraph 493.

15    **RESPONSE TO FOURTH CLAIM FOR RELIEF: FRAUD BY CONCEALMENT**

16    163.    Debtor admits the allegations contained in Paragraph 494.

17    164.    Debtor denies the allegations contained in Paragraph 495.

18    165.    Debtor denies the allegations contained in Paragraph 496.

19    166.    Debtor denies the allegations contained in Paragraph 497.

20    167.    Debtor denies the allegations contained in Paragraph 498.

21    168.    Debtor denies the allegations contained in Paragraph 499.

22    169.    Debtor denies the allegations contained in Paragraph 500.

23    170.    Debtor denies the allegations contained in Paragraph 501.

24    171.    Debtor denies the allegations contained in Paragraph 502.

1     172.    Debtor denies the allegations contained in Paragraph 503.

2     173.    Debtor denies the allegations contained in Paragraph 504.

3     174.    Debtor denies the allegations contained in Paragraph 505.

4     175.    Debtor denies the allegations contained in Paragraph 506.

5     176.    Debtor denies the allegations contained in Paragraph 507.

6     177.    Debtor denies the allegations contained in Paragraph 508.

7     178.    Debtor denies the allegations contained in Paragraph 509.

8     179.    Debtor denies the allegations contained in Paragraph 510.

**RESPONSE TO FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT**

10     180.    Debtor admits the allegations contained in Paragraph 511.

11     181.    Debtor denies the allegations contained in Paragraph 512.

12     182.    Debtor denies the allegations contained in Paragraph 513.

13     183.    Debtor denies the allegations contained in Paragraph 514.

14     184.    Debtor denies the allegations contained in Paragraph 515.

15     185.    Debtor denies the allegations contained in Paragraph 516.

**RESPONSE TO SIXTH CLAIM FOR RELIEF: BREACH OF CONTRACT**

**(First/Second Pass Agreement)**

18     186.    Debtor admits the allegations contained in Paragraph 517.

19     187.    With respect to the allegations contained in Paragraph 518, Debtor admits that Heller entered into an agreement with RAKTL/A2D regarding payment for a vendor product, First/Second Pass. Except as expressly admitted, Debtor lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 518, and on that ground, expressly denies the allegations.

24     188.    Debtor lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 519, and on that ground, expressly denies the allegations.

    189.   Debtor lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 520, and on that ground, expressly denies the allegations.

    190.   Debtor denies the allegations contained in Paragraph 521.

    191.   Debtor denies the allegations contained in Paragraph 522.

    192.   Debtor denies the allegations contained in Paragraph 523.

    193.   Debtor denies the allegations contained in Paragraph 524.

    194.   Debtor denies the allegations contained in Paragraph 525.

## AFFIRMATIVE DEFENSES

Debtor Plaintiff and Counter-defendant assert the following affirmative defenses under Federal Rule of Civil Procedure ("FRCP") Rule 8, to each of the claims for relief alleged in the Counterclaim:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim For Relief)

    195.   Neither the Counterclaim nor any purported claim for relief alleged therein states facts sufficient to constitute a claim for relief against Debtor.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

    196.   Defendants and Counterclaimants' Counterclaim, and each alleged claim for relief therein, is barred by the applicable statutes of limitations and response under California law, including but not limited to C.C.P. §§ 335, 337, 338(d), 339(1), 343 and 361.

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND COUNTERCLAIMANTS' COUNTERCLAIM**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

197.    Defendants and Counterclaimants unreasonably delayed in bringing this action, and thereby have prejudiced Debtor as a direct and proximate result of such delay. This action is therefore barred by laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Acts of Defendants and Counterclaimants)

198.    Defendants and Counterclaimants are barred from any recovery against Debtor because any loss or damage sustained by Defendants and Counterclaimants was proximately caused by the acts or omissions of Defendants and Counterclaimants and was not caused, in whole or in part, by any acts or omissions of the Debtor.

**FIFTH AFFIRMATIVE DEFENSE**

(Knowing and Voluntary Assumption of Risks)

199.    Defendants and Counterclaimants knowingly, voluntarily and unreasonably undertook the risks involved in the Counterclaim and each alleged claim for relief, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Defendants and Counterclaimants.

**SIXTH AFFIRMATIVE DEFENSE**

(Injuries Caused by Others Outside of Control of Debtor)

200.    While specifically and vigorously denying the allegations of Defendants and Counterclaimants concerning liability, injures and damages, to the extent that the Defendants and Counterclaimants may be able to prove those allegations, Debtor alleges that individuals and entities other than Debtor willfully or by want of ordinary care, brought about the injuries complained of in the Counterclaim and as such, the alleged

Case: 08-03518    Doc# 2478    Filed: 08/09/19    Entered: 08/09/19 15:58:47    Page 22 of 27

1  damages claimed by Defendants and Counterclaimants should be diminished in

2  proportion to the amount of fault attributable to the conduct of such other entities and/or

3  individuals.

4               **SEVENTH AFFIRMATIVE DEFENSE**

5                    (Failure to Mitigate)

6      201.   Defendants and Counterclaimants had a duty to take reasonable steps to

7  mitigate and/or avoid their alleged damages.  Defendants and Counterclaimants failed to

8  take any such steps and/or delayed unreasonably in doing so.  Had Defendants and

9  Counterclaimants timely and diligently taken reasonable steps to mitigate and/or avoid

10 their alleged damages, such alleged damages would have been reduced or avoided

11 altogether.  Defendants and Counterclaimants therefore are barred, in whole or in part,

12 from recovering damages in this action.

13               **EIGHTH AFFIRMATIVE DEFENSE**

14                   (Joint and Several Liability)

15     202.   Debtor alleges that the doctrine of joint and several liability has been

16 abolished in a case such as this, and should Defendants and Counterclaimants prevail

17 against Debtor, Debtor's liability is several and is limited to its own actionable fault,

18 which fault is vigorously denied.

19               **NINTH AFFIRMATIVE DEFENSE**

20                   (Failure of Consideration)

21     203.   Defendants and Counterclaimants' Counterclaim, and each and every claim

22 for relief therein, is barred as a result of a failure of consideration.

23 //

24 //

**PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM**

## TENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

204.    Debtor alleges that Defendants and Counterclaimants have waived any and all claims sought in this action and are estopped from asserting and recovering upon such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

205.    Defendants and Counterclaimants' unclean hands and inequitable conduct bar the Counterclaim and each purported claim for relief alleged therein.

## TWELFTH AFFIRMATIVE DEFENSE

(Excuse)

206.    Although Debtor does not admit such herein, any failure of Debtor to perform the conditions of the RAKTL Fee Agreement and the First/Second Pass Agreement at issue were excused by Defendants and Counterclaimants' breach of essential terms and conditions of the agreements.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Discharge)

207.    Debtor's obligations under the RAKTL Fee Agreement and the First/Second Pass Agreement, if any, were discharged as a result of Defendants and Counterclaimants' material breach of the agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

(First Material Breach)

208.    Defendants and Counterclaimants committed the first material breach of the RAKTL Fee Agreement and the First/Second Pass Agreement, and therefore are barred

1   from recovery on said agreements.

2                    **FIFTEENTH AFFIRMATIVE DEFENSE**

3                              (Ratification)

4        209.    Defendants and Counterclaimants have, expressly or by implication,

5   ratified the acts and/or transactions of which they complain and therefore may not

6   maintain a claim based upon such acts and/or transactions.

7                    **SIXTEENTH AFFIRMATIVE DEFENSE**

8                              (Repudiation)

9        210.    Defendants and Counterclaimants, by their own conduct, repudiated any

10  interest in the RAKTL Fee Agreement and/or the First/Second Pass Agreement.

11                  **SEVENTEENTH AFFIRMATIVE DEFENSE**

12                             (Impossibility)

13       211.    Defendants and Counterclaimants, by their own conduct, excused Debtor's

14  performance under the RAKTL Fee Agreement and the First/Second Pass Agreement by

15  making performance under the agreements impossible.

16                  **EIGHTEENTH AFFIRMATIVE DEFENSE**

17                            (Unjust Enrichment)

18       212.    Debtor alleges that the granting of Defendants and Counterclaimants'

19  demands in the Counterclaim would result in unjust enrichment to the Defendants and

20  Counterclaimants.

21                  **NINETEENTH AFFIRMATIVE DEFENSE**

22                          (Condition Precedent)

23       213.    Defendants and Counterclaimants, by their own conduct, excused Debtor's

24  performance under the RAKTL Fee Agreement and the First/Second Pass Agreement by

PLAINTIFF AND COUNTER-DEFANDANT'S ANSWER TO DEFANDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1   failing to perform a condition precedent to Debtor's obligations under the agreements.

2                             **TWENTIETH AFFIRMATIVE DEFENSE**

3                                     (Release)

4       214.     Debtor alleges that Defendants and Counterclaimants' actions constituted a

5   full release and waiver by Debtor of any and all claims which Defendants and

6   Counterclaimants may have against it.

7                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8                            (Res Judicata)

9       215.     Defendants and Counterclaimants' Counterclaim, and each claim for relief

10   therein, are barred by res judicata.  Moreover, the provisions of the Joint Plan of

11   Liquidation of Heller Ehrman LLP ("Plan") [Docket No. 1431] have been confirmed by

12   the Bankruptcy Court [Docket No. 1446] and are res judicata and binding on Defendants

13   and Counterclaimants.  These include, among other provisions, the treatment of Class 6

14   Claims and limits on Class 7 Claims as provided in Articles 4.6 & 4.7 of the Plan, and the

15   definitions contained in Article 1 of the Plan.

16                     **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17                        (Limitation on Claims)

18       216.     Defendants and Counterclaimants are limited on any right to recover on the

19   Counterclaim, and each claim for relief alleged therein, by the terms of the Plan.  The

20   Plan treats all such claims as Malpractice Claims, which are defined in Article 1.87 of the

21   Plan.  The Plan provides, *inter alia*, that the allowed amount of such claim should be

22   limited to an amount that is the SIR Amount ("the amount retained for the insured's own

23   account under any applicable Malpractice Policy, less the Malpractice Claims Expenses

24   incurred" [Plan, Article 1.130]), which shall be treated as a Class 7 Unsecured Claim.

PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO DEFENDANTS AND
COUNTERCLAIMANTS' COUNTERCLAIM

1  Plan, Article 4.6.  "In no event shall a Malpractice Claim treated as a Class 7 General

2  Unsecured Claim be allowed in any amount in excess of the SIR."  Plan, Articles 4.6, 4.7.

3  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

4  (Other Defenses Reserved)

5  217.  Debtor reserves the right to plead any additional affirmative defenses which

6  discovery may reveal during the course of this litigation.

7

8  WHEREFORE, Debtor prays:

9  (1) That Defendants and Counterclaimants take nothing by this Counterclaim;

10  (2) That Judgment be entered in favor of Debtor;

11  (3) For the recovery of Debtor's costs of suit, including attorneys' fees if available;

12  and

13  (4) For such other and further relief as the Court deems just and proper.

14

15  Dated:  March 9, 2011.                    TREPEL MCGRANE GREENFIELD LLP

16

17

18  By:  */s/ Christopher D. Sullivan*
              Christopher D. Sullivan

19  Special Litigation Counsel for Liquidating
      Debtor, Heller Ehrman LLP

20

21

22

23

24

26