# United States Bankruptcy Court

**NORTHERN** District Of **CALIFORNIA**

In re _____ HELLER EHRMAN, LLP _____ ,  Case No. _____ 08-32514 _____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

_____ VONWIN CAPITAL MANAGEMENT, LP _____
Name of Transferee

_____ RICHARD J. GUGGENHIME _____
Name of Transferor

Name and Address where notices to transferee should be sent:

261 FIFTH AVENUE, 22ND FLOOR
NEW YORK, NY 10016

Court Claim # (if known): _____ 138-1 _____
Amount of Claim: _____ $162,158.61 ** [Note below] _____
Date Claim Filed: _____ February 27, 2009 _____

Phone: _____ 212-889-1601 _____
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

```
Note:
**$162,158.61
Docket #1444 Order Approving Settlement and
Compromise of Retirement-Based Claims of
Certain Former Shareholders is attached.
```

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____ /s/ Roger von Spiegel _____   Date: _____ June 17, 2011 _____
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

HELLER EHRMAN, LLP
                    Debtor

Case No. 08-32514

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that the claim of Richard J. Guggenhime ("Assignor") specified below:

| Allowed Claim Amount | Schedule Claim No. |
|---|---|
| $162,158.61 | 138-1 |

has been transferred and assigned to VonWin Capital Management, L.P. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: VonWin Capital Management, L.P.
Address:      261 Fifth Avenue, 22nd Floor
              New York, NY 10016

Signature: _____
Name:      Roger Von Spiegel
Title:     Managing Director
Date:      _____

ASSIGNOR:  Richard J. Guggenhime
Address:      1000 Mason Street,, Apt 408
              San Francisco, CA 94105

Signature: _____
Name:      Richard J. Guggenhime
Date:      6/13/11

1  John D. Fiero (CA Bar No. 136557)
   Kenneth H. Brown (CA Bar No. 100396)
2  Teddy M. Kapur (CA Bar No. 242486)          **Signed and Filed: August 13, 2010**
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California  94111-4500
4  Telephone: 415/263-7000
   Facsimile: 415/263-7010                     _____
5
   E-mail: jfiero@pszjlaw.com                   **DENNIS MONTALI**
6          kbrown@pszjlaw.com                   **U.S. Bankruptcy Judge**
           tkapur@pszjlaw.com                   _____
7
   Attorneys for Heller Ehrman LLP,
8  Debtor and Debtor in Possession

9            **UNITED STATES BANKRUPTCY COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11              **SAN FRANCISCO DIVISION**

12 In re:                                       Case No.: 08-32514

13 Heller Ehrman LLP,                           Chapter 11

14                         Debtor.              **ORDER APPROVING SETTLEMENT
                                                AND COMPROMISE OF**
15                                              **RETIREMENT-BASED CLAIMS OF
                                                CERTAIN FORMER**
16                                              **SHAREHOLDERS**

17                                              Date:   August 9, 2010
                                                Time:   9:30 a.m.
18                                              Place:  U. S. Bankruptcy Court
                                                        235 Pine Street, 22nd Floor
19                                                      San Francisco, CA
                                                Judge:  Honorable Dennis Montali
20

21       THIS MATTER came before the Court upon consideration of the *Motion Pursuant to*

22 *Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims*

23 *of Certain Former Shareholders* (the "Motion") [Docket No. 1334], filed on July 16, 2010 by Heller

24 Ehrman LLP (the "Debtor") for entry of an order pursuant to Bankruptcy Rule 9019 approving a

25 proposed compromise among the Debtor, the Debtor's six partners, which are professional

26 corporations (the "PCs"), each of the following former shareholders of the PCs:  Keith B. Betzina,

27 Robert E. Borton, Curtis M. Caton, Charles H. Clifford, John H. Cutler, Robert A. Epsen, Richard L.

28 Goff, Richard J. Guggenhime, Victor A. Hebert, Weyman I. Lundquist, William R. Mackey, K.

Case: 08-32514   Doc#: 1444   Filed: 08/13/10   Entered: 08/16/10 11:5...
13685-001\DOCS_LA:223625.7
Case: 08-32514   Doc# 2210   Filed: 06/17/11   Entered: 06/17/11 09:35:52   Page 3 of
40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    William Neuman, M. Laurence Popofsky, Jerry H. Robinson, Julian N. Stern, Robert S. Venning,

2    and Patricia Wagner, and the Estate of Robert Harris, which is the estate of a deceased former

3    shareholder of Heller Ehrman (California) a Professional Corporation.  Appearances were made as

4    reflected in the record.  Based upon the Court's review and consideration of the Motion, the other

5    records and pleadings filed in the Debtor's chapter 11 case, and the statements of counsel at the

6    hearing on the Motion, and good cause appearing therefor,

7        **IT IS HEREBY ORDERED**:

8        1.     The Motion is GRANTED;

9        *2.*     The Debtor is authorized to enter into the compromise described in the Settlement

10   Agreement, which is attached as Exhibit A to the *Declaration of Jonathan Hayden in Support of the*

11   *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of*

12   *Retirement-Based Claims of Certain Former Shareholders* [Docket No. 1334];

13       3.     The Debtor is authorized to take such actions as are necessary to perform its

14   obligations under the Settlement Agreement; and

15       4.     The Settlement Agreement and any related documents or other instruments may be

16   modified, amended or supplemented by the parties thereto, in a writing signed by the parties without

17   further order of the Court, provided that such modification, amendment or supplement does not have

18   a material adverse effect on the Debtor's bankruptcy estate.

19                **\* \* \* END OF ORDER \* \* \***

20

21

22

23

24

25

26

27

28

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
kbrown@pszjlaw.com
mkhatiblou@pszjlaw.com
tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Heller Ehrman LLP,<br><br>　　　　　　　　　Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**MOTION PURSUANT TO BANKRUPTCY RULE 9019(A) FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF RETIREMENT-BASED CLAIMS OF CERTAIN FORMER SHAREHOLDERS**<br><br>Date: August 9, 2010<br>Time: 9:30 a.m.<br>Place: U. S. Bankruptcy Court<br>　　　　　235 Pine Street, 22nd Floor<br>　　　　　San Francisco, CA<br>Judge: Honorable Dennis Montali |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_LA:221510.3

1

MOTION TO APPROVE COMPROMISE OF
CERTAIN RETIREMENT-BASED CLAIMS

Case: 08-32514    Doc# 1334    Filed: 07/16/10    Entered: 07/16/10 ...

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 5 of
40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

Heller Ehrman, LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby submits this *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* (the "Motion"). The Motion is based on the supporting Memorandum of Points and Authorities, the Declaration of Jonathan Hayden (the "Hayden Declaration"), any and all exhibits thereto, and any other evidence properly before the Court.

Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Motion seeks an order from the Court approving a proposed compromise among the Debtor, the Debtor's six partners, which are professional corporations (the "PCs"), each of the following former shareholders of the PCs: Keith B. Betzina, Robert E. Borton, Curtis M. Caton, Charles H. Clifford, John H. Cutler, Robert A. Epsen, Richard L. Goff, Richard J. Guggenhime, Victor A. Hebert, Weyman I. Lundquist, William R. Mackey, K. William Neuman, M. Laurence Popofsky, Jerry H. Robinson, Julian N. Stern, Robert S. Venning, and Patricia Wagner (each a "Vested Retiree," and collectively, the "Vested Retirees"), and the Estate of Robert Harris, which is the estate of a deceased former shareholder of Heller Ehrman (California) a Professional Corporation ("Harris," and together with the Debtor, PCs and Vested Retirees, each a "Party" and collectively the "Parties").

The Vested Retirees and Harris assert that prior to the Debtor's filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on December 28, 2008 (the "Petition Date"), the Debtor adopted a series of partnership agreements and retirement plans, which required the Debtor and PCs to provide them with pensions for life, death benefits and an office for life. Based on these purported benefits, the Vested Retirees filed proofs of claim that sought aggregate retirement claims in the amount of $8,940,398.42, excluding duplicate proofs of claim (collectively, the "Vested Retiree Claims"). Similarly, Harris filed a proof of claim in the amount of $103,607.73 for the death benefit and retirement payments accrued but not paid during 2008 prior to his death (the "Harris Claim"). The Debtor disputes the Vested Retiree Claims and the Harris Claim and believes they are largely unenforceable under Heller's governing documents.

DOCS_LA:221510.3

Case: 08-32514    Doc# 1334    Filed: 07/16/10    Entered: 07/16/10    Page 4 of

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 6 of 40

Vested Retirees Robert E. Borton, Richard J. Guggenhime, Victor A. Hebert, K. William Neuman, M. Laurence Popofsky, Julian N. Stern and Robert S. Venning also filed employment-related claims (the "Employment Claims"), which are not the subject of this compromise.

On April 30, 2010, the Parties participated in a judicial settlement conference before the Honorable Randall J. Newsome, Chief Judge for the U.S. Bankruptcy Court for the Northern District of California. Subsequently, the Parties reached a compromise to settle the Vested Retiree Claims and the Harris Claim that is memorialized in the Agreement to Settle Controversy attached as Exhibit A to the Hayden Declaration (the "Settlement Agreement"). Pursuant to the Settlement Agreement, the Debtor and the PCs have agreed to provide the Vested Retirees and Harris with the following consideration:

a. The PCs shall deliver $200,000 to the Vested Retirees;

b. The Debtor (or its successor) shall deliver $175,000 to the Vested Retirees as early as practicable from monies that would otherwise be included in the first distribution to be made to general unsecured creditors under the pending joint plan of liquidation filed with the Bankruptcy Court;

c. The Vested Retirees shall have an allowed general unsecured claim in the Bankruptcy Case in the aggregate amount of $3,975,966.44 (the "Allowed Claim") allocated among each of the Vested Retirees; and

d. Harris shall have an allowed general unsecured claim in the Bankruptcy Case of $103,607.73 pursuant to its filed proof of claim (Claim No. 746-1).

Furthermore, the Settlement Agreement includes broad releases among the Parties for claims other than the Allowed Claim and any rights and defenses pertaining to the Employment Claims.

The Settlement Agreement resolves a number of retirement claims against the Debtor and clears an obstacle to confirmation of the joint plan of liquidation filed by the Debtor and Official Committee of Unsecured Creditors (the "Committee"). The Debtor has determined that the compromise is in the best interest of the estate. Moreover, the Committee has approved the Settlement Agreement and supports the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**WHEREFORE**, the Debtor respectfully requests that the Court grant this Motion in its entirety and enter an Order:

1.    Authorizing the Debtor to enter into the compromise described in the Settlement Agreement, a true and correct copy of which is attached as **Exhibit A** to the Hayden Declaration;

2.    Authorizing the Debtor to take such actions as are necessary to perform its obligations under the Settlement Agreement; and

3.    Granting such other and further relief as is just and proper under the circumstances.

Dated:    July 16, 2010             PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Teddy M. Kapur*
          John D. Fiero
          Kenneth H. Brown
          Miriam P. Khatiblou
          Teddy M. Kapur
          Attorneys for Heller Ehrman LLP,
          Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_LA:221510.3

Case: 08-32514    Doc# 1334    Filed: 07/16/10    Entered: 07/16/10    MOTION TO APPROVE COMPROMISE OF CERTAIN RETIREMENT-BASED CLAIMS

4

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 8 of 40

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        mkhatiblou@pszjlaw.com
        tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-32514 |
| Heller Ehrman LLP, | Chapter 11 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION PURSUANT TO BANKRUPTCY RULE 9019(A) FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF RETIREMENT-BASED CLAIMS OF CERTAIN FORMER SHAREHOLDERS** |
| | Date: August 9, 2010 |
| | Time: 9:30 a.m. |
| | Place: U. S. Bankruptcy Court |
| | 235 Pine Street, 22nd Floor |
| | San Francisco, CA |
| | Judge: Honorable Dennis Montali |

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 9 of
40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Heller Ehrman LLP, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby submits this memorandum of points and authorities in support of its *Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* (the "Motion").

## I.

## <u>JURISDICTION AND VENUE</u>

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## <u>STATEMENT OF FACTS</u>

**A.     Description of the Debtor**

On September 26, 2008, the shareholders of the Debtor's partners approved a Plan of Dissolution, effective as of that date, and began to formally cease business operations. On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). *See Declaration of Jonathan Hayden in Support of Motion Pursuant to Bankruptcy Rule 9019(a) for Approval of Settlement and Compromise of Retirement-Based Claims of Certain Former Shareholders* (the "Hayden Declaration"), ¶ 3.

The Debtor is currently winding down its business and affairs. Although the Debtor is no longer engaged in the practice of law, a number of important bankruptcy-related tasks remain outstanding, including winding down the business, maximizing the value of the Debtor's assets for the benefit of its creditors, and discharging the Debtor's obligations to former clients. Hayden Declaration, ¶ 4.

**B.     The Retirement Claims**

Each of the following former shareholders of one of the Debtor's six professional corporation partners (the "PCs") has asserted claims for retirement benefits against the Debtor and

DOCS_LA:221590.6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  the PCs:  Keith B. Betzina, Robert E. Borton, Curtis M. Caton, Charles H. Clifford, John H. Cutler,

2  Robert A. Epsen, Richard L. Goff, Richard J. Guggenhime, Victor A. Hebert, Weyman I.

3  Lundquist, William R. Mackey, K. William Neuman, M. Laurence Popofsky, Jerry H. Robinson,

4  Julian N. Stern, Robert S. Venning, and Patricia Wagner (each a "Vested Retiree," and collectively,

5  the "Vested Retirees").  The Vested Retirees filed proofs of claim in the Debtor's case that sought

6  aggregate retirement claims in the amount of $8,940,398.42, excluding duplicate proofs of claim

7  (collectively, the "Vested Retiree Claims").  The following proofs of claim numbers comprise the

8  Vested Retiree Claims: 256-1, 679-1, 135-1, 136-1, 341-1, 257-1, 680-1, 137-1, 681-1, 258-1, 682-

9  1, 138-1, 139-1, 609-1, 142-1, 720-1, 140-1, 141-1, 683-2, 144-1 and 143-1 (collectively, the

10  "Vested Retiree Proofs of Claim").  Similarly, the estate of deceased former shareholder Robert

11  Harris ("Harris") filed a proof of claim (Claim No. 746-1) in the amount of $103,607.73 for a death

12  benefit and retirement payments accrued but not paid during 2008 prior to his death (the "Harris

13  Claim").  The Debtor, PCs, Vested Retirees and Harris hereinafter are each referred to as a "Party"

14  and collectively the "Parties."

15      The Vested Retirees and Harris assert that prior to the Petition Date, the Debtor adopted a

16  series of partnership agreements and retirement plans, which required the Debtor and PCs to

17  provide them with pensions for life, death benefits and an office for life.  The Vested Retirees

18  further argued in opposition to the joint disclosure statement that Bankruptcy Code section 1114

19  gave the death benefit element of the Vested Retiree Claims and the Harris Claim what amounts to

20  administrative expense status.

21      The Debtor disputes the Vested Retiree Claims and the Harris Claim and believes that they

22  are subject to strong arguments that they are unenforceable under Heller's governing documents.

23  Hayden Declaration, ¶ 5.  Specifically, the Debtor does not believe that it would be held liable for

24  the Vested Retiree Claims and Harris Claim because the governing documents limit aggregate

25  payments to retirees to 12% of the law firm's net profits.  Hayden Declaration, ¶ 6.  Because the

26  law firm is no longer in business and no longer generating any profits, the Debtor believes that it is

27  no longer obligated to make payments to retirees under the firm's retirement system.  The Debtor

28  has taken the position that the 12% limitation also applies to the Vested Retirees and Harris's

3

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO APPROVE COMPROMISE
OF CERTAIN RETIREMENT-BASED CLAIMS

DOCS_LA:222159.6

Case: 08-32514    Doc# 1334-1    Filed: 07/16/10    Entered: 07/16/10    Page 11
of 7

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 11
of 40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  assertions of administrative expense priority for death benefits under Bankruptcy Code section

2  1114. *Id.* This is because the Debtor did not take any action to "terminate" the death benefit

3  because such benefit (by its terms) only was available when there were profits from which to pay it.

4  *Id.* As a result, Section 1114 should not apply.

5       Despite these views to the contrary, the likelihood of sustaining an objection against the full

6  amount of the claims is uncertain. Hayden Declaration, ¶ 7. Significantly, the applicability of the

7  12% limitation is subject to the contention that its purpose was only to protect the firm as a going

8  concern and cannot be applied to defeat the vested rights of retired shareholders after the Debtor

9  terminated its operations. The claims under section 1114 present another obstacle because they

10  could stall or prevent confirmation of the Liquidation Plan, if approved. The uncertainty regarding

11  the merits of the Vested Retiree Claims and Harris Claim therefore supports approving the

12  compromise reflected in the Settlement Agreement. Hayden Declaration, ¶ 8.

13      **C.**     **Employment-based Claims Excluded from the Settlement**

14       In addition to the retirement claims, certain Vested Retirees Robert E. Borton, Richard J.

15  Guggenhime, Victor A. Hebert, K. William Neuman, M. Laurence Popofsky, Julian N. Stern and

16  Robert S. Venning filed employment-related claims (the "Employment Claims"), which are not a

17  subject of this compromise. The Parties have agreed to preserve any rights and defenses pertaining

18  to the Employment Claims.

19      **D.**     **The Proposed Settlement**

20       On April 30, 2010, the Parties participated in a judicial settlement conference before the

21  Honorable Randall J. Newsome, Chief Judge for the U.S. Bankruptcy Court for the Northern

22  District of California. Thereafter, the Parties reached a compromise to settle the Vested Retiree

23  Claims and the Harris Claim that is memorialized in the Agreement to Settle Controversy attached

24  as <u>Exhibit A</u> to the Hayden Declaration (the "Settlement Agreement"). Hayden Declaration, ¶ 9.

25  Pursuant to the Settlement Agreement, the Debtor and the PCs have agreed to provide the Vested

26  Retirees and Harris with the following consideration:

27       a.     The PCs shall deliver $200,000 to the Vested Retirees;

28

Case: 08-32514   Doc# 1334-1   Filed: 07/16/10   Entered: 07/16/10   Page 12
of 7

4

DOCS_LA:221590.6

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO APPROVE COMPROMISE
OF CERTAIN RETIREMENT-BASED CLAIMS

Case: 08-32514   Doc# 2210   Filed: 06/17/11   Entered: 06/17/11 09:35:52   Page 12
of 40

1    b.     The Debtor (or its successor) shall deliver $175,000 to the Vested Retirees as early

2    as practicable from monies that would otherwise be included in the first distribution to be made to

3    general unsecured creditors under the pending joint plan of liquidation filed with the Bankruptcy

4    Court (the "Liquidation Plan");

5    c.     The Vested Retirees shall have an allowed general unsecured claim in the

6    Bankruptcy Case in the aggregate amount of $3,975,966.44 (the "Allowed Claim") allocated

7    among each of the Vested Retirees; and

8    d.     Harris shall have an allowed general unsecured claim in the Bankruptcy Case of

9    $103,607.73 pursuant to its filed proof of claim (Claim No. 746-1).

10   Furthermore, the Settlement Agreement includes broad releases among the Parties for claims other

11   than the Allowed Claim and any rights and defenses pertaining to the Employment Claims.

### III.
### THE COURT SHOULD APPROVE THE PROPOSED
### COMPROMISE PURSUANT TO BANKRUPTCY RULE 9019

**A.     Standard for Approval of Compromise Under Bankruptcy Rule 9019**

Bankruptcy Rule 9019(a) provides in relevant part that "[o]n motion by the trustee and

after notice an a hearing, the court may approve a compromise or settlement."  In reviewing

proposed settlements, the standard that courts applied under the former Bankruptcy Act also

applies under the Bankruptcy Code.  *See In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr.

S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).  The U.S. Supreme Court stated in

*Protective Committee v. Anderson*, 390 U.S. 414 (1968), that in order to approve a proposed

settlement under the Bankruptcy Act, a court must have found that the settlement was "fair and

equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . .

litigation, the possible difficulties of collecting on any judgment which might be obtained and all

other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

*Carla Leather*, 44 B.R. at 466.  A court, however, should not substitute its own judgment for the

judgment of a trustee or a debtor.  *Id.* at 465.  In reviewing a proposed settlement, a court is not

"to decide the numerous questions of law and fact . . . but rather to canvass the issues and see

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 08-32514    Doc# 1334-1    Filed: 07/16/10    Entered: 07/16/10
DOCS_LA:221590.6
of 7

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO APPROVE COMPROMISE
OF CERTAIN RETIREMENT-BASED CLAIMS

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 13
of 40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T.*

2    *Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983).  A "mini-trial" on the merits of the underlying

3    cause of action is not required and should not be undertaken by the Bankruptcy Court.  *See In re*

4    *Blair*, 538 F.2d 849 (9th Cir. 1976); *In re Walsh Constr., Inc.*, 669 F.2d 1325 (9th Cir. 1982).

5          The Ninth Circuit has held that in considering a proposed compromise the Court must

6    evaluate (i) the probability of success; (ii) the difficulties, if any, of collection; (iii) the complexity

7    of litigation involved, and the expense, inconvenience and delay in necessarily attending to it; and

8    (iv) the paramount interests of creditors.  *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.

9    1986), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986).

10          **B.       The Settlement Agreement Satisfies the Rule 9019 Standard**

11          Based on the foregoing standard, the Settlement Agreement should be approved.  First, for

12    all the reasons set forth in the Statement of Facts, although the Debtor believes that the Vested

13    Retiree Claims and Harris Claim would prove unenforceable under the Debtor's governing

14    documents, the likelihood of sustaining an objection against the full amount of the claims is

15    uncertain.

16          Second, the expense, inconvenience and delay in litigating the Vested Retiree Claims and

17    Harris Claim favor settlement rather than protracted litigation.  The Parties discussed their claims

18    and defenses in the mediation before Judge Newsome and in subsequent negotiations.  Litigation

19    would involve a detailed contract analysis of the Debtor's governing documents, calculations of

20    damages for Harris and each Vested Retiree, and extensive discovery and testimony regarding the

21    intent of provisions in the retirement plans and other corporate documents.  Hayden Declaration, ¶

22    10.  Given the late stage of this case, the delay and inconvenience associated with litigation

23    threatens to derail efforts to confirm the Liquidation Plan in the coming weeks.  Hayden

24    Declaration, ¶ 11.

25          Third, the interests of creditors are best served by the Settlement Agreement.  Under the

26    settlement, the Allowed Claim against the Debtor's estate is approximately 50% of the aggregate

27    amount of the Vested Retiree Proofs of Claim.  In addition, the PCs will fund $200,000 of the

28    consideration paid to the Vested Retirees, leaving additional funds in the Debtor's estate to fund

6

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO APPROVE COMPROMISE
OF CERTAIN RETIREMENT-BASED CLAIMS

DOCS_LA:221590.6

Case: 08-32514    Doc# 1334-1    Filed: 07/16/10    Entered: 07/16/10
of 7

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 14
of 40

1    operations or distribute to creditors.  Furthermore, the settlement enjoys support from the

2    Committee, which has approved the Settlement Agreement and supports the Motion.  Hayden

3    Declaration, ¶ 12.  For all of these reasons, the proposed compromise is fair, reasonable and in the

4    best interests of the estate and its creditors.  Hayden Declaration, ¶ 13.

5                                    **IV.**

6                           **<u>CONCLUSION</u>**

7       Based upon the foregoing, the Debtor respectfully requests that the Court enter an order:

8    1.      Authorizing the Debtor to enter into the compromise described in the Settlement

9          Agreement, a true and correct copy of which is attached as **Exhibit A** to the Hayden

10         Declaration;

11    2.      Authorizing the Debtor to take such actions as are necessary to perform its

12         obligations under the Settlement Agreement; and

13    3.      Granting such other and further relief as is just and proper under the circumstances.

14

15    Dated:     July 16, 2010               PACHULSKI STANG ZIEHL & JONES LLP

16

17                         By     */s/ Teddy M. Kapur*

                                   John D. Fiero

18                            Kenneth H. Brown

                           Miriam P. Khatiblou

19                            Teddy M. Kapur

                           Attorneys for Heller Ehrman LLP,

20                            Debtor and Debtor in Possession

21

22

23

24

25

26

27

28

DOCS_LA:221590.6

MEMO OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO APPROVE COMPROMISE
OF CERTAIN RETIREMENT-BASED CLAIMS

# AGREEMENT TO SETTLE CONTROVERSY

This Agreement to Settle Controversy (this "Agreement"), is entered into this 30th day of June, 2010, by and among Heller Ehrman, LLP ("Heller" or the "Debtor"), the Debtor's six partners, which are the following professional corporations: Heller Ehrman (California) a Professional Corporation, Heller Ehrman White & McAuliffe (Oregon), P.C., Heller Ehrman (Washington), P.S., Heller Ehrman (Alaska), P.C., Heller Ehrman (New York), a Professional Corporation and Heller Ehrman (China), P.C. (hereinafter collectively referred to as the "PCs"), each of the following former shareholders of the PCs: Keith B. Betzina, Robert E. Borton, Curtis M. Caton, Charles H. Clifford, John H. Cutler, Robert A. Epsen, Richard L. Goff, Richard J. Guggenhime, Victor A. Hebert, Weyman I. Lundquist, William R. Mackey, K. William Neuman, M. Laurence Popofsky, Jerry H. Robinson, Julian N. Stern, Robert S. Venning, and Patricia Wagner (each a "Vested Retiree," and collectively, the "Vested Retirees"), and the Estate of Robert Harris, which is the estate of a deceased former shareholder of Heller Ehrman (California) a Professional Corporation ("Harris," and together with the Debtor, PCs and Vested Retirees, each a "Party" and collectively the "Parties"), with reference to the following facts and recitals:

## RECITALS

A. On December 28, 2008 ("Petition Date"), Heller filed a voluntary chapter 11 petition initiating chapter 11 case no. 08-32514 (the "Bankruptcy Case") now pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division ("Bankruptcy Court").

B. Prior to the Petition Date, the firm adopted a series of partnership agreements and retirement plans, which the Vested Retirees and Harris assert required the Debtor and PCs to provide them with pensions for life, death benefits and an office for life. Based on these purported benefits, the Vested Retirees filed proofs of claim that sought aggregate retirement claims in the amount of $10,667,775.47 (collectively, the "Vested Retiree Claims"). The following proofs of claim numbers comprise the Vested Retiree Claims: 256-1, 679-1, 135-1, 136-1, 341-1, 257-1, 680-1, 137-1, 681-1, 258-1, 682-1, 138-1, 139-1, 609-1, 142-1, 720-1, 140-1, 141-1, 683-2, 144-1 and 143-1 (collectively, the "Vested Retiree Proofs of Claim").

C. Similarly, Harris filed a proof of claim (Claim No. 746-1) in the amount of $103,607.73 for the death benefit and retirement payments accrued but not paid during 2008 prior to his death (the "Harris Claim").

D. The Vested Retiree Claims and Harris Claim do not include employment-related claims filed by Vested Retirees Robert E. Borton (Claim No. 718-1), Richard J. Guggenhime (Claim No. 343), Victor A. Hebert (Claim No. 611-1), K. William Neuman (Claim No. 719-1), M. Laurence Popofsky (Claim No. 342-1), Julian N. Stern (Claim No. 693-1) and Robert S. Venning (Claim No. 610), in the aggregate amount of $2,434,293.98 (the "Employment Claims"). The Employment Claims are not the subject of this Agreement, and the Parties agree that any rights and defenses pertaining to the Employment Claims are preserved.

E.       The Debtor disputes the Vested Retiree Claims and the Harris Claim and believes they are largely unenforceable under Heller's governing documents.

F.       On April 30, 2010, the Parties participated in a judicial settlement conference regarding the Vested Retiree Claims and the Harris Claim before the Honorable Randall J. Newsome, Chief Judge for the U.S. Bankruptcy Court for the Northern District of California.

**NOW, THEREFORE**, for and in consideration of the mutual agreements, promises, covenants, and releases contained herein, the Parties, each intending to be legally bound, hereby agree as follows:

**AGREEMENT**

1.       **Settlement Payments and Allowance of Unsecured Claims**.  As full and final satisfaction of the Vested Retiree Claims and the Harris Claim, the Debtor and the PCs agree to provide the Vested Retirees and Harris with the following consideration:

   a.       The PCs shall deliver $200,000 to the Vested Retirees upon signing this Agreement (the "PC Payment");

   b.       The Debtor (or its successor) shall deliver $175,000 to the Vested Retirees as early as practicable from monies that would otherwise be included in the first distribution to be made to general unsecured creditors under the pending joint plan of liquidation filed with the Bankruptcy Court (the "Preferred Return");

   c.       The Vested Retirees shall have an allowed general unsecured claim in the Bankruptcy Case in the aggregate amount of $3,975,966.44 (the "Allowed Claim") allocated in accordance with the amounts listed on Exhibit A attached hereto; and

   d.       Harris shall have an allowed general unsecured claim in the Bankruptcy Case of $103,607.73 pursuant to its filed proof of claim (Claim No. 746-1).

The Debtor and the PCs shall make no reductions of or withholdings from the PC Payment, the Preferred Return or any distributions on the Allowed Claim, and the Vested Retirees and Harris shall be solely responsible for any and all tax consequences arising from or related to such distributions.

2.       **Conditions to Elements of this Agreement Relating to the Debtor**.  The enforceability of this Agreement relating solely to the Debtor (specifically including paragraphs 1(b), 1(c), 1(d), 4 and 5), shall be subject to the following conditions precedent:  (i) this Agreement shall have been approved by an order (the "Approval Order") entered by the Bankruptcy Court in the Bankruptcy Case pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, in a form reasonably satisfactory to the Parties; and (ii) the Approval Order shall have become a "final order" (that is, an order that is not subject to any pending appeal or motion for reconsideration, modification or amendment thereof and all time for filing such motions has expired, or, if such motion has been filed, that it has been withdrawn or denied and any further period of appeal has expired).  The effective date of this Agreement (the "Effective Date") shall be the date upon which both of the foregoing conditions have been met.

3. **Vested Retiree and Harris Release of the PCs.** Upon tender of the PC Payment, each Vested Retiree and Harris hereby releases, waives and forever discharges the PCs, all present and former shareholders of any of the PCs, and their successors, agents, servants, officers, directors, present and former employees, and attorneys, of and from any and all claims (including, without limitation, the Employment Claims), debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by each Vested Retiree.

4. **Vested Retiree and Harris Release of the Debtor.** On the Effective Date, each Vested Retiree and Harris hereby releases, waives and forever discharges the Debtor, and its successors, agents, servants, officers, directors, present and former employees, and attorneys, of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by each Vested Retiree, in connection with the claims, facts or circumstances surrounding the Vested Retiree Claims. In furtherance of such release, each Vested Retiree shall file with the Bankruptcy Court an amendment reducing his or her Vested Retiree Proof of Claim to the allocable portion of the Allowed Claim and withdrawing the balance of the Vested Retiree Proof of Claim with prejudice. Notwithstanding the foregoing, such release shall not include the Allowed Claim and shall not affect any rights or defenses pertaining to the Employment Claims.

5. **Heller Release.** On the Effective Date, the Debtor hereby releases, waives and forever discharges the Vested Retirees, Harris, and their present or former successors, agents, servants, employees, and attorneys, of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Debtor, in connection with the claims, facts or circumstances surrounding the Vested Retiree Claims and Harris Claim. Notwithstanding the foregoing, such release shall not affect the rights and defenses pertaining to the Employment Claims, which shall be preserved.

6. **PC Release.** Upon the execution of this Agreement by all of the Vested Retirees and Harris, the PCs hereby release, waive and forever discharge the Vested Retirees, Harris, and their present or former successors, agents, servants, employees, and attorneys, of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time, whether now known or unknown, whether statutory, contractual,

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 18 of 40

common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the PCs.

7. **California Civil Code § 1542 Waiver.** The Parties acknowledge that they have, through their authorized representatives, read and presently understand § 1542 of the Civil Code of the state of California, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Each Party waives and relinquishes any and all rights and benefits that it presently has or may have or at any time in the future will or may have under and pursuant to the above statute, and any and all similar provisions contained in the law of any jurisdiction(s), whether within or outside the United States, to the full extent that it may lawfully waive such rights with respect to the subject matter of the releases recited in Paragraphs 3, 4, 5 and 6 above.

8. **Costs.** Each Party shall bear such Party's own costs and attorneys' fees.

9. **Amendments, Waiver.** This Agreement constitutes the entire agreement between the Parties and supersedes all prior and contemporaneous agreements, representations, warranties and understandings of the Parties. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all Parties affected thereby. No waiver of any of the provisions of this Agreement shall be deemed or constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

10. **Third Person Rights.** Except as provided in paragraphs 3, 4, 5 and 6, nothing in this Agreement is intended to confer any rights or remedies under or by reason of this Agreement on any persons other than the Parties hereto, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third person to any Party to this Agreement, nor shall any provision give any third person any right of subrogation or action over or against any Party to this Agreement.

11. **Binding on Heirs, Successors, and Assigns.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, legal representatives, successors and assigns.

12. **Further Acts.** Each Party agrees to execute any and all documents and to do and perform any and all acts and things necessary or proper to effectuate or further evidence the terms and provision of this Agreement.

Case: 08-32514   Doc# 2210   Filed: 06/17/11   Entered: 06/17/11 09:35:52   Page 19 of 40

13. **No Assignment of Claims**.  Each of the Parties represents and warrants to the other that it has not heretofore assigned or transferred, or purported to assign or transfer to any person or entity any claims subject to this Agreement.

14. **No Representations or Warranties**.  Except as expressly set forth in this Agreement, none of the Parties hereto makes any representation or warranty, written or oral, express or implied.

15. **Specific Performance**.  The Bankruptcy Court shall, upon application of any Party hereto, require specific performance by any other Party hereto of any obligations hereunder.  Each Party hereby consents to the jurisdiction and venue of the Bankruptcy Court.

16. **Choice of Law**.  This Agreement shall be governed and interpreted in accordance with and enforced in all respects pursuant to the laws of the State of California and the United States Bankruptcy Code.

17. **Interpretation**.  Each Party has reviewed this Agreement and has been provided the opportunity to revise this Agreement and accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.  Instead, the language of all parts of this Agreement shall be construed as a whole, and according to its fair meaning, and not strictly for or against either Party.

18. **Authority**.  The signatories to this Agreement represent and warrant that each has the right and authority to execute this Agreement in their individual or representative capacity, as applicable.

19. **Acceptance**.  The signatories represent that the terms of this Agreement have been completely read and explained to them by their attorneys, or that they have had the opportunity to review the terms with their respective attorneys, and that the terms are fully understood and willingly and voluntarily accepted.

20. **Counterparts**.  This Agreement may be executed in two or more counterparts, all of which shall, upon execution and delivery of identical counterparts by all Parties, constitute a single agreement.

21. **Facsimile Signatures**.  This Agreement may be executed by facsimile signatures.


[Signatures to Follow]

**IN WITNESS WHEREOF**, the Parties have executed and delivered this Agreement as of the date set forth above.

HELLER EHRMAN LLP,
DEBTOR AND DEBTOR IN POSSESSION

By: _____

Its:    Authorized Representative

HELLER EHRMAN (CALIFORNIA) A PROFESSIONAL CORPORATION, HELLER EHRMAN WHITE & MCAULIFFE (OREGON), P.C., HELLER EHRMAN (WASHINGTON), P.S., HELLER EHRMAN (ALASKA), P.C., HELLER EHRMAN (NEW YORK), A PROFESSIONAL CORPORATION AND HELLER EHRMAN (CHINA), P.C. (collectively, the "PCs")

By: _____

Its:    Authorized Representative

ESTATE OF ROBERT HARRIS

By: _____

Its:    Authorized Representative

KEITH B. BETZINA,
VESTED RETIREE

_____

ROBERT E. BORTON,
VESTED RETIREE

_____

CURTIS M. CATON,
VESTED RETIREE

_____

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date set forth above.

HELLER EHRMAN LLP,
DEBTOR AND DEBTOR IN POSSESSION

By: _____
Its:    Authorized Representative

HELLER EHRMAN (CALIFORNIA) A
PROFESSIONAL CORPORATION, HELLER
EHRMAN WHITE & MCAULIFFE (OREGON),
P.C., HELLER EHRMAN (WASHINGTON),
P.S., HELLER EHRMAN (ALASKA), P.C.,
HELLER EHRMAN (NEW YORK), A
PROFESSIONAL CORPORATION AND
HELLER EHRMAN (CHINA), P.C. (collectively,
the "PCs")

By: _____
Its:    Authorized Representative

ESTATE OF ROBERT HARRIS

By: _____
Its:    Authorized Representative

KEITH B. BETZINA,
VESTED RETIREE

_____

ROBERT E. BORTON,
VESTED RETIREE

_____

CURTIS M. CATON,
VESTED RETIREE

_____

**IN WITNESS WHEREOF**, the Parties have executed and delivered this Agreement as of the date set forth above.

> HELLER EHRMAN LLP,
> DEBTOR AND DEBTOR IN POSSESSION
>
> By: _____
> Its:   Authorized Representative
>
>
> HELLER EHRMAN (CALIFORNIA) A
> PROFESSIONAL CORPORATION, HELLER
> EHRMAN WHITE & MCAULIFFE (OREGON),
> P.C., HELLER EHRMAN (WASHINGTON),
> P.S., HELLER EHRMAN (ALASKA), P.C.,
> HELLER EHRMAN (NEW YORK), A
> PROFESSIONAL CORPORATION AND
> HELLER EHRMAN (CHINA), P.C. (collectively,
> the "PCs")
>
> By: _____
> Its:   Authorized Representative
>
>
> ESTATE OF ROBERT HARRIS
>
> By: _____
> Its:   Authorized Representative
>
>
> KEITH B. BETZINA,
> VESTED RETIREE
>
> _Keith B. Betzina_
>
> ROBERT E. BORTON,
> VESTED RETIREE
>
>
> _____
>
>
> CURTIS M. CATON,
> VESTED RETIREE
>
>
> _____

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date set forth above.

HELLER EHRMAN LLP,
DEBTOR AND DEBTOR IN POSSESSION

By: _____
Its:    Authorized Representative

HELLER EHRMAN (CALIFORNIA) A
PROFESSIONAL CORPORATION, HELLER
EHRMAN WHITE & MCAULIFFE (OREGON),
P.C., HELLER EHRMAN (WASHINGTON),
P.S., HELLER EHRMAN (ALASKA), P.C.,
HELLER EHRMAN (NEW YORK), A
PROFESSIONAL CORPORATION AND
HELLER EHRMAN (CHINA), P.C. (collectively,
the "PCs")

By: _____
Its:    Authorized Representative

ESTATE OF ROBERT HARRIS

By: _____
Its:    Authorized Representative

KEITH B. BETZINA,
VESTED RETIREE

_____

ROBERT E. BORTON,
VESTED RETIREE

_____

CURTIS M. CATON,
VESTED RETIREE

_____

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date set forth above.

HELLER EHRMAN LLP,
DEBTOR AND DEBTOR IN POSSESSION

By: _____
Its:    Authorized Representative

HELLER EHRMAN (CALIFORNIA) A
PROFESSIONAL CORPORATION, HELLER
EHRMAN WHITE & MCAULIFFE (OREGON),
P.C., HELLER EHRMAN (WASHINGTON),
P.S., HELLER EHRMAN (ALASKA), P.C.,
HELLER EHRMAN (NEW YORK), A
PROFESSIONAL CORPORATION AND
HELLER EHRMAN (CHINA), P.C. (collectively,
the "PCs")

By: _____
Its:    Authorized Representative

ESTATE OF ROBERT HARRIS

By: _____
Its:    Authorized Representative

KEITH B. BETZINA,
VESTED RETIREE

_____

ROBERT E. BORTON,
VESTED RETIREE

_____

CURTIS M. CATON,
VESTED RETIREE

_____

CHARLES H. CLIFFORD,
VESTED RETIREE

_(signature)_

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

_____

7

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

_____

7

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

_____

7

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

_____

7

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

_____

7

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN L LUNDQUIST,
VESTED RETIREE

_____

7

Case: 08-32514    Doc# 2210    Filed: 06/17/11    Entered: 06/17/11 09:35:52    Page 31
of 40

CHARLES H. CLIFFORD,
VESTED RETIREE

_____

JOHN H. CUTLER,
VESTED RETIREE

_____

ROBERT A. EPSEN,
VESTED RETIREE

_____

RICHARD L. GOFF,
VESTED RETIREE

_____

RICHARD J. GUGGENHIME,
VESTED RETIREE

_____

VICTOR A. HEBERT,
VESTED RETIREE

_____

WEYMAN I. LUNDQUIST,
VESTED RETIREE

7

WILLIAM R. MACKEY,
VESTED RETIREE

_____
K. WILLIAM NEUMAN,
VESTED RETIREE

*J. K. William Neuman*

M. LAURENCE POPOFSKY,
VESTED RETIREE

_____

JERRY H. ROBINSON,
VESTED RETIREE

_____

JULIAN N. STERN,
VESTED RETIREE

_____

ROBERT S. VENNING,
VESTED RETIREE

_____

PATRICIA WAGNER,
VESTED RETIREE

_____

*(end of signatures)*

8

WILLIAM R. MACKEY,
VESTED RETIREE

_____

K. WILLIAM NEUMAN,
VESTED RETIREE

_____

M. LAURENCE POPOFSKY,
VESTED RETIREE

_____

JERRY H. ROBINSON,
VESTED RETIREE

_____

JULIAN N. STERN,
VESTED RETIREE

_____

ROBERT S. VENNING,
VESTED RETIREE

_____

PATRICIA WAGNER,
VESTED RETIREE

_____

*(end of signatures)*

8

WILLIAM R. MACKEY,
VESTED RETIREE

_____

K. WILLIAM NEUMAN,
VESTED RETIREE

_____

M. LAURENCE POPOFSKY,
VESTED RETIREE

_____

JERRY H. ROBINSON,
VESTED RETIREE

_____

JULIAN N. STERN,
VESTED RETIREE

_____

ROBERT S. VENNING,
VESTED RETIREE

_____

PATRICIA WAGNER,
VESTED RETIREE

_____

*(end of signatures)*

8

WILLIAM R. MACKEY,
VESTED RETIREE

_____
K. WILLIAM NEUMAN,
VESTED RETIREE

_____

M. LAURENCE POPOFSKY,
VESTED RETIREE

_____

JERRY H. ROBINSON,
VESTED RETIREE

_____

JULIAN N. STERN,
VESTED RETIREE

_____
ROBERT S. VENNING,
VESTED RETIREE

_____

PATRICIA WAGNER,
VESTED RETIREE

_____

*(end of signatures)*

8

WILLIAM R. MACKEY,
VESTED RETIREE

_____
K. WILLIAM NEUMAN,
VESTED RETIREE

_____

M. LAURENCE POPOFSKY,
VESTED RETIREE

_____

JERRY H. ROBINSON,
VESTED RETIREE

_____

JULIAN N. STERN,
VESTED RETIREE

_____

ROBERT S. VENNING,
VESTED RETIREE

_____

PATRICIA WAGNER,
VESTED RETIREE

_____

*(end of signatures)*

8

WILLIAM R. MACKEY,
VESTED RETIREE

_____
K. WILLIAM NEUMAN,
VESTED RETIREE


_____

M. LAURENCE POPOFSKY,
VESTED RETIREE


_____

JERRY H. ROBINSON,
VESTED RETIREE


_____

JULIAN N. STERN,
VESTED RETIREE


_____

ROBERT S. VENNING,
VESTED RETIREE


_____

PATRICIA WAGNER,
VESTED RETIREE

*(end of signatures)*

8

## Exhibit A

| **Vested Retiree** | **Allowed General Unsecured Claim Amount** |
| --- | --- |
| Keith B. Betzina | $215,435.99 |
| Robert E. Borton | $281,417.88 |
| Curtis M. Caton | $160,859.91 |
| Charles H. Clifford | $281,048.04 |
| John H. Cutler | $258,180.89 |
| Robert A. Epsen | $184,522.50 |
| Richard L. Goff | $154,488.78 |
| Richard J. Guggenhime | $162,158.61 |
| Victor A. Hebert | $120,051.37 |
| Weyman I. Lundquist | $327,298.94 |
| William R. Mackey | $296,183.98 |
| K. William Neuman | $308,503.77 |
| M. Laurence Popofsky | $164,072.46 |
| Jerry H. Robinson | $328,177.59 |
| Julian N. Stern | $382,129.31 |
| Robert S. Venning | $233,091.64 |
| Patricia Wagner | $118,344.77 |

# Filed Proofs of Claim

| Claimant | Claim No. | Amount | Type |
|---|---|---|---|
| Betzina, Keith | 256-1 | $457,945.22 | Unsecured |
| Betzina, Keith | 679-1 | $457,945.22 | Unsecured |
| Borton, Robert | 135-1 | $598,200.76 | Unsecured |
| Caton, Curtis | 136-1 | $341,934.64 | Unsecured |
| Clifford, Charles | 341-1 | $597,414.61 | Unsecured |
| Cutler, John | 257-1 | $548,806.65 | Unsecured |
| Cutler, John | 680-1 | $548,806.65 | Unsecured |
| Epsen, Robert | 137-1 | $392,233.44 | Unsecured |
| Epsen, Robert | 681-1 | $392,233.44 | Unsecured |
| Goff, Richard | 258-1 | $328,391.74 | Unsecured |
| Goff, Richard | 682-1 | $328,391.74 | Unsecured |
| Guggenhime, Richard | 138-1 | $344,695.24 | Unsecured |
| Hebert, Victor | 139-1 | $255,189.26 | Unsecured |
| Lundquist, Weyman | 609-1 | $695,728.64 | Unsecured |
| Mackey, William | 142-1 | $629,588.59 | Unsecured |
| Neuman, William | 720-1 | $655,776.36 | Unsecured |
| Popofsky, M. Laurence | 140-1 | $348,783.46 | Unsecured |
| Robinson, Jerry | 141-1 | $697,596.34 | Unsecured |
| Stern, Julian | 683-2 | $1,301,076.60 | Unsecured |
| Venning, Robert | 144-1 | $495,475.26 | Unsecured |
| Wagner, Patricia | 143-1 | $251,561.61 | Unsecured |
| **TOTAL** | | **$10,667,775.47** | |

### Employment Claims

| Claimant | Claim No. | Amount | Type |
|---|---|---|---|
| Borton, Robert | 718-1 | $21,666.66 | Unsecured (partial priority) |
| Guggenhime, Richard | 343-1 | $127,003.91 | Unsecured (partial priority) |
| Hebert, Victor | 611-1 | $376,800.00 | Unsecured (partial priority) |
| Neuman, William | 719-1 | $1,242,144.63 | Unsecured (partial priority) |
| Popofsky, M. Laurence | 342-1 | $115,539.98 | Unsecured (partial priority) |
| Julian N. Stern, PC | 693-1 | $356,704.00 | Unsecured (partial priority) |
| Venning, Robert | 610 | $194,434.80 | Unsecured (partial priority) |
| **TOTAL** | | **$2,434,293.98** | |

### Harris

| Claimant | Claim No. | Amount | Type |
|---|---|---|---|
| Harris, Robert | 746 | $103,607.73 | Unsecured |