B210
(12/04)

# United States Bankruptcy Court

## Northern District of California, San Francisco Division

In re: Heller Ehrman LLP,     Case No. 08-32514

    Debtor     Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Southpaw Koufax, LLC<br>Name of Transferee | Pitney Bowes, Inc.<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br>Southpaw Koufax, LLC<br>2 West Greenwich Office Park, 1st Floor<br>Greenwich, CT 06831<br>Attn: Jeff Cohen<br>Phone: (203) 862-6208<br>Last Four Digits of Acct #: _____ | Court Record Address of Transferor<br>(Court Use Only)<br><br><br><br><br><br>Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor<br>Pitney Bowes, Inc.<br>1 Elmcroft Road<br>Stamford, CT 06926 |
| Phone: _____<br>Last Four Digits of Acct #: _____ | Phone: _____<br>Last Four Digits of Acct. #: _____ |

Court Claim # (if known): 245
Date Claim Filed: 03/19/09

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: Jeff Cohen     Date: August 15, 2011
    Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

---

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____     _____
                                                    CLERK OF THE COURT

# EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

Claim No.: 245

For good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, **Pitney Bowes Global Financial Services** (the "Seller") its successors and assigns, does hereby unconditionally and irrevocably sell, transfer and assign unto **Southpaw Koufax, LLC** its successors and assigns (the "Buyer"), all rights, title, interest, claims and causes of action in and to, or arising under or in connection with Claim No. 245 in the allowed amount of $11,109.74 (the "Claim") against Heller Ehrman LLP (the "Debtor"), the debtors in the Chapter 11 bankruptcy case entitled In re: Heller Ehrman LLP, Case No. 08-32514 pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") and all Scheduled claims and proofs of claim filed by Seller in respect thereof.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer at the following address:

Southpaw Koufax, LLC
2 West Greenwich Office Park, 1st Floor
Greenwich, CT 06831
Email: JC@SouthpawAsset.com
Tel: (203) 862-6208

*(Remainder of page intentionally left blank)*

*(Signature page to follow)*

Claim 245

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated August 29, 2011.

| | |
|---|---|
| **PITNEY BOWES GLOBAL FINANCIAL SERVICES** | **SOUTHPAW KOUFAX, LLC** |
| By: _[signature]_ | By: _[signature]_ |
| Name: Donald B Church | Name: |
| Title: Director Recovery Collections | Title: |
| | **Kevin Wyman** |
| | **Member** |

FORM B10 (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT Northern DISTRICT OF California | PROOF OF CLAIM |

Name of Debtor: Heller Ehrman LLP
Case Number: 08-32514

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Pitney Bowes Global Financial Services

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Pitney Bowes Inc.
27 Waterview Drive
Shelton CT 06484

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: 800-243-9506 ext. 4582

Clm # 245

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: 5313680-002

Check here ☐ replaces ☐ amends if this claim a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Lease
   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)      (date)

2. **Date debt was incurred:** 6/30/05

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 39,731.72 (unsecured) _____ (secured) _____ (priority) $39,731.72 (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $ 39,731.72
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

Date: 3/19/09

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/Eva Milanowski

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Victoria A. Newmark (CA Bar No. 183581)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
       kbrown@pszjlaw.com
       vnewmark@pszjlaw.com
       tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>            Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>**STIPULATION REDUCING AND ALLOWING CLAIM OF PITNEY BOWES GLOBAL FINANCIAL SERVICES (CLAIM NOS. 244, 245, 1163, AND 1164)**<br><br>[No hearing required] |

This *Stipulation Reducing and Allowing Claim of Pitney Bowes Global Financial Services (Claim Nos. 244, 245, 1163, and 1164)* ("Stipulation") is entered into by and between the above-captioned debtor and debtor-in-possession Heller Ehrman LLP (the "Debtor"), and Pitney Bowes Global Financial Services ("Pitney Bowes"), by and through, in the case of the Debtor, its duly-authorized counsel of record and, in the case of Pitney Bowes, its duly authorized representative.

35685-001\DOCS_LA:212805.2

STIPULATION TO REDUCE AND ALLOW CLAIM

Case: 08-32514   Doc# 859   Filed: 01/05/10   Entered: 01/05/10 13:39:17   Page 1 of 3

Case: 08-32514   Doc# 2318   Filed: 08/15/11   Entered: 08/15/11 11:19:32   Page 5 of 7

RECITALS

A. On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, thereby initiating the above-captioned bankruptcy case.

B. Pitney Bowes has filed the following claims asserting rejection damages claims under certain *Equipment Leases* Nos. 5313680 and 5305835 with the Debtor and accompanying schedules (the "Leases"): (i) a proof of claim as claim number 244 on or about March 19, 2009 in the amount of $2,082.44 ("Claim 244"); (ii) a proof of claim as claim number 245 on or about March 19, 2009 in the amount of $39,731.72 ("Claim 245"); (iii) a proof of claim as claim number 1163 on or about May 14, 2009 in the amount of $3,198.58 ("Claim 1163"); and (iv) a proof of claim as claim number 1164 on or about May 14, 2009 in the amount of $21,629.79 ("Claim 1164" and, together with Claim 244, Claim 245 and Claim 1163, the "Lease Claims").

C. Pitney Bowes has also filed a proof of claim as claim number 562 on or about January 22, 2009 for the Debtor's postage account number 8000-9000-0736-6382 (the "Postage Account") in the amount of $6,557.70 (the "Postage Claim").

D. The Debtor disputes portions of Claim 245 and Claim 1164 in the aggregate amount of $43,931.15 on the grounds that the Debtor has returned the equipment and thus Pitney Bowes has not suffered the purported damages underlying such claims.

E. The undersigned are duly authorized to enter into this Stipulation on behalf of the Debtor and Pitney Bowes, respectively.

NOW, THEREFORE, the Debtor and Pitney Bowes hereby stipulate and agree as follows:

AGREEMENT

1. Upon entry of a final Order approving the Stipulation, the Debtor shall pay Pitney Bowes the amount of $5,281.02 as an administrative expense claim (the "Administrative Claim Lease Payment") on account of its post-petition, pre-rejection obligations under the Leases.

2. Claim 244 and Claim 1163 shall be deemed satisfied and paid in full. Upon payment of the Administrative Claim Lease Payment, Pitney Bowes shall file with the Court a withdrawal of Claim 244 and Claim 1163.

3. With respect of each of Claim 245, Claim 562, and Claim 1164, Pitney Bowes shall have an allowed, general unsecured claim in the following amounts (the "Allowed General Unsecured Claims"):

| Claim Number | Amount of Allowed General Unsecured Claim |
|---|---|
| 245 | $11,109.74 |
| 562 | $6,557.70 |
| 1164 | $6,320.62 |

4. The payment of the Administrative Claim Lease Payment and allowance of the Allowed General Unsecured Claims as set forth above shall be in full and final satisfaction of all claims of Pitney Bowes against the Debtor and the estate alleged or that could have been alleged in respect of, related to, or arising in or under the Leases, the Postage Account, or any other accounts or agreements.

5. The Debtor and Pitney Bowes shall bear their own attorneys fees and costs in connection with this Stipulation.

Dated: December 22, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ Victoria A. Newmark
Victoria A. Newmark
Attorneys for the Debtor

Dated: December 23, 2009

PITNEY BOWES GLOBAL FINANCIAL SERVICES

By: [signature]
Its: Bankruptcy Administrator

35685-001\DOCS_LA:212805.2

STIPULATION TO REDUCE AND ALLOW CLAIM

3