# UNITED STATES BANKRUPTCY COURT

## Northern District of California (San Francisco)

In re: <u>Heller Ehrman LLP</u>   Case No. <u>08-32514</u>

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>TRC MASTER FUND LLC</u><br>Name of Transferee | <u>WILLIAMS LEA INC.</u><br>Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): <u>896</u><br>Amount of Claim: <u>USD$2,882,512.23</u> (and allowed in the amount of USD$2,374,792.23)<br>Date Claim Filed: <u>4/24/2009</u> |
| TRC MASTER FUND LLC<br>Attn: Terrel Ross<br>336 Atlantic Avenue Suite 302<br>East Rockaway, NY 11518 | Phone: <u>(212) 351-9073</u><br>Last four digits of Acct.# <u>N/A</u><br><br>Name and Current Address of Transferor: |
| Phone: <u>516-255-1801</u><br>Last four digits of Acct#: <u>N/A</u> | WILLIAMS LEA INC.<br>14927 Collections Center Drive<br>Chicago, IL 60693 |
| Name and address where transferee payments should be sent (if different from above): | |
| Phone: <u>N/A</u><br>Last four digits of Acct#: <u>N/A</u> | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: <u>/s/Terrel Ross</u>   Date: <u>October 27, 2011</u>
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EVIDENCE OF TRANSFER OF CLAIM

### Exhibit A to Assignment of Claim

TO: United States Bankruptcy Court ("Bankruptcy Court")
Northern District of California, San Francisco Division
235 Pine Street, 19th Floor
San Francisco, CA 94104
Attention: Clerk

AND TO: HELLER EHRMAN LLP ("Debtor")
Case No. 08-32514

Claim #896

**WILLIAMS LEA INC.**, its successors and assigns ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

TRC OPTIMUM FUND LLC
336 Atlantic Avenue Suite 302
East Rockaway, NY 11518
Attention: Terrel Ross

its successors and assigns ("Assignee"), all of Assignor's rights, title, interest, claims and causes of action in and to, or arising under or in connection with its Claim in the amount of **USD$2,882,512.23** (and allowed in the amount of USD$2,374,792.23) ("Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by rule 3001 of the federal Rules of Bankruptcy procedure, the Bankruptcy code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring the Claim and recognizing the Assignee as the sole owners and holders of the Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, THIS EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS __27__ DAY OF __October__, 2011.

ASSIGNOR: WILLIAMS LEA INC.

_____
(Signature)

_Kenneth Amann_
(Print Name)

_CFO_
(Title)

ASSIGNEE: TRC OPTIMUM FUND LLC

_____
(Signature)

_Terrel Ross_
(Print Name)

_Managing Member_
(Title)

```
John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        tkapur@pszjlaw.com

Attorneys for Heller Ehrman LLP,
Debtor and Debtor in Possession
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>Debtor. | Case No.: 08-32514<br><br>Chapter 11<br><br>STIPULATION MODIFYING AND ALLOWING CLAIM OF WILLIAMS LEA INC. (CLAIM NO. 896) |

This *Stipulation Modifying and Allowing Claim of Williams Lea Inc. (Claim No. 896)* ("Stipulation") is entered into by and between the above-captioned debtor and debtor-in-possession Heller Ehrman LLP (the "Debtor") and Williams Lea Inc. ("Claimant"), by and through the undersigned counsel.

RECITALS

A. On December 28, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, thereby initiating the above-captioned bankruptcy case.

B. Claimant filed claim number 896 alleging a general unsecured claim in the amount of $2,882,512.23 (the "Claim").

C. The Debtor is a co-proponent of the *Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010)* (the "Plan") that was confirmed by the Court on August 16, 2010.

D. The undersigned are duly authorized to enter into this Stipulation, and this Stipulation shall be binding upon the Debtor and the Liquidating Debtor and their respective successors and assigns, and all other parties-in-interest.

NOW, THEREFORE, the Debtor and Claimant hereby stipulate and agree as follows:

## AGREEMENT

1. In response to certain disputes between the Debtor and the Claimant as to the amount of the Claim, as filed, the Debtor and the Claimant have now agreed to compromise and settle the Claim in the amount of $2,374,792.23 (as so compromised and settled, the "Modified Claim").

2. Specifically, the Debtor and the Claimant hereby agree that the Modified Claim shall be fully and finally allowed *in toto* as an Allowed Class 7 General Unsecured Claim[1] under the Plan.

3. Except as provided for above, (i) Claimant shall have no other claims against the Debtor or its estate, and any such claims shall be expressly disallowed; and (ii) neither the Debtor nor Liquidating Debtor shall object to or dispute the amount or allowance of the Modified Claim as an Allowed Class 7 General Unsecured Claim under the Plan; provided, however, that anything herein to the contrary notwithstanding, to the extent that any objections are raised to the Modified Claim, the Debtor (or its successor) and Claimant reserve their respective rights to defend the Modified Claim, and Claimant shall have the right to assert and prosecute the full amount of the Claim as filed in the amount of $2,882,512.23 in response to any such objections to the Modified Claim, and Claimant reserves all of its rights in this regard.

4. The Debtor and Claimant shall each bear their own attorneys fees and costs.

Dated: August 31, 2010      PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Teddy M. Kapur*
Teddy M. Kapur
Attorney for the Debtor

ARNOLD & PORTER LLP

Dated: August 31, 2010

By: */s/ Michael J. Canning*
Michael J. Canning
Attorney for Williams Lea Inc.

---

[1] Capitalized terms that are not defined herein shall have the meaning ascribed to them in the Plan [Docket No. 1431].