CHRISTOPHER D. SULLIVAN (148083)
MATTHEW R. SCHULTZ (220641)
KENNETH A. BRUNETTI (156164)
GREENFIELD SULLIVAN DRAA &
HARRINGTON LLP
150 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 283-1776
Email: csullivan@greenfieldsullivan.com
mschultz@greenfieldsullivan.com
kbrunetti@greenfieldsullivan.com

Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

JEFFREY T. MAKOFF (120004)
ELLEN RUTH FENICHEL (172142)
MARIO NICHOLAS (273122)
VALLE MAKOFF LLP
2 Embarcadero Center, Suite 2370
San Francisco, California 94111
Telephone: (415) 986-8001
Email: jmakoff@vallemakoff.com
efenichel@vallemakoff.com
mnicholas@vallemakoff.com

Co-Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

GREGORY C. NUTI (151754)
KEVIN W. COLEMAN (168538)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-6700
Email: gnuti@schnader.com
kcoleman@schnader.com
nbush-lents@schnader.com

Co-Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>　　　　Liquidating Debtor, | Case No.: No. 08-32514 DM<br>Chapter 11<br>Adv. Proc. No. 11-03206<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF LIQUIDATING DEBTOR HELLER EHRMAN LLP's MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS AGAINST DEFENDANT GREENBERG TRAURIG LLP UNDER BANKRUPTCY RULE 9019**<br><br>Date: May 31, 2013<br>Time: 10:00 A.M.<br>Place: 235 Pine Street, Courtroom 22<br>　　　San Francisco, CA 94111<br>Judge: Honorable Dennis Montali |

1

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

## I. INTRODUCTION

Plaintiff Liquidating Debtor Heller Ehrman LLP (the "Debtor"), by and through Michael F. Burkart in his capacity as the duly appointed plan administrator under the Plan of Liquidation confirmed in this case, respectfully moves the Court for an order authorizing the Liquidating Debtor to enter into a settlement agreement with Greenberg Traurig LLP ("Greenberg") settling the Debtor's claims against Greenberg alleged in Adversary Proceeding No. 11-03206 DM, for a payment to the Debtor of $4,900,000.00 on the terms set forth in the proposed "Settlement Agreement" attached as Exhibit A to the accompanying Declaration of Christopher D. Sullivan ("Sullivan Decl.").

If approved, the settlement will resolve entirely a vigorously contested adversary action and result in an infusion of $4.9 million in cash to provide the major funding for an anticipated upcoming distribution to creditors. (Sullivan Decl., ¶3.) It is anticipated that the Greenberg settlement will allow the Debtor to increase its distributions to unsecured creditors from roughly about 45% to more than 55%. (*Id.*)

If this proposed settlement is approved, as a result of multiple claims brought by the Debtor that have been handled by Special Litigation Counsel, to date the estate will have recovered over $40 million and eliminated more than $70 million in claims in the three years since Special Litigation Counsel was retained in April of 2010. (*Id.,* ¶5.)

During these three years, counsel filed nearly one hundred adversary proceedings. If this proposed settlement is approved, there will be only four active cases remaining, the four Jewel v. Boxer claims.[1] (*Id.*)

This settlement with Greenberg was reached after the parties engaged in extensive written discovery, including production of hundreds of thousands of pages of documents. The

---

[1] The only other unresolved adversary proceedings are claims against seven former shareholders (four of whom are former London shareholders) who have not filed answers. Counsel anticipates filing requests for entry of default in these seven cases.

2

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 2 of 13

parties were on the verge of time-consuming and expensive deposition discovery – involving approximately 30 deponents in at least three different states – when they agreed to participate in a mediation. Although the parties had consistently expressed widely divergent views as to the factual and legal strength of the claims, with Greenberg taking the position that all of debtor's claims were without merit and the debtor arguing that its claims were worth tens of millions of dollars, the parties agreed it was prudent to explore settlement prior to expending further resources on discovery. The parties ultimately agreed to an in person, two-day mediation between the Debtor and Greenberg in New York City before the Honorable Ralph R. Mabey (Ret.), a retired bankruptcy judge and very well respected bankruptcy lawyer.

Extensive mediation briefs were exchanged and representatives from both parties appeared and participated in the mediation. Although no agreement was reached at the mediation, the mediator continued to work with the parties after the mediation and, with his assistance, the terms of the settlement were reached.

Debtor agreed to the terms of the settlement following in-depth discussions between Creditor Committee representatives, the Plan Administrator and Special Litigation Counsel, and Debtor's analysis of the claims, defenses, and the extensive document production and written discovery. The settlement provides for the complete resolution of claims against Greenberg for a payment of $4.9 million. The parties vigorously dispute the others' allegations and positions.

For the reasons set forth herein, Debtor respectfully requests that the Court approve this settlement.

## II. STATEMENT OF FACTS

On December 28, 2008, the Debtor filed a voluntary Chapter 11 proceeding. After the petition date, Debtor operated its business as a debtor in possession.

On August 13, 2010, the Court confirmed the *Joint Plan of Liquidation of Heller Ehrman LLP* (August 9, 2010) (the "Plan") through the Confirmation Order ("Confirmation

3

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 3 of 13

Order"). [Docket No. 1446.] Michael Burkhart ("Burkhart") was appointed as the Plan Administrator. [Docket No. 1431, Article 1.103.] Burkhart hired the law firm of Trepel McGrane Greenfield, LLP, which has since changed its name to Greenfield Sullivan Draa & Harrington LLP, as special counsel ("Special Litigation Counsel"), to prosecute certain specified professional malpractice, preference, fraudulent conveyance, and related actions. (Sullivan Decl., ¶7.) The Plan and Confirmation Order authorizes Burkhart to pursue, prosecute, and enter into settlements and compromises of claims. (*Id.*, ¶8.)

On October 31, 2011, the Debtor, through Burkhart, filed a "*Complaint For Professional Negligence, etc.,*" Adv. P. No. 11-03206 (the "Action") against Greenberg. (*Id.,* ¶9.) The Debtor's claims in the Action can roughly divided into three categories. First, the Debtor alleged claims for professional negligence and attorneys' fees for the tort of another against Defendants arising out of the circumstances surrounding the Defendants' representation of Heller Ehrman LLP ("Heller") in the time period leading to and after Heller's dissolution.and up to the time of the preparation for Heller's subsequent bankruptcy filing ("Malpractice Claims"). (*Id.*) Second, the Debtor alleged preference claims under 11 U.S.C. § 547(b) and § 550 against Greenberg in connection with payments by Heller to Greenberg during the ninety day period prior to Heller's bankruptcy ("Preference Claim"). (*Id.*) Third, the Debtor alleged a claim against Greenberg for the disgorgement of legal fees Heller paid to Greenberg under 11 U.S.C. § 329 and Bankruptcy Rule 2014 ("Disgorgement Claim"). (*Id.*)

Greenberg filed an answer denying all of the claims. Among other things, Greenberg's answer asserted that the scope of its engagement was far narrower than the Debtor alleged and did not include advice on bankruptcy/creditors' rights issues. *See Answer of Greenberg Traurig, LLP to Complaint for Professional Negligence; Attorneys' Fees for the Tort of Another; Recovery of Preferential Transfer; and Disgorgement of Fees,* Adv. P. No. 11-03206 [Dkt. No. 22] (the "Answer"). Greenberg also contended that it could not be liable for alleged damage caused by Debtor's failure to file for bankruptcy protection earlier because Heller, a

4

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 4 of 13

highly sophisticated client, had independently determined that it wanted to avoid a bankruptcy filing. (*Id.*, ¶10.) Greenberg alleged a number of other affirmative and other defenses as well.

On November 17, 2011, pursuant to the Parties' Stipulation To Dismissal Of Individual Without Prejudice, the Debtor dismissed without prejudice Mr. Leslie Corwin as a named defendant in the Action. (*Id.*, ¶11.)

Beginning in January 2012, the Debtor and Greenberg engaged in extensive document productions. The parties both promulgated, and fulsomely answered, detailed written discovery in the form of special interrogatories and requests for admission. (*Id.*, ¶12). Specifically, in response to their respective document requests, the Debtor produced hundreds of thousands of pages of documents to Greenberg, and Greenberg, in turn, produced hundreds of thousands of pages of documents to the Debtor. (*Id.*) The parties produced this material after in-depth meet and confer conferences as to an electronic search protocol and extensive electronic discovery efforts. (*Id.*)

On or around January 2013, following the parties' review of their respective document productions and interrogatory responses, the parties exchanged deposition witness lists and depositions were scheduled to begin in earnest. (*Id.,* ¶13.) At that time, however, the parties agreed to delay the depositions and pursue a good faith mediation in New York in an attempt to reach a resolution of the claims and to avoid further expense through additional heavily contested litigation. (*Id.*)

The parties agreed to a two-day mediation at the New York City before the Honorable Ralph R. Mabey (Ret.). The parties exchanged thorough mediation briefs in anticipation of the mediation. (*Id., ¶*14.)

The mediation before Judge Mabey was attended on behalf of the Debtor by the Debtor's Plan Administrator, two members of the Post-confirmation Creditors Committee, Committee Counsel, and Special Litigation Counsel. (*Id., ¶*15.*)* Attorneys from the law firm of

5

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Steptoe & Johnson representing Greenberg and Greenberg client representatives also attended in person. (*Id.*)

Greenberg disputes that it breached any duties of care owed the Debtor, caused any harm to debtor received any preferential payments recoverable under the Bankruptcy Code, took or failed to take any actions that would justify disgorgment of post-petition fees and expenses paid to Greenberg, or otherwise took or failed to take actions that could give rise to liability on any of the claims alleged in the Action. The Debtor, on the other hand, alleges in the Complaint that Greenberg breached its duty of care to Heller and seeks damages from this breach, as well as the return of the fees Heller paid them in exchange for their representation.

The Debtor has agreed to a proposed settlement of the Action in order to avoid further delay and costs of the litigation (including the costs relating to approximately 30 depositions and motion practice), as well as the risks associated therewith. (*Id.,* ¶16.) The Plan Administrator supports the proposed settlement and has concluded that the settlement serves the creditors' best interests. (*Id.,* ¶17.) The proposed settlement agreement between the Debtor and the Defendants is attached as Exhibit A to the Sullivan Declaration. (*Id.*) The settlement has been approved by the Post-confirmation Creditors Committee. (*Id.*)

### PROPOSED SETTLEMENT

The basic terms of the Settlement are as follows:

- Greenberg shall pay to the Estate the total sum of Four Million and Nine Hundred Thousand Dollars ($4,900,000.00) within thirty calendar days of the effective date of the Settlement Agreement as defined therein. (Sullivan Decl., ¶18.)

- The settlement was conditioned upon the approval of the Creditors Committee, which has been received, and is conditioned upon Bankruptcy Court approval under Rule 9019. (*Id.,* ¶21.)

6

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 6 of 13

- Upon the Effective Date, the parties release and discharge one another and their predecessors in interest from any and all claims which they may have against one another. (*Id.*, ¶22.)
- Within one business day of the receipt of the amount of the Settlement Payment, the Debtor will file a stipulated dismissal with prejudice of the Debtor's claims in the Action. (*Id.*)

## III. LEGAL ARGUMENT

### A. The Settlement Should Be Approved Under Bankruptcy Rule 9019(a).

The Court has "great latitude" in approving compromise settlements under Bankruptcy Rule 9019(a). *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). Under *Woodson*, the Court should approve the settlement if it is "fair and equitable" (*id.*) and "reasonable, given the particular circumstances of the case." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 489 U.S. 854 (1986). "The bankruptcy court should also consider whether the compromise is in the best interests of the estate." *Joy v. Davis (In re Schwarz Pulb., Inc.)*, 2009 Bankr. LEXIS 4546 (B.A.P. 9th Cir. Aug. 4, 2009).

Four factors are considered: (a) the probability of success on the merits; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views. *Id.*

The Debtor respectfully submits that the proposed settlement between the parties more than meets the foregoing requirements. In applying the settlement to the *Woodson* factors, the elements strongly favor the proposed Settlement Agreement as follows.

**The probability of success in litigation**: In the Ninth Circuit a bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim, but rather "[i]t is sufficient that, after apprising itself of all facts necessary for an intelligent and objective

7

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514   Doc# 3285-1   Filed: 04/25/13   Entered: 04/25/13 12:03:23   Page 7 of 13

opinion concerning the claim's validity, the court determines that . . . the outcome of the claim's litigation is doubtful." *United States of America v. Alaska National Bank, et al.*, 669 F.2d 1325, 1328 (9th Cir. 1982). Here this factor weighs strongly in favor of the compromise given the sharply conflicting positions of the parties and the often high standards required to establish liability and damages in a professional negligence case.

In many respects, the Debtor's success in the preferential transfer claims against its former banks and in recovering on the other litigation claims (in light of the value of the banks' §502(h) waiver) could diminish the potential recovery in the Debtor's most straightforward damage claim.

While the Debtor contends that its claims are strong, there are substantial hurdles. With respect to the Debtor's Malpractice Claims, the Debtor would need to prove that Greenberg breached its duty to use such skill, prudence, and diligence as members of the legal profession commonly, and purported bankruptcy specialists particularly, possess and exercise, by, *inter alia,* (i) failing to conduct a lien search of Heller to determine the degree to which secured creditors had perfected security interests against the firm and to ensure that Hellers' banks' liens were perfected; (ii) failing to alert Heller when they learned that the Banks' liens were unperfected and the significance of this fact; (iii) failing to advise Heller that the Jewel Waiver inserted into Heller's Dissolution Plan was a transfer of an interest in Heller's property that waived valuable claims for profits from unfinished business, avoidable under the Bankruptcy Code, and a transfer that benefitted solely Heller's shareholders at Heller's expense; and (iv) failing to disclose conflicts of interest to Heller.

Greenberg, however, has raised a number of defenses to these claims. There are serious factual disputes concerning the scope of Greenberg's engagement (i.e., Greenberg contends that prior to December 2008 the scope of its representation did not include creditors' rights issues or lien searches and was limited instead to other issues); the extent to which Heller's Dissolution Committee members and other Heller shareholders, who were themselves

8

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

experienced bankruptcy and creditors' rights attorneys, drafted the actual Jewel waiver at issue and were themselves aware that the banks' liens were unperfected; the extent to which Greenberg disclosed the alleged conflicts of interest to Heller's Dissolution Committee during meetings. Greenberg raises a number of other causation and damages questions that the Debtor would face in addition to the many contested issues as to whether there were any breaches of duty at all.

Greenberg strongly contends, among other things, that its scope of engagement was very limited; that the Debtor itself should be charged with the responsibility for undertaking the key actions at issue; that Greenberg did not fail to meet any of the obligations it had assumed; and that it was following the instructions of its clients who were sophisticated on creditors' rights issues. Resolving the legal and factual disputes will necessitate extensive depositions, further document review, expert fees and costs, motion practice, and trial.

With respect to the Debtor's Preference Claim, the Debtor maintains that Greenberg received preference payments in the 90 days prior to the Debtor's bankruptcy filing on December 28, 2008. Greenberg has raised a number of defenses to this claim, including the "ordinary course of business" and "new value" defenses, as well as factual disputes concerning the provisions of the Debtor's retainer agreements with Defendants; and the significance of the orders approving its employment by the Debtor pre-confirmation. Resolving the legal and factual disputes will necessitate depositions, further document review, expert fees and costs, motion practice, and trial.

Similarly, with respect to the Debtor's Disgorgement Claim, the Debtor has alleged that Defendants' statements in their employment and related fee applications to the Bankruptcy Court could render them liable for disgorgement of their legal fees under the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure. Greenberg contends its employment applications fully satisfied the Bankruptcy Code and Rules and were entirely proper and has raised a number of defenses to this claim, as well as factual disputes concerning

9

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 9 of 13

the veracity of the specific statements made to the Bankruptcy Court at the time the statements were submitted. Greenberg also relies on the Court's order approving its employment application and the approval of Greenberg's post-petition fees and expenses. Resolving the legal and factual disputes will necessitate depositions, further document review, expert fees and costs, motion practice, and trial.

There is thus significant disagreement between the parties as to defendant's liability to the Debtor and the extent of the damages arising from any such liability. While the Debtor remains confident in all of its Claims, Greenberg equally strongly contends that it will be vindicated with a defense verdict at a trial, and litigation of these claims would require significant depositions and further document production and written discovery. Moreover, such discovery would likely involve significant motion practice.

Moreover, aside from the extensive factual discovery involved, the Malpractice Claims would also be likely subject to extensive motion practice, a potentially lengthy trial, and possible appeals. While the Debtor feels confident in its claims in the Complaint, even those courts that support such claims have also recognized that such claims are highly fact-specific. *See, e.g., Graubard MollenDannet & Horowitz v. Moskovitz*, 86 N.Y.2d 112, 120 (1995) ("Factual variations can be crucial in determining whether an attorney's duties have been breached, and we cannot speculate as to what conclusions will follow from the facts yet to be found in the case before us."). Moreover, establishing liability on such claims requires extensive expert reports on both liability (the extent of the attorneys' duty of care) and damages (the extent to which the alleged breach caused proximate and actual harm to Heller).

Finally, there is also significant disagreement between the parties as to the disclosure requirements imposed on Greenberg under the Bankruptcy Code and whether Greenberg violated these requirements as a factual matter. Resolution of the disclosure claims would also likely involve significant discovery and motion practice.

10

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 10 of 13

In all, the parties' claims against one another created significant issues of fact and law which would have necessitated extensive briefing, factual discovery, expert reports, and probable attempts at appellate review. The Debtor submits that obtaining a settlement now, before fact depositions, expert reports, expert discovery, and motion practice concerning expert reports is a responsible approach that avoids further delay and costly litigation while maximizing the upcoming distribution to the creditors.

**The difficulties, if any, to be encountered in the matter of collection**: Aside from the potential for significant delay arising from the factual and legal issues arising from the claims as described above, the Debtor is not currently aware of facts that lead it to believe that there are any difficulties with collection from and as such, this factor does not lend much additional support to this motion. Nevertheless, the litigation will take time—perhaps much more time than the average litigation—and would inevitably delay collection when the bankruptcy case, as a whole, should be moving towards a complete close. Moreover, resolving the case now will bring a measurable amount of funds into the estate at a time when the Debtor is anticipating making a distribution in the short term. Thus, the receipt of the funds has an immediate benefit.

**The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it**: The Debtors and Defendants engaged in serious negotiations in part to determine if they could avoid the expense and burden of additional litigation. To proceed with fact depositions, additional fact discovery, and expert reports, discovery and depositions would require the investment of additional time to investigate the facts and compile information by the Debtor. Continued litigation would likely involve significant discovery into the circumstances under which Greenberg provided advice and counsel to Heller for the approximately six months leading up to the Debtor's Bankruptcy filing; what exactly Greenberg and the Debtor's Dissolution Committee knew about the banks' security interests and when they knew it; what the Debtor might have done differently armed with difference

11

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 11 of 13

information at critical junctures; what the banks would have done had Heller confronted the banks with knowledge of the issue as to possible lack of perfection of the security interests; and a "battle of the experts." Continued litigation would also likely involve significant discovery into the circumstances under which Greenberg provided advice to Heller regarding the Jewel Waiver; what exactly Greenberg and the Debtor's sharehoolders respective roles in the inclusion and drafting of that Jewel Waiver was and a "battle of the experts" regarding what the state of the law was regarding Jewel Waivers at the time and what duties existed with respect to the Jewel Waiver at that time. And these complex factual issues would ultimately be tried to a jury.

This would cost the estate potentially substantial hourly fees. To date, no depositions have been conducted. Many witnesses would be inconvenienced and substantial resources would be required in preparation for trial if this settlement is not approved. Furthermore, given the nuances between the competing legal theories and the facts that would be involved, it is almost certain that any trial presentation will include expert testimony.

Moreover, if the outcome turns on the decision regarding contested legal issues there could be a chance of appeal. Appellate proceedings would cause further delay to both the resolution of this action and the closing of the bankruptcy case as a whole. Given these considerations, and the inherent expense of engaging in litigation, this factor strongly supports the proposed settlement.

**The paramount interests of the creditors and a proper deference to their reasonable views:** Akin to the previous factor, protecting the interests of the creditors, and showing proper deference to their views, supports approval of the proposed settlement. By agreeing to settle the Action for a payment of $4,900,000 payment from Greenberg, the Debtor will be increasing the available pool of funds to the Estate rather than enduring the expense and unpredictable outcome of the litigation. Therefore, in light of the foregoing, the paramount

12

Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 12 of 13

interests of the creditors and the estate will be best served by approval of the proposed settlement.

**IV. CONCLUSION**

For the reasons set forth above, the Debtor respectfully requests that this Court enter an order approving the settlement with Greenberg under Bankruptcy Rule 9019.

Dated: April 25, 2013     GREENFIELD SULLIVAN DRAA & HARRINGTON LLP

By:   /s/ Christopher D. Sullivan
Christopher D. Sullivan
Attorneys for Plaintiff
HELLER EHRMAN LLP

13
Plaintiff Heller Ehrman LLP, Liquidating Debtor's Memorandum Of Points And Authorities In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-1    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 13 of 13