CHRISTOPHER D. SULLIVAN (148083)
MATTHEW R. SCHULTZ (220641)
KENNETH A. BRUNETTI (156164)
GREENFIELD SULLIVAN DRAA &
HARRINGTON LLP
150 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 283-1776
Email: csullivan@greenfieldsullivan.com
mschultz@greenfieldsullivan.com
kbrunetti@greenfieldsullivan.com

Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

JEFFREY T. MAKOFF (120004)
ELLEN RUTH FENICHEL (172142)
MARIO NICHOLAS (273122)
VALLE MAKOFF LLP
2 Embarcadero Center, Suite 2370
San Francisco, California 94111
Telephone: (415) 986-8001
Email: jmakoff@vallemakoff.com
efenichel@vallemakoff.com
mnicholas@vallemakoff.com

Co-Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

GREGORY C. NUTI (151754)
KEVIN W. COLEMAN (168538)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-6700
Email: gnuti@schnader.com
kcoleman@schnader.com
nbush-lents@schnader.com

Co-Special Litigation Counsel for Heller Ehrman LLP, by and through Michael Burkart, Plan Administrator

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>Liquidating Debtor, | Case No.: No. 08-32514 DM<br>Chapter 11<br><br>Adv. Proc. No. 11-03206<br><br>**DECLARATION OF CHRISTOPHER D. SULLIVAN IN SUPPORT OF PLAINTIFF LIQUIDATING DEBTOR HELLER EHRMAN LLP'S MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS AGAINST GREENBERG TRAURIG LLP UNDER BANKRUPTCY RULE 9019**<br><br>Date: May 31, 2013<br>Time: 10:00 a.m.<br>Place: 235 Pine Street, Courtroom 22<br>　　　San Francisco, CA 94111<br>Judge: Honorable Dennis Montali |

1

Declaration of Christopher D. Sullivan In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514  Doc# 3285-2  Filed: 04/25/13  Entered: 04/25/13 12:03:23  Page 1 of 13

I, Christopher D. Sullivan, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, a partner with Greenfield Sullivan Draa & Harrington LLP, and counsel for Plaintiff Liquidating Debtor Heller Ehrman LLP ("Debtor"), by and through Michael Burkart, in his capacity as the duly appointed plan administrator under the Plan of Liquidation confirmed in the case. If called as a witness, I would and could testify competently to the matter stated herein.

2. I submit this Declaration in support of the Debtor's motion to approve the Debtor's settlement with Defendants Greenberg Traurig LLP ("Greenberg") and Leslie D. Corwin ("Corwin") (collectively, "Defendants"), a true and correct copy of the proposed "Settlement Agreement" is attached hereto as **Exhibit A**.

3. If approved, the settlement will resolve entirely a vigorously contested adversary action and result in an infusion of $4.9 million in cash to provide the major funding for an anticipated upcoming distribution to creditors.

4. If this settlement is approved, it is estimated that the Estate can increase the total distributions to unsecured creditors from about 45% to more than 55%.

5. With this settlement, the Debtor will have recovered over $40 million and eliminated more than $70 million in claims in the three years since Special Litigation Counsel was retained in April of 2010. If this proposed settlement is approved there will be only four actives cases remaining, the four Jewel v. Boxer claims.[1]

## BACKGROUND FACTS

6. On August 13, 2010, the Court confirmed the *Joint Plan of Liquidation of Heller Ehrman LLP* (August 9, 2010) (the "Plan") through the Confirmation Order

---

[1] The only other unresolved adversary proceedings are claims against seven former shareholders (four of whom are former London Shareholders) who have not filed answers. Counsel anticipates filing requests for entry of default in these seven cases.

("Confirmation Order"). [Docket No. 1446.] Michael Burkhart ("Burkhart") was appointed as the Plan Administrator. [Docket No. 1431, Article 1.103.]

7. Burkhart hired the law firm of Trepel McGrane Greenfield, LLP, which has since changed its name to Greenfield Sullivan Draa & Harrington LLP, as special counsel along with the firms of Valle Makoff LLP and Schnader Harrison Segal & Lewis LLP in most cases ("Special Litigation Counsel"), to prosecute certain specified professional malpractice, preference, fraudulent conveyance, and related actions.

8. The Plan and Confirmation Order authorizes Burkhart to pursue, prosecute, and enter into settlements and compromises of claims.

9. On October 31, 2011, the Debtor, through Burkart, filed the "*Complaint For Professional Negligence, etc.,*" Adv. P. No. 11-03206 (the "Action") against Greenberg. The Debtor's claims in the Action can be roughly divided into three categories. First, the Debtor alleged claims for professional negligence and attorneys' fees for the tort of another against Defendants arising out of the circumstances surrounding the Defendants' representation of Heller Ehrman LLP ("Heller") in the time period leading to and after Heller's dissolution and up to the time of the preparation for Heller's subsequent bankruptcy filing ("Malpractice Claims"). Second, the Debtor alleged preference claims under 11 U.S.C. §§ 547(b) and 550 against Greenberg in connection with payments by Heller to Greenberg during the ninety day period prior to Heller's bankruptcy ("Preference Claim"). Third, the Debtor alleged a claim against Greenberg for the disgorgement of legal fees Heller paid to Greenberg under 11 U.S.C. § 329 and Bankruptcy Rule 2014 ("Disgorgement Claim").

10. Greenberg filed an answer denying all of the claims. Among other things, Greenberg's answer asserted that the scope of its engagement was far narrower than the Debtor alleged and did not include advice on bankruptcy/creditors' rights issues. *See Answer of Greenberg Traurig, LLP to Complaint for Professional Negligence; Attorneys' Fees for the Tort of Another; Recovery of Preferential Transfer; and Disgorgement of Fees,* Adv. P. No.

3

Declaration of Christopher D. Sullivan In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-2    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 3 of 13

11-03206 [Dkt. No. 22] (the "Answer"). Greenberg also contended that it could not be liable for alleged damage caused by Debtor's failure to file for bankruptcy protection earlier because Heller, a highly sophisticated client, had independently determined that it wanted to avoid a bankruptcy filing. Greenberg alleged a number of other affirmative and other defenses as well.

11. On November 17, 2011, pursuant to the Parties' Stipulation To Dismissal Of Individual Without Prejudice, the Debtor dismissed without prejudice Corwin as a named defendant in the Action.

12. Beginning in January 2012, the Debtor and Greenberg engaged in extensive document production. The parties both promulgated, and fulsomely answered, detailed written discovery in the form of special interrogatories and requests for admission. Specifically, in response to their respective document requests, the Debtor produced hundreds of thousands of pages of documents to Greenberg, and Greenberg, in turn, produced hundreds of thousands of pages of documents to the Debtor. The parties produced this material after in-depth meet and confer conferences as to an electronic search protocol and extensive electronic discovery efforts.

13. On or around January 2013, following the parties' review of their respective document productions and interrogatory responses, the parties exchanged deposition witness lists and depositions were scheduled to begin in earnest. At that time, however, I and representatives of the Defendants agreed to delay the depositions and pursue a good faith mediation in New York in an attempt to reach a resolution of the claims and to avoid further expense through additional heavily contested litigation.

14. I and representatives of the Defendants agreed to a two-day mediation at the New York City law offices of the Hon. Ralph R. Mabey (Ret.), who would serve as the mediator. The parties exchanged thorough mediation briefs in anticipation of the mediation.

15. The mediation before Judge Mabey in New York was attended by myself, the Plan Administrator, two members of the post-confirmation Unsecured Creditors Committee,

Committee Counsel, attorneys from the law firm of Steptoe & Johnson representing Defendants, and Greenberg client representatives.

16. After the end of the first day of mediation, the parties did not reach a settlement, but after follow-up discussions were able to come to an agreement. The Debtor agreed to the proposed settlement in part in order to avoid further day and costs of the litigation (including the costs relating to approximately 30 depositions and motion practice), as well as the risks associated therewith.

17. Attached hereto as Exhibit A is a true and correct copy of the proposed Settlement Agreement between the Debtor and the Defendants. The Plan Administrator supports the proposed settlement and has concluded that the settlement serves the creditors' best interests. The settlement has been approved by the Post-confirmation Creditors Committee.

18. The proposed settlement results in the immediate recovery a $4,900,000 lump-sum payment to the Debtor from the defendant ("Settlement Payment").

19. The Settlement comes before a second phase of the litigation, which was about to begin prior to the settlement. Specifically, while document production has occurred, neither fact nor expert depositions have been taken in this Action, no expert reports have been submitted, and no motion practice has yet occurred.

20. The Plan Administrator supports the proposed settlement and has concluded that the settlement serves the creditors best interests.

21. The settlement was conditioned upon the approval of the Creditors Committee, which has been received, and is conditioned upon Bankruptcy Court approval under Rule 9019.

22. Upon the Effective Date, the parties will release and discharge one another and their predecessors in interest from any and all claims which they may have against one another. Within one business day of the receipt of the amount of the Settlement Payment, the Debtor will file a stipulated dismissal with prejudice of the Debtor's claims in the Action.

5

Declaration of Christopher D. Sullivan In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-2    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 5 of 13

23. With this settlement, in slightly more than two years, the Debtor will have recovered over $40 million and eliminated more than $70 million in claims from the outcomes of litigation handled by Special Litigation Counsel.

I declare under the penalty of perjury under the laws of the State of California that the foregoing statements are true and correct and that this declaration was executed on April 25, 2013.

       /s/ Christopher D. Sullivan
      Christopher D. Sullivan

6
Declaration of Christopher D. Sullivan In Support Of Motion For Approval Of Settlement And Finding Of Good Faith Settlement

Case: 08-32514    Doc# 3285-2    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 6 of 13

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Liquidating Debtor Heller Ehrman LLP (the "Debtor"), by and through Michael F. Burkart ("Burkart"), in his capacity as the duly appointed plan administrator under the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010) (the "Plan") [Docket No. 1431] confirmed in the case *In re Heller Ehrman LLP*, Bankruptcy Case No. 08-32514 (the "Bankruptcy Case"), U.S. Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") on one hand, and Greenberg Traurig, LLP and Greenberg Traurig, P.A. ("Greenberg" or, collectively, "Defendants"), on the other, as of the date signed below.

## RECITALS

A. On December 28, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

B. Under the Plan, confirmed on or about August 13, 2010, and the Order Confirming the Joint Plan of Liquidation of Heller Ehrman LLP (August 9, 2010) (the "Confirmation Order") [Docket No. 1446], Burkart was appointed as plan administrator.

C. The Plan and Confirmation Order authorizes Burkart to pursue, prosecute, and enter into settlements and compromises of claims including, but not limited to, claims for professional negligence.

D. On October 31, 2011, the Debtor, through Burkart, filed the "*Complaint For Professional Negligence . . .,*" Adv. P. No. 11-03206 (the "Action") against the Defendants. The Debtor's claims against the Defendants in the Action can roughly be divided into three categories. First, the Debtor alleged claims for professional negligence and attorneys' fees for the tort of another against Defendants arising out of the circumstances surrounding the Defendants' representation of Heller Ehrman LLP ("Heller") in the time period leading to and after Heller's dissolution and prior to the commencement of the Bankruptcy Case ("Malpractice Claims"). Second, the Debtor alleged preferential transfer claims under 11 U.S.C. §§ 547(b) and § 550 against Greenberg in connection with payments by Heller to Greenberg during the ninety day period prior to Heller's bankruptcy ("Preference Claim"). Third, the Debtor alleged a claim against Greenberg seeking the disgorgement of legal fees Heller paid to Greenberg under 11 U.S.C. § 329 and Bankruptcy Rule 2014 due to alleged inadequacies in Greenberg's application for employment under 11 U.S.C.§327 ("Disgorgement Claim"). Collectively, the Malpractice Claims, Preference Claim, and Disgorgement Claim shall hereinafter be referred to "the Claims."

1

Doc. # DC-8173498 v.1

E.  On November 17, 2011, pursuant to the Parties' Stipulation To Dismissal Of Individual Without Prejudice, the Debtor dismissed without prejudice Corwin as a named defendant in the Action.

F.  The Defendants dispute the validity of every one of the Claims.

G.  The Defendants represent and warrant to the Debtor that the Defendants have the full power and authority to negotiate a final settlement of all of the Claims stated or which may have been stated by or against the Defendants in the Action.

H.  On behalf of the Heller Ehrman Bankruptcy Estate, Burkart represents and warrants to the Defendants that Burkhart has obtained consent to the Agreement by the Official Committee of Unsecured Creditors to the extent necessary or appropriate, and that he, as Plan Administrator has the full power and authority, subject to the approval of the Bankruptcy Court, to negotiate a final settlement of all of the Claims stated or which may have been stated by or against the Debtor in the Action.

I.  Debtor and Burkart represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or portion thereof, or interest therein, which is or may be subject to this Agreement, and Debtor agrees to indemnify, defend and hold the Defendants harmless from and against any and all claims, based on or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims or any portion thereof or interest therein.

J.  In order to avoid the costs of litigation and the risks associated therewith, the Defendants and the Debtor have negotiated a settlement in regard to the Action and they hereby enter into this Agreement. The Defendants deny the allegations in the Action and deny that they have any liability to the Debtor.

K.  The parties acknowledge that Burkart is acting solely in his capacity as the Chapter 11 Plan Administrator of the Heller Ehrman Bankruptcy Estate in this matter and has no personal liability whatsoever with respect to this Agreement or the transactions described herein and that this Agreement is a post-petition contract and that, in the event the Bankruptcy Court determines that there has been any breach of this contract by Burkart or the Heller Ehrman Bankruptcy Estate, Greenberg shall have an allowed claim with administrative expense priority against the Heller Ehrman Bankruptcy Estate in the amount of damages created by such breach.

**AGREEMENT**

NOW THEREFORE, the parties stipulate and agree as follows:

2

Doc. # DC-8173498 v.1

Case: 08-32514    Doc# 3285-2    Filed: 04/25/13    Entered: 04/25/13 12:03:23    Page 9 of 13

1. On or within thirty (30) calendar days of the Effective Date of this Agreement as defined in Paragraph 15 of this Agreement, Greenberg, on behalf of both itself and of Corwin, shall pay to the Debtor $4,900,000.00 (the "Settlement Payment").

2. Debtor confirms that there is approval of the Agreement from the Official Committee of Unsecured Creditors.

3. The Debtor will seek the approval of the Bankruptcy Court of the terms and good faith of the settlement set forth in this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Defendants agree to reasonably cooperate, if required, in the Debtor's request for such approval from the Bankruptcy Court.

4. Within one business day of the Debtor's receipt of the Settlement Payment, the Debtor will file a stipulated dismissal with prejudice of the Action. The Stipulated Dismissal is attached hereto as Exhibit A.

5. The Settlement Payment shall be made payable to Greenfield Sullivan Draa & Harrington LLP, Client Trust Account, for Liquidating Debtor Heller Ehrman LLP, and sent to 150 California Street, 22nd Floor, San Francisco, California 94111, Attention - Christopher D. Sullivan.

6. Upon the Effective Date and except for and subject to the rights and obligations set forth in this Agreement, the Debtor and Burkhart, in their own name and on behalf of their agents, administrators, successors, and assigns, for consideration as enumerated above received from or on behalf of the Defendants, forever release and discharge the Defendants and their respective successors, predecessors, assigns, related entities, representatives, past and present shareholders, associates, directors, officers, members, managers, employees, partners, and spouses of partners, attorneys, underwriters, insurers and agents (who are not otherwise covered by the release in the preceding phrase), of all claims, actions, causes of action, debts, accounts, liabilities, requests for indemnification or contribution, and damages, in law or in equity, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, including, without limitation, the Claims that the Debtor or Burkart has asserted, or could have asserted in the Action, based on the facts alleged in, arising from, or related to the Claims and defenses listed in the Action. It is intended that the scope of this release be construed as broadly as possible.

7. Upon the Effective Date and except for and subject to the rights and obligations set forth in this Agreement, the Defendants, in their own name and to the extent they have the authority to do so on behalf of their agents, administrators, successors, and assigns, for consideration as enumerated above received from or on behalf of the Debtor, forever release and discharge the Debtor, Burkhart, any professional

corporation that was a partner of Heller Ehrman LLP, and their successors, predecessors, assigns, representatives, past and present directors, officers, members, managers, employees, partners, and spouses of partners, attorneys, and agents (who are not otherwise covered by the release in the preceding phrase), of all claims, actions, causes of action, debts, accounts, liabilities, requests for indemnification or contribution, and damages, in law or in equity, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, including, without limitation, the defenses the Defendants have asserted, or any claims the Defendants could have asserted in the Action, based on the facts alleged in, arising from, or related to the claims and defenses listed in the Action. It is intended that the scope of this release be construed as broadly as possible.

8. In connection with this Agreement, the Parties waive all rights they may have under section 1542 of the California Civil Code, which provides that

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

By executing this Agreement, the Parties expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

9. Each of the parties to this Agreement hereby agrees and covenants to not sue the parties they have released based upon the released matters. If a party breaches this provision, the breaching party will be responsible to indemnify the party sued for all costs and reasonable attorneys' fees incurred as a result of the breach of this provision.

10. Each signatory for the Defendants hereby represents that he or she has the full power and authority to settle, limit or otherwise control the claims on behalf of the Defendants which are the subject of this Agreement. The signatory for the Debtor represents that he or she has full power and authority to settle, limit or otherwise control the claims which are the subject of this Agreement and has authority to execute this Agreement on behalf of the Debtor.

11. Except as otherwise specifically provided for herein, nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any party of interest that is not a party to this Agreement.

4

Doc. # DC-8173498 v.1

Case: 08-32514   Doc# 3285-2   Filed: 04/25/13   Entered: 04/25/13 12:03:23   Page 11 of 13

12. Each of the parties hereby submits to the jurisdiction of the Bankruptcy Court for any action, suit or proceeding to enforce this Agreement and agrees that any such action, suit or proceeding shall be brought only in the Bankruptcy Court. Each of the parties hereby irrevocably waives, to the fullest extent permitted by law, any objection that they may now or hereafter have to the venue of any such action, suit or proceeding brought in such a court related solely to the Agreement. The Bankruptcy Court shall have exclusive jurisdiction to enforce the terms of this Agreement.

13. While agreeing to this settlement, the Defendants deny any liability to the Debtor Heller, further deny that they, or any of them, have violated any federal, state or local statute, rule or ordinance, or any common law principle, in their dealings with Heller. Neither this Agreement, nor any of its terms, nor any negotiations or proceedings in connection with this Agreement, shall constitute or be construed as or be deemed to be evidence of an admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any party; nor shall this Agreement, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be offered or received in evidence or used in any proceeding against any party, or used in any proceeding, or otherwise, for any purpose whatsoever except with respect to the effectuation and enforcement of this Agreement.

14. This Agreement may be signed in counterparts, which, when taken as a whole, shall constitute one and the same document; and faxed or emailed signatures (pdf copies) shall be deemed to be originals.

15. Each party hereby agrees that the specific negotiations that led up to this Agreement are confidential, with the exception of the items provided and/or the general description of the negotiations outlined as part of the motion for Bankruptcy Court approval under Rule 9019.

16. This Agreement shall be effective (the "Effective Date") on the date on which an order is issued by the Bankruptcy Court approving the settlement set forth by this Agreement under Bankruptcy Rule 9019.

AGREED:

Dated: April 19, 2013

Heller Ehrman, LLP, Liquidating Debtor

By: /s/ Michael Burkart
Michael Burkart, Plan Administrator

5

Doc. # DC-8173498 v.1

Case: 08-32514   Doc# 3285-2   Filed: 04/25/13   Entered: 04/25/13 12:03:23   Page 12 of 13

Dated: April 19, 2013

Greenberg Traurig LLP
A New York limited liability partnership

By Greenberg Traurig, P.A,
   A Florida corporation,
   Its General Partner

By: _____
   Martin I. Kaminsky
   General Counsel

6

Doc. # DC-8173498 v.1

Case: 08-32514   Doc# 3285-2   Filed: 04/25/13   Entered: 04/25/13 12:03:23   Page 13 of 13