Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for K. William Neuman

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

In re

HELLER EHRMAN LLP

Debtor

Case No. 08-32514-DM

Chapter 11

DATE: July 30, 2014
TIME: 9:30 a.m.
JUDGE: Honorable Dennis Montali

# CLAIMANT'S EVIDENTIARY OBJECTION

The Court has set the Plan Administrator's Objection to Mr. Neuman's claim for trial. In connection with the filing of the Plan Administrator's Trial Brief, experienced litigation counsel has presented two unusual proposals: first, that deposition transcripts be received directly into evidence; and second, that he be permitted to supplement the trial record with declarations at some unspecified time. Neither proposal is appropriate. The deposition transcripts should be stricken, and the proposal regarding declarations should be rejected.

1   Four deposition transcripts were presented as exhibits to the Declaration of Christopher Sullivan which accompanied the Plan Administrator's Trial Brief. See, Docket No. 3572. Those transcripts are quoted extensively in the Administrator's Trial Brief.[1]

---

[1] Presumably, citations to sworn testimony are intended to invest the factual assertions in the Administrator's Brief with additional credibility. That credibility is not necessarily warranted. For example, the Administrator's Trial Brief, at 5:24-26, states:

> Mr. Neuman's fixed income arrangement was based on the format for similar arrangements the firm had with other shareholders. Sullivan Decl. Ex. B (Neuman Depo.) at 71:10 – 72:16, TE # 47, ¶5 (noting intent to follow custom and practice with respect to other similar arrangements).

The actual text of the cited deposition transcript bears no obvious relationship to the assertions in the Brief:

> 10 Q. In paragraph 8 you reference, then, that
> 11 Mr. Hubbel, who was managing shareholder of the firm,
> 12 submitted a draft employment contract in the form of a
> 13 letter agreement. Do you see that?
> 14 **A. Yes.**
> 15 Q. Let me show you what's been marked as
> 16 Exhibit 22. Are you referring to a draft of this
> 17 letter, Mr. Neuman?
> 18 **A. Yes. It would not have been dated**
> 19 **September 6, but --**
> 20 Q. Fair enough.
> 21 And then you say after some minor revisions
> 22 the ultimate product of these negotiations was a
> 23 document attached as Exhibit A. Is that this document?
> 24 **A. Yes.**
> 25 Q. And what minor revisions were made; do you
> 1 know?
> 2 **A. If you go to the third paragraph in the second**
> 3 **line, there's a parenthetical "(including firm real**
> 4 **estate matters which are currently recorded as billable**
> 5 **matters under the client/matter no. 37018-0002)."**
> 6 **That's what I added. If I did anything else it would**
> 7 **have been a grammatical correction. I don't know that I**
> 8 **did.**
> 9 Q. When you say you added, did you add that to a
> 10 Word version of the letter?
> 11 **A. Yes. And sent it to Mr. Hubbel.**
> 12 Q. Were there any other changes made to the
> 13 document that you were sent by Mr. Hubbel?
> 14 **A. As I just said, there may have been a**
> 15 **grammatical correction; I just don't know. But there**
> 16 **was no substantive change.**

With very few exceptions, raw deposition transcripts are not admissible as evidence. Under some circumstances, deposition transcripts may be received into evidence where the deponent is dead or cannot be compelled to testify at trial. That is clearly not the case here. Deposition transcripts may also be used to attempt to impeach a witness' testimony at trial through the presentation of prior inconsistent statements. It is premature to determine whether such a use of deposition transcripts might be appropriate here.

In sum, it is submitted that there is no evidentiary basis on which the proffered deposition transcripts may be admitted into evidence. Docket No. 3572 and the quotations from deposition transcripts contained in the Trial Brief should be stricken from the record.

Second, the Administrator's Brief asserts "The Estate has not prepared full affirmative declarations containing the complete testimony of its witnesses and reserves its rights to do so if necessary at trial." Administrator's Trial Brief, 9:13 – 15.

Simply put, there is no "right" to submit declarations at trial for the Administrator to "reserve." Except with respect to expert testimony, of which there is none in this case, the Court's Scheduling Order prohibits the presentation of testimony through declarations. Scheduling Order, 4:8-9 ("Except on motions for relief from stay, declarations of nonexpert witnesses will not be considered …") Any declaration the Administrator attempts to submit should be stricken.

The Administrator's extraordinary evidentiary proposals should be rejected.

Respectfully submitted,

DATED: July 16, 2014    ST. JAMES LAW, P.C.

By: /s/ *Michael St James* .
    Michael St. James
    Counsel for the K. William Neuman