1  THOMAS A. WILLOUGHBY, State Bar No. 137597
   FELDERSTEIN FITZGERALD
2  WILLOUGHBY & PASCUZZI LLP
   400 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone: (916) 329-7400
4  Facsimile: (916) 329-7435

5  Attorneys for Post Confirmation Liquidating Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: | CASE NO.: 08-32514 |
|---|---|
| HELLER EHRMAN LLP, | Chapter 11 |
| The Liquidating Debtor. | **[NO HEARING REQUIRED]** |

**EXHIBIT TO POST-CONFIRMATION LIQUIDATING DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY LONG & LEVIT LLP AS SPECIAL COUNSEL; AND FOR AN ORDER TERMINATING BOLLING & GAWTHROP AS SPECIAL COUNSEL**

| **Exhibit** | **Description** |
|---|---|
| 1 | Retention Agreement |

Dated: June 14, 2018

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP


By:*/s/ Thomas A. Willoughby*
    THOMAS A. WILLOUGHBY
    Attorneys for the Post-Confirmation Liquidating Debtor

# EXHIBIT 1

Case: 08-32514   Doc# 3978   Filed: 06/15/18   Entered: 06/15/18 08:39:23   Page 2 of 7

June 11, 2018

ATTORNEY-CLIENT FEE CONTRACT

This document is the attorney-client fee agreement (the "Agreement") under which Long & Levit LLP ("We") will provide legal services to post-liquidation debtor Heller Ehrman LLP ("You").

**1.     EFFECTIVE DATE.** The above date is for reference only. This Agreement will not take effect, and We will have no obligation to provide legal services, until You return a signed copy of this Agreement. The Agreement's effective date, however, will be retroactive to the date We first performed services. Even if this Agreement does not take effect, You will be obligated to pay us the reasonable value of any services We have performed for You.

**2.     SCOPE OF SERVICES.** We will represent You in connection with regard to the defense of creditor Paravue Corporation's Claim No. 1019. We will not represent You with regard to any other matter.

Unless We execute a different written agreement, this Agreement governs all services We perform for You.

**3.     YOUR DUTIES.** You agree to be truthful with us, cooperate, keep us informed of developments, abide by this Agreement, pay our bills on time, and keep us advised of your address, telephone number, and whereabouts. This matter may require a substantial amount of time to review documents and transcripts and prepare for hearings.

If We are fined or sanctioned by any court for your conduct or your failure to cooperate in litigation or other legal proceedings, You agree to reimburse us for the amount of those sanctions.

**4.     CONFIDENTIALITY.** It is in your best interest to preserve the confidentiality of all communications between us. Your ability to protect the confidentiality of those communications may be jeopardized if You disclose their contents to third parties.

**5.     DEPOSIT.** Given our relationship with You, We will not require a retainer/deposit for fees so long as your promptly pay our bills for services consistent with paragraph 8 below.

**6.     DEDUCTIBLE/SELF-INSURED RETENTION.** You have informed us that insurance coverage for the claims asserted against You in the matter described above, including the cost of defense, will be afforded by Managing Partners Counsel ("MPC"), under a policy which

1

provides for a self-insured retention. We will not, however, provide advice concerning coverage or issues relating to MPC.

7.      **LEGAL FEES AND BILLING PRACTICES.**

   a.      **Responsible Party.** By engaging us, You acknowledge and agree that You are responsible for payment of fees, costs and other charges up to the amount of your self-insured retention. Notwithstanding anything set forth in this contract, our firm will look solely to the assets of the bankruptcy estate for payment of such fees and costs until the self-insured retention is exhausted. Nothing herein shall create any personal liability on Michael Burkart's part for such fees and costs. Payment of fees and costs in this matter will be subject to approval of the United States Bankruptcy Court.

   If and when the self-insured retention is exhausted, as an accommodation to You, We agree to direct our bills to MPC. We agree that We owe our professional obligations solely to You, even when MPC pays our bills.

   b.      **Rates.** You agree to pay on a monthly basis, when billed, all fees for legal services at agreed upon hourly rates. The hourly rates of the attorneys and legal assistants normally assigned to this matter are set forth in the attached Rate Schedule, which is incorporated into this Agreement.

   c.      **Specific Charges.** We charge for the time spent on telephone calls relating to your matter, including calls with You, opposing counsel, court personnel, experts, and others as We believe is necessary. The legal personnel assigned to your matter will confer among themselves about the matter, as required. When they do, each person charges for the time spent. Likewise, if more than one of the legal personnel is required to attend a meeting, hearing, or other proceeding, each charges for the time spent. We charge for waiting time in court and elsewhere and for local and out-of-town travel time.

8.      **COSTS AND OTHER CHARGES.** We will incur various costs and expenses in performing legal services for You. You agree to pay for those costs and expenses in addition to the hourly fees. We may elect, but are not obligated, to incur costs on your behalf and seek reimbursement from You. In some circumstances, You may be required to pre-pay such costs. Certain bills for costs incurred will be forwarded directly to You for payment. You agree to pay such costs in a timely manner. All charges for in-house costs will be included in our monthly bill. You acknowledge having read, understood, and agreed to the rates for costs and expenses set forth in the attached Rate Schedule, which is incorporated into this Agreement.

9.      **BILLING.** We will bill for legal fees and costs monthly. Your payment is due within twenty (20) days after receiving the bill. Our bills will reflect current charges for professional services rendered on an hourly basis, including all work performed by attorneys and legal assistants. There will be variations in hourly rates depending upon which of the legal personnel assigned to your matter performed the services. Our bills will also reflect cash disbursements made by us for costs incurred on your behalf.

10.     **DISCHARGE AND WITHDRAWAL.** You may discharge us at any time. We may withdraw from representing You with your consent or for good cause. Good cause includes your

2

breach of this Agreement (including your failure to pay bills and/or deposits), your refusal to cooperate with us or to follow our advice, or any circumstance that would, in our opinion, render our continued representation of You unlawful or unethical.

When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude, We will, upon your request, deliver your file to You as provided by California law.

**11. TERMINATION.** Our retention terminates absolutely when the work described above in paragraph 2 is completed or We are discharged or withdraw. After this representation terminates, We do not undertake or have a continuing duty to represent You or keep You informed about any matters, facts, law, or developments which are or may be relevant to your matter.

**12. DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in our statements to You will be construed as a promise or guarantee about the outcome of your matter. We make no such promises or guarantees. We make no representations or warranties concerning the successful defense of your matter or the favorable outcome of any legal action that has been or may be filed. We do not guarantee We will obtain reimbursement to You for any costs, expenses, or other damages resulting from the subject matter of this representation. All of our statements on any such matters are statements of opinion only.

**13. SETTLEMENT.** We will only settle or otherwise resolve your matter with your approval.

**14. INDEPENDENT COUNSEL.** You understand your right to obtain, at your own expense, independent legal counsel regarding this Agreement or any aspect of this matter. Your signature below indicates that You either sought such advice or waive your right to do so.

**15. COUNTERPARTS.** This Agreement may be signed in counterparts. Each counterpart shall constitute a binding agreement upon each and all of the undersigned.

*[The rest of this page intentionally left blank.]*

## NOTICE TO CLIENT

**YOU HAVE THE RIGHT TO SEEK INDEPENDENT LEGAL ADVICE REGARDING THIS ATTORNEY-CLIENT FEE AGREEMENT. DO NOT SIGN THIS FEE AGREEMENT BEFORE YOU HAVE READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY.**

By signing below, You acknowledge that You have the right to seek independent legal advice regarding this Agreement. By signing below, You further acknowledge that You have read and understood the terms of the Agreement, including those set forth on the attached Rate Schedule and agree to them, as of the date We first provided services.

WHEREFORE, the parties to this Agreement, through their duly authorized representatives, have signed this attorney-client fee agreement on the date(s) which appear below:

Dated: 6/11/2018

By _____
Michael Burkhart, Administrator of the Joint Plan of Liquidation of Heller Ehrman, LLP

Dated: 6/11/2018

LONG & LEVIT LLP

By _____
Joseph P. McMonigle, Partner

4

# RATE SCHEDULE

**Client:**   Heller Ehrman LLP

**Matter:**   Paravue Corporation

**Hourly Rates:**

| | |
|---|---|
| Partners | $450 |
| Associates | $350 |
| Legal Assistants | $195 |

We charge for our time in minimum units of 0.1 hours.

**Current Costs And Expenses:**

| | |
|---|---|
| In-Office Reprographics | $0.10 per page non-color; $0.25 per page color |
| Mileage | IRS Rate |
| Facsimile | $.25 per page outgoing only |
| Messenger | Actual Cost |
| Long Distance Telephone | Actual Cost |
| Information Databases | Actual Billed Cost |
| Dialog | Actual Cost |

**Subject To Change:**

The rates on this schedule are subject to change on thirty (30) days written notice. If You decline to pay any increased rates, We will have the right to withdraw as your lawyers.

DOCS\S0138-882\864363.1

5

Case: 08-32514    Doc# 3978    Filed: 06/15/18    Entered: 06/15/18 08:39:23    Page 7 of 7